Securities and Exchange Commission v. Nadel et al       Doc. 7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                  CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

        Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT

        Relief Defendants.
_____/

ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF
AS TO DEFENDANTS SCOOP CAPITAL, LLC AND
SCOOP MANAGEMENT, INC., AND ALL RELIEF DEFENDANTS

Defendants Scoop Capital LLC and Scoop Management Inc., ("Defendants") and Relief

Defendants Scoop Real Estate L.P., Valhalla Investment Partners L.P., Valhalla Management

Inc., Victory IRA Fund Ltd., Victory Fund Ltd., Viking IRA Funds LLC, Viking Fund LLC and

Viking Management ("Relief Defendants") by the attached Consents, without admitting or

denying any of the allegations in the Complaint filed by the Securities and Exchange

Commission, except that they admit the allegations as to the jurisdiction of this Court over them

and over the subject matter of this action, have agreed to the entry of this Order of Preliminary

Dockets.Justia.com

Injunction and Other Relief ("Preliminary Injunction"). This Court, having accepted the Consents and having jurisdiction over the Defendants and the Relief Defendants and the subject matter of this action, and being fully advised in the premises, orders as follows:

I.

**PRELIMINARY INJUNCTIOIN**

**IT IS ORDERED AND ADJUDGED** that, pending further Order of this Court, Defendants Scoop Management Inc. and Scoop Capital LLC, their directors, officers, agents, trustees, servants, employees, attorneys, accountants and representatives, and any person in active concert or participation with them, and each of them, are hereby restrained and enjoined from:

**Section 17(a)(1) of the Securities Act of 1933**

A. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1);

**Section 17(a)(2) & (3) of the Securities Act of 1933**

B. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon

2

purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77q (a)(2) & 77q(a)(3); and

### Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934

C.  Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 thereunder.

## II.

### ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of this case on the merits and further Order of this Court:

A.  The Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except for the Receiver this Court has appointed, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully

3

paid for securities, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of any Defendant or Relief Defendant.

B. That any financial or brokerage institution or other person or entity located within the jurisdiction of the United States Courts and holding any such funds or other assets, in the name, for the benefit or under the control of the Defendants or Relief Defendants, directly or indirectly, held jointly or singly, and which receives actual notice of this order by personal service, facsimile, or otherwise, except the Court appointed Receiver, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C. Notwithstanding this Court's Asset Freeze, Marguerite "Peg" Nadel shall be entitled to receive $10,000 for legal fees and $10,000 for reasonable living expenses from accounts Marguerite Nadel discloses to the Court-Appointed Receiver and the Commission. If Marguerite Nadel has not received these funds already, the Receiver shall coordinate and oversee disbursement of the aforementioned funds within five days of the issuance of this Order. There shall be no additional release of funds to Marguerite Nadel without an Order from this Court.

### III.

### RECORDS PRESERVATION

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of this Court, the Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation

with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible or inaccessible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to the Defendants and Relief Defendants, wherever located.

## IV.

## REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall:

(a) take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Middle District of Florida; and

(b) provide the Commission and the Court a written description of the funds and assets so repatriated.

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter, the Defendants, and the Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any

suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers at Tampa, Florida, on January 21, 2009

_s/Richard A. Lazzara_
RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**

Copies to:

Scott Masel
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
**Counsel for Securities and Exchange Commission**
Phone: (305) 982-6398
Fax: (305) 536-4154
Email: masels@sec.gov

**Defendants' attorneys**