UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                     CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT

      Relief Defendants.
_____/

## TEMPORARY RESTRAINING ORDER AND OTHER EMERGENCY RELIEF

This cause comes before the Court upon the emergency motion by Plaintiff Securities and Exchange Commission for the following orders with respect to Defendant Arthur Nadel:

1)    a Temporary Restraining Order;

2)    an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

3)    an Order Freezing Nadel's Assets;

4)    an Order Requiring a Sworn Accounting;

5) an Order Prohibiting Destruction of Documents;

6) an Order Expediting Discovery;

7) a Repatriation Order; and

8) an Order requiring Nadel to surrender his passport temporarily and prohibiting him from traveling outside of the United States.

The Court has considered the Commission's Complaint, its Emergency Motion for a Temporary Restraining Order and Other Emergency Relief with Supporting Memorandum of Law, and the declarations and exhibits filed in support of that motion. The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by (1) presenting a *prima facie* case of securities laws violations by Nadel, and (2) showing a reasonable likelihood Nadel will harm the investing public by continuing to violate the federal securities laws unless immediately restrained. The Court also finds good cause to believe that unless immediately restrained and enjoined by Order of this Court, Nadel will continue to dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement.

Accordingly, the Commission's motion for a temporary restraining order is **GRANTED** as follows:

I.

## SHOW CAUSE HEARING

**IT IS ORDERED AND ADJUDGED** that Nadel show cause, if any, before the United States District Judge Richard A. Lazzara, in Courtroom 15B on Wednesday, February 4, 2009, at 9:30 a.m., or as soon thereafter as the matter can be heard, why the Court should not grant a

Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure against Defendant Nadel.

## II.

## TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending determination of the Commission's request for a Preliminary Injunction, Nadel, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, are hereby restrained and enjoined from:

### Section 17(a)(1) of the Securities Act of 1933

A. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

B. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3); and

3

## Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

C.  Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending determination of the Commission's request for a Preliminary Injunction:

A.  Nadel, his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except any Receiver this Court appoints, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned

by, controlled by, or in the possession of any of the Defendants or Relief Defendants in this action:

B.  Any financial or brokerage institution or other person or entity located within the jurisdiction of the United States Courts and holding any such funds or other assets, in the name, for the benefit or under the control of the Defendant, directly or indirectly, held jointly or singly, and which receives actual notice of this order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets

## IV.

## ACCOUNTING

**IT IS FURTHER ORDERED AND ADJUDGED** that within five (5) business days of the issuance of this Order, Nadel shall:

(a)  make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by him from any of the Defendants or Relief Defendants;

(b)  make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held by him, jointly or individually, or for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)     provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

## V.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending determination of the Commission's request for a Preliminary Injunction, Nadel, his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants or Relief Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED AND ADJUDGED** that:

(a)     Immediately upon entry of this Order, the parties may take depositions upon oral examination of parties and non-parties subject to two (2) business days notice. Should Nadel fail to appear for a properly noticed deposition, he may be prohibited from introducing evidence at the hearing on the Commission's request for a preliminary injunction;

(b) Immediately upon entry of this Order, the parties shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within five (5) calendar days of service;

(c) Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## VII.

## REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending determination of the Commission's request for a Preliminary Injunction, Nadel and his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall:

(a) take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Middle District of Florida; and

(b) provide the Commission and the Court a written description of the funds and assets so repatriated.

## VIII.
## SURRENDER OF PASSPORT

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending determination of the Commission's request for a Preliminary Injunction, Nadel surrender his passport temporarily to the Clerk of the Court and be barred from traveling outside the United States.

## IX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Nadel in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers at Tampa, Florida, at __12:10__ p.m., on January 21, 2009.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Scott Masel, Esq.
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
**Counsel for Securities and Exchange Commission**
Phone: (305) 982-6398
Fax: (305) 536-4154
E-mail: masels@sec.gov