UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff,

v.

              CASE NO. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

    Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENTS PARTNERS, L.P.,
VALAHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT

    Relief Defendants.
_____/

### ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ARTHUR NADEL

Defendant Arthur Nadel ("Nadel"), by his attached Consent, without admitting or denying any of the allegations in the Commission's Complaint, except he is admitting the allegations as to the jurisdiction of this Court over him and over the subject matter of this action, has agreed to entry of this Order of Preliminary Injunction and Other Relief as to Arthur Nadel ("Preliminary Injunction"). This Court having accepted Nadel's Consent and having jurisdiction over him and the subject matter of this action:

# I.

## PRELIMINARY INJUNCTION

IT IS ORDERED AND ADJUDGED that, pending resolution of this case on the merits, Nadel, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, are hereby restrained and enjoined from:

### Section 17(a)(1) of the Securities Act of 1933

A. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

B. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77q (a)(2) & 77q(a)(3); and

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

C. Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection

2

with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 thereunder.

## II.

## ASSET FREEZE

IT IS FURTHER ORDERED AND ADJUDGED that, pending resolution of this case on the merits:

A. Nadel, his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except any Receiver this Court appoints, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, in the possession of, or held for the benefit of Nadel, any of the Defendants, or any of the Relief Defendants in this action;

B. Any financial or brokerage institution or other person or entity located within the jurisdiction of the United States Courts and holding any such funds or other assets, in the name,

for the benefit or under the control of Nadel, directly or indirectly, held jointly or singly, and which receives actual notice of this order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

## III.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that if Nadel has not already done so he shall within five (5) calendar days of the issuance of this Order:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by him from any of the Defendants or Relief Defendants;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held by him, jointly or individually, or for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

4

(d)     notwithstanding the above, Nadel retains his rights against self-incrimination under the Fifth Amendment.

IV.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of this case on the merits, Nadel, his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants or Relief Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

V.

## REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of this case on the merits, Nadel and his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall:

(a)     take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Middle District of Florida; and

(b) provide the Commission and the Court a written description of the funds and assets so repatriated.

VI.

**SURRENDER OF PASSPORT**

**IT IS FURTHER ORDERED AND ADJUDGED** that if he has not already done so, Nadel shall immediately surrender all passports issued to him to the Clerk of the Court and be barred from applying for or accepting any additional passports, and from traveling outside the United States, pending the resolution of this case on the merits.

VII.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Nadel in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** this 3 day of February, 2009, at Tampa, Florida.

THE HONORABLE RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Copies to: *Counsel of Record*

Arthur Nadel, *pro se*  and  3966 Countryview Drive
Doc. No. 1339073         Sarasota, FL 34233
Pinellas County Jail
14400 49th Street, North
Clearwater, FL 33762