Securities and Exchange Commission v. Nadel et al                                                              Doc. 40

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

              Defendants,

CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

              Relief Defendants.
_____/

### RECEIVER'S DECLARATION IN SUPPORT OF
### OPPOSITION TO MOTION TO MODIFY ORDER APPOINTING RECEIVER

Burton W. Wiand declares as follows:

1.    I am an attorney with Fowler White Boggs P.A. ("Fowler White") in Tampa, Florida. I understand that this Declaration is being submitted in Opposition to the Motion to Modify Order Appointing Receiver and Memorandum of Law (the "Motion to Modify") which demands that the Receiver immediately "turn over possession" of Cessna Model 550, Serial Number 550-096, Registration Number N153TH (the "Cessna") and Lear Jet Model 31A-131, Registration Number N319SC (the "Lear Jet") (collectively the "Aircraft").

Dockets.Justia.com

2. In the January 21, 2009, Order Appointing Receiver (Doc. 8), the Court appointed me Receiver over (a) defendants Scoop Capital, LLC ("Scoop Capital") and Scoop Management, Inc. ("Scoop Management") and (b) relief defendants Scoop Real Estate, L.P., Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, Ltd.; Victory Fund, Ltd.; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management (Scoop Real Estate, Valhalla Investment, Victory IRA, Victory Fund, Viking IRA, and Viking Fund are collectively referred to as the "Hedge Funds").

3. By Order dated January 27, 2009, the Court also appointed me Receiver over Venice Jet Center, LLC, and Tradewind, LLC (all of the entities in receivership are referred to collectively as the "Receivership Entities").

4. Since my appointment as Receiver, professionals that I have retained (including lawyers and an accountant) have continued our investigation and analysis of the Receivership Estate (the "Estate") and potential assets and sources of funds.

5. As Receiver, I am required to evaluate the best use of assets for the benefit of the entire Estate. The fairest and most efficient method of addressing the Lenders' potential claims in this Receivership, which involves a multitude of parties and claims, is to have the Lenders bring their claim before the Receiver instead of allowing the Lenders to intervene.

6. As part of my duties as the Receiver, I am given the task of securing and managing assets of the Receivership estate. To date those assets include Tradewind, LLC and all of its assets. Two of those assets are the Aircraft that are the subject of the Motions pending before the Court. Tradewind, LLC is the registered owner of each of the Aircraft.

7. Additional assets include a large hangar facility at an airport in Newnan, Georgia, and several other aircraft. In connection with this entity alone, in addition to the Movants, there are other secured creditors. However, there are significant other assets that are part of the Receivership that I am presently attempting to control and evaluate and make determinations whether or not they should continue as operating entities, be sold, or in some cases, returned to creditors. These assets include the Venice Jet Center LLC and all of its assets, including a hangar, runways, tie down facilities, fuel facilities, a large operation center and a flight school. This company also has certain secured creditors. Another venture that has come under my control as Receiver is Home Front Homes LLC, a company that manufactures home-building products in Englewood, Florida. This company also has secured creditors, as do two companies that own a florist shop in downtown Sarasota. Also under my supervision are properties that are rented; a real estate development in Thomasville, Georgia; a real estate development in the mountains of North Carolina; an office building in North Carolina; a gas station on I-85 in Georgia; a facility leased to a Starbucks store in Mississippi; multiple homes in Georgia and multiple homes in North Carolina. Many of these properties involve secured creditors. Also included are six investment funds and numerous securities and bank accounts.

8. The evaluation of all of these properties and assets is already on-going and is a substantial undertaking. If each creditor who has an interest in each of the properties that have come under my control as Receiver were allowed to come forward and individually litigate their claims related to specific assets, my attention with respect to evaluating and gathering assets for the Receivership will be significantly diverted and my ability to

effectively and efficiently administer the Receivership tasks that the Court has directed will be significantly and adversely impacted.

9. Furthermore, I continue to evaluate whether the Aircraft may generate revenue for the Estate either through a sale, lease, or revenue service. As part of my duties, I am coordinating an appraisal of the Aircraft. In addition, I am currently investigating the Lenders' putative security interests in the Aircraft. It is my understanding that the Aircraft may be capable of generating sufficient revenue through charter service operation in excess of the debt service due to the Lenders which would inure to the benefit of the Estate. The Estate has excellent facilities and personnel to accomplish this task.

10. It is my understanding that the Lenders currently hold a large unsold inventory of similar aircraft that they are currently attempting to sell. If the Court permits the Lenders to take possession of the Aircraft and they are unable to promptly liquidate the Aircraft, the potential deficiency claim against the Estate could increase significantly. The Estate is ready, willing, and able to locate a buyer or to explore alternative uses for the Aircraft (i.e., charter service) which could generate funds for the Estate.

11. Counsel for the Secured Lenders contacted me regarding the Aircraft. I explained that I had recently been appointed Receiver and was still in the process of evaluating the Aircraft. Counsel for the Secured Lenders indicated they intended to inspect the planes and take possession of the log books for the Aircraft. I later learned this would render the planes inoperable and unusable. When Counsel for the Secured Lenders demanded access to the Aircraft, I refused.

I declare under the penalty of perjury that the foregoing is true and correct and is executed this 10th day of February, 2009.

_____
Burton W. Wiand, as Receiver
c/o FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd.
Suite 1700
Tampa, FL 33602
Tel. 813.228.7411
Fax 813.229.8313
bwiand@fowlerwhite.com