UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


**SECURITIES AND EXCHANGE
COMMISSION,**

            Plaintiff,

v.                            **CASE NO:** 8:09-cv-87-T-26TBM

**ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.**

            Defendants,

**SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT**

            Relief Defendants.
_____/


## O R D E R

    General Electric Capital Corporation and VFS Financing, Inc. (the Interveners) have filed a motion to intervene in this action in order to file a motion to modify this Court's previous order appointing a receiver entered January 21, 2009, at docket 8. In a subsequent order entered January 27, 2009, at docket 17, the Court expanded the reach of

the receiver's authority to include an entity known as Tradewind, LLC (Tradewind). Interveners claim they are secured creditors of Tradewind who financed the purchase of two aircraft by that entity and that under the terms of the respective promissory notes and aircraft security agreements, Tradewind is in default. They claim that by virtue of this Court's receivership order they are precluded from taking any action against Tradewind under their contractual agreements. Thus, the Interveners assert, they should be allowed to intervene in this action for the purpose of seeking a modification of the order appointing a receiver in order to allow them to obtain possession of the aircraft in which they have a security interest, as well as the books and maintenance records that are essential to maintaining and selling that aircraft.

      Plaintiff, the Securities and Exchange Commission (SEC), and the Receiver, at the direction of this Court, have filed expedited responses opposing the motion. The Court has scheduled an expedited hearing on the motion for tomorrow, February 12, 2009, at 9:30 a.m. After careful review of the parties' submissions, the Court is of the opinion that the motion is due to be denied without the necessity of a hearing.

      The SEC claims that Section 23(g) of the Securities Exchange Act of 1934, codified at 15 U.S.C. § 78u(g), imposes an impenetrable barrier to the effort of Interveners to intervene in this case. It recognizes, however, the split of authority among the federal courts that have addressed the issue of whether Section 23(g) operates to automatically bar a third party from intervening in an enforcement action such as the one before this Court. See, e.g., Securities and Exchange Comm'n v. Novus Technologies, LLC, 2008 WL 115114 (D. Utah 2008). The Court notes that the Eleventh Circuit Court

of Appeals has not addressed this issue. After reflection, this Court need not resolve which line of authority it would follow because Interveners in their perfunctory motion have wholly failed to demonstrate that they qualify for intervention either as a matter of right or permissively under Rule 24 of the Federal Rules of Civil Procedure.

In order to be entitled to intervene as a matter of right under Rule 24(a), Interveners must establish: (1) their application is timely; (2) they have an interest relating to the property or transaction that is the subject of the action; (3) they are so situated that disposition of the action as a practical matter may impair or impede their ability to protect their interest; and (4) the parties to the action will not adequately represent their interest. See Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302-03 (11th Cir. 2008). In this case, although their motion is undoubtedly timely, Interveners have utterly failed to address substantively the other three factors in their motion to intervene, other than to claim they have a security interest in the aircraft. Furthermore, the Interveners have failed to demonstrate that the Receiver will not adequately protect their security interest in the aircraft.

Nor have Interveners met their burden of establishing their entitlement to permissive intervention under Rule 24(b). The Court agrees in that regard with the SEC's contention that (1) Interveners have not even addressed their burden of demonstrating a common issue of law or fact between their alleged private claims against Tradewind and this enforcement action; (2) their intervention into this lawsuit would have the result of delaying the adjudication of the merits of this case with respect to the SEC and Defendants; and (3) allowing their intervention would encourage other third party

creditors or investors to seek intervention with the attendant consequences of this Court and the parties having to engage in unnecessary and premature collateral litigation.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** as follows:

1) The Motion to Intervene (Dkt. 32) is denied.

2) The hearing scheduled for **February 12, 2009, at 9:30**, is cancelled.

**DONE AND ORDERED** in Chambers at Tampa, Florida, on February 11, 2009.

   s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

CONFORMED COPIES TO:
Counsel/Parties of Record