UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,
        Plaintiff,

v.                                         Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

        Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD.,
VICTORY FUND, LTD.,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

        Relief Defendants.
_____/

## EMERGENCY MOTION FOR PROTECTIVE ORDER

NOW COMES, R. CRAIG HARRISON, and states in support of his Motion the following:

1.      On or about March 3, 2009, the Receiver's Subpoena attached hereto as Exhibit A was served upon R. CRAIG HARRISON requesting the production of documents for March 6, 2009.

2.      R. CRAIG HARRISON is an attorney with the law firm of Lyons, Beaudry &

1

Harrison, P.A. The Subpoena relates to relates to certain personal information relating to Arthur Nadel and Marguerite Nadel regarding the purchase of real estate in Sarasota County, Florida.

3. This Motion relates to the assertion of attorney-client privilege as to testimony or production of documents relating to the sale and/or purchase of real estate. However, all protections afforded the Nadels by the United States of America and all requirements for the issuance of the Receiver's Subpoena or other such documents are also intended to be asserted herein or preserved.

4. The attorney-client privilege is codified by Florida Statute 90.502. The privilege extends to a person the right to prevent the disclosure of the contents of confidential communications that were learned or made in the rendition of legal services to the person [See F.S. 90.502(2)]. There is no attorney-client privilege when "the services of a lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew was a crime or fraud". [See F.S. 90.502(4)(a)].

5. The two pertinent issues are:

    A. does attorney-client privilege apply in the handling of real estate purchases; and

    B. were the acts of the Nadels sufficient to come within the crime-fraud exception.

6. The attorney-client privilege does arise where the attorney represents the client in a real estate transaction. If an attorney determines that a privilege might apply on behalf of a client, it should be asserted on the client's behalf. In this instance, no materials can be produced or testimony recorded without an appropriate court order.

7. Whether based pursuant to Federal or Florida law, it is the burden of the Receiver to show the crime-fraud exception to the attorney-client privilege. See In Re Grand Jury Proceedings (Gregory P. Viloette), 183 F.3d 71, 78 (1st Cir. 1999); Robichaud v. Kennedy, 711 So.2d 186 (Fla. 2nd DCA 1998). To meet the burden, the Receiver must allege and produce prima facia evidence that the Nadels used the purchase of real estate as a tool of crime or fraud and sought the advice of counsel to procure the same. See Robichaud, Id. at 188.

8. Unless the Receiver demonstrates that the actions of the Defendants somehow transforms a real estate transaction into the crime-fraud exception, then this Court must apply the attorney-client privilege doctrine to prevent testimony and production of documents relating to the real estate transaction or transactions.

9. R. CRAIG HARRISON has attempted to contact counsel for the Receiver to amicably resolve this issue to no avail.

WHEREFORE, R. CRAIG HARRISON requests this Court grant his Motion for Protective Order and award him costs, including attorney's fees, for having to bring this Motion before this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, postage prepaid, to CARL R. NELSON, ESQ., attorney for Burton W. Wiand, Receiver, Fowler White Boggs P.A., 501 E. Kennedy Boulevard, Suite 1700, Tampa, FL 33602, on this 4th day of March 2009.

LYONS, BEAUDRY & HARRISON, P.A.
1605 Main Street, Suite 1111
Sarasota, Florida 34236
Telephone: (941) 366-3282


By: /s/
R. Craig Harrison, Esq.
Florida Bar #0466530