UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                                                                  Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

**RECEIVER'S MEMORANDUM OF LAW IN OPPOSITION TO EMERGENCY
MOTION FOR PROTECTIVE ORDER FILED BY R. CRAIG HARRISON**

Burton W. Wiand, as Receiver, by and through his undersigned counsel and under 3.01(b) of the Local Rules for the Middle District of Florida, hereby opposes the Emergency Motion for Protective Order (the "Motion") filed by R. Craig Harrison because, *inter alia*, the Motion is both groundless and premature. In further support of this Opposition, the Receiver submits the declaration of Ashley Bruce Trehan (the "Trehan Declaration"), which is being filed contemporaneously with this Opposition. Harrison essentially wants the Court

to conduct an *in camera* inspection of his file in order to determine which documents are subject to the attorney-client privilege. (Trehan Decl. ¶ 24; Memo. in Support of Mot. at 4.) Seeking the Court's involvement in a minor discovery "dispute" is wholly inappropriate.

The Receiver served a subpoena on Harrison because the Receiver's investigation revealed that Harrison had some involvement with the purchase and sale of a piece of land owned (at some point) by Arthur Nadel. (Trehan Decl. ¶¶ 4-12.) The Receiver has reason to believe that the land was purchased with the funds of investors who were defrauded as a result of the scheme perpetrated by Nadel. (Trehan Decl. ¶ 4.)

Harrison's Motion should be denied because it is both groundless and premature in every respect. First, there is no basis for the "Emergency" designation. The original due date on Harrison's subpoena for documents (attached as Exhibit A to the Motion) was March 6, 2009. However, upon request, the undersigned immediately agreed to Harrison's request for a one-week extension of time until March 13, 2009, to produce documents to the Receiver. (Trehan Decl. ¶ 14.) The undersigned never represented to Harrison that the Receiver would pursue any relief if Harrison were unable to meet this deadline. (Trehan Dec. ¶ 14.)

The Motion also sets forth no basis whatsoever for seeking a protective order from the Court. Instead of providing the Court and the undersigned with a rationale for seeking a protective order, the Motion and its accompanying Memorandum address only the substantive basis for Harrison's claim of privilege. (Mot. ¶¶ 4, 6, 7, 8.) The two cases Harrison cites in his Motion (¶ 7) are inapplicable here because no dispute has arisen

regarding attorney-client privilege. *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d 71 (1st Cir. 1999); *Robichaud v. Kennedy*, 711 So. 2d 186 (Fla. 2d DCA 1998).

Additionally, the Motion is premature because no dispute has ripened upon which the Court should rule. Rather than filing his Motion, Harrison could have produced non-privileged documents along with a privilege log, which the undersigned suggested to him after receiving service of his motion. (Trehan Decl. ¶ 21.) Although he attached to his Motion a "General Summary of Documents" (Doc. 53-4), this list does not contain sufficient detail to qualify as a privilege log and is not presented as such.

Harrison also could have served objections to the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting [or] copying . . . any or all of the materials . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(c)(2)(B). This Rule also sets forth specific rules regarding objections and compelling production from the person commanded to produce documents. Fed. R. Civ. P. 45(c)(2)(B)(i), (ii). However, Harrison has not yet served any objections or a privilege log on the undersigned, so there is no way of knowing whether any disagreement regarding privilege even exists. Moreover, the undersigned was more than willing to cooperate with Harrison in light of his claims of privilege. (*See* Trehan Decl. ¶ 21.)

Finally, and quite inexplicably, Harrison requests that the Court grant him "costs, including attorney's fees, for having to bring this Motion before this Court." (Mot. at 3.)

There is no basis whatsoever for this request.[1] First, Harrison did not "have" to bring this Motion before the Court because the undersigned never voiced any opposition to (i) Harrison's request to extend the deadline to produce documents and (ii) Harrison's concerns regarding privilege. (*See generally* Trehan Decl.) In fact, even after Harrison filed his Motion, the undersigned reached out to him by suggesting that he produce any non-privileged documents and submit a privilege log for documents that he claims are privileged. (Trehan Decl. ¶ 21.) Harrison rejected this offer and, by doing so, forced the undersigned to respond to his baseless Emergency Motion. (Trehan Decl. ¶¶ 21-22.)

For these reasons, the Receiver requests that the Emergency Motion for Protective Order be denied.

s/ Ashley Bruce Trehan
Carl R. Nelson, FBN 0280186
Email: cnelson@fowlerwhite.com
Gianluca Morello, FBN 034997
Email: gianluca.morello@fowlerwhite.com
Maya M. Lockwood, FBN 0175481
Email: mlockwood@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
Email: atrehan@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
Tampa, FL 33601
(813) 228-7411
Fax No: (813) 229-8313
Attorneys for the Receiver Burton W. Wiand

---

[1] In fact, any costs should be awarded in favor of the Receiver. *See, e.g.*, Local Rule 3.01(e) ("unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions").

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 5, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the document and a notice of electronic filing to the following:

> Scott A. Masel, Esq.
> Andre J. Zamorano, Esq.
> Securities and Exchange Commission
> 801 Brickell Avenue, Suite 1800
> Miami, FL  33131

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York, Metropolitan Correctional Center
> 150 Park Row
> New York, NY  10007

s/ Ashley Bruce Trehan
Attorney

40616856v1