UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                          CASE NO. 8:09 cv 87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

      Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD.,
VICTORY FUNDS, LTD.,
VIKING IRA FUND, LLC,
VIKING FIND, LLC,
VIKING MANAGEMENT,
VENICE JET, LLC, and
TRADEWIND, LLC.

      Relief Defendants.
_____/

## MOTION TO INTERVENE AND OPPOSITION TO MOTION TO PAY ATTORNEY FEES FILED BY ARTHUR NADEL AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND OPPOSITION TO MOTION TO PAY ATTORNEY FEES

Intervenors, Bruce Bell, Carri Bell, Beatrice Bienaime, Jean-Jacques Bienaime, Charles Daukas, Angela Daukas, Worth Helms, Harvey Hinrichs, Bettye Hinrichs, David Ingalls, Harold Johnson, Krista Toomre, Barrant Merrill, Adams Moore, Patrick Peavy, Donna Pickard, Louis Paolino, Ronald Rennick, Scott Shumway, Celt, Inc., Lineberger & Co., LLC and Robert Wilkes (jointly "Intervenors") file this Motion to Intervene and Opposition to Motion to Pay Attorney Fees filed by Arthur Nadel ("Motion") pursuant to Rule 24 of the Federal Rules of Civil Procedure. In support of its Motion the Intervenors state:

1. On January 21, 2009, this Court entered its Order of Preliminary Injunction and Other Relief as to Defendant Arthur Nadel ("Freeze Order") [DE 7] stating:

> A. <u>Nadel</u>, his directors, officers, agents, servants, employees, attorneys, depositories, banks, <u>and those persons in active concert</u> or participation with anyone or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except any Receiver this Court appoints, be and hereby are, <u>restrained from, directly or indirectly, transferring</u>, setting off receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash, free credit balances, fully paid lor securities, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, in the possession of, or held for the benefit of Nadel, any of the Defendants, or any of the Relief Defendants in this action.
>
> B. <u>Any</u> financial or brokerage institution or other <u>person or entity</u> located within the jurisdiction or the United States Courts and holding any such funds or other assets, in the name, for the benefit or under the control of Nadel, directly or indirectly, held jointly or singly, <u>and which receives actual notice of this order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit</u> the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

2. Also on January 21, 2009, the Court entered an Order Appointing Receiver [DE 8] which states at Paragraph 15:

> During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, <u>or from in any way disturbing the assets or proceeds of the receivership</u> or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Defendants or Relief Defendants;

3. Intervenors are investors in the entities and funds managed and controlled by Arthur Nadel. Intervenors have lost substantial sums of money through Nadel's misrepresentations and misappropriation of their money.

4. On March 6, 2009, Defendant Arthur Nadel filed a Motion to Modify Asset Freeze to Permit Payment of Reasonable Attorneys' Fees. [DE 64].

5. On March 10, 2009, Defendant Arthur Nadel filed an Amended Motion for Payment of Reasonable Attorney Fees. [DE 69].

6. Nadel's wife Marguerite ("Peg") is subject to the Freeze Order. Nadel's counsel tried to circumvent the Freeze Order by having Peg assign a mortgage and note to Nadel's counsel. *A true and correct copy of this assignment is attached as Exhibit 1.*

7. Nadel now seeks permission to do precisely the same thing again by modifying the Asset Freeze to permit payment of reasonable attorneys' fees.

8. The payments that Nadel's counsel will receive from the mortgage and note are in excess of $130,000, which is much more than the fees they request.

9. Intervenors' interests would be directly affected should the Modification of the Asset Freeze be granted.

10. The Intervenors' claim an interest in the property that is the subject of this action.

11. Allowing intervention would save judicial resources and would bring all interested parties before this Court.

12. Intervenors should be allowed to file responsive pleadings to the Complaint and to participate fully in the proceedings.

## MEMORANDUM

Intervenors seek to preserve sufficient funds for potential disgorgement pending resolution of the case on its merits. The Freeze Order entered by this Court is a proper step in that direction. The Eleventh Circuit in S.E.C. v. ETS Payphones, Inc., 408 F.3d. 727, 735-736 (11th Cir. 2005) found that it was proper that the District Court had frozen all of the defendant's assets because a full asset freeze was necessary to preserve enough funds for the potential disgorgement. Further, "... a

3

swindler in securities markets cannot use the victims' assets to hire counsel who help him retain the gleanings of crime." S.E.C. v. Quinn, 997 F.2d 287, 289 (7th Cir. 1993).

After proper entry of a full asset freeze order, such as the one entered by this Court, the burden is on the party seeking to unfreeze assets to show that those assets do not include and were not derived from tainted funds. See, e.g., S.E.C. v. Belmonte, 1991 WL 214252 (S.D. Fla. April 25, 1991) (refusing to release funds from sale of home, even though home had been acquired prior to alleged fraud, because there had been no showing that ill-gotten funds had not been used to subsidize mortgage payments or improve home); S.E.C. v. Coates, 1994 WL 455558, at *3 (S.D.N.Y. Aug.23, 1994) "where the court held that a defendant is not entitled to foot his legal bill with funds that are tainted by his fraud."

To establish an untainted source, Nadel will have to show that the funds were acquired between 1995 and 2002. In 1995, Nadel filed a financial affidavit (copy attached as Exhibit "2") alleging no assets. The fraud scheme at issue began at least by 2002. The only period of time, then, that Nadel assets could be untainted is between 1995 and 2002.

Here, Nadel's counsel filed a Supplement To Motion For Payment Of Reasonable Attorney's Fees, [DE 74], in which Nadel seeks to unfreeze any one of a number of sources. However, Nadel's counsel fails to offer any evidence to show that the sources contain untainted assets. For this reason alone, the Amended Motion must be denied.

Even if Nadel's counsel had made the proper showing, the Amended Motion should still be denied on the bases of the unclean hands doctrine. Ironically, Nadel's counsel cites S.E.C. v Lauer, 445 F. Supp. 2d 1362 (S.D. Fla 2006), in which the Court found that the unclean hands of the defendant, Lauer, barred his attempt for relief from the preliminary injunction order which imposed an asset freeze. Lauer brought several motions for modification of the asset freeze order to release

funds for payment of attorneys' fees. Lauer failed to disclose assets, and he diverted assets in direct violation of the Freeze Order.

By having Nadel's wife, Marguerite "Peg" Nadel, execute an Assignment of a Note and Mortgage to themselves (see Ex. 1), Nadel's counsel have diverted an asset in violation of the very same Order which Nadel's counsel now seeks to modify for their benefit. As a result, Peg Nadel actions are in concert with Arthur Nadel and subject to the Freeze Order. "A cardinal rule of equity is he who comes into equity must come with clean hands [i]t is a self-imposed ordinance that closes the door... to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Precision Instrument v. Automotive Maintenance Machinery, 324 U.S. 806, 814 (1945).

Additionally, even if Nadel's wife were not subject to the Freeze Order, the expected payment from the mortgage and note assigned to Nadel's counsel is in excess of $130,000, which is much more than the fees requested in the Supplement to the Amended Motion. Thus, the assignment makes modification of the Freeze Order unnecessary.

WHEREFORE Bruce Bell, Carri Bell, Beatrice Bienaime, Jean-Jacques Bienaime, Charles Daukas, Angela Daukas, Worth Helms, Harvey Hinrichs, Bettye Hinrichs, David Ingalls, Harold Johnson, Krista Toomre, Barrant Merrill, Adams Moore, Patrick Peavy, Donna Pickard, Louis Paolino, Ronald Rennick, Scott Shumway, Celt, Inc., Lineberger & Co., LLC and Robert Wilkes, (jointly "Intervenors") respectfully request that this Court grant their Motion:

(a) To intervene in this cause as respondents and to participate fully in the proceedings; and

(b) To deny Nadel's Motion to modify asset freeze and grant the payment of reasonable attorneys' fees; and

(c) That the Court award such other and further relief as it deems just and proper.

5

## LOCAL RULE 3.01 (G) CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 3.01(g), the undersigned has conferred with counsel for the Securities and Exchange Commission ("SEC") and they have indicated to the undersigned that the SEC opposes this motion. In accordance with Local Rule 3.01(g), counsel for Nadel has expressed no opposition to the Motion. The Receiver has not responded to inquiries.

WILLIAMS, PARKER, HARRISON
DIETZ & GETZEN


/s/ Morgan R. Bentley
Morgan R. Bentley, Esq.
Florida Bar No. 962287
200 S. Orange Avenue
Sarasota, Florida 34236
941-329-6624 (telephone)
941-552-7172 (facsimile)
mbentley@williamsparker.com
Attorneys for Intervenors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to **Todd A. Foster, Esq.**, Counsel for Defendants, Cohen, Jayson & Foster, P.A., 201 E. Kennedy Blvd., Suite 1000, Tampa, FL 33672-2538, **Carl R. Nelson, Esq.**, Counsel for Receiver, Fowler White Boggs, PA, 501 E. Kennedy Blvd., Suite 1700, Tampa, FL 33601, **Burton W. Wiand, Esq.**, c/o Carl R. Nelson, Esq. and **Scott Masel, Senior Trial Counsel**, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131.

/s/ Morgan R. Bentley
Morgan R. Bentley, Esq.
Florida Bar No. 0962287
200 S. Orange Avenue
Sarasota, Florida 34236
941-329-6624 (telephone)
941-552-7172 (facsimile)
mbentley@williamsparker.com
Attorneys for Intervenors

967226_1.doc