UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SECURITIES AND EXCHANGE
COMMISSION,**

          Plaintiff,

v.                                       **CASE NO:**  8:09-cv-87-T-26TBM

**ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.**

          Defendants,

**SCOOP REAL ESTATE, L.P., et al.,**

          Relief Defendants.
                                                                          /

**O R D E R**

      A group of investors claiming to have been defrauded by the primary Defendants have filed, through counsel, a motion seeking to intervene in these proceedings and opposing a motion filed by Defendant Nadel seeking the payment of attorney fees and costs. Plaintiff, at the direction of the Court, has filed an expedited response. After careful review of the parties's submissions, the Court concludes that the motion to intervene is due to be denied.

This is the second time the Court has been confronted with a motion to intervene in these proceedings filed by third parties.[1] In the order denying that motion, the Court discussed the legal principles governing entitlement to intervention as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, as well as entitlement to permissive intervention under Rule 24(b).[2] In the latest motion, the investors have wholly failed to address why they qualify for intervention under either prong of the rule in light of the governing principles of law. As Plaintiff correctly contends, "[o]ther than their status as defrauded investors, the Movants provide little legal or factual basis for seeking intervention."

Although the Court, like the Plaintiff, is sympathetic to the plight of these defrauded individuals, it is simply not convinced under the state of the record before it that their intervention into this proceeding is authorized by either Rule 24(a) or 24(b). Moreover, the Court has the utmost confidence in the skills and ability of the court-appointed Receiver to protect the financial interests of these individuals, especially within the context of the motion filed by Defendant Nadel in which he seeks payment of attorney fees and costs. Of course, these investors are more than welcome to attend the hearing on this motion scheduled for tomorrow at 11:00 a.m., as well as all future hearings in this case.

---

[1] See docket 8 (motion to intervene filed by General Electric Capital Corporation and VFS, Inc.).

[2] See docket 45.

ACCORDINGLY, for the reasons expressed, it is **ORDERED AND ADJUDGED** that the Motion to Intervene (Dkt. 82) is **denied**.

**DONE AND ORDERED** at Tampa, Florida, on March 19, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record