UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

            Defendants,

CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

            Relief Defendants.
_____/

### RECEIVER'S MOTION (1) TO LIQUIDATE CERTAIN PERSONAL PROPERTY & (2) FOR AUTHORIZATION TO LIQUIDATE ITEMS OF $5,000 OR LESS IN VALUE WITHOUT FURTHER ORDER

Pursuant to 28 U.S.C. § 754, Fed. R. Civ. P. 66, and Rule 3.01 of the Local Rules of the Middle District of Florida, Burton W. Wiand, as Receiver, moves the Court for permission to (1) liquidate, donate, or otherwise dispose of certain personal property that belongs to receivership entities and (2) liquidate, donate, or otherwise dispose of, without prior approval from the Court, any other personal property that belongs to receivership entities and that has a value of $5,000 or less.

On January 21, 2009, the Securities and Exchange Commission ("Commission") initiated this action to prevent the defendants from further defrauding investors of hedge funds managed by them. That same day, the Court entered an order appointing Burton W. Wiand as Receiver for Defendants Scoop Capital, LLC ("Scoop Capital") and Scoop Management, Inc. ("Scoop Management") and Relief Defendants Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory Fund, Ltd.; Victory IRA Fund, Ltd.; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC (the "Order Appointing Receiver"). (*See generally* Order Appointing Receiver (Doc. 8).)

The Court subsequently granted four motions to expand the scope of the receivership and appointed the Receiver as receiver over the following:

- Venice Jet Center, LLC, and Tradewind, LLC (Order, Jan. 27, 2009 (Doc. 17));

- Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; and the Laurel Mountain Preserve Homeowners Association, Inc. (Order, Feb. 11, 2009 (Doc. 44));

- The Guy-Nadel Foundation, Inc. (Order, Mar. 9, 2009 (Doc. 68)); and

- Lime Avenue Enterprises, LLC, and A Victorian Garden Florist, LLC (Amended Order, March 17, 2009 (Doc. 81)).

All of the entities and the trust in receivership are hereinafter referred to collectively as the "Receivership Entities."

Pursuant to the Order Appointing Receiver, the Receiver has the duty and authority to: "administer and manage the business affairs, funds, assets, choses in action and any other property of the Defendants and Relief Defendants; marshal and safeguard all of the assets of

the Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors." (Order Appointing Receiver at 1-2.) In particular, the Receiver was directed to:

> [t]ake immediate possession of all property, assets and estates of every kind of the [Receivership Entities], whatsoever and wheresoever located belonging to or in the possession of the [Receivership Entities], including but not limited to all offices maintained by the [Receivership Entities], rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the [Receivership Entities] wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court . . . .

(*Id.* at 2.) In accordance with that Order, the Receiver has taken possession of property of the Receivership Entities and seeks this Court's permission to sell or otherwise dispose of certain of this property.

Specifically, the Receiver has come into possession of a variety of furniture, fixtures, and miscellaneous supplies and items located at the office of Scoop Management, Inc., at 1618 Main Street, Sarasota, Florida (the "Scoop Office"). A list of those items (excluding computers, computer-related hardware, and a few other electronic items) is attached hereto as Exhibit A. The Receiver has solicited bids to sell those items, and as of March 23, 2009, the highest bid the Receiver has received is a bid solely for the office furniture and fixtures in the amount of $3,400 submitted by Bucko's Office Furniture, located in Sarasota, Florida.

The Receiver requests authorization from this Court to sell all or some of the furniture, fixtures, and miscellaneous supplies and items located at the Scoop Office

3

(including any similar items that may have been inadvertently left off the attached list) for the highest amount reasonably obtainable. Due to their age and condition, the value of many of those items is believed to be minimal. However, the Receiver will endeavor to obtain the highest amount possible in the most cost-effective manner. If the Receiver is unable to sell any of those items following a reasonable attempt, he requests authorization to donate or otherwise dispose of them.

Further, in order to minimize the expense and burden on the Receivership and this Court, the Receiver requests that this Court authorize him to sell, donate, or otherwise dispose of any other personal property of the Receivership Entities for the highest amount reasonably obtainable without further order from the Court provided that the property has an individual resale value of $5,000.00 or less.

## **MEMORANDUM OF LAW**

The Court's power to supervise an equity receivership and to determine the appropriate actions to be taken in the administration of the receivership is extremely broad. *Securities Exchange Comm'n v. Elliott,* 953 F.2d 1560, 1566 (11th Cir. 1992); *Securities Exchange Comm'n v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d at 1566; *Securities Exchange Comm'n v. Safety Finance Service, Inc.,* 674 F.2d 368, 372 (5th Cir. 1982). The relief sought by the Receiver falls squarely within those powers.

WHEREFORE, the Receiver requests this Court enter an Order granting this motion to sell, donate, or otherwise dispose of (1) the personal property specified above and (2)

any other personal property of the Receivership Entities which has an individual resale value of $5,000 or less.

## LOCAL RULE 3.01(G) CERTIFICATION OF COMPLIANCE

Counsel for the Receiver has conferred with counsel for the SEC and is authorized to represent to the Court that this motion is unopposed.

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional Center
> 150 Park Row
> New York, NY 10007

> s/ Gianluca Morello
> Carl R. Nelson, FBN 0280186
> cnelson@fowlerwhite.com
> Gianluca Morello, FBN 034997
> gianluca.morello@fowlerwhite.com
> FOWLER WHITE BOGGS P.A.
> P.O. Box 1438
> Tampa, FL 33601
> T: (813) 228-7411
> F: (813) 229-8313
> Attorneys for the Receiver, Burton W. Wiand

40621715v3