FILED

09 APR -6 PM 12:18

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,
    PLAINTIFF,    CASE NO.
    V.    8:09-CV-87-T-26TBM

ARTHUR NADEL, SCOOP CAPITAL, LLC
SCOOP MANAGEMENT, INC.
    DEFENDANTS,

SCOOP REAL ESTATE, L.P., ET AL,
    RELIEF DEFENDANTS
————————————————x

## ANSWER

    DEFENDANT, ARTHUR NADEL, APPEARING PRO SE, AS AND FOR AN ANSWER TO THE COMPLAINT HEREIN, ALLEGES:

    1. DENIES, EACH AND EVERY ALLEGATION CONTAINED IN THE COMPLAINT, NUMBERED: "2, 3, 4, 5, 6, 8, 9, 23, 24, 25, 28, 36, 37, 38, 39, 41, 44, 45, 46, 48, 49, 51, 52, 54 AND 55"; EXCEPT ADMITS THAT DEFENDANT EXECUTED A STIPULATION REGARDING THE INJUNCTION REFERRED TO IN PARAGRAPH "8."

DEFENDANT NADEL'S ANSWER - CASE 8:09-EV-87-T-26TBM

2. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the complaint numbered "1, 7, 13, 14, 17, 18, 19, 20, 21, 22, 30, 31, 40, 42, 43."

AS AND FOR A FIRST SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT, DEFENDANT ALLEGES:

3. The complaint sets forth no exact specific period of time during which the alleged wrongdoing affected all of the hedge funds, and is therefore vague, indefinite and misleading, rendering it impossible to admit or deny the allegations with any reasonable assurance.

4. While it would appear that the period of time alleged is from "January 2008 through the present" (par. 2), the preceding words "from at least" open the phrase to an interpretation that there is actually a different period of time, one that the plaintiff may substitute at some future time. Based on this allegation, the receiver has seized assets acquired long before 2008, and is in the process of going back in time without any apparent limit or justification, to defendant's ultimate damage.

DEFENDANT NADEL'S ANSWER - CASE 8:09-EV-87-T-26TBM

AS AND FOR A SECOND SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT, DEFENDANT ALLEGES:

5. NO LOSSES ARE ALLEGED AS PROXIMATELY CAUSED BY THE ALLEGED WRONGDOING, NOR IS ANY PRACTICAL METHODOLOGY SPECIFIED OR APPARENT TO ENABLE THE CALCULATION OF LOSSES, GIVEN THE INDEFINITE TIME PERIOD ALLEGED, THE TOTAL NUMBER OF POSSIBLE INVESTORS, THE TIMING AND NUMBER OF POTENTIAL TRANSACTIONS, AND THE FACT THAT INVESTORS WERE PERMITTED QUARTERLY WITHDRAWALS AND REDEMPTIONS. UPON INFORMATION AND BELIEF, ALL INVESTOR WITHDRAWALS AND REDEMPTIONS PRIOR TO JANUARY 14, 2009 WERE PROFITABLE. IT FOLLOWS THAT ANY AND ALL FEES THAT WERE ATTRIBUTABLE THERETO WERE PROPERLY EARNED, UNLESS AND UNTIL THERE IS A FINAL COURT DECISION THAT THOSE PROFITS MUST BE RETURNED TO THE LAST INVESTORS.

AS AND FOR A FIRST COUNTER-CLAIM AGAINST THE RECEIVER HEREIN, DEFENDANT ALLEGES

DEFENDANT NADEL'S ANSWER- CASE 8:09-CV-87T-26TBM

6. THE DEFENDANT HAS BEEN UNABLE TO OPPOSE THE NUMEROUS MOTIONS MADE BY THE RECEIVER TO SEIZE THE ASSETS OF DEFENDANT AND HIS WIFE DUE TO DEFENDANT'S INITIAL INCARCERATION. DURING THIS TIME DEFENDANT HAS BEEN, AND CONTINUES TO BE REPRESENTING HIMSELF PROSE. TO DATE, THE RECEIVER HAS HAD THE EXCLUSIVE CUSTODY OF ALL OF THE OFFICE RECORDS SEIZED BY HIM. FOR ALL OF THESE REASONS, DEFENDANT HAS NOT HAD A FAIR OPPORTUNITY TO PRESENT A DEFENSE.

7. AS ONE EXAMPLE OF THE LACK OF FAIRNESS, THE COMPLAINT IS SPECIFIC ONLY AS TO THE CALENDAR YEAR 2008 REGARDING THE ALLEGED FRAUD. IN SUPPORT OF THE VARIOUS EXTENSIONS OF THE RECEIVERSHIP IT WAS ALLEGED THAT DURING 2008 DEFENDANT WITHDREW APPROXIMATELY $1 MILLION FROM HIS OWN COMPANY TO HIMSELF, GIVING THE IMPRESSION THAT THIS SUM WAS WITHDRAWN FROM THE HEDGE FUNDS. THE RECEIVER'S JOB IS TO PERFORM AN ACCURATE AUDIT WHERE NECESSARY. YET, IN ADDITION TO THE FOREGOING MIS-CLASSIFICATION, HE FAILED TO LOCATE APPROXIMATELY $8 MILLION OF PAYMENTS MADE BY DEFENDANT AND/OR HIS COMPANIES TO THE HEDGE FUNDS DURING 2008.

DEFENDANT NADEL's ANSWER - CASE 8:09-cv-87-T-26TBM

8. THE RECEIVER INTENDS TO CONTINUE BACK IN TIME, WITHOUT LIMIT, AS IMPLIED IN THE COMPLAINT. THEREFORE, IN ORDER TO BALANCE OUT HIS AUDITING, IN FAIRNESS TO DEFENDANT, IT IS HEREBY REQUESTED THAT DEFENDANT BE ALLOWED REASONABLE ACCESS TO ALL BOOKS AND RECORDS SEIZED BY THE RECEIVER FROM THE FUND OFFICES, IN WHATEVER FORM.

9. THE RECEIVER IS OBLIGATED (1) TO PRESERVE THE STATUS QUO; (2) PREVENT DISSIPATION OF THE ASSETS OF THE DEFENDANT AND THE RELIEF DEFENDANTS; (3) PRESERVE THE BOOKS, RECORDS, ETC; AND (4) BE AVAILABLE TO RESPOND TO INVESTOR INQUIRIES. DEFENDANT AND HIS WIFE ARE BOTH INVESTORS AND PERSONAL GUARANTORS OF APPROXIMATELY $10 MILLION IN MORTGAGES COVERING PROPERTIES SEIZED BY THE RECEIVER. DEFENDANT THEREFORE REQUESTS ANSWERS TO THE FOLLOWING QUESTIONS:

(a) HAS THE RECEIVER MADE ANY PAYMENTS ON THE ABOVE-DESCRIBED MORTGAGES, AND IF NOT, DOES HE PLAN TO DO SO?

(N) HAS THE RECEIVER MADE ANY PROVISIONS TO CONTINUE PROPER MANAGEMENT OF THE RELIEF DEFENDANTS, INCLUDING REPLACING THE GENERAL PARTNERS, TIMELY

DEFENDANT NADEL'S ANSWER — CASE 8:09-CV-87-T-26TBM

FILING OF STATE AND FEDERAL FORMS, TAX RETURNS, ETC.

(C) DOES THE RECEIVER HAVE ANY PLANS TO PURSUE THE POSSIBILITY OF LIABILITY TO THE RELIEF DEFENDANTS ON THE PART OF OTHER PARTIES THAT DEALT WITH THE FUNDS, SUCH AS BANKS, BROKERS, ETC?

WHEREFORE, DEFENDANT NADEL PRO SE RESPECTFULLY PRAYS THAT THE COURT DISMISS THE COMPLAINT, WITH PREJUDICE, OR IN THE ALTERNATIVE AND EXERCISING ITS EQUITABLE JURISDICTION HEREIN, GRANT THE REQUESTS SET FORTH IN THE COUNTERCLAIM, TOGETHER WITH COSTS.

DATED: MARCH 30, 2009

ARTHUR NADEL
DEFENDANT PRO SE
50690-018
MCC-NYC
150 PARK ROW
NEW YORK, NY 10007

I CERTIFY THAT ON MARCH 31, 2009 I MAILED THE FOREGOING DOCUMENT BY U.S. MAIL AS FOLLOWS:

*Arthur Nadel*, DEFENDANT PRO SE

## DEFENDANT NADEL'S ANSWER - CASE 8:09-EV-87-T-26TBM

TO: SCOTT A. MASEL
SENIOR TRIAL COUNSEL
U.S. SECURITIES AND EXCHANGE COMMISSION
MIAMI REGIONAL OFFICE, SUITE 1800
801 BRICKELL AVE,
MIAMI, FL 33131

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
U.S. COURTHOUSE
TAMPA, FL 33602