UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                      Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

## RECEIVER'S MOTION TO APPROVE SETTLEMENT

Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of a claim against David Monte for recovery of "false profits" transferred from Receivership Entities on the basis of the Settlement Agreement attached as Exhibit A.

## MEMORANDUM IN SUPPORT

The Securities and Exchange Commission (the "Commission") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets. . . ." (Dkt. 1, Compl., ¶ 7.) Burton W. Wiand was appointed by this Court as the Receiver for

Defendants Scoop Capital, LLC and Scoop Management, Inc. and all relief Defendants by Order Appointing Receiver (Dkt. 8) entered January 21, 2009.[1]

Pursuant to the Order Appointing Receiver (Dkt. 8), the Receiver has the duty and authority to:

> 2. Investigate the manner in which the affairs of the Defendants and Relief Defendants were conduct and institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary . . . against any transfers of money or other proceeds directly or indirectly traceable from investors in the Defendants or Relief Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement or profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such order from this Court as may be necessary to enforce this Order.

Dkt. at ¶ 2.

The Receiver's investigation has revealed a number of investors who received "false profits" (returns greater than their investments) ("profiteers") to the detriment of those investors who lost money as a result of their investment. The Receiver began recovery efforts by mailing letters to 81 domestic and three foreign profiteers, inquiring whether they agreed with the Receiver's calculated amount of false profits and whether they would return the transfers voluntarily to expedite the process and to avoid litigation. The Receiver, with the approval of the Securities and Exchange Commission ("SEC"), believes it is appropriate

---

[1] The Receivership was expanded to include Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07 and the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC by orders (Dkts. 17, 44, 68, and 79) entered January 27, 2009, February 11, 2009, March 9, 2009, and March 17, 2009 respectively.

to accept 90% of the amount claimed in consideration of payment before the commencement of litigation to recover the false profits.

One of the letters was send to David Monte, seeking recovery of $10,908.18 in false profits, and, as shown by the attached Settlement Agreement, Mr. Monte, subject to approval of this Court, agreed to pay 90% ($9,817.36) within 14 days of approval. By this motion, the Receiver seeks approval of this settlement.[2]

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and Mr. Monte, because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to Mr. Monte.

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the

---

[2] The undersigned counsel is in communication with several recipients of the letters and expects to file similar motions in the near future.

foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

    Arthur G. Nadel
    Register No. 50690-018
    MCC New York
    Metropolitan Correctional Center
    150 Park Row
    New York, NY 10007

    s/ Carl R. Nelson
    Carl R. Nelson, FBN 0280186
    Email: cnelson@fowlerwhite.com
    Gianluca Morello, FBN 034997
    Email: gianluca.morello@fowlerwhite.com
    Maya M. Lockwood, FBN 0175481
    Email: mlockwood@fowlerwhite.com
    Ashley Bruce Trehan, FBN 0043411
    Email: atrehan@fowlerwhite.com
    FOWLER WHITE BOGGS P.A.
    P.O. Box 1438
    Tampa, FL 33601
    (813) 228-7411
    Fax No: (813) 229-8313

    Attorneys for the Receiver Burton W. Wiand

40680403v1