UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

      Defendants,        CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

      Relief Defendants.
_____/

## RECEIVER'S MOTION FOR POSSESSION OF
## NOTE AND MORTGAGE FOR JEFFERSON PINES CONDOMINIUM

Burton W. Wiand, as Receiver, by and through his undersigned counsel and under paragraph 24 of the Order Appointing Receiver (Doc. 8) moves the Court to grant the Receiver all interest in a note and mortgage for the condominium located at 700 N. Jefferson Ave., unit 774 ("the Jefferson Pines Condo"). Specifically, the Receiver asks the Court to allow COHEN, JAYSON & FOSTER, P.A. to assign the note and mortgage to the Receiver, and would show as follows:

1.      On November 12, 2007, Michael Nitzsche ("Mr. Nitzsche") purchased the Jefferson Pines Condo from the estate of Patricia Gregson. *See* Deed for the Jefferson Pines Condo, attached hereto as **Exhibit A**.

2.      Mr. Nitzsche was an employee of "Mr. Florist A Victorian Garden," a florist shop included in the Receivership under Order entered March 17, 2009 (Doc. 79).

3.      Marguerite Nadel (Mrs. Arthur Nadel), who previously owned and operated the shop, loaned Mr. Nitzsche the funds to purchase the Jefferson Pines Condo. On November 16, 2007, Mr. Nitzsche executed a promissory note (the "Note") payable to Mrs. Nadel in the amount of One Hundred Twenty-Six Thousand Five Hundred Fifty-Six and Twenty-Four Cents ($126,556.24). *See* Promissory Note, attached hereto as **Exhibit B**. This Promissory Note was secured by a mortgage (the "Mortgage") entered into by Mr. Nitzsche and held by Mrs. Nadel. *See* Real Estate Mortgage, attached hereto as **Exhibit C**.

4.      On February 9, 2009, Mrs. Nadel assigned the Note and the Mortgage for the Jefferson Pines Condo to Cohen, Jayson & Foster, P.A.[1] *See* Assignment of Note and Mortgage, attached hereto as **Exhibit D**. The Assignment of Note and Mortgage indicates that the principal balance due under the Note is One Hundred Twenty-Four Thousand Six Hundred Thirty-Seven Dollars and Sixty-Four Cents ($124,637.64), with Five Thousand Four Hundred Fifty-Seven Dollars and Sixty-Six Cents ($5,457.66) due in outstanding interest.

---

[1] At the hearing on Cohen, Jayson and Foster, P.A.'s Amended Motion for Payment of Reasonable Attorneys' Fees (Doc. 69), held on March 20, 2009, it was made clear Mrs. Nadel made the assignment to pay Cohen, Jayson and Foster, P.A. to represent Arthur Nadel. The motion was denied by Order entered March 20, 2009 (Doc. 91).

## MEMORANDUM IN SUPPORT

The Receiver was appointed by Order dated January 21, 2009 (Doc. 8), to, among other things, "marshal and safeguard all of the assets of the Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors."

Paragraph 24 of the order provides as follows:

> 24. In the event that the Receiver discovers that funds of persons who have invested in the Defendants or Relief Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds . . . .

The Receiver's investigation revealed that Mrs. Nadel used investor funds as the consideration for the Promissory Note and Mortgage. Therefore, the Promissory Note and Mortgage constitute "funds" within the contemplation of paragraph 24 of the order quoted above.

WHEREFORE, the Receiver requests an Order allowing Cohen, Jayson and Foster, P.A. to assign the Promissory Note and the Mortgage to the Receiver.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.[2]

---

[2] The undersigned counsel also conferred with Mrs. Nadel and her attorney, Clifford Hunt, and with Todd Foster of Cohen, Jayson and Forster, P.A. and is authorized to represent to the Court that neither has an objection to the Court's granting this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Arthur G. Nadel
Register No. 50690-018
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

    s/ Carl R. Nelson
    Carl R. Nelson, FBN 0280186
    Email: cnelson@fowlerwhite.com
    Gianluca Morello, FBN 034997
    Email: gianluca.morello@fowlerwhite.com
    Maya M. Lockwood, FBN 0175481
    Email: mlockwood@fowlerwhite.com
    Ashley Bruce Trehan, FBN 0043411
    Email: atrehan@fowlerwhite.com
    FOWLER WHITE BOGGS P.A.
    P.O. Box 1438
    Tampa, FL 33601
    (813) 228-7411
    Fax No: (813) 229-8313
    Attorneys for the Receiver Burton W. Wiand

## VERIFICATION

I hereby verify that the facts stated above are true and correct to the best of my knowledge, information and belief.

    s/ Carl R. Nelson
    Carl R. Nelson

40609894v1