4/29/09

To: Judge Richard A. Lazzara, United States District Judge

From: Gary Musser

09 cv 87

Re: Nadel situation

First, my wife and I are both in our 70s - I am a retired mathematics professor and my wife is a retired nurse. I have suffered two heart attacks and had a quadruple by-pass operation in 2007. Our only child, a mentally impaired 39 year old adult son, has not worked for years and is required to live with us. In January 2006, we withdrew our money from Moody/Nadel to help us fund our retirement, to help care for our son, but especially to be able to leave money to help support our son after we pass away. We have been using the Moody/Nadel money to supplement our modest retirement checks and social security. Thus, returning most of our profits will place a burden on us as you can imagine.

Mr. Nelson has been pleasant throughout. However, we recently signed and returned papers under duress agreeing to pay back 90% of our profits or about $192,571.43 - this was a take-it-or-leave it offer. According to what I found on the web, the statute of limitation for fraud in FL is 4 years. Only a portion of our investment fell within 4 years since we were notified to return monies on 4/7/09. I have records to show that our balance in the Victory fund on 3/31/05 (4 years before the letter of notice) was $480,403.44. Thus, if the 4 year statute of limitation holds, our profits would only be the difference between our final balance of $553,968.26 and the $480,403.44, or $73,564.82 for the 4 year period from 4/1/05 to 4/7/09. Ninety percent of our profits would be $66,208.34. Thus, we offered to pay back $66,208.34 out of respect to those who lost money. However, Mr. Nelson and Mr. Wiand rejected our offer pointing out the following: "However, Section 726.110(1) allows an action to recover a transfer to be brought "within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant." In this case, the Receiver is the "claimant" and discovered the transfers after he was appointed on January 21, 2009. We have relied on this provision recently in connection with another receivership action."

I looked up Section 726.110(1). As I read it, it allows for anyone who discovers fraud (or what appears to be fraud) an UNLIMITED amount of time to go back, in our case, claw back. I am not an attorney, but Section 726.110(1) seems to nullify the 4 year limitation. Thus, it appears that in the payback demand we received, we were denied the protection of the four year statute of limitation. If we do not accept the 90% payback offer of our total profits, we will be at risk of losing 10% of our profits and legal fees to try to correct what appears to be an inconsistency in Florida law. Namely that Section 726.110(1) denies us the right to the protection of the four year statute of limitation for fraud.

I asked Mr. Nelson to include a letter from us when our agreement is presented to you. He refused and said that I could write to you directly. Thus, with this letter, my wife and I are requesting that the court respect the fact that we are being denied our 4 year statute of limitation protection by the demand to return 90% of all of our profits rather than 90% of the profits that accrued from the time of notice. We will gladly pay back the $66,208.34 as computed above. If you would like additional details, I will be glad to provide them. If we need to return to the date of when your order was filed, namely 1/21/09, our balance on 1/1/05 was $465,938.64 which would equate to a profit of $553,968.26 - $465,938.64 = $88029.62. Ninety percent of this figure would be $79,226.66 which we would also honor if we are required to.