UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SECURITIES AND EXCHANGE**
**COMMISSION,**

      **Plaintiff,**

**v.**

                                **CASE NO. 8:09-cv-87-T-26TBM**

**ARTHUR NADEL,**
**SCOOP CAPITAL, LLC,**
**SCOOP MANAGEMENT, INC.,**

      **Defendants,**

**SCOOP REAL ESTATE, L.P.,**
**VALHALLA INVESTMENT PARTNERS, L.P.,**
**VALHALLA MANAGEMENT, INC.,**
**VICTORY IRA FUND, LTD,**
**VICTORY FUND, LTD,**
**VIKING IRA FUND, LLC,**
**VIKING FUND, LLC, AND**
**VIKING MANAGEMENT,**

      **Relief Defendants.**
_____/

## CASE MANAGEMENT REPORT

      1.    Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **April 23, 2009** at **10:15 a.m.** (time) (check one) (**X**) by telephone (or) (__) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Scott Masel | Plaintiff, SEC |
| Ilonka Almonte (paralegal for SEC) | |
| | |
| Arthur Nadel, Defendant, *pro se* | Representing self |

Rev: 4/01

2. Initial Disclosures:

a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

_____ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

_____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

\_\_\_X\_\_\_\_ have been unable to reach agreement on whether to disclose information

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) __Mr. Nadel__ objects to disclosure of such information for the specific reason(s) that:

**Mr. Nadel prefers not to make any disclosures at this point out of concerns about waiving his rights under the Fifth Amendment in light of the pending parallel criminal prosecution against him.**

**The Commission believes the Fifth Amendment does not provide a basis for the blanket refusal to provide the required disclosures, and will therefore be filing an appropriate motion in response to Mr. Nadel's position. Notwithstanding Mr. Nadel's objection to making initial disclosures, the parties agree the Commission may make its initial disclosures by June 25, 2009.**

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

   a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) <u>Requests for Admission</u>:

**The Commission intends to employ requests for admissions as provided for by the Federal Rules of Civil Procedure, and does not presently see a need to limit them.**

   Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

      (2) <u>Written Interrogatories</u>:

**The Commission intends to employ interrogatories as provided for by the Federal Rules of Civil Procedure, and does not presently see a need to exceed the permitted twenty-five.**

   Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant

to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

**The Commission intends to employ requests for production or inspection as provided for in the Federal Rules of Civil Procedure.**

(4) Oral Depositions:

**The Commission and Mr. Nadel agree to permit each side to take up to fifteen depositions in this case but see no need to extend the time allowed for each deposition.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| **None at this time** | | |

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**45 days before the end of discovery.**

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**As the required by the Federal Rules of Civil Procedure.**

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **July 31, 2010**.

4. <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

**Mr. Nadel intends to employ requests for admissions as provided for by the Federal Rules of Civil Procedure, and does not presently see a need to limit them.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u>

**Mr. Nadel intends to employ interrogatories as provided for by the Federal Rules of Civil Procedure, and does not presently see a need to exceed the permitted twenty-five.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

**Mr. Nadel intends to employ requests for production or inspection as provided for in the Federal Rules of Civil Procedure.**

(4) Oral Depositions:

**The Commission and Mr. Nadel agree to permit each side to take up to fifteen depositions in this case but see no need to extend the time allowed for each deposition.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|

**None at this time.**

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**45 days before the end of discovery.**

c. Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**As the required by the Federal Rules of Civil Procedure.**

d. Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before **July 31, 2010**.

5. Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties have identified no such matters at this time.**

6. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**The parties have been unable to agree on the need for disclosures. As indicated in item 2 above, Mr. Nadel objects to making any disclosures because of Fifth Amendment concerns in light of the pending parallel criminal case against him. The Commission does not believe the Fifth Amendment exempts Mr. Nadel from the Rule 26 disclosure requirement and will be submitting an appropriate motion. There are no other disagreements at this time.**

7. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be 180 days from the date of the Court's scheduling order, motions for summary judgment, and all other potentially dispositive motions should be **October 31, 2010**. (Note time limit in Local Rule 4.03.)

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely           (check one)
**X** unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
_____yes    **X** no    _____likely to agree in future

Rev: 4/01

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

**The Commission and Mr. Nadel agree that mediation is not only impractical, due to Mr. Nadel's incarceration, but that it also is unlikely to be productive. They both therefore stipulate to the Court exempting this case from the mediation requirement and jointly request that the Court enter such an order.**

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

    yes    __X__ no    _____ likely to agree in future

10. Preliminary Pretrial Conference:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
  ___request    (check one)
  __X__ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after __November 30, 2010__ (date) and for trial on or after **January 31, 2011** (date). This **Jury** ____ **Non-Jury** __X__ trial is expected to take approximately __**40**__ hours.

12. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

**The parties are aware of the rules and agree to comply with them.**

Rev: 4/01

13. Other Matters:

   **None at this time.**

                                    Signature of Counsel (with information
                                    required by Local Rule 1.05(d)) and
                                    Signature of Unrepresented Parties

                                    Date: May 11, 2009


                                    s/ Scott A. Masel
                                    Scott A. Masel
                                    Senior Trial Counsel
                                    Florida Bar No. 0007110
                                    Direct Dial: (305) 982-6398
                                    E-mail: masels@sec.gov
                                    *Lead and Trial Counsel*

                                    Attorney for Plaintiff
                                    **SECURITIES AND EXCHANGE
                                           COMMISSION**
                                    801 Brickell Avenue, Suite 1800
                                    Miami, Florida 33131
                                    Telephone: (305) 982-6300
                                    Facsimile:  (305) 536-4154


                                    Date: _____

                                    _____
                                    Arthur G. Nadel, *Pro Se*
                                    *Defendant*
                                    Register No. 50690-018
                                    MCC New York
                                    Metropolitan Correctional Center
                                    150 Park Row
                                    New York, NY 10007

13. <u>Other Matters</u>:

   **None at this time.**

                          Signature of Counsel (with information
                          required by Local Rule 1.05(d)) and
                          Signature of Unrepresented Parties

                          Date: _____

                          _____
                          Scott A. Masel
                          Senior Trial Counsel
                          Florida Bar No. 0007110
                          Direct Dial: (305) 982-6398
                          E-mail: masels@sec.gov
                          *Lead and Trial Counsel*

                          Attorney for Plaintiff
                          **SECURITIES AND EXCHANGE**
                                  **COMMISSION**
                          801 Brickell Avenue, Suite 1800
                          Miami, Florida 33131
                          Telephone: (305) 982-6300
                          Facsimile: (305) 536-4154

                          Date: 5/11/09
                          _____
                          Arthur G. Nadel, *Pro Se*
                          *Defendant*
                          Register No. 50690-018
                          MCC New York
                          Metropolitan Correctional Center
                          150 Park Row
                          New York, NY 10007