# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Securities and Exchange Commission,**

        **Plaintiff,**

        v.                                    Case No.  8:09-cv-87-T-26TBM

**Arthur Nadel, Scoop Capital, LLC., Scoop Management, Inc., Scoop Real Estate, L.P., Valhalla Investment Partners, L.P., Valhalla Management, Inc., Victory IRA Fund, Ltd., Victory Fund, Ltd., Viking IRA Fund, LLC., Viking Fund, LLC., Viking Management, LLC., and Burton W. Wiand,**

        **Defendants.**

_____

## CASE MANAGEMENT AND SCHEDULING ORDER

      This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial.  The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to*.  Accordingly, it is **ORDERED**:

      1.    Parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report, as noted below (including any *exceptions* deemed appropriate by the Court):

| | |
|---|---|
| **Third Party Joinder/Amend Pleading** | November 8, 2009 |
| **Discovery Cut-Off** | July 31, 2010 |
| **Dispositive Motion filing** | October 31, 2010 |
| **Pretrial Statement due** | November 29, 2010 |
| **Plaintiff Expert Disclosure** | June 16, 2010 |
| **Defendant Expert Disclosure** | June 16, 2010 |

      2.    Parties are further **directed** to meet the pretrial disclosure requirements and deadlines in Fed.R.Civ.P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, as supplemented herein at ¶ 6.  **Parties are advised to review the amendments to the Rules of Civil Procedure regarding discovery, which became effective December 1, 2000.  *See* Fed.R.Civ.P. (Supp. 2000).**

      3.    Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*.  *See* Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D).

      4.    A *Pretrial Conference* will be held before **Magistrate Judge Thomas B. McCoun, III, United States Magistrate Judge, in Courtroom 12B, 801 North Florida Avenue, Tampa, Florida,** on **December 2, 2010** at **10:00 A.M.**

5.  This case is set for *Non-Jury Trial* during the term commencing **January 3, 2011** before the Honorable Richard A. Lazzara. This trial term shall include the entire month. Estimated length of trial: **40 Hours.**

6.  **SUMMARY JUDGMENT PROCEDURES:** The following procedures shall be followed by the parties:

    (a) A party's claims or defenses for which summary judgment is sought **shall** be presented in a **single** motion and incorporated memorandum of law which, absent prior permission of the Court, shall not exceed twenty-five (25) pages total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

    (b) Prior to filing a motion for summary judgment, the moving party **shall** confer in good faith with the party or parties against who summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by separate pleading filed contemporaneously with the motion for summary judgment and incorporated memorandum of law shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. Unless the parties are in full agreement as to the undisputed facts, the movant **shall** file a separate "Statement of Undisputed Facts", with citations to the record, which shall accompany the motion for summary judgment.

    (c) Any party opposing a summary judgment motion **shall** file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(b). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, a separate "Statement of Disputed Facts", with citations to the record, shall accompany the memorandum in opposition. All material facts set forth by the moving party shall be deemed admitted unless controverted by a separate Statement of Disputed Facts.

    (d) Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day of filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. **Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding**.

    (e) Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules, are distinctly disfavored.

    (f) Oral argument or hearings will generally **NOT** be held on the motion.

    (g) A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

7.  Not later than **five (5) days prior to the date on which the trial *term* is set to commence**, *see* ¶ 5, the parties **shall file** with the Clerk of Court, the following (and as to each of the following, provide directly to Chambers, by mail or hand-delivery a "Judge's Courtesy Copy," so marked):

(a) Each side shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial; **and either (b) or (c) below, as appropriate**.

(b) **If case is a jury trial**, the following:

(1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

(2) A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than on instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1);

(3) *Proposed Voir Dire* (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

(4) **Proposed Verdict Form**

(c) **If case is a non-jury trial**, **Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

8. The **Pretrial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial.

**DONE** and **ORDERED** in Tampa, Florida on May 12, 2009.

      */s/RICHARD A. LAZZARA*
      **UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record
Magistrate Judge
*Pro Se* parties, if any
Law Clerk
Sandy Hartman, Judicial Assistant