# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

        Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

        Relief Defendants.

_____/

## RECEIVER'S MOTION TO APPROVE SETTLEMENT

     Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of a claim against Truman N. Brooks for recovery of sums received from one or more Receivership Entities in excess of investment ("false profits") on the basis of the Settlement Agreement attached as Exhibit A.

## MEMORANDUM IN SUPPORT

     The Securities and Exchange Commission (the "Commission" or "SEC") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets. .

Dockets.Justia.com

. ." (Dkt. 1, Compl., ¶ 7.)  Burton W. Wiand was appointed by this Court as the Receiver for

Defendants Scoop Capital, LLC and Scoop Management, Inc. and all Relief Defendants by

Order Appointing Receiver (Dkt. 8) entered January 21, 2009.[1]

Pursuant to the Order Appointing Receiver (Dkt. 8), the Receiver has the duty and

authority to:

> 2.  Investigate the manner in which the affairs of the Defendants
> and Relief Defendants were conducted and institute such actions and legal
> proceedings, for the benefit and on behalf of the Defendants and Relief
> Defendants and their investors and other creditors as the Receiver deems
> necessary . . . against any transfers of money or other proceeds directly or
> indirectly traceable from investors in the Defendants or Relief Defendants;
> provided such actions may include, but not be limited to, seeking imposition
> of constructive trusts, disgorgement or profits, recovery and/or avoidance of
> fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise,
> rescission and restitution, the collection of debts, and such orders from this
> Court as may be necessary to enforce this Order.

Dkt. 8 at ¶ 2.

The Receiver's investigation has revealed a number of investors who received "false

profits" (returns greater than their investments) ("profiteers") to the detriment of those

investors who lost money as a result of their investment.  The Receiver began recovery

efforts by mailing letters to eighty-one (81) domestic and three (3) foreign profiteers,

inquiring whether they agreed with the Receiver's calculated amount of false profits and

whether they would return the transfers voluntarily to expedite the process and to avoid

---

[1] The Receivership was expanded to include Venice Jet Center, LLC; Tradewind, LLC;
Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable
Trust UAD 8/2/07 and the Laurel Mountain Preserve Homeowners Association, Inc.; The
Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden
Florist, LLC by orders (Dkts. 17, 44, 68, and 79) entered January 27, 2009, February 11,
2009, March 9, 2009, and March 17, 2009 respectively.

litigation. The Receiver, with the approval of the Commission, believes it is appropriate to accept 90% of the amount claimed in consideration of payment before the commencement of litigation to recover the false profits.

One of the letters was sent to Truman N. Brooks, seeking recovery of $21,451.34 in false profits, and, as shown by the attached Settlement Agreement, Mr. Brooks, subject to approval of this Court, has agreed to pay 90% ($19,306.21) to be paid in twenty-four (24) monthly payments of $804.43, with the first payment to be paid no later than thirty (30) days after approval and successive payments of $804.43 to be paid on or before the tenth (10th) day of each month thereafter. The Receiver has the option to call the balance of the principal due, with thirty (30) days notice, anytime after one (1) year from approval of this settlement. Mr. Brooks has provided the Receiver with a promissory note, copy attached as Exhibit B, requiring the aforesaid payments. By this motion, the Receiver seeks approval of this settlement.

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and Mr. Brooks, because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to Mr. Brooks.

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is

unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 19, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional Center
> 150 Park Row
> New York, NY 10007

> s/ Carl R. Nelson
> Carl R. Nelson, FBN 0280186
> Email: cnelson@fowlerwhite.com
> Gianluca Morello, FBN 034997
> Email: gianluca.morello@fowlerwhite.com
> Maya M. Lockwood, FBN 0175481
> Email: mlockwood@fowlerwhite.com
> Ashley Bruce Trehan, FBN 0043411
> Email: atrehan@fowlerwhite.com
> FOWLER WHITE BOGGS P.A.
> P.O. Box 1438
> Tampa, FL 33601
> Tel: (813) 228-7411
> Fax: (813) 229-8313
>
> Attorneys for the Receiver, Burton W. Wiand

40710107v1