UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

            Defendants,           CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

            Relief Defendants.
_____/

## RECEIVER'S MOTION FOR REAPPOINTMENT

Burton W. Wiand, as Receiver (the "Receiver"), by and through his undersigned counsel moves the Court for an Order Reappointing Receiver in the form attached as Exhibit "A" and would show as follows:

    1.    The Securities and Exchange Commission (the "Commission") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets. . . ." (Compl., ¶ 7 (Dkt. 1,)). To further these goals, the Receiver, on motion of the Commission, was appointed Receiver over Defendants Scoop Capital, LLC and Scoop Management, Inc.

and over all Relief Defendants by Order Appointing Receiver entered January 21, 2009 (the "Appointment Order") (Dkt. 8). The Receivership was expanded to include Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07 and the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC by orders entered January 27, 2009 (Dkt. 17), February 11, 2009 (Dkt. 44), March 9, 2009 (Dkt. 68), and March 17, 2009 (Dkt. 79), respectively (the entities in receivership are collectively referred to as the "Receivership Entities").

2. Under the Appointment Order, the Receiver was authorized, empowered, and directed to, among other things:

> [i]nvestigate the manner in which the affairs of the Defendants and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary . . . ; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order . . . .

(Appointment Order, ¶ 2 (Dkt. 8)).

The Receiver's investigation has revealed it is appropriate to, and the Receiver intends to institute actions, including but not limited to actions against investors in the Receivership Entities who profited at the expense of other investors, against persons and entities that received funds from the Receivership Entities that were not related to the recipient's investments (for example, person and entities that received purported commissions), and against persons and entities to whom and to which assets other than funds

were transferred, such as property interests. The purpose of the actions will be to "marshal and safeguard all of the assets of the Defendants and Relief Defendants" in order to distribute those assets equitably among investors and other creditors who suffered losses as a result of the investment scheme orchestrated through Receivership Entities.

3. The Receiver makes this motion so that he may satisfy the 10-day requirement of 28 U.S.C. § 754 to invoke the jurisdiction of the United States District Court for the Middle of Florida over the actions he intends to commence as will be explained more fully below.

## MEMORANDUM IN SUPPORT

### Jurisdiction and Venue

While the actions the Receiver intends to commence will be based on state law, this Court has subject matter jurisdiction over the actions based on ancillary or supplemental jurisdiction as set forth in 28 U.S.C. § 1367. *See Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995) (receiver's state law fraudulent conveyance action against Ponzi scheme investors for recovery of profits is ancillary to federal court SEC enforcement action which appointed receiver, and subject matter jurisdiction is provided by 28 U.S.C. § 1367). When, as here, a receiver's action is brought to accomplish the objectives of the receivership order, it is ancillary to the court's exclusive jurisdiction over the receivership estate. *See SEC v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004).

Venue for all of these actions is also appropriate in this district under 28 U.S.C. § 754, which states:

> A receiver appointed in any civil action or proceeding involving property, real, personal, or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

3

> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

*See Scholes*, 56 F.3d at 753 (Section 754 provides venue in receivership district). This section "allows a receiver to sue in the district in which he was appointed to enforce claims anywhere in the country." *Id.* Section 754 extends "the territorial jurisdiction of the appointing court . . . to any district of the United States where property believed to be that of the receivership estate is found, provided that the proper documents have been filed in each such district as required by § 754." *Bilzerian*, 378 F.3d at 1104 (citing *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 823 (6th Cir. 1981)).

In addition, the Court will have personal jurisdiction over the defendants under the nationwide service of process statute for receiverships, 28 U.S.C. § 1692, which states:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

*See Bilzerian,* 378 F.3d at 1104 (personal jurisdiction is established by the nationwide service of process authorized in receivership proceedings by 28 U.S.C. § 1692, under which "[t]he appointment court's process extends to any judicial district where receivership property is found." (*quoting Haile*, 657 F.2d at 826)).

## **Need for Reappointment**

As shown above, in order to invoke personal jurisdiction over defendants residing outside of this district, the Receiver must file a copy of the complaint and the order appointing the Receiver in the districts in which the receivership property is located within 10 days from the date of the order appointing a receiver. *SEC v. Bilzerian*, 378 F.3d 1100, 1103 (D.C. Cir. 2004).

In the instant case, the Receiver, upon appointment, did not know (could not know) the districts of domicile and identity of parties against whom actions could be brought, a thorough investigation being necessary to assure that actions would be brought in good faith under the Receivership Order. Through investigation, the Receiver has learned the identity of parties against whom actions may be brought and their districts of domicile. Thus, the Receiver requests an order reappointing him as Receiver so that he may timely file the requisite papers in the appropriate jurisdictions as required by Section 754 to obtain jurisdiction over assets and defendants against whom actions will be commenced.

Reappointment of a receiver for the purpose of re-starting the 10-day time limit under § 754 has been expressly approved by the courts. *See Bilzerian*, 378 F.3d at 1105 (citing *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996)) ("On remand, the court may reappoint the receiver and start the ten-day clock ticking once again."); *SEC v. Aquacell Batteries, Inc.*, 2008 WL 2915064, at *3 (M.D. Fla. July 24, 2008) (citing *Warfield v. Arpe*, 2007 WL 549467, at *12 (N.D. Tex. Feb. 22, 2007)) ("A district court may reappoint a federal equity receiver in a securities fraud case in order to 'reset' the 10-day clock under § 754"); *Terry v. June*, 2003 WL 21738299, at *3 (W.D. Va. July 21, 2003) ("Courts having

addressed this issue unanimously suggest that an order of reappointment will renew the ten-day filing deadline mandated by section 754."); *SEC v. Heartland Group, Inc.*, 2003 WL 21000363, at *5 (N.D. Ill. May 2, 2003) ("[T]he court can easily correct [the Receiver's] failure to file such a claim by merely reappointing the Receiver and thereby starting the 10-day time period under § 754 ticking once more."). "Permitting a receiver to reassume jurisdiction in this manner is consistent with the role and purpose of a federal receivership. Were this not the rule, a receiver would be forced to file the required documentation in all ninety-four federal districts to protect jurisdiction over any potential, but presently unknown, receivership assets—a result that would produce a needless waste of time and lead to dissipation of assets otherwise returnable to defrauded investors." *Terry v. June*, 2003 WL 21738299, at *3 (citing *Heartland Group*, 2003 WL 21000363, at *5; *SEC v. Infinity Group Corp.*, 27 F. Supp. 2d 559, 563 (E.D. Pa. 1998)). This procedure has been utilized in this District. *See, e.g., SEC v. HKW Trading, LLC, et al.*, Case No. 8:05-cv-1076-T-24TBM (M.D. Fla. Feb. 22, 2006) (Order Reappointing Receiver (Dkt. 75)) (order reappointing Burton W. Wiand as Receiver).

WHEREFORE, the Receiver moves the Court to reappoint him as Receiver over all of the Receivership Entities by Order in the form attached as Exhibit "A" and for such other relief as the Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is

unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel
Register No. 50690-018
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

s/ Carl R. Nelson
Carl R. Nelson, FBN 0280186
cnelson@fowlerwhite.com
Gianluca Morello, FBN 034997
gianluca.morello@fowlerwhite.com
Ashley B. Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Maya M. Lockwood, FBN 0175481
mlockwood@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for the Receiver, Burton W. Wiand

40691746v1