UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION

       Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

       Defendants,                      CASE NO.: 8:09-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD.,
VICTORY FUND, LTD.,
VIKING IRA FUND, LLC.,
VIKING FUND, LLC., and
VIKING MANAGEMENT, LLC.

       Relief Defendants.
_____/

## OBJECTION TO RECEIVER'S "UNOPPOSED" MOTION
## FOR RECOVERY OF ASSETS ACQUIRED WITH INVESTOR FUNDS

LandMark Bank of Florida objects to the Receiver's "Unopposed" Motion for Recovery of Assets Acquired with Investor Funds (Docket 154).[1] LandMark Bank has a substantial interest in this matter because the subject assets are owned by The Christopher D. Moody Revocable Trust Under Agreement Dated February 23, 2004 (the "Moody Trust") and have been pledged as collateral to LandMark Bank to secure its loan to Christopher D. Moody ("Mr.

---

[1] The Receiver's counsel was aware, prior to filing his "Unopposed" Motion, that LandMark opposed the motion and the reasons therefore. The Receiver's counsel nevertheless chose to represent to the Court that the motion was "unopposed."

{O1433233;1}

Moody") of $2,000,000.00. That loan has be declared in default. The assets which the Receiver attempts to claim are collateral for LandMark Bank's loan and to which LandMark Bank asserts an immediate right of possession to satisfy its loan. LandMark Bank has a good faith belief that some or all of the subject assets were acquired with funds other than those from investors in Ponzi scheme, as alleged by the Receiver. Further, even if the Receiver is able to prove some of the investor funds were used to purchase these assets, there are legal issues with respect to the Receiver's apparent attempt to avoid LandMark Bank's security interest in the collateral. It is respectfully requested that the Court deny the Receiver's motion which is based on conclusions unsupported by the facts. To the extent the Receiver continues to claim entitlement to these assets, LandMark Bank respectfully requests that it be afforded due process to protect its interests in the subject property. LandMark further requests that any notes or stock pledged to LandMark Bank for its loan which have been seized by the Receiver be turned over to LandMark Bank in accordance with Mr. Moody's agreement with LandMark Bank. In further support of this objection, LandMark Bank states:

1. On January 26, 2009, Mr. Moody signed an Amended and Restated Renewal Promissory Note in the amount of $2,000,000.00 (the "Promissory Note") (a true and correct copy of which is attached as **Exhibit A**). This Promissory Note was part of a line of note amendments and loan consolidations going back to January, 2007, as more specifically described in the Promissory Note.

2. The Promissory Note was secured by assets owned by the Moody Trust. Specifically, the Promissory Note was secured by 3,116,171 shares of common stock in Bonds.com Group, Inc., which is owned by the Moody Trust (the "Bonds.com Stock"), along with two Secured Convertible Promissory Notes given by Bonds.com Group, Inc. to the Moody

Trust (the "Bonds.com Notes"). A true and correct copy of the Stock Pledge Agreement dated January 30, 2009 between the Moody Trust ant LandMark Bank is attached as **Exhibit B**. A true and correct copy of the Allonges which endorse the Bonds.com Notes to LandMark Bank are attached as composite **Exhibit C.** Financing Statements under Florida's Uniform Commercial Code were filed with the Florida Secretary of State on February 2 and February 4, 2009, showing LandMark Bank's security interest in the collateral. True and correct copies of these UCC-1s are attached as composite **Exhibit D**. LandMark Bank's letter declaring the loan in default is attached as **Exhibit E.**

3. These assets pledged to LandMark Bank as collateral are the very same assets which are the subject of the Receiver's Motion.[2]

4. Neither Mr. Moody nor the Moody Trust are parties to this action. They are not part of the Receivership. Upon information and belief, Mr. Moody, the Moody Trust, or one of their affiliates shared office space with the Receivership Entities. When the Receiver seized possession of the Receivership Entities' offices, the Receiver took possession of assets belonging to the Moody Trust and not belonging to the Receivership Entities. Specifically, the Receiver took possession of the Bonds.com Stock and the Bonds.com Notes, even though they were not owned by or in the possession of the Receivership Entities.

5. Now the Receiver conclusorily asserts that these assets should be part of the Receivership Estate because they were allegedly purchased with investor funds.[3] LandMark

---

[2] The Receiver acknowledges that these assets were pledged to LandMark Bank (see Motion p. 3) but the Receiver is not accurate in claiming that there was no new consideration provided for the Note and the pledged collateral. Consideration was provided by, among other things, LandMark Bank waiving its right to declare the prior note in default and instead entering into the current Promissory Note. This illustrates the various factual disputes and the necessity to deny the Receiver's motion based on conclusory allegations.

Bank believes that these assets were purchased, in whole or in part, by funds that did not come from the defrauded investors in the Ponzi scheme. Even if they did come from the defrauded investors, there are legal issues with respect to the ability of the Receiver to try to avoid LandMark Bank's security interest in the collateral.

6. As a result, it is respectfully submitted that the Receiver's motion should be denied. Furthermore, if the Receiver continues to press his claims to the subject property, LandMark Bank requests that it be afforded due process by:

 a. Requiring the Receiver to give notice to LandMark Bank of the legal claims upon it relies to try to obtain the Bonds.com assets from the Moody Trust and any claims challenging the validity of LandMark Bank's loan to Christopher D. Moody and the security for this loan;

 b. Requiring the Receiver to provide LandMark Bank with evidence he plans to use to support his claims;

 c. Allowing LandMark Bank to raise and present affirmative defenses;

 d. Allowing LandMark Bank the opportunity to conduct discovery (document requests, interrogatories, depositions, requests for admissions) of the Receiver, parties to this action, or non-parties which relate to the issues to be litigated;

 e. Setting an evidentiary hearing to determine the issues to be adjudicated, to include LandMark's request that any notes or stock pledged to LandMark Bank for its loan which have been seized by the Receiver be turned over to LandMark Bank in accordance with Mr. Moody's agreement with LandMark Bank.

7. LandMark Bank respectfully requests that the Court enter a case management order to establish deadlines for the above actions. Alternatively, should the Court and the parties

believe that intervention is a more appropriate procedural vehicle to resolve these issues, then LandMark Bank requests that the Receiver's motion be denied and that the Receiver be given an opportunity to file a motion for intervention.

## Memorandum of Law

"A district court has broad powers and wide discretion to determine the appropriate relief in equity receivership." *Securities and Exchange Commission v. Elliot*, 953 F. 2d 1560, 1566 (11th Cir. 1992), *rev'd in part on other grounds* 998 F.2d 922 (11th Cir. 1993). As a result, a district court may use summary, or abbreviated, procedures in receivership cases. However, such does not mean an absence of procedure at all, nor does it allow due process to be eliminated. *Id.* at 1567. The Receiver's current motion is nothing more than a thinly veiled request to use summary proceedings to violate LandMark Bank's due process rights.

"Due process essentially requires that the procedures be fair." *Id.* at 1566. "The process that is due varies according to the nature of the right and to the type of proceedings." *Id.* "If a government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard." *Id.* The Receiver's request for the court to summarily order the transfer of assets owned by the Moody Trust over to the Receiver – assets that are collateral for LandMark Bank's loan – and to apparently avoid LandMark Bank's security interest in the collateral is the type of deprivation of property rights that cannot be countenanced. "Summary proceedings are inappropriate when parties would be deprived of a full and fair opportunity to present their claims and defenses." *Id.* at 1567. However, a district court does not generally abuse its discretion if its summary procedures permit parties to present evidence when the facts are in dispute and to make arguments regarding those facts." *Id.* at 1567.

LandMark Bank's request for due process and attendant relief, as stated in its motion, is supported by case law from the Eleventh Circuit. In *Elliot,* the SEC filed suit against Elliot and his companies for violation of the securities laws as a result of a Ponzi scheme. One of the investors in the scheme, the Schutzmans, entered into a an agreement whereby the Ponzi scheme operator provided the Schutzmans with collateral for a preexisting unsecured debt. *Id.* at 1567. The Receiver characterized the transfer as a fraudulent transfer under Florida Statutes and the district court voided the transfer without providing the Schutzmans with an opportunity to present evidence on the nature of the transfer or of their affirmative defenses. *Id. at 1568.* The Eleventh Circuit held that this violated the Schutzmans' due process rights. *Id.* The Court remanded for further factual findings of the nature of the transfer and affirmative defenses. *Id.* at 1584. The court noted that the structure of the hearing is left to the discretion of the district court so long as the Schutzmans can present and argue their facts. *Id.* at 1568.

Another investor in the same Ponzi scheme, by name of Hagstrom, was sued by the Receiver in an ancillary proceeding to recover monies due under a note. *Id.* at 1571. Hagstrom counterclaimed for conversion and sought setoff. *Id.* The Receiver then went back to the district court and sought, and obtained, an order staying the ancillary action. *Id.* The district court ordered that the claims and counterclaims be litigated in the summary proceedings regarding the Receiver's proposed plan for distribution. *Id.* at 1572. Under these proceedings, Hagstrom could only file objections to the plan. *Id.* at 1565-66. He was not provided the opportunity to conduct discovery or present evidence on his claims and defenses. *Id.* at 1572. The Eleventh Circuit held that the failure to provide those opportunities violated Hagstrom's due process rights. *Id.*

Similarly, any order approving the Receiver's summary request for turnover of assets, without factual support by the Receiver, and without the opportunity for LandMark Bank to

conduct discovery or present evidence on claims and defenses, would violate LandMark Bank's due process rights to protect deprivation of significant property rights.

Respectfully submitted,

*/s/ Kathryn B. Hoeck*
Kathryn B. Hoeck, Esq.
Florida Bar Number: 813060
J. Thomas Cardwell, Esq.
Florida Bar Number: 099080
**AKERMAN SENTERFITT**
420 South Orange Avenue
Suite 1200
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: kathy.hoeck@akerman.com
Email: thomas.cardwell@akerman.com

Counsel for LandMark Bank of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional center
> 150 Park Row
> New York, NY 10007

*/s/ Kathryn B. Hoeck*
Kathryn B. Hoeck, Esq.
