UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                          Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

## RECEIVER'S MOTION TO APPROVE SETTLEMENT

Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of a claim against The James A. Carty Revocable Trust Dated 9/28/67 for recovery of sums received from one or more Receivership Entities in excess of investment ("false profits") on the basis of the Settlement Agreement attached as Exhibit A.

## MEMORANDUM IN SUPPORT

The Securities and Exchange Commission (the "Commission" or "SEC") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets . .

. ." (Dkt. 1, Compl., ¶ 7.) Burton W. Wiand was appointed by this Court as the Receiver for Defendants and Relief Defendants and Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC (collectively, the "Receivership Entities"). (*See* Order Reappointing Receiver (Dkt. 140).)

Pursuant to the Order Reappointing Receiver (Dkt. 140), the Receiver has the duty and authority to:

> 2. Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary . . . against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement or profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

Dkt. 140 at ¶ 2.

The Receiver's investigation has revealed a number of investors who received "false profits" (returns greater than their investments) ("profiteers") to the detriment of those investors who lost money as a result of their investment. The Receiver began recovery efforts by mailing letters to eighty-one (81) domestic and three (3) foreign profiteers, inquiring whether they agreed with the Receiver's calculated amount of false profits and whether they would return the transfers voluntarily to expedite the process and to avoid litigation. The Receiver, with the approval of the Commission, believes it is appropriate to

2

accept 90% of the amount claimed in consideration of payment before the commencement of litigation to recover the false profits.

One of the letters was sent to The James A. Carty Revocable Trust Dated 9/28/67, now irrevocable due to the death of the grantor, James A. Carty (the "Trust"), seeking recovery of $224,820.53 in false profits. As shown by the attached Settlement Agreement, Dorothy Jean Carty as Trustee of the Trust (the "Trustee"), subject to the approval of this Court, has agreed to pay 90% ($202,338.47) to be paid as follows: a first payment of $60,000.00 to be paid on August 10, 2009; a second payment of $60,000.00 to be paid on August 10, 2010; and the balance of $82,338.47 to be paid on August 10, 2011.

The Trustee further stipulated that in the event the Trust fails to make any of the aforementioned payments when due, the United States District Court for the Middle District of Florida may enter judgment for the full amount remaining unpaid based upon the total false profits of $224,820.53 received by the Trust from the Receivership Entities in excess of the Trust's investment. This judgment will be less the amount already paid under the Settlement Agreement, plus interest calculated pursuant to 28 U.S.C. Section 1961, assessed from the date of the Settlement Agreement, together with costs and attorney fees incurred in obtaining the judgment. By this motion, the Receiver seeks approval of this settlement.

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and the Trust, because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to the Trust.

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

    Arthur G. Nadel
    Register No. 50690-018
    MCC New York
    Metropolitan Correctional Center
    150 Park Row
    New York, NY 10007

    s/ Carl R. Nelson
    Carl R. Nelson, FBN 0280186
    Email: cnelson@fowlerwhite.com
    Gianluca Morello, FBN 034997
    Email: gianluca.morello@fowlerwhite.com
    Maya M. Lockwood, FBN 0175481
    Email: mlockwood@fowlerwhite.com
    Ashley Bruce Trehan, FBN 0043411
    Email: atrehan@fowlerwhite.com
    FOWLER WHITE BOGGS P.A.
    P.O. Box 1438
    Tampa, FL 33601
    Tel: (813) 228-7411

Fax: (813) 229-8313

Attorneys for the Receiver, Burton W. Wiand

40801306v1