UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SECURITIES AND EXCHANGE
COMMISSION**

      **Plaintiff,**

v.

**ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,**

      **Defendants,**                             **CASE NO.: 8:09-0087-T-26TBM**

**SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD.,
VICTORY FUND, LTD.,
VIKING IRA FUND, LLC.,
VIKING FUND, LLC., and
VIKING MANAGEMENT, LLC.**

      **Relief Defendants.**
_____/

### LANDMARK BANK OF FLORIDA'S RESPONSE TO RECEIVER'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECOVERY OF ASSETS ACQUIRED WITH INVESTOR FUNDS

The Receiver asks this Court to rule on factual issues – ownership of the bonds.com assets and the source of funding those assets – based on a one-sided factual presentation without the benefit of cross-examination and presentation of other facts. Filing objections in the claims process is too late, as it presupposes that the bonds.com assets are part of the Receivership Estate, which the Bank disputes. The Receiver is quick to point out that the Bank has not filed any evidence to support its objection, but fails to recognize the obvious: The vast majority of evidence is in the hands of the Receiver, Mr. Moody, and others. The Receiver asks the Court to

rely on an affidavit of Mr. Moody, without allowing the Bank to depose Mr. Moody and present contrary evidence. It is precisely this lack of due process which offends the Banks' constitutional rights. Due process cannot be railroaded under the guise of equity receivership. The Receiver's request is akin to a motion for summary judgment, before any discovery or opportunity to rebut has occurred.

As an example of the need for discovery, it is notable that Mr. Moody's affidavit states that "I make no claim to the Stock and Notes" – not that his Trust – a separate entity which actually owns the assets – has no claim to the Stock and Notes. Further, Mr. Moody's Exhibit A does not show that the bonds.com assets were purchased with assets traced to the Receivership Entities. Rather, it shows that the assets were purchased with monies from LandMark Bank's loan, and from assets in a Northern Trust account – which account was funded by the loan from LandMark Bank as well as Receivership Entity proceeds. These are but two examples of the need for discovery and an evidentiary hearing before ruling on a key issue – whether the bonds.com assets were purchased with proceeds from the Receivership Entities and should be part of the Receivership Estate.

There is no inequity amongst creditors of the Receivership Estate in determining whether the bonds.com assets should be part of the Receivership Estate. If the assets should not be part of the estate, then the creditors of the estate have no claim to such assets. The inequity lies in transferring assets to the estate without due process.

As to intervention, the Bank believes this Court, under its equity powers, has the ability to allow the Bank due process without the formality of intervention in the entire receivership case. Should the Court determine that intervention is the more appropriate process, then the

Receiver requests leave to file a motion for intervention with the memorandum of law which will show why intervention is appropriate in this circumstance.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she has spoken with the attorney for the Receiver and he objects to this motion.

Respectfully submitted,

*/s/ Kathryn B. Hoeck*
Kathryn B. Hoeck, Esq.
Florida Bar Number: 813060
J. Thomas Cardwell, Esq.
Florida Bar Number: 099080
**AKERMAN SENTERFITT**
420 South Orange Avenue
Suite 1200
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: kathy.hoeck@akerman.com
Email: thomas.cardwell@akerman.com

Counsel for LandMark Bank of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel
Register No. 50690-018
MCC New York
Metropolitan Correctional center
150 Park Row
New York, NY 10007

*/s/ Kathryn B. Hoeck*
Kathryn B. Hoeck, Esq.