# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                                                          Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL;
SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD.;
VICTORY FUND, LTD.;
VIKING IRA FUND, LLC;
VIKING FUND, LLC; AND
VIKING MANAGEMENT, LLC

      Relief Defendants.
_____/

## AFFIDAVIT OF CHRISTOPHER D. MOODY

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

      I, Christopher D. Moody, being first duly sworn, depose and say as follows:

      1.    I am an adult and otherwise competent to make this affidavit, which I understand will be used by the Receiver, Burton W. Wiand, to support a motion for transfer to the Receiver of all right, title, and interest in the stock and notes described herein (the "**Motion**").

2. Until the time of the commencement of the Receivership on January 21, 2009, I was Vice-President of Valhalla Management, Inc., which was the general partner of Valhalla Investment Partners, L.P., and I was Co-Managing Member of Viking Management, LLC, which was the Managing Member of Viking Fund, LLC and Viking IRA Fund, LLC, all of which are Relief Defendants and Receivership Entities (as defined in the Motion) and are hereinafter referred to hereinafter as the "**Business Entities**."

3. I received from the Business Entities a combination of performance allocations and management fees (the "**Fees**").

4. I am the Trustee of the Christopher D. Moody Revocable Trust ("my **Trust**").

5. Prior to January 14, 2009, LandMark Bank (the "**Bank**") granted loans to my Trust (the "**Loans**"), which Loans were consolidated and totaled $2,000,000.00; were due on November 1, 2009; and were collateralized by my Trust's uncertified investment account with Viking Fund, LLC, which was pledged to the Bank by my Trust.

6. Attached as **Exhibit A** is a Transaction Summary showing the flow of funds relevant to my Trust's investments in Bonds.com Group, Inc., and related companies (collectively "**Bonds.com**").

7. Specifically, the Trust acquired the following assets (collectively, the "**Bonds.com Assets**") with funds reflected on Exhibit A:

   a. Three million, one hundred sixteen thousand, one hundred seventy one (3,116,171) fully paid and non-assessable common shares of stock in Bonds.com Group, Inc. as reflected by stock certificates 731-0, 746-8, and 839-1 (the "**Stock**"), copies of which are attached hereto as **Exhibit B**.

b. Secured Convertible Promissory Note made by Bonds.com Group, Inc. on September 22, 2008, in the amount of $1,236,836, and Secured Convertible Promissory Note made by Bonds.com Group, Inc. on December 12, 2008, in the amount of $50,000 (the "**Notes**"), copies of which are attached hereto as **Exhibit C**.

8. On January 14, 2009, Arthur Nadel disappeared.

9. On January 15, 2009, I advised Thomas Quale, President of the Bank, that Arthur Nadel was missing and that it appeared the Business Entities were insolvent.

10. On January 16, 2009, Mr. Quale advised me that because of the collapse of Business Entities, the Bank required additional security for the $2,000,000 consolidated loan.

11. After the Court appointed Burton W. Wiand as Receiver on January 21, 2009, I entered into with the Bank an Amended and Restated Renewal Promissory Note, dated January 26, 2009, which renewed the previous $2,000,000.00 loan. No additional funds were loaned by the Bank, and the maturity date was extended from November 1, 2009, to February 1, 2010. The Amended and Restated Renewal Promissory Note was to be secured by maintaining the current security supplemented with a Stock Pledge Agreement, under which I was to deliver the Stock and Notes to the Bank and grant the Bank a lien and security interest in the Stock and Notes. A copy of the Stock Pledge Agreement is attached as **Exhibit D**.

12. I did not deliver the original Stock or Notes to the Bank.

13. I make no claim to the Stock and Notes.

**[Signature Appears on Following Page]**

3

FURTHER AFFIANT SAYETH NOTHING.

_____
Christopher D. Moody

SWORN TO AND SUBSCRIBED BEFORE me on July 30, 2009, by the affiant, who is personally known to me.

_____

NOTARY PUBLIC-STATE OF FLORIDA
Valeria Terry
Commission # DD877836
Expires: JULY 19, 2013
BONDED THRU ATLANTIC BONDING CO., INC.