UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                    CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,


SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUND, LTD; VIKING IRA
FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/


## **O R D E R**

Pending before the Court is the Receiver's motion for recovery of assets acquired with investor funds.[1] LandMark Bank of Florida (LandMark), a non-party to this case who has not formally sought intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, has filed an objection to the motion in which it (1) claims the assets that are the subject of the motion constitute collateral for a loan with The Christopher D. Moody Revocable Trust, (2) alleges that

---

    [1] See docket 154.

the assets were acquired with funds derived from legitimate sources, (3) seeks immediate possession of the assets, and (4) requests due process with regard to the resolution of the Receiver's motion.[2] At the Court's direction, the Receiver filed a reply to LandMark's objection,[3] to which LandMark filed a response.[4] After careful consideration of these submissions, together with the court file and the applicable law, the Court concludes that the motion is due to be granted and LandMark's objection overruled.

The Court first determines that the Receiver's contention that LandMark's objection is not properly before the Court because of a failure to seek intervention under Rule 24 is correct. Furthermore, to the extent that LandMark's objection and response are construed as requests to intervene, those submissions are woefully inadequate to establish, or to even suggest, it may be entitled to intervene under either prong of the rule. Moreover, the Court has previously denied intervention to two non-parties occupying the same position as LandMark as secured creditors,[5] as well as a group of defrauded investors.[6] LandMark's submissions have not persuaded the Court that it should recede from the reasoning of these orders now or in the future. In line with that reasoning, the Court concludes again that allowing intervention by LandMark in these proceedings would result in the delay of the adjudication of the merits of this case with respect to the Plaintiff and Defendants and would encourage other non-party creditors and investors to seek intervention with the attendant consequences of this Court and the parties having to engage in unnecessary and premature collateral litigation. Finally, the Court again expresses its utmost confidence in the skills and ability of the Receiver to protect the financial interests of LandMark

---

[2] See docket 155.

[3] See docket 166.

[4] See docket 167.

[5] See docket 45.

[6] See docket 88.

with regard to the assets at issue.

The Court also concludes that LandMark's due process arguments are premature because the Court has yet to approve a plan for the distribution of assets. LandMark can rest assured that any such plan will afford it all the process that is due under the law with regard to its claimed interest in the assets at issue consistent with the holding of Securities and Exchange Commission v. Elliott, 953 F.2d 1560 (11th Cir. 1992).

Accordingly, it is ordered and adjudged that the Receiver's Motion for Recovery of Assets Acquired With Investor Funds (Dkt. 154) is granted. The Court transfers all right, title and interest in the following assets to the Receiver: (1) three million, one hundred sixteen thousand, one hundred seventy-one (3,116,171) fully paid and non-assessable common shares of stock in Bonds.com Group, Inc., as reflected by stock certificates 731-0, 746-8, and 839-1 (the "Stock"), copies of which are attached to the Receiver's motion as Exhibit A and (2) secured convertible promissory note made by Bonds.com Group, Inc., on September 22, 2008, in the amount of $1,236,836 and secured convertible promissory note made by Bonds.com Group, Inc., on December 12, 2008, in the amount of $50,000 (collectively the "Notes"), copies of which are attached to the Receiver's motion as Exhibit B. The nature and extent of LandMark's purported interest, security or otherwise, in the transferred assets will be determined during the course of the claims process.

**DONE AND ORDERED** at Tampa, Florida, on August 5, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record