8/11/09

ARTHUR NADEL
50690-018
MCC - NYC
NEW YORK, NY. 10007

JULY 28, 2009

HON. RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE
UNITED STATES COURTHOUSE
TAMPA, FL 33602

RE: S.E.C. v. NADEL ET AL. #8:09-CV-87T-26TBM

HONORABLE SIR:

I APOLOGIZE FOR HAVING TO WRITE THIS LENGTHY LETTER TO YOU, BUT THERE IS AN URGENT NEED TO BRING CERTAIN MATTERS TO YOUR ATTENTION.

RECENTLY, YOU SIGNED AN ORDER SEIZING THE PROPERTY LOCATED AT 1S576 FRUITVILLE ROAD, SARASOTA, FL, THAT WAS FORMERLY TITLED IN THE NAME OF MARITAL TRUSTS FOR MYSELF AND MY WIFE, PEG NADEL, AND FURTHER TRANSFERRING THE TITLE TO THE RECEIVER. I AM NOT OBJECTING TO THIS ORDER INSOFAR AS IT AFFECTS MY PROPERTY RIGHTS; I WOULD HAVE TRANSFERRED MY REMAINDER RIGHTS IF ASKED. HOWEVER, I DO HAVE SERIOUS QUESTIONS ABOUT THE ORDER AS TO THE UNDIVIDED HALF-SHARE OWNED BY MY WIFE.

THE RECEIVER'S MOTION WAS MADE, AS ALL OF THEM HAVE, WITHOUT PRIOR NOTICE AND OPPORTUNITY TO OPPOSE IT AND TO PRESENT EVIDENCE

173

HON. RICHARD A. LAZZARA          JULY 28, 2009

AND REASONS WHY IT SHOULD NOT BE GRANTED. THE CASE OF S.E.C. v. ELLIOTT, 953 F2d 1560, 1564 CITED IN THE MOVING PAPERS DOES NOT SUPPORT THE GRANTING OF THE RECEIVER'S MOTION. ON THE CONTRARY, AMONG OTHER THINGS, THIS CASE RESTATES THE PRINCIPLE THAT SUMMARY RECEIVERSHIP PROCEEDINGS ARE INAPPROPRIATE WHEN PARTIES WOULD BE DEPRIVED OF FULL AND FAIR OPPORTUNITY TO PRESENT THEIR CLAIMS AND DEFENSES (SEE p. 1561).

PEG NADEL IS NOT EVEN A PARTY IN A STRICT JURISDICTIONAL SENSE, AND THERE HAS BEEN NO CLAIM OF WRONGDOING AGAINST HER. THE CASE OF S.E.C. v. CHERIF, 933 F2d 403 (7TH CIR. 1991) IS MORE RELEVANT. THERE THE COURT SAID, AT PAGE 414, " NOTHING IN THE STATUTE OR CASE LAW SUGGESTS THAT 15 U.S.C. §78u(d) or (e) AUTHORIZES A COURT TO FREEZE THE ASSETS OF A NON-PARTY, ONE AGAINST WHOM NO WRONGDOING IS ALLEGED."

IF SHE HAD BEEN GIVEN THE OPPORTUNITY, PEG COULD HAVE POINTED OUT THAT SHE IS AN INNOCENT NON-PARTY, AND THAT

(a) THE RECEIVER'S OFFER OF PROOF OF MISREPRESENTATIONS PRIOR TO 2003 DEPENDS ENTIRELY ON TWO ALLEGED "ADMISSIONS" OF ARTHUR NADEL, REFERRED TO IN PARAGRAPHS

23 AND 24 OF THE RECEIVER'S DECLARATIONS. THESE STATEMENTS ON THEIR FACE AND IN PROPER CONTEXT CLEARLY REFER TO **TRADING LOSSES** THAT OCCURED DURING THE REFERENCED PERIOD AND THE "MESS" THEY CREATED. TRADING LOSSES HAVE NOTHING TO DO WITH ALLEGED MISREPRESENTATIONS; THEY ARE USED IN DETERMINING THE LOSSES SUSTAINED BY THE INVESTORS DUE TO OTHER FACTORS, SUCH AS MARKET CONDITIONS.

(b) SHE HAS NEVER BEEN A PRINCIPAL OFFICER OR DIRECTOR OF INTEX TRADING CORP., THE COMPANY THAT PROVIDED THE BULK OF THE ACQUISITION FUNDS FOR THE FRUITVILLE PROPERTY.

(c) THERE IS NO TIME CONNECTION BETWEEN PAYMENTS FROM ANY OF THE RELIEF DEFENDANTS TO INTEX AND ANY YEAR OF ALLEGED WRONGDOING (2003-2008). INTEX CEASED ACTING AS A GENERAL PARTNER ON DECEMBER 2, 2002.

(d) TITLE CLOSED ON MARCH 3, 2003. OF THE $75,000 REQUIRED IN ADDITION TO THE INTEX FUNDS, $5,000 CAME FROM PEG'S PERSONAL ACCOUNT AND $70,000 FROM A JOINT ACCOUNT. THERE ARE NO ALLEGATIONS OF ANY PAYMENTS FROM THE RELIEF DEFENDANTS TO THESE ACCOUNTS. THUS, ALL THE PAYMENTS FOR THE CLOSING ARE NOT CONNECTED TO ANY YEAR IN WHICH THERE WERE ALLEGED MISREPRESENTATIONS.

Hon. RICHARD A. LAZZARA                    JULY 28, 2009

(e) REGARDING THE MATTER OF THE MORTGAGE PAYMENTS IN THE AMOUNT OF $53,798, THESE WERE MADE FROM OFFSETTING DEPOSITS OF RENTAL INCOME FROM THE PROPERTY, TOGETHER WITH SMALL DEPOSITS OCCASIONALLY FROM NET SALARY EARNINGS OF PEG, EARNED FROM MANAGING THIS PROPERTY ALONG WITH THE OTHER SEIZED PROPERTIES THAT ARE VALUED AT APPROXIMATELY $12 MILLION.

THERE IS MORE, BUT I BRING THESE MATTERS TO YOUR ATTENTION NOW NOT TO BE UNCOOPERATIVE, BUT TO CONTINUE TO TRY TO ASSIST THE S.E.C. BY TRYING TO OVERCOME THE SERIOUS LACK OF COMMUNICATION THAT HAS DEVELOPED WITH THE RECEIVER. FROM THE BEGINNING I HAVE COOPERATED BY

(a) CONSENTING TO THE INJUNCTION AND ABIDING BY ITS DIRECTIONS;

(c) NOT OBJECTING TO ANY ACTIONS OF THE RECEIVER THAT WERE FAIR AND REASONABLE;

(d) COMPLETING A CASE MANAGEMENT REPORT FROM THE RESTRICTIONS OF PRISON, EVEN WHEN POOR COMMUNICATIONS CAUSED THE NEED FOR AN EXTENSION OF TIME;

(e) TRYING TO ANSWER THE RECEIVER'S QUESTIONS, DESPITE THOSE PRISON RESTRICTIONS,

Hon. Richard A. Lazzara      July 28, 2009

together with the intervention of two different defending law firms trying to translate.

    Now, at a time when the receiver has asked for specific help from me, and there is a recently effective bail conditions order in the case of <u>U.S. v. Nadel</u> in the Southern District of New York, the receiver has surprisingly threatened to seize a property which was designated as security in that bail order. This is the homesteaded property at 3966 Country View Dr., in Sarasota, FL.

    This threat appeared in an email between the receiver and our attorney, John Lopez, in an exchange about a simple matter regarding the homestead exemption. The property was acquired about two years prior to the Fruitville property, and is also owned as joint property, undivided, with rights of survivorship. All of the objections raised hypothetically above would be raised, along with others, if the receiver moved to seize this property.

    In the circumstances outlined above it is respectfully requested that should

HON. RICHARD A. LAZZARA         JULY 28, 2009

THE RECEIVER FOLLOW THROUGH ON HIS THREAT BY BRINGING A MOTION TO SEIZE THIS PROPERTY, THE COURT WOULD REQUIRE SUFFICIENT AND TIMELY NOTICE BOTH TO MYSELF AND MY WIFE TO ENABLE US TO OBJECT AND PROVIDE EVIDENCE AT A HEARING.

    I ALSO ASK THE COURT TO TAKE NOTICE THAT ALL OF THE RECORDS OF OUR TRANSACTIONS ARE IN THE HANDS OF THE GOVERNMENT, AND THAT THIS COURT AND THE RECEIVER HAVE DENIED FUNDS FOR COUNSEL. THEREFORE, MY WIFE WOULD NEED TIME TO ENGAGE COUNSEL; I WOULD ASK THE COURT TO RECONSIDER GRANTING COUNSEL FEES FOR ME BASED ON THE FOLLOWING GROUNDS: IF THE RECEIVER SHOULD PREVAIL AND SEIZE THE PROPERTY PROPOSED FOR BAIL, THERE WOULD BE A SUBSTANTIAL NEGATIVE IMPACT IN MY CRIMINAL CASE. DENIAL OF COUNSEL FEES TO DEFEND AGAINST SUCH A RESULT WOULD BE TANTAMOUNT TO DENYING COUNSEL FEES IN THE CRIMINAL CASE, IN DEROGATION OF MY CONSTITUTIONAL RIGHTS.

    PLEASE ACCEPT THIS LETTER NOT AS INTENDED TO BE OBSTRUCTIVE, BUT IN THE SPIRIT OF COOPERATION FOR THE FAIR ADMINISTRATION OF JUSTICE.

*Arthur Nadel*
DEFENDANT ARTHUR NADEL, PRO SE

COPIES TO:

SCOTT A. MASEL, SENIOR COUNSEL
SECURITIES AND EXCHANGE COMMISSION
801 BRICKELL AVE.
MIAMI, FL 33131

BURTON WIAND, ESQ
FOWLER, WHITE ET AL.
P.O. BOX 1438
TAMPA, FL 33601

CLERK OF U.S. DISTRICT COURT
801 N. FLORIDA AVE.
SECOND FLOOR
TAMPA, FL 33602