UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                               Case No. 8:09-cv-0087-T-26TBM

ARTHUR NADEL;
SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD.;
VICTORY FUND, LTD.;
VIKING IRA FUND, LLC;
VIKING FUND, LLC; AND
VIKING MANAGEMENT, LLC,

      Relief Defendants.
_____/

## RECEIVER'S MOTION FOR LEAVE TO RETAIN COUNSEL

Pursuant to Rule 66 of the Federal Rules of Civil Procedure and Local Rule 3.01, Burton W. Wiand, as Receiver, moves the Court for leave to retain the law firm Johnson, Pope, Bokor, Ruppel & Burns, LLP ("**Johnson Pope**") on a contingency basis for the limited purpose of pursuing claims by entities in Receivership against Holland & Knight, LLP, and its partner, Scott R. MacLeod (collectively, "**H&K**"). The Receiver believes that (1) pursuing such claims would be in the best interest of the Receivership, (2) Johnson Pope

would be effective counsel, and (3) the attached contingency fee agreement is fair and reasonable. (*See* **Exhibit A**).[1]

### Memorandum in Support

On January 21, 2009, the Court appointed Burton W. Wiand as Receiver over Relief Defendants Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, Ltd.; Victory Fund, Ltd.; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC, collectively referred to as the "**Hedge Funds**." (Order Appointing Receiver (Doc. 8).)[2] Documents previously filed in this Securities & Exchange Commission enforcement action set forth the details of the fraudulent investment scheme that underlies this action (the "**scheme**"). (*See, e.g.*, Receiver's Second Interim Report dated June 9, 2009 (Doc. 141).) While the scheme was being perpetrated, H&K was counsel for the Hedge Funds. H&K provided legal advice and services with regard to the structure and operation of the Hedge Funds and prepared the Private Placement Memoranda ("**PPMs**") used to solicit investors to invest in the Hedge Funds.

---

[1] Although the Order Appointing Receiver authorizes the Receiver to initiate actions and proceedings for the benefit of Receivership Entities and their investors and creditors without the Court's approval (*see* Doc. 8 ¶ 2), the Receiver brings this matter to the Court's attention and seeks the Court's approval because this claim is significant to the Receivership and its beneficiaries.

[2] The Court has appointed Burton W. Wiand as Receiver over other entities, including Scoop Capital, LLC; Scoop Management, Inc.; Valhalla Management, Inc.; Viking Management, LLC; Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; the Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; A Victorian Garden Florist, LLC; and Viking Oil & Gas, LLC. (Docs. 8, 17, 44, 68, 79, 140 and 153.)

H&K is currently defending a suit filed by Johnson Pope on behalf of a putative class of investors. *Michael Sullivan, et al. v. Holland & Knight LLP*, Case No. 09-cv-0531-EAJ (M.D. Fla.). Those claims against H&K are grounded in Florida and Delaware securities laws and in negligence. (*Id*. Am. Compl. (Doc. 15).) If certified, the class would include investors who made investments in the Hedge Funds "after the date H&K first prepared the PPMs for the [Hedge] Funds." (*Id*. ¶ 30.)

The Receiver's communications with Johnson Pope, as well as his independent investigation into the scheme, indicate that the Receiver, on behalf of the Hedge Funds, also has valid claims against H&K. The Receiver believes that H&K's actions in representing the Hedge Funds fell below the appropriate standard of care required for the services it provided to the Hedge Funds. The Receiver also believes that H&K's conduct significantly contributed to the losses suffered by the Hedge Funds and, in turn, the investors. The Receiver met with attorneys from Johnson Pope who provided the Receiver with legal advice regarding the merit of claims on behalf of the Hedge Funds. After careful consideration, the Receiver believes it is in the best interest of this Receivership to pursue claims against H&K based on its representation of the Hedge Funds. The claims pursued will exceed $50 million.

The Receiver is knowledgeable of the skill and reputation of Johnson Pope and, in particular, attorney Guy Burns, who will be lead counsel. The Receiver has confidence in Mr. Burns based on the aforementioned *Sullivan* class action as well as knowledge of Mr. Burns' pursuit of matters of a comparable nature and scope. The Receiver also has reviewed potential ethical issues and is satisfied that no conflicts would exist if Mr. Burns represents both the Hedge Funds and investors in two separate actions against H&K. The Receiver

believes that Johnson Pope would be an excellent choice of counsel for pursuing these claims and seeks the Court's approval to do so.

The Receiver believes pursuing these claims on a contingency basis would be beneficial to the Receivership. Doing so would avoid a commitment of Receivership cash or capital to the proposed litigation. A contingency fee would ensure that the Hedge Funds, at best, would recover additional funds and, at worst, would not suffer any financial losses as a result of pursuing this litigation. Using a contingency fee will not put Receivership assets at risk.[3] The Receiver has consulted with a number of sources and has made inquiry into an appropriate contingent fee and believes the terms in the attached agreement are fair and appropriate. (Ex. A.) The Receiver thus requests that the Court grant him leave to retain Johnson Pope on a contingency basis pursuant to the terms set forth on Exhibit A.

The Court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. *SEC v. Elliott,* 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. First City Fin. Corp.,* 890 F.2d 1215, 1230 (D.C. Cir. 1989). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Elliott* at 1566 (citing *SEC v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 372 (5th Cir. 1982)).

Based on (1) the Court's wide discretion, (2) the Receiver's independent investigation into the claims discussed herein, (3) the skill and competency of Johnson Pope to prosecute those claims, and (4) the reasonableness of the contingency fee agreement (Ex. A), the Receiver requests that the Court grant the Receiver leave to retain Johnson Pope to pursue

---

[3] The agreement calls for certain limited costs to be paid by the Receivership. (Ex. A ¶ 2.)

claims against H&K on behalf of the Hedge Funds under the terms of the attached agreement.

## LOCAL RULE 3.01(g) CERTIFICATION OF COMPLIANCE

The undersigned counsel for the receiver has conferred with counsel for the SEC and is authorized to represent to the Court that this motion is unopposed.

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

>  Arthur G. Nadel,
>  Register No. 50690-018
>  MCC New York
>  Metropolitan Correctional Center
>  150 Park Row
>  New York, NY  10007

>  s/ Carl R. Nelson
>  Carl R. Nelson, FBN 0280186
>  cnelson@fowlerwhite.com
>  Gianluca Morello, FBN 034997
>  gianluca.morello@fowlerwhite.com
>  Maya M. Lockwood, FBN 0175481
>  mlockwood@fowlerwhite.com
>  Ashley Bruce Trehan, FBN 0043411
>  ashley.trehan@fowlerwhite.com
>  FOWLER WHITE BOGGS P.A.
>  P.O. Box 1438
>  Tampa, FL  33601
>  T: (813) 228-7411
>  F: (813) 229-8313
>  Attorneys for the Receiver, Burton W. Wiand