UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                   CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND, LTD.;
VIKING IRA FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT,

    Relief Defendants.
                                                 /

## O R D E R

Before the Court is the Receiver's Motion to Enjoin State Court Proceedings and for Possession of Jewelry (Dkt. 177), Louis Paolino's Response (Dkt. 181), and the Receiver's Reply (Dkt. 188). After careful consideration of the motion, the record, and the applicable law, the Court concludes the state action must be enjoined.

### PROCEDURAL POSTURE

The Securities and Exchange Commission (SEC), a federal agency, filed this action on January 21, 2009. (Dkt. 1). On that same day, this Court entered a preliminary injunction against the defendants and relief defendants, a temporary restraining order, and an order appointing a receiver. (Dkts. 7, 8 & 9). A notice of related, pending cases was

filed on February 2, 2009, which revealed only one action, the pending criminal proceedings in the Southern District of New York. (Dkt. 23). The receivership was first expanded on January 27, 2009, to include various entities. (Dkt. 17). The receivership has been expanded at least four more times. (Dkts. 44, 68, 79 & 153). Throughout the course of these proceedings, several entities have sought to intervene; however, none have been successful. (Dkts. 45 & 88). Also over the course of these proceedings, various defrauded investors have reached settlements with the receiver to avoid further litigation. (Dkts. 119, 126, 134, 136, 138, 143, 145, 150, & 187). It is against this backdrop that Paolino seeks to defeat the Receiver's motion to enjoin his state court proceedings which he instituted on February 4, 2009, and in which a receiver was appointed on February 10, 2009. At some point, the receiver in the state court case took possession of the jewelry at issue.

With respect to the previous interventions sought in this case, the first intervention was sought by General Electric Capital Corporation and VFS Financing, Inc., and was denied on February 11, 2009. (Dkts. 32 & 45). As secured creditors of an entity under the receiver's authority, Tradewind, LLC, they claimed the receivership in this action prohibited them from pursuing their contractual rights against Tradewind, LLC, and they sought possession of the aircraft in which they hold a security interest. After a careful review of the submissions, this Court held that intervention was unwarranted and would serve only to delay adjudication of the merits of this case. (Dkt. 45).

Subsequent to the first denial of third parties seeking intervention, this Court had occasion to rule again on a request for intervention which was made by the same attorney

who objects to the granting of the present motion. (Dkt. 82). Numerous individuals and concerns who had invested in entities and funds managed by Arthur Nadel sought to intervene for the purposes of preventing Defendant Nadel's attorney's fees in his criminal case from being paid from receivership assets. The Court denied intervention again for the same reason — intervention would interfere with the established receivership in this case. (Dkt. 88).

## THE TWO ACTIONS

The crux of Paolino's argument is the timing of the respective receivers taking possession of the jewelry at issue—that the state court receiver physically took possession of the jewelry before the receiver in this case. Paolino contends that by the state appointed receiver taking possession of the jewelry first, this federal District Court cannot exercise its authority over that property. He also argues that this Court does not have jurisdiction over the jewelry because the Moodys are not parties to this action and are therefore not subject to the claims in the complaint. In that same vein, Paolino argues that the investors will have no recourse against the Moodys in this action, but must seek relief against them for breach of fiduciary duty and similar claims in the pending state court action. Finally, Paolino asserts that the jewelry is owned by Queen's Wreath, not the Moodys, and Queen's Wreath does not owe money to the Moodys and therefore the receiver in these proceedings may not seek property that does not belong to the Moodys. This last argument, however, ignores the fact that the money used to purchase the jewelry by Queen's Wreath initially came from proceeds obtained through the Moodys from the investors. Because the investors seek to recoup that money in the state court action, such

action prevents the receiver in this action from marshaling the funds and property obtained through the fraudulent scheme.

## ANALYSIS

A district court, as a court sitting in equity, possesses the power to enjoin state court proceedings, and this power has been codified by Congress in the All-Writs Act, 28 U.S.C. § 1651. See Wesch v. Folsom, 6 F.3d 1465, 1470 (11th Cir. 1993). Employing this authority, generally, a federal court may enjoin a state court proceeding "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case." Wesch, 6 F.3d at 1470 (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970)). To maintain the intended relationship between federal and state courts, however, Congress enacted the Anti-Injunction Act, 28 U.S.C. § 2283. Wesch, 6 F.3d at 1470.

The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court[,]" save for three exceptions. The exceptions exist to permit a federal court to stay or enjoin a state court proceeding and must be narrowly construed. Atlantic Coast Line, 398 U.S. at 286; In re Ford Motor Co., 471 F.3d 1233, 1250 (11th Cir. 2006) (listing Supreme Court opinions stressing strict, narrow construction of exceptions to Anti-Injunction Act). A state court proceeding may be enjoined in three circumstances: (1) when Congress has expressly authorized such injunction; (2) when it is necessary in aid of the federal court's jurisdiction, and (3) when the federal court's judgments must be protected or effectuated. 28 U.S.C. § 2283; Atlantic Coast Line, 398

U.S. at 288; Ford Motor, 471 F.3d at 1249; Burr & Forman v. Blair, 470 F.3d 1019, 1027-28 (11th Cir. 2006).[1]

It has long been recognized by various courts that the Anti-Injunction Act does not apply when the United States is the party seeking an injunction, as is the SEC in this case. See Securities & Exchange Comm'n v. Wencke, 577 F.2d 619, 623 (9th Cir. 1978) (quoting NLRB v. Nash-Finch Co., 404 U.S. 138, 146, 92 S.Ct. 373, 30 L.Ed.2d 328 (1971)). In Nash-Finch, the Supreme Court reasoned that the general language of section 2283 prohibiting federal courts from enjoining state courts was not meant to frustrate the interests of federal agencies and their business of federal regulation. Nash-Finch, 404 U.S. at 147. The Supreme Court articulated the purpose of the Act as "to avoid unseemly conflict between the state and the federal courts where the litigants were private persons, not to hamstring the Federal Government and its agencies in the use of federal courts to protect federal rights." Id. at 146.

Although independent research has not revealed a recent Eleventh Circuit case that squarely addresses the issue of the application of the Anti-Injunction Act when the United States is a party, a former Fifth Circuit case plainly holds that the Anti-Injunction Act is inapplicable when the United States is the federal plaintiff. United States v. Composite

---

[1] Under both the All Writs Act, 28 U.S.C. § 1651(a), and the Anti-Injunction Act, is the power to enjoin a state court action if the state court's action threatens the district court's jurisdiction. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099-1103, n. 16 (11th Cir. 2004).

State Bd. of Med. Exam'rs, 656 F.2d 131, 134 (5th Cir. 1981).[2] Supreme Court precedent and other courts relying on that authority support such a premise. See Arkansas v. Farm Credit Servs., 520 U.S. 821, 829, 117 S.Ct. 1776, 1781, 138 L.Ed.2d 34 (1997) (holding that the "restrictions of § 2283 are inapplicable in a suit brought by the National Government and citing Leiter Minerals, Inc. v. United States, 352 U.S. 220, 225-26, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957)); Mitchum v. Foster, 407 U.S. 225, 235-36, 92 S.Ct. 2151, 215-59, 32 L.Ed.2d 705 (1972) (holding that implied exception to Anti-Injunction Act "permits a federal injunction of state court proceedings when the plaintiff in the federal court is the United States itself, or a federal agency asserting 'superior federal interests'"); Leiter Minerals, 352 U.S. at 225-26; Wencke, 577 F.2d at 623 (citing Leiter); United States v. Commonwealth of Puerto Rico, 144 F.Supp.2d 46, 53 n. 16 (D.P.R. 2001) (citing Leiter). Thus, this Court finds that the implied exception to the Anti-Injunction Act, when an agency of the federal government is proceeding for an injunction, applies in this case.[3]

Here, the SEC, as a federal agency, has secured an injunction and established a receivership to marshal the assets of the fraudulent scheme. Thus, while the receiver in

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

[3] See also Securities & Exchange Comm'n v. Credit Bancorp, Ltd., 93 F.Supp.2d 475 (S.D.N.Y. 2000) (holding that "where a court has appointed a receiver and obtained jurisdiction over the receivership of estate, as here, the power to stay competing actions falls within the court's inherent power to prevent interference with the administration of that estate.").

the state court action may have taken possession of the jewelry, the jewelry was purchased with proceeds ultimately supplied by the defrauded investors as part of the scheme. In other words, the SEC first enjoined the defendants and relief defendants and therefore, had already established the superiority of the federal interests in this case, regardless of the state receiver's later taking possession of some of the assets sought to be recovered in this action. The receiver in this case obtained constructive possession[4] of all of the property that constitutes proceeds of the fraudulent scheme in January 2009, which was before the state court action was filed. The realistic threat to this Court's already established jurisdiction over the receivership estate lies in the windfall that would go to a single investor, Paolino, at the expense of all the other defrauded investors waiting in line. The very purpose of the receivership here is to marshal the assets taken and used from the fraudulent scheme and distribute what can be obtained to the various investors. Accordingly, this Court exercises its discretion to enjoin the state court proceeding.[5]

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) The Receiver's Motion to Enjoin State Court Proceedings and for Possession of Jewelry (Dkt. 177) is **GRANTED**. The state court

---

[4] See Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 271 72 L.Ed. 457 (1928) (holding that court that obtains jurisdiction and constructive possession of property first is entitled to proceed without interference even though property may not be in actual possession of receiver).

[5] Counsel for Plaintiff in this case would be well advised to cease his prosecution of the case he instituted on behalf of other allegedly defrauded investors in *Bell, et al. v. Moody, et al.*, Case number 2009 CA 014378 (Twelfth Judicial Circuit in and for Sarasota County, Florida). Otherwise, on motion of the Receiver, that action will likewise be enjoined upon a proper showing.

proceeding titled <u>Paolino v. Moody, et al.</u>, Case No. 2009 CA 1876 NC, in the Twelfth Judicial Circuit in and for Sarasota County, Florida, is hereby enjoined.

(2) The state court receiver is hereby directed to transfer the jewelry at issue to the receiver in this action, Burt Wiand, no later than 5:00 p.m., Wednesday, September 9, 2009.

(3) The Clerk is directed to send a copy of this order to the Honorable Charles E. Williams, 200 Main Street, Room 108, Sarasota, Florida 34237.

**DONE AND ORDERED** at Tampa, Florida, on September 3, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record