UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,
Plaintiff,

v.                                       CASE NO. 8:09 cv 87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUNDS, LTD.; VIKING IRA
FUND, LLC; VIKING FIND, LLC; VIKING
MANAGEMENT; VENICE JET, LLC, and
TRADEWIND, LLC.

    Relief Defendants.
_____/

## LOUIS PAOLINO'S MOTION FOR RELIEF FROM ORDER/CLARIFICATION

Pursuant to Rule 60, Fed. R. Civ. Proc., LOUIS PAOLINO ("Paolino") moves for Relief From Order/Clarification of the Order dated September 3, 2009 (the "Order") and states as follows:

1.    Without waiving his objections, the purpose of this motion is not to re-argue the conclusions made by this Court as outlined in the Order. However, Paolino does seek clarification to the Order.[1]

---

[1] Two factual issues do exist in the Order.

First, the Order suggests that the creation of the Federal Receivership on January 21, 2009 meant that "…the SEC first enjoined the defendants and relief defendants and therefore had established the superiority of the Federal

1

2. The Order enjoins Paolino's State Court proceeding, and suggests that the Court would also enjoin the actions by the Bell Trust and Dr. Richard Levine on proper motion. However, the State Court proceedings filed by Paolino, the Bell Trust and Dr. Levine involve independent claims against the Moodys, as limited partners, to Moody-managed funds. Arthur Nadel was not the manager of those funds and does not have management liability to the investors. The Order purports to bar prosecution of those actions in their entirety, including potential punitive damages against the Moodys which are unavailable to the Federal Receiver.

3. This Court may deem that all Moody assets are "fruit of the poison tree" and therefore subject to the Federal Receivership. While this conclusion may render the Moodys uncollectible from the standpoint of private litigants, it does not follow that the underlying actions themselves should be enjoined.

4. In short, the Order as written <u>protects the Moodys from all legal liability</u>. They are not Defendants or Relief Defendants in this Federal action, and, under the Order, now cannot be sued by Paolino, Bell, Levine or anyone else. Surely this in not the Court's intent.

5. Finally, Paolino has secured $675,000 of assets for the Receivership. The Court should allow Paolino to file an administrative claim for the costs incurred in doing so. Otherwise, the Receiver will receive an unwarranted windfall.

---

interest in this case...". However, the Moodys are neither defendants nor relief defendants. Therefore, they were not enjoined by the Federal Recieverkship.

Second, the Order suggests that because Paolino is alone in pursuing recovery from third parties who might hold "poisoned fruit" he should be enjoined. This assumption is incorrect. There are currently 10 plaintiffs pursuing actions against Donald Rowe, who was paid in excess of $7,000,000 from the Nadel funds. That $7,000,000 is also "fruit of the poison tree". If the Order stays as written, funds recovered in those actions should be brought into the Federal Receivership and those actions enjoined as well. Finally, because some of the Moody-managed funds have arbitration clauses, there may be arbitrations in progress of which no one (save the Moodys) are aware.

## MEMORANDUM

Under Fed. R. Civ. P. 60 (b), it is appropriate to point out factual issues or errors to a trial court via a Motion For Relief From An Order Of The Court. Cf. Elser v. Law Offices of James M. Russ, P.A., 679 So.2d 309, 312 (Fla. 4th DCA 1996). As the Fifth DCA explained in Elser, the "very purpose" of a motion for rehearing is "to consider any legal error or matters overlooked relating to the entry" of a judgment. Id. This can include the submission of additional evidence up through such time as the judgment becomes final.

WHEREFORE, Paolino requests that the Court modify the Order to:

1. Limit the Order to the State Court Receivership assets only and not the underlying actions; or, alternatively,

2. Expand the Order to include all actions by third-parties who may have received "fruit of the poison tree", including, but not limited to the Moodys themselves; and, in addition to the entry of one of the above options,

3. Allow parties who have secured assets for the benefit of the Federal Receiver to file administrative claims for the costs incurred in doing so.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2009, I electronically served the foregoing with the Clerk of the Court by using the CM/ECF system. . I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel Register No. 50690-018
Metropolitan Correctional Center, New York 150 Park Row
New York, NY 10007

3

The Honorable Charles E. Williams
Lynn N. Silvertooth Judicial Center
2002 Ringling Blvd.
Sarasota, Florida 34237

/s/ Morgan R. Bentley
Morgan R. Bentley, Esq.
Florida Bar No. 0962287
200 S. Orange Avenue
Sarasota, Florida 34236
941-329-6624 (telephone)
941-552-7172 (facsimile)
mbentley@williamsparker.com
Attorneys for Louis Paolino

1041370_1.docx