UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

CASE NO. 8:09-cv-0087-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC
SCOOP MANAGEMENT, INC.,
    Defendants.

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

    Relief Defendants.
_____/

### WILLIAM F. BISHOP'S MOTION TO INTERVENE PURSUANT TO RULE 24 FED. R. CIV. P. (2009)

COMES NOW, William F. Bishop, as Trustee of the William F. Bishop Revocable Trust u/a/d 6/12/08 ("William F. Bishop"), by and through his undersigned counsel, and hereby moves this court pursuant to Fed. R. Civ. P. 24(a)(2) to intervene in the above action, and in support thereof states as follows:

I.    The Basis for the Motion

1.    As more particularly set forth in the substantive motion attached hereto as Exhibit "1", the terms of which are incorporated herein by reference,

1

William F. Bishop is the owner and holder of a certain Promissory Note dated June 1, 2004 (the "Note"), which is secured by a Real Estate Mortgage and Security Agreement dated August 24, 2004 (the "Mortgage"), by virtue of an Assignment of Mortgage dated June 12, 2008 (the "Assignment"), on the following described real property located in Sarasota County, Florida, commonly known as 512 Paul Morris Drive, Sarasota, FL 34233 and more particularly described as:

> Lot 81, MORRIS INDUSTRIAL PARK, as per plat thereof recorded in Plat Book 28, Page 18, of the Public Records of Sarasota County, Florida.

(the "Property").

2. The Property was sold to Home Front Homes, LLC ("HFH") on May 24, 2006. Pursuant to an Agreement between William F. Bishop and HFH, entered into on February 23, 2007 (the "Assumption Agreement"), HFH agreed to assume and be liable for the payment of the Note.

3. On or about July 14, 2009, William F. Bishop commenced a foreclosure action in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida (Case No. 2009-CA-011903-NC) against, *inter alia*, HFH, for defaulting under the Note, Mortgage, and Assumption Agreement (the "State Foreclosure Action").

4. On or about August 11, 2009, Burton Wiand (the "Receiver"), in his capacity as Receiver in the instant case, filed in the State Foreclosure Action a "Notice of Appointment of Federal Receiver over Defendant Home Front Homes, LLC and Filing of Order Enjoining Action that Disturb Assets" (the "Notice").

Attached to the Notice were copies of an Order Appointing Receiver, entered on January 21, 2009 and an Order Reappointing Receiver entered on June 3, 2009. Also attached to the Notice was a copy of an Order, dated August 10, 2009 (the "HFH Order"), granting the Sixth Unopposed Motion to Expand Receivership to Include Home Front Homes LLC, filed by the Receiver on August 7, 2009.

5. The Order Reappointing Receiver enjoins all persons, including creditors, who have actual notice of the Order, from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which affect the property of Receivership Entities, without prior permission from this Court. The HFH Order specifically includes HFH within the ambit of the Order Appointing and Reappointing Receiver.

6. The above-described orders enjoin William F. Bishop from prosecuting the State Foreclosure Action, without prior permission from this court.

7. In accordance with Fed. R. Civ. P. 24(a)(2), William F. Bishop is entitled to intervene as a matter of right, as more particularly set forth in the substantive motion attached hereto as Exhibit "1", the terms of which are incorporated herein by reference.

8. As more particularly detailed in Exhibit "1", William F. Bishop holds the Note and Mortgage on the Property he sold to his son, Brian Bishop, and his daughter-in-law, Jeanne Bishop, who, years later, sold the Property to HFH. Accordingly, William F. Bishop is a secured creditor of HFH. William F. Bishop, an octogenarian, relies on the payments under the Note and Assumption

3

Agreement for his retirement income. Without the payments, William F. Bishop, a retired engineer who has been gainfully employed his entire adult life, will likely lose his home.

9. Moreover, as detailed in Exhibit "1", according to the Third Interim Report, the Receiver has contracted to sell HFH. The contract purchaser, the Gramatica Group, is currently operating HFH, without rendering any payments to William F. Bishop (or, upon information and belief, to the Receivership estate). Importantly, the subject Property is worth substantially less than the amount due under the Note and Assumption Agreement, resulting in no benefit to the defrauded parties by the Receiver continuing to hold the Property and defeat the State Foreclosure Action. Furthermore, the Gramatica Group has indicated that it has no interest in the Property.

10. William F. Bishop timely moves to intervene herein because he has an interest relating to the property or transaction that is the subject of this action. Additionally, William F. Bishop is so situated that disposition of this action, as a practical matter, may impair or impede his ability to protect his interests. Finally, there are no existing parties who adequately represent the interests of William F. Bishop.

11. William F. Bishop requests the court's permission to file the motion attached hereto as Exhibit "1".

WHEREFORE, William F. Bishop respectfully moves this court for an order allowing him to intervene as a matter of right, and allowing the filing of the Motion

attached hereto as Exhibit "1", the contents of which are incorporated herein by reference, or that the court grant such other and further relief as it deems just and proper under the circumstances.

## II. Memorandum of Law in Support of Motion

1. Under Fed. R. Civ. P. Rule 24(a)(2), on timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Accordingly, a party seeking to intervene as of right under Rule 24(a)(2) must show that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Athens Lumber Co. v. FEC*, 690 F.2d 1364, 1366 (11th Cir. 1982)).

### A. Timeliness of Motion to Intervene

2. The determination of timeliness requires consideration of (a) the length of time during which the movant knew or reasonably should have known of his interest in the case before moving to intervene; (b) the extent of prejudice to the existing parties as a result of the movant's failure to move for intervention as soon as he knew or reasonably should have known of his interest; (c) the extent of

prejudice to the movant if his motion is denied; and (d) the existence of unusual circumstances militating either for or against a determination that his motion was timely. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

3. In the instant case, the HFH Order, expanding the scope of the receivership to include HFH, was entered on August 10, 2009. William F. Bishop brings his Motion to Intervene within thirty days of that date. Accordingly, William F. Bishop's motion is timely. See *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

B.     Interest in the Proceeding

4. Under Fed. R. Civ. P. Rule 24(a)(2), a movant's intervention must be supported by a direct, substantial, legally protectible interest in the proceeding, which essentially means that the movant must be at least a real party in interest in the transaction which is the subject of the proceeding. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213-14 (11th Cir. 1989) (quoting *Athens Lumber Co. v. FEC*, 690 F.2d 1364, 1366 (11th Cir. 1982)). The *Chiles* Court acknowledged that the inquiry on this prong is a flexible one that focuses on the particular facts and circumstances, and that the movant's interest need not be of a legal nature identical to that of the claims asserted in the main action. *Chiles v. Thornburgh*, 865 F.2d at 1214.

5. In the instant case, William F. Bishop is a secured creditor of HFH, which has defaulted under a Note and Assumption Agreement secured by real property owned by HFH. HFH, via the Receiver, is apparently under contract with a purchaser, who is operating the HFH business. No payments under the Note

and Assumption Agreement have been made since February 24, 2009, and the amount due under the Note and Assumption Agreement is over $620,000.00, plus legal fees and costs exceeding $10,000.00. Accordingly, William F. Bishop is a real party in interest in a transaction which is the subject of the proceeding, and thus has an interest relating to the property or transaction which is the subject of the action under Fed. R. Civ. P. Rule 24(a)(2).

C.     Impeded or Impaired Ability to Protect the Interest

6.     As the *Chiles* Court observed, the nature of the movant's interest and the effect that the disposition of the action will have on their ability to protect that interest are closely related issues. The latter cannot be answered without reference to the former. *Id.* "Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential stare decisis effect may supply that practical disadvantage which warrants intervention as of right." *Chiles v. Thornburgh*, 865 F.2d at 1214 (citing to *Atlantis Development Corp. v. United States*, 379 F.2d 818, 829 (5th Cir.1967).

7.     In the Receiver's Third Interim Report, the Receiver indicates that a deal has been reached with a purchaser for HFH, and that the Receiver will seek Court approval to finalize the sale of HFH in "the immediate future." See Third Interim Report, Article V(A)(8), page 32. The details of the agreement reached with the purchaser for HFH are not known to William F. Bishop. Approval granted by the Court to a purchase agreement involving the Property will, as a practical

matter, operate to impede or impair his ability to protect that interest. Before approval for any agreement involving HFH is sought or considered by this Court, William F. Bishop is entitled to be heard.

8.  As stated in the attached Motion (Exhibit "1"), the Property is both being depreciated by the use of the Property by the contract purchasers, and is declining in value. The Property has an appraisal tax value of $583,000.00, and has debt in excess of $630,000.00. As the Property has negative equity, there is no possible benefit to the receivership estate, only detriment to William F. Bishop.

D.  Interest Inadequately Protected by Existing Parties

9.  There are no existing parties in this action whose interests are identical or even similar to William F. Bishop. However, even if the movant's interest is similar to, but not identical with, that of a party to this action, the fourth prong under Rule 24(a)(2) requires a court to determine whether the movant's interest is adequately represented. *Chiles v. Thornburgh*, 865 F.2d at 1214. The *Chiles* Court cites to the Supreme Court for the following:

> [T]he inadequate representation requirement is satisfied if the [proposed intervenor] shows that representation of his interest may be inadequate and that the burden of making that showing should be treated as minimal.

*Chiles v. Thornburgh*, 865 F.2d at 1214 (citing and quoting, in part, *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). Accordingly, unless it is clear that a party to this action will adequately represent a proposed intervenor's interest, a proposed intervenor

8

should be allowed to intervene. *Chiles v. Thornburgh*, 865 F.2d at 1214 (citing to 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1909, at 319 (2d ed. 1986)). William F. Bishop's interest is not represented by any existing party to this action.

10. The Receiver is not protecting William F. Bishop's interest in this action. In the August 7, 2009 Receiver's Declaration in Support of the Unopposed Sixth Motion to Expand Receivership (to include Home Front Homes, LLC) (the "Receiver's Declaration"), the Receiver stated:

> Notably, the remaining equity participant in HFH, Connell, consents to the placement of HFH in receivership, and the major creditors of HFH except for the mortgage holder noted above in paragraph 33 **(who is pursuing a foreclosure action in an attempt to wrestle HFH real estate assets away from the receivership estate and thus from defrauded investors)** either have consented to this motion or have reached agreement with the buyer of HFH with respect to disposition of HFH's obligations to them.

Receiver's Declaration, paragraph 40 (emphasis added).

11. The reference to "the mortgage holder noted above in paragraph 33" is to William F. Bishop. The Receiver's statement that William F. Bishop "is pursuing a foreclosure in an attempt to wrestle HFH real estate assets away from the receivership estate and thus from defrauded investors" is not only a wholly inaccurate characterization of William F. Bishop's action, but also an inaccurate statement of the facts.

12. William F. Bishop has not received payment under the Note and Assumption Agreement since February 24, 2009. William F. Bishop, is over 82

years of age, is dependent upon the mortgage payments to meet his living expenses. William F. Bishop filed the State Foreclosure Action on July 14, 2009. More than three weeks later, on August 7, 2009, the Receiver filed his Sixth Unopposed Motion to Expand Receivership to Include Home Front Homes LLC. The receivership was expanded to include HFH on August 10, 2009. Thus, when William F. Bishop filed the State Foreclosure Action, HFH was not in receivership.

13. In the Receiver's Third Interim Report dated August 17, 2009, the Receiver states, in relevant part:

> On or about August 4, 2009, the Receiver entered into an agreement to sell Home Front Homes in exchange for $800,000.00 as follows: $600,000.00 by wire transfer as well as a secured promissory note in the principal amount of $200,000.00. On August 10, 2009, the Court expanded the Receivership to include Home Front Homes. (Doc. 170). The proposed sale will provide $280,000.00 to the Receivership, which includes the promissory note, and will give the purchasers the opportunity to resolve claims of creditors of Home Front Homes. The remainder of the sale proceeds will be paid to M&I Bank to satisfy a $3 million loan that was secured by the assets of Home Front Homes. The Receiver will obtain Court approval to finalize the sale of Home Front Homes and will file a motion for approval in the immediate future. If the Court approves the sale, the closing will take place, and the promissory note will be due and payable eighteen months thereafter.

See Third Interim Report, Article V(A)(8), page 31-32.

14. William F. Bishop as not been given any details about the purchase and sale of HFH.

15. Given the less than sympathetic position of the Receiver to William F Bishop's legal and equitable standing with respect to HFH, as depicted in the Receiver's Declaration, and the lack of any mention of the effect of the purported

contract on William F. Bishop in the above-quoted passage from the Third Interim Report, it is clear that William F. Bishop's interests are not adequately protected by the Receiver herein.

WHEREFORE, William F. Bishop respectfully moves this court for an order allowing him to intervene as a matter of right, and allowing the filing of the Motion attached hereto as Exhibit "1", the contents of which are incorporated herein by reference, or that the court grant such other and further relief as it deems just and proper under the circumstances.

### CERTIFICATE OF COMPLIANCE WITH M.D. FLA. L.R. 3.01(g)

WE HEREBY CERTIFY that, in accordance with M.D. Fla. L.R. 3.01(g), the undersigned has conferred with Gianluca Morello, counsel for the Receiver, who indicated the Receiver objected to and would oppose this motion and Scott A. Masel, who indicated the Securities & Exchange Commission objected to and would oppose this motion.

By: James L. Essenson, Esq.
Florida Bar No. 0359033
Barbara J. Welch, Esq.
Florida Bar No. 0624683
LAW FIRM OF JAMES L. ESSENSON
2071 Main Street
Sarasota, Florida 34237
Telephone: (941) 954-0303
Fax: (941) 951-7739
Email address: essenson@verizon.net
Attorney for William F. Bishop, as Trustee of the William F. Bishop Revocable Trust u/a/d 6/12/08

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: James L. Essenson, Esq.
Florida Bar No. 0359033
Barbara J. Welch, Esq.
Florida Bar No. 0624683
LAW FIRM OF JAMES L. ESSENSON
2071 Main Street
Sarasota, Florida 34237
Telephone: (941) 954-0303
Facsimile: (941) 951-7739
Email address: essenson@verizon.net
Attorney for William F. Bishop, as Trustee of the William F. Bishop Revocable Trust u/a/d 6/12/08

## SERVICE LIST

Securities and Exchange Commission v. Nadel et al./
Case No. 8:09-cv-0087-T-26TBM

Regular U.S. Mail

Arthur G. Nadel,
Register No. 50690-018

MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007
Defendant, Pro Se

Electronically by CM/ECF System

Todd Alan Foster, Esq.
Cohen, Jayson & Foster, P.A.
201 E. Kennedy Blvd., Suite 1000
P.O. Box 172538
Tampa, FL 33672-2538
Telephone: 813-225-1655
Facsimile: 813-225-1921
tfoster@tampalawfirm.com
Attorney for Defendant, Arthur Nadel

J. Thomas Cardwell, Esq.
tom.cardwell@akerman.com
Kathryn B. Hoeck, Esq.
Kathy.hoeck@akerman.com
Akerman Senterfitt
420 S. Orange Ave., Suite 1200
P.O. Box 231
Orlando, FL 32802-0231
Telephone: 407-423-4000
Facsimile: 407-843-6610
Attorneys for Interested Party, LandMark Bank of Florida

R. Craig Harrison, Esq.
Lyons & Beaudry, P.A.
1605 Main Street, Suite 1111
Sarasota, FL 34236
Telephone: 941-366-3282
Facsimile: 941-954-1484
craig@lyonsbeaudryharrison.com
Attorney for Movant, R. Craig Harrison


Donald R. Kirk, Esq.
dkirk@fowlerwhite.com
Maya M. Lockwood, Esq.

mlockwood@fowlerwhite.com
Gianluca Morello, Esq.
Gianluca.morello@fowlerwhite.com
Carl Richard Nelson, Esq.
cnelson@fowlerwhite.com
Ashley Bruce Trehan, Esq.
Ashley.trehan@fowlerwhite.com
Fowler, White, Boggs, P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: 813-228-7411 ext: 1195
Facsimile: 813-229-8313
Attorneys for Receiver, Burton W. Wiand


Scott A. Masel, Esq.
masels@sec.gov
Andre J. Zamorano, Esq.
zamoranoa@sec.gov
Securities & Exchange Commission
Miami Branch Office, SERO
801 Brickell Ave., Suite 1800
Miami, FL 33131
Telephone: 305-982-6398
Facsimile: 305-536-4154
Attorneys for Plaintiff, Securities and Exchange Commission

F:\client list\Bishop, William\Federal Case\Pleadings\Motion.intervene.2009.9.11.doc