UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                     Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

## RECEIVER'S MOTION TO APPROVE SETTLEMENT

Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of a claim against Steven D. Wood Living Trust for recovery of sums received from one or more Receivership Entities in excess of investment ("false profits") on the basis of the Settlement Agreement attached as Exhibit A.

## MEMORANDUM IN SUPPORT

The Securities and Exchange Commission (the "Commission" or "SEC") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets . .

. ." (Dkt. 1, Compl., ¶ 7.) Burton W. Wiand was appointed by this Court as the Receiver for Defendants and Relief Defendants and Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC (collectively, the "Receivership Entities"). (*See* Order Reappointing Receiver (Dkt. 140).) Burton W. Wiand was appointed by this Court as the Receiver for Home Front Homes, LLC (Dkt. 170).

Pursuant to the Order Reappointing Receiver (Dkt. 140), the Receiver has the duty and authority to:

> 2. Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary . . . against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement or profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

Dkt. 140 at ¶ 2.

The Receiver's investigation has revealed a number of investors who received "false profits" (returns greater than their investments) ("profiteers") to the detriment of those investors who lost money as a result of their investment. The Receiver began recovery efforts by mailing letters to eighty-one (81) domestic and three (3) foreign profiteers, inquiring whether they agreed with the Receiver's calculated amount of false profits and whether they would return the transfers voluntarily to expedite the process and to avoid

2

litigation. The Receiver, with the approval of the Commission, believes it is appropriate to accept 90% of the amount claimed in consideration of payment before the commencement of litigation to recover the false profits.

One of the letters was sent to the Steven D. Wood Living Trust, seeking recovery of $74,844.00 in false profits. As shown by the attached Settlement Agreement, Steven D. Wood, Trustee subject to the approval of this Court, has agreed to pay 90% ($67,359.60) with the first payment of $3,367.98 to be paid no later than fourteen (14) days after approval of this settlement by the SEC Receivership Court followed by three consecutive payments of $3,367.98 due and payable January 15, 2010, April 15, 2010, and July 15, 2010, and the full balance of $53,887.68 due and payable October 15, 2010. By this motion, the Receiver seeks approval of this settlement.

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and the Steven D. Wood Living Trust, because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to the Steven D. Wood Living Trust.

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is

unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional Center
> 150 Park Row
> New York, NY 10007

s/ Carl R. Nelson
Carl R. Nelson, FBN 0280186
Email: cnelson@fowlerwhite.com
Gianluca Morello, FBN 034997
Email: gianluca.morello@fowlerwhite.com
Maya M. Lockwood, FBN 0175481
Email: mlockwood@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
Email: atrehan@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
Tampa, FL 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

Attorneys for the Receiver, Burton W. Wiand

42340543v1

# SETTLEMENT AGREEMENT

WHEREAS, by order dated January 21, 2009, the Court in *Securities & Exch. Comm'n v. Arthur Nadel, et al.*, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Real Estate, L.P.; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking Ira Fund, LLC; Viking Fund, LLC; and Viking Management and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by the Steven D. Wood Living Trust (the "Trust") in excess of the Trust's investment; and

WHEREAS, Steven D. Wood, as Trustee (the "Trustee") of the Trust, without admitting liability, wishes to resolve these matters amicably; and

WHEREAS, any resolution of this action by agreement of the Receiver and the Trustee is subject to approval by the Court presiding over the SEC Receivership Action,

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, the Trustee has agreed to pay and the Receiver has agreed to accept a total of $67,359.60 in full settlement of the claims to be asserted in the lawsuit, with a first payment of $3,367.98 to be paid within 14 days after approval of this settlement by the SEC Receivership Court followed by three successive payments of $3,367.98 due and payable January 15, 2010, April 15, 2010, and July 15, 2010, and the full balance of $53,887.68 due and payable October 15, 2010. The Trustee agrees to provide the Receiver with a

1

**EXHIBIT A**

promissory note requiring the aforesaid payments. In the event the Receivership is ongoing one year after approval of this settlement by the SEC Receivership Court, the Receiver will negotiate in good faith for an extension of time for payment of the balance of $53,887.68 then due. Upon receipt and clearing of the final settlement payment, for a total settlement of $67,359.60, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged the Trust, its Trustee, beneficiaries, successors and assigns of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to the Trust's investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and the Receivership Entities.

In further consideration of the release of claims described above, the Trustee warrants that $74,844.00 is the total amount of money or value the Trust received from Receivership Entities in excess of the Trust's investment, and the Trustee agrees to waive and does hereby waive any claim the Trust had, has, or hereafter may have against the Receiver and/or the Receivership Estate.

The Receiver and the Trustee understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. The Trustee understands and agrees that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter. To the extent necessary, the Trustee agrees to assist the Receiver in seeking the SEC Receivership Court's approval of this settlement.

The Receiver and the Trustee agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and the Trustee also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

STEVEN D. WOOD LIVING TRUST

By: /s/ Steven D. Wood, Trustee

Date: 9/11/09

/s/ Burton W. Wiand, As Receiver
of the Receivership Entities

Date: 5/4/2009

40690346v1

3