UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                          Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

## **RECEIVER'S MOTION TO APPROVE SETTLEMENT**

      Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of a claim against Pauline Yip, as Executrix of the Estate of Luke Yip, for recovery of sums received from one or more Receivership Entities in excess of investment ("false profits") on the basis of the Settlement Agreement attached as Exhibit A.

## **MEMORANDUM IN SUPPORT**

      The Securities and Exchange Commission (the "Commission" or "SEC") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets . .

. . ." (Dkt. 1, Compl., ¶ 7.) Burton W. Wiand was appointed by this Court as the Receiver for Defendants and Relief Defendants and Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC (collectively, the "Receivership Entities"). (*See* Order Reappointing Receiver (Dkt. 140).) Burton W. Wiand was appointed by this Court as the Receiver for Home Front Homes, LLC (Dkt. 170).

Pursuant to the Order Reappointing Receiver (Dkt. 140), the Receiver has the duty and authority to:

> 2. Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary . . . against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement or profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

Dkt. 140 at ¶ 2.

The Receiver's investigation has revealed a number of investors who received "false profits" (returns greater than their investments) ("profiteers") to the detriment of those investors who lost money as a result of their investment. The Receiver began recovery efforts by mailing letters to eighty-one (81) domestic and three (3) foreign profiteers, inquiring whether they agreed with the Receiver's calculated amount of false profits and whether they would return the transfers voluntarily to expedite the process and to avoid

2

litigation. The Receiver, with the approval of the Commission, believes it is appropriate to accept 90% of the amount claimed in consideration of payment before the commencement of litigation to recover the false profits.

One of the letters was sent to Luke Yip, seeking recovery of $105,824.12 in false profits. As shown by the attached Settlement Agreement, Pauline Yip, Executrix of the Estate of Luke Yip, subject to the approval of this Court, has agreed to pay 90% ($95,241.70) to be paid no later than fourteen (14) days after approval of this settlement by the SEC Receivership Court. By this motion, the Receiver seeks approval of this settlement.

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and Pauline Yip, as Executrix of the Estate of Luke Yip, because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to Pauline Yip, as Executrix of the Estate of Luke Yip.

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion. The undersigned counsel is unable to contact Arthur Nadel, who is incarcerated in New York and is not represented by counsel in this action.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

>Arthur G. Nadel
>Register No. 50690-018
>MCC New York
>Metropolitan Correctional Center
>150 Park Row
>New York, NY 10007

>s/ Carl R. Nelson
>Carl R. Nelson, FBN 0280186
>Email: cnelson@fowlerwhite.com
>Gianluca Morello, FBN 034997
>Email: gianluca.morello@fowlerwhite.com
>Maya M. Lockwood, FBN 0175481
>Email: mlockwood@fowlerwhite.com
>Ashley Bruce Trehan, FBN 0043411
>Email: atrehan@fowlerwhite.com
>FOWLER WHITE BOGGS P.A.
>P.O. Box 1438
>Tampa, FL 33601
>Tel: (813) 228-7411
>Fax: (813) 229-8313
>
>Attorneys for the Receiver, Burton W. Wiand

42345759v1

# SETTLEMENT AGREEMENT

WHEREAS, the Court in Sec. & Exch. Comm'n v. Arthur Nadel, et al., Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Real Estate, L.P.; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking IRA Fund, LLC; Viking Fund, LLC; Viking Management; Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; A Victorian Garden Florist, LLC; Viking Oil & Gas LLC; and Home Front Homes, LLC, and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District of Florida seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities (the "Lawsuit"); and

WHEREAS, Pauline Yip, as Executrix of the Estate of Luke Yip, beneficiary of Sterling Trust Company Rollover IRA Account Number 067992 and owner of Sterling Trust Company Beneficiary IRA Account Number 131135, in which funds from receivership entities are held after rollover from Millennium Trust FBO Luke Yip, without admitting liability, wishes to resolve these matters amicably; and

WHEREAS, any resolution of this action by agreement of the Receiver and Pauline Yip is subject to approval by the Court presiding over the SEC Receivership Action (the "SEC Receivership Court"),

1

**EXHIBIT A**

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, Pauline Yip has agreed to pay and the Receiver has agreed to accept a total of $95,241.70 in full settlement of the claims to be asserted in the Lawsuit. The $95,241.70 represents 90% of $105,824.12, the total of sums received by Millennium Trust FBO Luke Yip in excess of his investment ("false profits") and is to be paid from funds held in Sterling Trust Company Beneficiary IRA Account Number 131135 no later than fourteen (14) days after approval of this settlement by the SEC Receivership Court.

Upon receipt and clearing of the settlement payment, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged Pauline Yip, as Executrix of the Estate of Luke Yip, beneficiary of Sterling Trust Company Rollover IRA Account Number 067992 and owner of Sterling Trust Company Beneficiary IRA Account Number 131135 and all successors and assigns of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to Luke Yip's investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and the Receivership Entities.

In further consideration of the release of claims described above, Pauline Yip, as Executrix of the Estate of Luke Yip, beneficiary of Sterling Trust Company Rollover IRA Account Number 067992 and owner of Sterling Trust Company Beneficiary IRA Account Number 131135 agrees to waive and does hereby waive (1) any claim she had, has, or hereafter may have against the Receiver or the Receivership Estate.

The Receiver and Pauline Yip understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not admissions of liability, which is expressly denied, but are made for the purpose of terminating dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. Pauline Yip understands and agrees that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter.

The Receiver and Pauline Yip agree that this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and Pauline Yip also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

_____
Pauline Yip, as Executrix of the Estate of
Luke Yip, beneficiary of Sterling Trust
Company Rollover IRA Account Number
067992 and owner of Sterling Trust
Company Beneficiary IRA Account
Number 131135

Date: 9/18/2009

_____
Burton W. Wiand, As Receiver
of the Receivership Entities

Date: 9/23/2009

42306088v1

3