UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

        Defendants,

CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

        Relief Defendants.
_____/

## RECEIVER'S DECLARATION IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO WILLIAM F. BISHOP'S MOTION TO INTERVENE AND MOTION TO DISSOLVE INJUNCTION STAYING PROSECUTION OF STATE FORECLOSURE ACTION

Burton W. Wiand declares as follows:

1. I am an attorney with Fowler White Boggs P.A. ("Fowler White") in Tampa, Florida.

2. I have been appointed as Receiver over Home Front Homes, LLC, as well as Scoop Capital, LLC; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, Ltd.; Victory Fund, Ltd.;

Viking IRA Fund, LLC; Viking Fund, LLC; Viking Management; Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; A Victorian Garden Florist, LLC; and Viking Oil & Gas, LLC.

3. Home Front Homes, LLC ("Home Front Homes"), is an entity that was brought into this Receivership by Court Order on August 10, 2009. However, by virtue of Scoop Capital, LLC's ownership interest in Home Front Homes, I was effectively in control of Home Front Homes since close to the inception of this Receivership.

4. Beginning in March 2009, and over the course of approximately five months, I negotiated with a potential buyer for the sale of Home Front Homes.

5. On or about August 5, 2009, the potential buyer and I executed a Binding Term Sheet, which contained the provisions for the sale, but left formalities to be completed prior to a closing to occur within 60 days.

6. Following the execution of the term sheet, and for approximately five weeks while additional negotiations were ongoing, the buyer took control of the operations of Home Front Homes. Without the buyer's operation of the business, I would have been forced to close Home Front Homes.

7. On or about September 16, 2009, the buyer decided not to close on the sale and has advised the agreement will not be closed.

8. As a result, Home Front Homes was forced to cease its operations and its premises, which it owns and are located at 512 Paul Morris Drive, Sarasota, FL 34233, are no longer being used at this time.

9. Shortly thereafter, I spoke to James L. Essenson, counsel for William F. Bishop. I informed Mr. Essenson that the sale of Home Front Homes had fallen through, that it had ceased operations, and that I was considering what to do with its premises.

10. Currently, I am in the process of investigating whether there is any equity in those premises. Those are the same premises that secure an obligation to Mr. Bishop and that are the subject of his motions to intervene and for dissolution of the stay.

11. As part of my investigation, I have obtained a preliminary appraisal from James J. Piro, MAI, CCIM of Piro & Associates in Sarasota, Florida. Mr. Piro observed that the premises consist of the following: a special purpose, owner/user 12,000 square-foot industrial building with 14 asphalt parking spaces; the interior includes a production office, a corporate office, and two rest rooms; the corporate office contains five private offices with mezzanine above each office and a reception area; the building is metal construction, steel frame, special roof, and concrete floors; and there are two overhead doors and two service doors.

12. In his preliminary appraisal, Mr. Piro values the premises at approximately $70.00 per square foot or $840,000 total.

13. Mr. Bishop has claimed that there is approximately $619,400 due and owing under a note held by him and secured by the premises. Accordingly, based on the

preliminary appraisal and Mr. Bishop's own calculations, the premises may have a substantial amount of equity (i.e., $220,600).

14. If it is ultimately determined that there is no equity in the premises, then I will consider the next steps to take in the best interest of the Receivership. These considerations will include whether or not to relinquish the property to Mr. Bishop.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and is executed this 23rd day of September, 2009.

*/s/ Burton W. Wiand*
Burton W. Wiand, as Receiver
c/o FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd.
Suite 1700
Tampa, FL 33602
Tel. 813.228.7411
Fax 813.229.8313
bwiand@fowlerwhite.com