## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SECURITIES AND EXCHANGE**
**COMMISSION,**

               **Plaintiff,**

  **v.**

                              **CASE NO. 8:09-cv-87-T-26TBM**

**ARTHUR NADEL,**
**SCOOP CAPITAL, LLC,**
**SCOOP MANAGEMENT, INC.**

               **Defendants,**

**SCOOP REAL ESTATE, L.P.,**
**VALHALLA INVESTMENT PARTNERS, L.P.,**
**VALHALLA MANAGEMENT, INC.,**
**VICTORY IRA FUND, LTD,**
**VICTORY FUND, LTD,**
**VIKING IRA FUND, LLC,**
**VIKING FUND, LLC, AND**
**VIKING MANAGEMENT**

               **Relief Defendants.**
_____/

### PLAINTIFF'S RESPONSE OPPOSING AND JOINING THE RECEIVER'S
### RESPONSE IN OPPOSING NON-PARTY WILLIAM F. BISHOP'S
### MOTION TO INTERVENE AND MOTION TO DISSOLVE INJUNCTION
### STAYING PROSECUTION OF STATE FORECLOSURE ACTION

#### Introduction

      The Commission opposes Mr. Bishop's Motion to Intervene [D.E. 193] and joins the

Receiver's Response in Opposition ("the Receiver's Response") [D.E. 204].   Although the

Commission sympathizes with the plight of Mr. Bishop and all others injured by the ongoing

effects of the Defendants' conduct, Mr. Bishop fails to establish the necessary grounds for

intervening or dissolving the Court's injunction against collateral actions under Rule 24(a)(2),

Fed.R.Civ.P. or equitable considerations. The Court should not permit him essentially to jump

ahead of other investors and creditors and interfere with the Receiver's marshalling of assets and investigating of claims in preparation for an appropriate and equitable distribution.

## Memorandum of Law

### *A. Exchange Act Section 21(g) Bars Intervention*

Section 21(g) of the Exchange Act provides in pertinent part that:

> . . . no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

Although the language of the statute does not mention intervention, some federal courts have held that, nonetheless, the statute operates as an "impenetrable wall" to a third party intervening in a Commission enforcement action absent the Commission's consent. *SEC v. Wozniak*, No. 92 C 4691, 1993 WL 34702 at *1 (N.D. Ill. Feb. 8, 1993) (denying motion to intervene by investor who asserted he was a victim of the fraud alleged in the Commission's complaint because the Commission would not consent). The United States Supreme Court has also acknowledged Section 21(g)'s barrier to those trying to insert private claims into Commission enforcement actions. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 n. 17 (1979) (allowing private plaintiff to employ offensive collateral estoppel without having joined prior Commission lawsuit involving similar facts, because pursuant to Section 21(g) "the respondent probably could not have joined in the injunctive action brought by the SEC even had he so desired") (citing *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2nd Cir. 1972)).

Other courts have followed suit. For example, in *SEC v. Homa*, 2000 WL 1468726, (N.D. Ill Sept. 29, 2000), *aff'd* 17 Fed. Appx. 441 (7th Cir. 2001) (unpublished), the district court denied a motion to intervene by one of the defendant's creditors. The court found that "the language of Section 21(g) is plain and unambiguous," and that language "clearly bars [the

creditor] joining the SEC's enforcement action as a party." *Id.* at *2. *See also SEC v. Cogley*, No. 98CV802, 2001 WL 1842476 at *3-*4 (S.D. Ohio March 21, 2001) (denying bankruptcy trustee's motion to intervene in enforcement action and finding that "after reviewing the legislative history, and reviewing other cases that have discussed this issue, this Court comes to the inescapable conclusion that Section 21(g) bars intervention"). Section 21(g)'s prohibition is broad enough to prohibit defendants from bringing their own claims in Commission actions, even when they arise from the same or similar facts. *SEC v. Thrasher*, No. 92 CIV 6987 (JFK), 1995 WL 456402 at *3 (S.D.N.Y Aug. 2, 1995) (Section 21(g) bars defendant's third-party claims); *SEC v. Egan*, 821 F.Supp. 1274, 1275 (N.D. Ill. 1274) (same).

Even those courts that have held Section 21(g) did not automatically bar a third party from intervening have expressed skepticism about allowing wholesale intervention in Commission enforcement actions. *See, e.g., SEC v. TLC Investments and Trade Co.*, 147 F.Supp.2d 1031, 1040 (C.D. Cal. 2001) (citing "sound policy reasons why, if consolidation is prohibited, intervention also should be" and explaining that "[w]ithout a bar on intervention, § 21(g) could easily be eviscerated: while a private action could not be consolidated with an SEC action, those proceeding in a private action could merely end that action and instead intervene in the SEC's action"); *SEC v. Credit Bancorp Ltd.*, 194 F.R.D. 457, 468 (S.D.N.Y. 2000) (allowing permissive intervention on the unique facts of the case but noting that "intervention has been traditionally disfavored, given courts' hesitation to allow scores of investors and other interested persons from becoming full-fledge parties to governmental enforcement actions").

Courts hesitate to mash together these different types of litigation because Congress has charged the Commission with the statutory responsibility of enforcing the federal securities laws. *See, e.g., Official Committee of Unsecured Creditors of Worldcom, Inc., v. SEC*, 467 F.3d 73, 82

(2nd Cir. 2006). To that end, Congress has afforded the Commission considerable discretion in how to carry out that mandate. The courts have also frequently deferred to the Commission's experience and expertise in determining the appropriate remedies to seek in enforcement actions. *Id.; SEC v. Bear Stearns & Co.*, 2003 WL 22000340 at *3 (S.D.N.Y. Aug. 25, 2003) ("the SEC in its role as *parens patriae*, is presumed to represent the interests of the investing public aggressively and adequately").

The Commission sought appointment of a Receiver to provide investors and creditors with an officer who can marshal assets quickly, fairly, and systematically for all their benefit. As the Receiver's Response and prior Commission and Receiver memoranda opposing intervention have pointed out, granting the requested intervention would likely encourage other investors to seek the same, and the Receiver and the Commission might soon be entangled in multiple collateral disputes as each group of intervening investors and their respective lawyers tried to impose their own preferences on this case. The Receiver's duty is to act fairly on behalf of all investors or creditors. *See, e.g., Credit Bancorp*, 194 F.R.D. at 464 ("[j]ust as the appointment of a receiver is authorized by the broad equitable powers of the Court, the argument goes, any distribution of assets by such a receiver is to be done equitably and fairly-with similarly situated investors or customers treated similarly"). However, his job will become harder and more expensive if he must consult or litigate against each individual investor with the resources to intervene and attempt to impose his or her wishes on these proceedings.

Mr. Bishop's interests and potential claims are appropriately protected and heard through the Receiver's claims process. "If, as a number of intervenors assert, their primary interests lie in safeguarding their rights to assets presently held by the Receiver, then summary proceedings would presumably be adequate to the task at hand. Such proceedings are relatively common-

place where an equity receiver has been appointed to marshal assets, and the handling or distribution of those assets is a matter of dispute" *Credit Bancorp*, 194 F.R.D. at 468.  *See also*, *CFTC v. Chilcott Portfolio Management, Inc.*, 725 F.2d 584, 586 (10th Cir.1984) (explaining preference for claimants to use process established through court's equity powers instead of pursuing numerous actions as parties).

### B.  Mr. Bishop Is Not Entitled to Intervention under Rule 24

Even if Section 21(g) did not bar Mr. Bishop's intervention, the Court should not allow it because, as the Receiver's Response explains, Mr. Bishop fails to satisfy the requirements for intervention under Fed.R.Civ.P. 24.  Rule 24(a)(2) permits intervention as of right when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed.R.Civ.P. 24(a)(2).

An applicant seeking to intervene as of right under this rule must demonstrate: (1) its application is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent its interest.  *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008).

A failure to prove even one of these elements requires a court to deny a motion to intervene.  *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985).  The Receiver's Response accurately describes how Mr. Bishop has failed to establish all requirements for intervention as of right, particularly in light of the potential value of the property in question and the fact the

Receiver adequately represents Mr. Bishop's interests.[1]  *SEC v. Homa*, 2000 WL 1468726 at *2 (intervention denied to claimant of aircraft and airport facilities because claimant could seek relief from Receiver with court review); *SEC v. TLC Investments*, 147 F.Supp.2d at 1041-42 (intervention denied because Receiver shares similar goals with intervenors, adequately protecting their interests and intervenors will receive due process through the Receiver's claims process) (citing, among other cases, *SEC v. Elliott*, 953 F.2d 1560, 1566-67 (11th Cir. 1992)). "Although not all investors and creditors share the same interests, it is in all their interests to maximize the value of the assets under the receivership.  This is what the Receivership is charged with doing." *SEC v. Byers*, No. 08 Civ. 7104 (DC), 2008 WL 5102017 at *1 (Nov. 25, 2008).

In *Byers,* the entity seeking intervention claimed to have an interest in valuable property and claims that could be "'lost or otherwise jeopardized'" in the Commission's case.  *Id*. at *1. Noting the many victims, the large amount of money involved (at least $250 million), and the number of creditors and entities, the *Byers* court observed, "it would not be efficient or effective to permit individual creditors to intervene as parties." *Id*. (citing *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir.1972); *Credit Bancorp*, 194 F.R.D. at 467; *SEC v. Canadian Javelin, Ltd.*, 64 F.R.D. 648, 650 (S.D.N.Y.1974) ("[I]ntervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate").

Mr. Bishop's unfortunate situation parallels that of many other creditors and investors caught in the maelstrom of the Defendants' fraud.  However, the most equitable – and efficient – way for Mr. Bishop to recover from the Receivership's assets is to submit a claim through the Receiver's claims process. For the foregoing reasons, the Commission respectfully opposes the

---

[1] As the Receiver's Response explains, the Receiver's efforts have already indicated the property at issue may be worth significantly more than Mr. Bishop originally believed.

Mr. Bishop's Motion to Intervene, and asks this Court to deny it.

September 23, 2009

Respectfully submitted,

By:    s/ Scott A. Masel
        Scott A. Masel
        Senior Trial Counsel
        Florida Bar No. 0007110
        Direct Dial:  (305) 982-6398
        E-mail: masels@sec.gov
        *Lead and Trial Counsel*

        Attorney for Plaintiff
        **SECURITIES AND EXCHANGE COMMISSION**
        801 Brickell Avenue, Suite 1800
        Miami, Florida  33131
        Telephone: (305) 982-6300
        Facsimile:  (305) 536-4154

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that on September 24, 2009, I will mail the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel
Register No. 50690-018
Metropolitan Correctional Center, New York
150 Park Row
New York, NY 10007

        s/ Scott A. Masel
        Scott A. Masel, Esq.