UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                              CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP CAPITAL, LLC; SCOOP MANAGEMENT, INC.;
SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA
FUND, LTD.; VICTORY FUND, LTD.;
VIKING IRA FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT,

    Relief Defendants.
_____/

## **O R D E R**

Pending before the Court is a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure filed by counsel on behalf of William F. Bishop (Bishop), one of the many defrauded creditors of the investment fraud scheme devised and perpetrated by Defendant Arthur Nadel and his related corporate entities. Bishop seeks intervention in order to file a motion to dissolve the far-reaching injunction previously issued by this Court, which is preventing him from prosecuting a foreclosure

action in a Florida state circuit court against Home Front Homes, LLC, an entity which is part of the receivership estate,[1] as well as for other substantive relief.  Plaintiff, the Securities and Exchange Commission (the SEC), and the Receiver's counsel have filed responses opposing intervention.  A hearing on the motion has been scheduled for tomorrow, September 25, 2009, at 1:30 p.m.  After careful review of the prior history of this case, as well as the parties' submissions, the Court concludes that the motion is due to be denied thus obviating the need for a hearing.

The SEC and the Receiver's counsel initially contend that Section 23(g) of the Securities Exchange Act of 1934, codified at 15 U.S.C. § 78u(g), imposes an impenetrable barrier to the effort of Bishop to intervene in this case.  The Court, in an order denying a previous motion to intervene, recognized the split of authority among federal courts that have addressed the issue of whether Section 23(g) operates automatically to bar a third party from intervening in an enforcement action initiated by the SEC and further noted that the Eleventh Circuit Court of Appeals had yet to address this issue.[2]  The Court determined it was unnecessary to decide which line of authority it would follow "because Interveners in their perfunctory motion have wholly failed to demonstrate that they qualify for intervention either as a matter of right or permissively under Rule 24 of the Federal Rules of Civil Procedure."[3]

---

[1] See order entered August 10, 2009, at docket 172.

[2] See order issued February 11, 2009, at docket 45.

[3] See id.

The time has now come when the Court must resolve this issue in order to serve notice on all defrauded creditors and investors as to the Court's position so as to prevent any subsequent motions to intervene which require the SEC, the Receiver, and this Court to expend valuable time and resources resolving these motions.[4]  The Court determines in that regard that "[a]fter reviewing the legislative history, and reviewing other cases that have discussed this issue, this Court comes to the inescapable conclusion that Section 21(g) bars intervention."  Securities and Exchange Comm'n v. Cogley, 2001 WL 1842476 *5 (S.D. Ohio 2001) (and cases cited); see also Securities and Exchange Comm'n v. Homa, 2000 WL 1468726 *2 (N.D. Ill. 2000) (concluding that "[b]ecause the plain language of 15 U.S.C. § 78u(g) clearly bars FC&D's joining the SEC's enforcement action as a party, the Court denies the motion to intervene.") (and cases cited).

Moreover, as so cogently argued by the Receiver's counsel, allowing Bishop to intervene in this case would establish "a dangerous precedent," and "would undermine the efficient administration of this receivership and divert resources and the Receiver's efforts from activities intended to benefit the entire Receivership Estate."  As pointed out by the Receiver, this Court has previously embraced this argument in denying intervention to another third-party defrauded creditor.[5]  Bishop has failed to advance any persuasive argument why the Court should retreat from this position, especially in light

---

[4]  See order entered September 3, 2009, at docket 190 (detailing procedural history of case with respect to previous motions to intervene).

[5]  See order entered August 5, 2009, at docket 169, pages 2-3.

of the fact that, as reflected in the history of this case, the Receiver has acted with the utmost skill in marshaling the assets of the Receivership Estate for the benefit of all defrauded creditors in order to protect their financial interests. And, as previously observed by this Court, there will come a time when "the Court will implement a claims procedure designed to afford all disaffected investors the process they are due under the law with regard to their claimed interest in the estate's assets consistent with the principles of Securities and Exchange Commission v. Elliott, 953 F.2d 1560 (11th Cir. 1992)."[6]

Accordingly, for the reasons expressed, it is ordered and adjudged that Bishop's Motion to Intervene (Dkt. 193) is denied and the hearing scheduled for Friday, September 25, 2009, is cancelled.

**DONE AND ORDERED** at Tampa, Florida, on September 24, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[6] See order entered September 8, 2009, at docket 192.