UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: 8:09 CV 00087-T26 TBM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff

ARTHUR NADEL,
SCOOP CAPITAL, LLC
SCOOP MANAGEMENT, INC

Defendants

## MOTION TO COMPEL – VENICE CENTER

Earl Niemoth (Niemoth) and Thomas Neff (Neff) allege and states as follows:

### I. Background

1. Niemoth is a resident of Sarasota, Fl, and has large interest in aviation with 900 hours of Pilot in Command time, an instrument rating and 30 hours of acrobatic time. Neff is a resident of Novato, CA, and has 15,000 hours of Pilot in Command time, commercial pilot's license, instrument rating, flight instructors ratings, and Type ratings to fly jet and turbine aircraft. He also has owned for 20 years T. J. Neff's Aircraft of Novato, CA and is the largest aircraft brokerage firm in Northern California.

2. Both Neff and Niemoth have extensive managerial experience in Bank ownership, Neff; construction management, Niemoth. Over the past 20 years both Neff and Niemoth have extensive experience in raising capital. Banking for Neff, Real Estate for Niemoth.

3. Neff and Niemoth grew up together in Elmhurst, IL and have known each other for over 40 years.

4. In early March 2009, Niemoth read in the newspapers that the Venice Jet Center (Center) at the Venice airport in Venice, Florida was involved in serious legal issues and would be for sale.

5. Shortly thereafter Niemoth contacted Burt Wiand (Wiand) who had been appointed receiver over by this Court over the Center and many other entities

6. Wiand submitted a non-disclosure agreement that Neff and Niemoth signed in March 2009.
7. Wiand then made available a large amount of financial and other information to be picked up at the office of the General Manager of the Center: Mr. Roger Jernigan (Jernigan).
8. Niemoth went to the Center over a dozen times obtaining information from Jernigan which was given freely
9. In early July, 2009 Wiand via email and US Post, requested a Letter of Intent to Buy (LI), and to have it in his office no later than July 28, 2009.
10. Niemoth and Neff complied on time.
11. During this time extensive litigation had commenced between the City of Venice and the FAA. This litigation was spear headed by Wiand. The Center needed permits to build four additional hangers, which had been approved, but not released.
12. The financial condition of the Center was extremely poor. The Center had not made any money in 2007, 2008, and for the first months of 2009. These losses were in the low six figure range of losses. The 2008 IRS tax return also showed a six figure loss.
13. Neff and Niemoth took this into consideration when preparing their LI.
14. The LI was a negotiating document. The LI stated this. The LI said that once all of the terms of the LI were agreed upon, a binding offer to buy would be prepared. <u>Its opening gambit on cash to the receiver, even with all of the major issues enumerated above was</u> $100,000
15. In early August 2009, Niemoth contacted Wiand about our LI, and asked when we can start negotiating.
16. Wiand made it very clear, that in a matter of days, he would sit down with us, and have a "... good old Chicago style negotiating session." Both Neff and Niemoth are from the Chicago area.

## Count 1 – Refusal to Provide Financial Information

17. Neff and Niemoth repeats and realleges Paragraphs 1 – 16 of this Motion as if fully set forth herein.
18. On October 23, 2009 Niemoth called Jernigan and asked if could have an update on the financials for August, September and October month to date.
19. Jernigan stated unequivocally that he could NOT provide the information on the direct orders of Wiand
20. For a week Niemoth called Wiand's office, three times, and asked to speak with Wiand. No reply.
21. To date we have NOT received any update to the financials. See COUNT 2

## Count 2 – Refusal to Negotiate

22. Despite repeated phone calls, Wiand has never negotiated with Neff and Niemoth.

On October 16, 2009, Neff and Niemoth sent an email requesting a negotiating session. No answer. Here is the body of the email:

Burt,

I am requesting a 10 – 15 minute negotiating session for the VJC. No slam dunk in your face. A good old Chicago negotiating session that you have been promising me for the last three months.

From your offer to try and sell the VJV to the City of Venice, you don't really have any viable offers out there other than us.

When we do get together I will give you five reasons why the deal will never together, and it's in the appraisal process.

So let's let the past statements be trashed, and let's start over with a clean slate.

You have our Letter of Intent. Please update your understanding of our Letter of Intent. Based on the City's latest attitudes I have some good ideas.

We also will be in a reasonable position to raise our opening offer which was the cash and A/R amounts by a substantial 6 figure amount.

So let's talk.

Call me 24 / 7 including weekends.

Earl

**Earl J. Niemoth**

23. On October 26, 2009 Niemoth sent another email requesting the updated financials and to negotiate with Neff and Niemoth:

Sorry Burt,

One we cannot receive updated financials on your direct orders. What are you hiding?

Read our email.

We have called repeatedly for a negotiation session with you. You have ignored that for two months

We have NEVER had a negotiation session. Not one. What are you doing hiding or making side deals on the side.

Reread our email of later today. You have a propensity of never reading anything.

You have been supposedly making a deal for two months. Nothing has come to fruition on your part.

What's with the City of Venice offer you threw out?

Burt, if you do NOT negotiate with us, and provide us the latest financials, we are going to take this to a higher level.

What you are doing stinks. The higher level will start tomorrow.

Again something stinks as to what you are NOT doing.

You are going to start explaining your actions, or should I say non actions to a higher authority.

Tomorrow guaranteed.

Earl J. Niemoth

Wiand replied the same day:
Mr. Niemoth

I have been more that patient with you and give you every opportunity to submit a proposal that would be acceptable. You have not done so and I have moved on.

Thank you for your interest.

Burton W. Wiand

24. Burt Wiand has never negotiated with us.
25. From Jernigan, Wiand has been negotiating with another party for two months.
26. From Northern Trust bank, that holds a $2M mortgage on the Center's real estate, the Bank has been told for the last two months by Wiand that, he, Wiand; will have a Buyer in soon. Neff and Niemoth were not that party.

## Prayer for relief

27. That Wiand and his law firm Fowler and White be removed from all aspects of negotiating a sale of the Center, and
28. This Court make available any and all financials of the Center along with communications with the City of Venice, FAA proceedings, and any legal proceedings involving the Center, and
29. This Court appoint a body to negotiate the sale of the Center between Neff and Niemoth, and all other parties who have submitted, in writing offers, and
30. Not approve any sale until Neff and Niemoth's negotiations are complete,


Earl J. Niemoth

_____

4444 Swift Rd. #23
Sarasota, FL 34231
941/966-9746

Thomas J. Neff

*Tomas J. Neff*

351 Airport Rd. Suite 3
Novato, CA 94945
415/786-5151

This Motion was mailed via Priority mail to:

Clerk of US District Court
801 N. Florida Ave.
Tampa, FL 33602

This Motion was emailed to:

Burt Wiand, Esq

bwiand@fowlerwhite.com