# SETTLEMENT AGREEMENT

WHEREAS, by order dated June 3, 2009, the Court in <u>Sec. & Exch. Comm'n v. Arthur Nadel, et al.</u>, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), reappointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Real Estate, L.P.; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking IRA Fund, LLC; Viking Fund, LLC; Viking Management; Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District of Florida seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by John F. Fletcher in excess of his investment (the "Lawsuit"); and

WHEREAS, John F. Fletcher, without admitting liability, wishes to resolve these matters amicably; and

WHEREAS, any resolution of this action by agreement of the Receiver and John F. Fletcher is subject to approval by the Court presiding over the SEC Receivership Action,

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, John F. Fletcher has agreed to pay and the Receiver has agreed to accept a total of $66,586.83 in full settlement of the claims to be asserted in the Lawsuit, to be paid no


EXHIBIT A

later than fourteen (14) days after approval days after approval of this settlement by the SEC Receivership Court. Upon receipt and clearing of the final settlement payment, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged John F. Fletcher and his successors and assigns of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to John F. Fletcher's investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and the Receivership Entities.

In further consideration of the release of claims described above, John F. Fletcher warrants that $73,985.37 is the total amount of money or value he received from the Receivership Entities in excess of his investment, and John F. Fletcher agrees to waive and does hereby waive any claim he had, has, or hereafter may have against the Receiver and/or the Receivership Estate.

The Receiver and John F. Fletcher understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. John F. Fletcher understands and agrees that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter. To the extent necessary, John F.

Fletcher agrees to assist the Receiver in seeking the SEC Receivership Court's approval of this settlement.

The Receiver and John F. Fletcher agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and John F. Fletcher also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

_____  
John F. Fletcher

_____  
Burton W. Wiand, As Receiver  
of the Receivership Entities

Date: 10-14-09

Date: 10-14-09

40789379v1

3