

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO: 8:09 CV 00087-T26 TBM


SECURITIES AND EXCHANGE COMMISSION,


Plaintiff


ARTHUR NADEL,

SCOOP CAPITAL, LLC

SCOOP MANAGEMENT, INC


Defendants


## AMENDED MOTION TO INTERVENE


Earl Niemoth (Niemoth) and Thomas Neff (Neff) allege and state as follows:

1. They are a partnership with the intent to buy the Assets of the Venice Jet Center (Center).
2. They need to eventually conduct very limited discovery concerning just the sale of the Center.

# Background

3. Pursuant to Federal Rule 24, Intervention, (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
4. Niemoth and Neff's access to financial information of the *Center was* terminated by the Receiver, Burt Wiand (Receiver) on or about October 16, 2009.
5. Niemoth and Neff had been receiving regular updates from March 2009 through October 16, 2009
6. The Receiver demanded a "Letter of Intent" to buy, by July 28, 2009. Niemoth and Neff submitted such a "Letter of Intent" which detailed many of the interwoven issues along with an initial offer of $100,000 even though the Center had lost money in 2007, 2008, the 2008 tax return, and through June 2009's the Operating Statements.
7. Niemoth and Neff asked to negotiate with the
8. Receiver.After no response, Niemoth and Neff then offered to consider raising their offer with a six figure amount to the Receiver.
9. On four different emails and four phone calls Receiver always said that he was unavailable.
10. In this period the Receiver had started negotiations with the City of Venice, and other unnamed parties.
11. In docket 224 denying Movant's Motion to Intervene, Docket 223; this Court brings up another Motion to Intervene involving a William F. Bishop. Bishop wanted to Intervene so that he could prosecute ..."a foreclosure action in a Florida state circuit court against Home Front Homes, LLC, an entity which is part of the receivership estate..."

    a. This reference by this Court about the Bishop action does NOT apply to the Movant's Motion to Intervene.
        i. Movant's are NOT subsequently going to open up another law suit action.
        ii. Movant's will only refile, upon being allowed to intervene; our prior filed Motion to Compel under docket 213.
    b. This Court continues by bringing up 15 USC 78u(g): Consolidation of actions; consent of Commission.

    "Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, **no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, (emphasis added)** even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission."

    i. Movant's are not and will not consolidate this action with **any other action.**
    ii. If this Court allows us to intervene, it should be on the very narrow grounds that Movant's will simply refile their Motion to Compel, docket 213.

### Prayer for relief

12. That this Court grant Movant's Motion to Intervene, and
13. Whatever this Court deems just.

Earl J. Niemoth

*/s/ Earl J Niemoth/*

4444 Swift Rd. #23

Sarasota, FL 34231

941/966-9746

Thomas J. Neff

*/s/ Tom J Neff/*

351 Airport Rd. Suite 3

Novato, CA 94945

415/786-5151

This Motion was mailed via prepaid First mail to:

Clerk of US District Court

801 N. Florida Ave.

Tampa, FL 33602

This Motion was emailed to:

Burt Wiand, Esq

bwiand@fowlerwhite.com