Securities and Exchange Commission v. Nadel et al                                                               Doc. 23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                              Case No. 8:09-cv-0087-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

**DECLARATION OF CARL R. NELSON IN SUPPORT OF
RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE AS TO WHY
CONSERVATION EASEMENT SHOULD NOT BE EXTINGUISHED**

Carl R. Nelson declares as follows:

1.     I am an attorney with Fowler White Boggs P.A. in Tampa, Florida, and co-counsel in this matter for the Court-appointed Receiver, Burton W. Wiand (the "Receiver"). I make this declaration in support of the Receiver's Motion for Order to Show Cause as to why Conservation Easement Should Not Be Extinguished (the "Motion"), which is being filed along with this declaration.

Dockets.Justia.com

2. Attached as **Exhibit A** is a true and correct copy of the Deed of Conservation Easement, which shows that Laurel Mountain granted the 169-acre easement (the "Easement") that is the subject of the Motion to the Carolina Mountain Land Conservancy (the "Conservancy) on or about December 1, 2005.

3. Attached as **Exhibit B** is a true and correct copy of an appraisal of the 169 acres that are subject to the Easement.

4. Attached as **Exhibit C** are pertinent pages from Arthur Nadel and his wife's income tax return for the year 2005. Among other things, the tax return shows that Nadel took a deduction of $1,800,000 as "not capital gain property donated to 30% limit organizations." (Ex. C at 4.)

5. Attached as **Exhibit D** is a true and correct copy of the Order Reappointing Receiver and Complaint filed on June 10, 2009, in the Western District of North Carolina. These court documents establish that this Court has jurisdiction over the property that is the subject of the Receiver's Motion. *See* 28 U.S.C. § 754; *see also* 28 U.S.C. § 1692.

I declare under the penalty of perjury that the foregoing is true and correct and is executed this 23rd day of November, 2009.

s/ Carl R. Nelson  
Carl R. Nelson, FBN 0280186  
cnelson@fowlerwhite.com  
FOWLER WHITE BOGGS P.A.  
P.O. Box 1438  
Tampa, FL 33601  
T: (813) 228-7411  
F: (813) 229-8313

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel
Register No. 50690-018
Metropolitan Correctional Center, New York
150 Park Row
New York, NY 10007

I further certify that I mailed the foregoing document, its exhibits, and the notice of electronic filing by certified mail and email to counsel for the Carolina Mountain Land Conservancy and the Assistant Attorney General for the State of North Carolina at the following addresses:

Sharon B. Alexander
Prince, Youngblood & Massagee, PLLC
240 Third Avenue West
Hendersonville, NC 28739
sbalexander@pym-law.com
Co-Counsel for the Carolina Mountain Land Conservancy

William W. Weeks
The Conservation Law Center
116 S. Indiana Avenue
Bloomington, Indiana 47408
wwweeks@indiana.edu
Co-Counsel for the Carolina Mountain Land Conservancy

Sueanna P. Sumpter
North Carolina Department of Justice
Attorney General's Western Office
42 North French Broad Avenue
Asheville, North Carolina 28801
wossumpt@ncdoj.gov
Assistant Attorney General, State of North Carolina

s/ Carl R. Nelson
Carl R. Nelson, FBN 0280186