# 168.794 ACRE CONSERVATION EASEMENT LAND TRACT
## LAUREL MOUNTAIN PRESERVE
## BIRD CREEK ESTATES ROAD
## BUNCOMBE AND MCDOWELL COUNTIES, NC

**Prepared For:**
Mr. Art Nadel
Laurel Mountain Preserve
1618 Main Street
Sarasota, FL 34236

**Prepared By:**
David R. Roberts, SRA
Pattie J. Tennille, MAI, SRA
Tennille & Associates, Inc.
820B State Farm Road
Boone, North Carolina 28607
Federal Tax ID #56-1779936

**Effective Date of the Appraisal: November 1, 2005**

EXHIBIT
B

Dockets.Justia.com

October 19, 2005

Mr. Art Nadel
Laurel Mountain Preserve
1618 Main Street
Sarasota, FL 34236

Re: Laurel Mountain Preserve, 168.794 Acre Land Tract, Bird Creek Estates Road, Buncombe and McDowell Counties, NC

Dear Mr. Nadel:

In accordance with your request for an appraisal of the above referenced property, located in Buncombe and McDowell Counties, North Carolina, David R. Roberts, SRA, first inspected the subject property on July 21, 2005, and the final inspection was September 29, 2005 for the purpose of analysis for a charitable contribution due to the granting of a conservation easement. Pattie J. Tennille, MAI, SRA did not physically inspect the subject property. The effective date of the appraisal report for the purpose of estimating the charitable contribution is November 1, 2005.

Property rights appraised consist of the fee simple estate, all liens disregarded, assuming marketable title. The value reported in this appraisal is the Market Value of the conservation easement, determined by an analysis of the value of the property before and after the conservation easement is granted on all of the 168.794 acres of land. The market value before the granting of a conservation easement will be determined by the Sales Comparison Approach for the acreage parcel as-is and also will indicate the prospective market value of a proposed 12 site subdivision within the boundaries of the 168.794 acres of land. This value will be determined by the Subdivision Analysis method of value estimation. A reconciliation of value will determine the estimate of market value for the subject property prior to the granting of the conservation easement. The market value after a conservation easement is granted will indicate the value of all 168.794 acres placed in a conservation easement that has restricted usage with no development potential on a per acre basis. The specifics of the conservation easement and restrictions will be detailed more fully in the site description section of the report in the after value.

Simply stated, Market Value is that reasonable and probable price a property will bring when exposed for sale for a reasonable length of time. Implicit in the definition are various conditions, which will be explained in the body of the appraisal.

The report reflects prospective market value for the property prior to the granting of the easement and market value for the subject property after the granting of the easement. The values will be indicated and the difference will be noted as the value of the charitable contribution as of the specified date. Also considered will be enhancement value to adjoining owner properties.

We certify that we have no present or contemplated interest in the property appraised. The fee charged for our service is in no way related to the value reported. This appraisal assignment was not made, nor was the appraisal rendered on the basis of a requested minimum valuation, specific valuation, or on an amount, which would result in approval of a loan. The purpose of this appraisal is to estimate for federal income tax purposes the market value of a conservation easement as of the specified date, November 1, 2005. The report was prepared for use and submission to the Internal Revenue Service as evidence of the value of the charitable donation of a conservation easement. It is not to be distributed or to be relied upon by others without our written permission.

We concluded that the proposed concept plan of 12 single-family homesites is consistent with the highest and best use of the property. The conservation easement effectively eliminates future development of this nature in perpetuity, and meets the requirements outlined in the conservation easement act as permitted under section 1.170A-14 of the Internal Revenue Code of 1986.

The prospective market value of the subject land parcel, prior to the granting of the conservation easement, with the highest and best use as a 12-site subdivision, as of November 1, 2005, is:

## TWO MILLION THREE HUNDRED NINETY EIGHT THOUSAND DOLLARS
### ($2,398,000.00)

Market Value – After Conservation Easement Granted – 168.794 Acres conservation easement land:

## FOUR HUNDRED TWENTY TWO THOUSAND DOLLARS
### ($422,000.00)

Value of Conservation Easement (Difference):

## ONE MILLION NINE HUNDRED SEVENTY SIX THOUSAND DOLLARS
### ($1,976,000.00)

Pursuant to IRC §1.170 A-14(h)(3)(i), "…if the granting of a conservation easement has had an effect of increasing other property owned by the donor or a related person, the amount of the deduction for the conservation contribution shall be reduced by the amount of the increase in the value of the other property…"

Based upon market conditions as of November 1, 2005, the enhancement is deemed to be:       **$ 175,000.00**
(to adjoining owner homesites)

Total contribution market value:       **$1,801,000.00**

The appraiser understands that this appraisal is made in support of a gift of the conservation easement described herein and a taxpayer(s) deduction of the conservation contribution will probably be claimed and this appraisal is therefore prepared for income tax purposes; the date of contribution will be prior to December 31, 2005.

Sincerely,

*Pattie J. Tennille*

Pattie J. Tennille, MAI, SRA
NC General Appraiser #A287



David R. Roberts, SRA
NC General Appraiser # A1781



PJT:DRR/nkr

## Laurel Mountain Preserve
### 168.794 Acres
### Buncombe and McDowell Counties, NC

| | |
|---|---|
| **Location:** | **Laurel Mountain Preserve**<br>**Bird Creek Estates Road**<br>**Off Old Fort Road**<br>**Borders of Buncombe and McDowell**<br>**Counties, NC** |
| **Site Size:** | **168.794 Acres** |
| | **Before granting of conservation easement**<br>**Proposed residential subdivision**<br>**12 homesites - 168.794 acres** |
| | **After granting of conservation easement**<br>**168.794 acres – conservation easement land** |
| **Zoning:** | **None in Buncombe or McDowell Counties, NC** |
| **Date of Inspection:** | **July 21, 2005 and September 29, 2005** |
| **Effective Date of Value Estimate:** | **November 1, 2005** |
| **Date of Report:** | **October 19, 2005** |
| **Highest and Best Use:** | **Single Family homesites**<br>Before granting conservation easement<br>**Recreation land**<br>After granting conservation easement |

**Value Indications:**

| | |
|---|---|
| **Before Value:**<br>  **Residential subdivision**<br>  **(12 homesites)** | **$2,398,000.00** |

**After Value:**
    Conservation Easement Granted
    168.794 Acres

$422,000.00

**Value of Conservation Easement**
    (Difference)

$1,976,000.00

**Enhancement Value:**
**(Adjoining owner homesites)**

$  175,000.00

**Total Contribution**

$1,801,000.00

**Inspecting Appraiser:**

David R. Roberts, SRA

**Appraiser:**

Pattie J. Tennille, MAI, SRA

**Report Type:**

Complete Self-Contained

# ASSUMPTIONS AND LIMITING CONDITIONS

This appraisal is subject to the following underlying assumptions and qualifying and limiting conditions:

1.   This appraisal covers the property as described in this report, and the areas and dimensions as shown herein are assumed to be correct.

2.   The appraisers have made no survey of the property and assume no responsibility in connection with such matters. Any sketch or identified survey of the property included in this report is only for the purpose of assisting the reader in visualizing the property.

3.   Responsible ownership and competent management are assumed.

4.   No responsibility is assumed for matters involving legal or title consideration.

5.   The information identified in this report as being furnished by others is believed to be reliable, but no responsibility for its accuracy is assumed.

6.   Possession of this report, or a copy thereof, does not carry with it the right of publication, nor may it be used for any purpose by any but the client for whom it was made without the consent of the appraisers or the client.

7.   The appraisers are not required to give testimony or attendance in court by reason of this appraisal unless arrangements have been made previously thereof.

8.   The allocation of total value to land or to buildings, as shown in this report, is invalidated if used separately in conjunction with any other appraisal.

9.   Unless otherwise stated in this report, the existence of hazardous substances, including without limitation asbestos, polychlorinated biphenyls, petroleum leakage, or agricultural chemicals, which may or may not be present on the property, or other environmental conditions, were not called to the attention of nor did the appraiser become aware of such during the appraiser's inspection. The appraiser has no knowledge of the existence of such materials on or in the property unless test indicates such substances or conditions. If the presence of such substances, such as asbestos, urea formaldehyde foam insulation, or other hazardous substances or environmental conditions, may affect the value of the property, the value estimated is predicated on the assumption that there is no such condition on or in the property or in such proximity thereto that it would cause a loss in value. No responsibility is assumed for any such conditions, nor for any expertise or engineering knowledge required to discover them.

10. The Americans with Disabilities Act (ADA) became effective January 26, 1992. I have not made a specific compliance survey or analysis of this property to determine whether or not it is in conformity with the various detailed requirements of the ADA. Inspection could reveal that the property is not in compliance with one or more of the requirements of the act. If so, this fact could have a negative effect upon the value of the property. Since I have no direct evidence relating to this issue, I did not consider possible noncompliance with the requirements of ADA in estimating the value of the property.

11. This appraisal assignment was not made, nor was the appraisal rendered on the basis of a requested minimum valuation, specific valuation, or on an amount that would result in approval of a loan.

12. The property was inspected on July 21, 2005 and September 29, 2005 by David R. Roberts, SRA. Pattie J. Tennille, MAI, SRA did not physically inspect the subject property. The effective date of the appraisal is November 1, 2005.

## RESTRICTIONS UPON DISCLOSURE AND USE

Disclosure of the contents of this appraisal report is governed by the By-Laws and Regulations of the Appraisal Institute.

Neither all nor any part of the contents of this report (especially any conclusions as to value, the identity of the appraiser or the firm with which he or she is connected, or any reference to the Appraisal Institute, or to the MAI or SRA designations) shall be disseminated to the public through advertising media, public relations media, news media, sales media, or any other public means of communication without the prior written consent or approval of the appraiser.

# DESCRIPTION OF THE SUBJECT PROPERTY

## PURPOSE OF THE APPRAISAL

The purpose of this appraisal is to estimate the market value of a charitable contribution, due to the granting of a conservation easement on a 168.794-acre land tract, located in Buncombe and McDowell Counties, North Carolina. The appraisal report will estimate the before and after market value of the parcel. The market value of the property prior to the granting of the conservation easement will be determined by two analyses. The first analysis is the Sales Comparison Approach to determine the value for the acreage tract as-is. The second analysis is the Subdivision Analysis for a proposed 12-site subdivision that could be placed within the boundaries of the land parcel. The two values will be reconciled, and the value for the property prior to the granting of the conservation easement will be noted as the before value. The market value of the subject property after the conservation easement is granted is the value of the conservation easement land. The difference will be noted as the value of the conservation easement as of November 1, 2005. The inspection date was July 21, 2005 and September 29, 2005. Enhancement value to adjoining owner property because of a positive value contribution by the subject conservation easement land will be determined, and enhancement value will be deducted from the total charitable contribution.

Market Value is the most probable price that a property should bring in a competitive and open market under all conditions requisite to a fair sale; these conditions assume that the buyer and the seller will each act prudently and knowledgeably, and that the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

a) Buyer and seller are typically motivated;

b) Both parties are well informed or well advised, and each acting in what he or she considers his or her best interest;

c) A reasonable time is allowed for exposure in the open market;

d) Payment is made in terms of cash and US dollars or in terms of financial arrangements comparable thereto;

e) The price represents the normal consideration for the property sold unaffected

by special or creative financing or sales concessions granted by anyone associated with the sale.

(Source: Office of the Comptroller of the Currency under 12 CFR, Part 34, Subpart C-Appraisals, 34.42 Definitions [f].)

The Internal Revenue Service definition of market value, which is also considered is: "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts."

(Source: IRS Section 1.170A-14 (H)(3))

It is our conclusion that the highest and best use of the property, prior to the granting of the conservation easement, is the 12-site subdivision. This will be noted as the before value. The subject property will be analyzed by both the Sales Comparison Approach for the acreage parcel as a vacant tract of land and the Subdivision Analysis Method for the 12-site residential subdivision. The reconciliation will indicate that the highest and best use of the property is the proposed residential subdivision. The value of the subject property after a conservation easement is granted will be determined by the Sales Comparison Approach for the acreage placed in the easement. The difference will be noted as the value of the charitable contribution, less any enhancement to the adjoining owner land because of the conservation easement land.

## FUNCTION OF THE APPRAISAL

The appraisal is made for the information of Mr. Art Nadel of Laurel Mountain Preserve, the owner of the property. It is prepared for the owner's use and submission to the Internal Revenue Service as evidence of a value of a charitable contribution for the property due to the placing of a conservation easement. The appraisal will provide a market value of the property prior to the granting of the easement, and the market value of the property after the conservation easement is granted on the property. The difference in the two values, less enhancement, is the value of the charitable contribution. The conservation easement will be granted from the owners prior to December 31, 2005. No copy of the preliminary conservation easement documents were provided to the appraiser.

## SCOPE OF THE APPRAISAL

The subject property is a 168.794-acre tract of land that is to have a portion of the land placed in a conservation easement restriction that limits development. The purpose of this report is to provide a market value of the conservation easement. The first part of this process is to provide a market value of the subject property prior to the granting of the easement for the highest and best use of this land. The

site will be described more fully in the site description in the valuation of the property before the easement. The second section of the report, valuing the property after the easement is granted, utilizes vacant land tract sales, and also considers enhancement due to the conservation easement area adjoining other owner land. The difference in these two values, the before and after the easement value, is the value of the charitable contribution.

A value estimate for a property is typically based on the three generally accepted approaches to value. These approaches are the Cost, Sales Comparison and Income Approaches. In the case of the subject, which is vacant sites and land in the before value, the Cost or Income Approaches to Value are not applicable. The Subdivision Analysis Method and the Sales Comparison Approach to value will be applied to the subject property to provide an estimate of value. In estimating a market value for the subject property after the easement is granted, the same analysis for the conservation easement land will be utilized.

In researching this appraisal assignment, the appraiser used both primary and secondary sources of information. The courthouse, including the Registrar of Deeds Office and the Tax Supervisor's Office, was used to find and verify various pieces of information. Local brokers, local individual investors, and previous appraisals were also consulted for information. Local economic development studies were also consulted.

## AREA ANALYSIS

**Buncombe County.** The subject property is located in Buncombe and McDowell Counties, but for tax purposes and for market analysis is considered Buncombe County property. Only a small portion of the land is in McDowell County, and the property is economically affected most by Buncombe County, and is a growing residential market. Asheville is a county seat and Buncombe County is located 60 miles north of Greenville/Spartanburg, 115 miles east of Knoxville, TN, and 120 miles west of Charlotte, NC. Asheville is approximately 200 miles northeast of Atlanta, GA.

Major highways in the county include Interstate Highways 26 and 40 and US Highway 19 and 74. Rail service is provided to the county by Norfolk and Southern Railway. There are 40 motor freight carriers and the Asheville Regional Airport has service by US Air, US Air Express, Atlantic Southeast and Com-Air. There are 22 daily flights. The average temperature is 55 degrees Fahrenheit; rainfall is 47.6 inches and the average elevation in the county 2,165 feet. Asheville is located in southwestern North Carolina in the Smokey Mountain/Blue Ridge Mountain chain and has sloping to steep terrain throughout the mountain country. Approximately 50% of the land in the county is steep to the point of

being unusable. Major towns in the county include Asheville, the Biltmore Community, Black Mountain, Fairview, Swannanoa, and Weaverville. Asheville is the tenth largest city in North Carolina and the largest in western North Carolina.

The population in Buncombe County increased 12% from 1990 to 2000. The county population in 2000 was 206,330 persons. The largest center of population is in the 25 to 40 years of age bracket for both males and females. Residential growth and development has increased greatly in Buncombe County between 1996 and 2002. In 2004, total residential building permits issued totaled $30,000,000, which included 225 new residential permits.

Buncombe County has not suffered as large an economic downturn because of the heavy dependence on tourism as many North Carolina counties. The most recent unemployment figures available for year 2004 annual was 4.5% well below the statewide average of 6%. The employment is blended between 30% of service sector and 21% in retail and trade. Manufacturing is only 15% of overall employment, which indicates the reason for the lack of an economic downturn. The major manufacturing employers in Buncombe County include Sonia-Press, LLC, Square-D Electric Company, Charles D. Owens Manufacturing and Copper Bussmann. Other major employers in the county are Mission Saint Joseph Health System, the Buncombe County Board of Education, Buncombe County Government, Ingle's Markets, the City of Asheville, VA Hospital, the Grove Park Inn Resort, and Biltmore Estate and Wine Company.

Education in the county is broad based. There are 21 elementary schools, six middle schools and six high schools in Buncombe County. The total student enrollment as of fall 2005 is approximately 31,000. There are 1,800 teachers in the Asheville City Schools and the 1,900 teachers in Buncombe County. There are also 12 private schools in the county with over 2,000 students, 237 teachers, and a student to teacher ratio of 9 to 1. Colleges and universities in the county include the University of North Carolina at Asheville, Western Carolina University in nearby Cullowhee, Appalachian State University in Boone approximately 2 hours away, and also nearby Mars Hill College, Warren Wilson College, Montreat College, and Asheville/Buncombe Technical College with over 4,000 students.

The cost of living in Asheville, based on 100 as an average, ranks at 102.4 for all items, 102.2 for food and 114.9 for housing. The average home sales price for a three bedroom home is $175,000 and for a four bedroom home $325,000. Average weakly earnings in Buncombe County were $650 ranked 19th in the state of 100 counties. Per capita personal income for year ending 2004 was $29,500, 10th in the

state. Median family income was $53,500, 30th in the state, and gross retail sales for the 2004 was $950,000,000.

Recreational and cultural activities are vast. Asheville is the cultural center of western North Carolina with camping, fishing, golf, hiking, white water rafting, and mountain climbing in the mountain region. Area attractions for recreation activities include the Biltmore Estate Winery, Thomas Wolfe Memorial, the North Carolina Arboretum, Mount Mitchell State Park, Chimney Rock Park and Lake Lure, the Asheville Community Theater, the Asheville Tourist Semi-Pro Baseball Team, Blue Ridge Parkway, Pisgah National Forest, the Western North Carolina Nature Center, the Asheville Civic Center, and numerous art galleries. Community facilities are also broad and include over 280 churches representing all Protestant faiths, and five Catholic Parishes, two Synagogues and two Greek Orthodox churches. Billy Graham Center and Montreat Presbyterian Conference Center are also located in the county. There are 90 hotels and motels with approximately 8,000 rooms in the county, 30 bed and breakfasts with 200 rooms, two regional malls, and seven libraries with 8 branches. There are five hospitals with over 1,800 beds in the county and 18 nursing homes with over 1500 beds. There are 700 doctors and 160 dentist in the county. Communications include nine daily and weekly newspapers, 12 radio stations, 4 televisions stations in the viewing area, cablevision for the county, Bell South is the major telephone service provider, 20 post offices and all major companies represented in partial services. Buncombe County has council and manager forms of government with elected officials and appointed managers. The Buncombe County Sheriff's Department employs 300 persons. There are 200 firefighters in the city of Asheville and 1500 volunteers in the county. Buncombe County has 20 banks with 60 branches, and 10 credit unions with 10 branches. Utilities are provided by Carolina Light and Power Company, natural gas by Public Service Company of North Carolina, and water and sewer available in the towns of Black Mountain, Asheville, and other municipalities and countywide.

In summary, Buncombe County has not been as adversely affected by the economic downturn because of its lack of dependency on manufacturing. The unemployment rate is much below the statewide average. Retail and residential growth and development continue to occur. The continued increase in tourism and visitors to the area because of good access, air service and the beauty of the area are the major positive economic factors at the present time for Buncombe County.

# DESCRIPTION OF THE NEIGHBORHOOD

Within a community, there is a marked tendency toward the grouping of land uses. The areas devoted to these various uses are termed "physical neighborhoods." Neighborhood use in this context is further defined by the Appraisal Institute as follows:

"A portion of a larger community, or an entire community, in which there is a homogeneous grouping of inhabitants, buildings, or business enterprises. Inhabitants of a neighborhood usually have a more than casual community of interests and similarity of economic level or cultural background. Neighborhood boundaries may consist of well defined, natural or man-made barriers or they may be, more or less, well defined by distinct change in land use or in the character of the inhabitants."

The subject property is a portion of the Laurel Mountain Preserve, a new residential neighborhood located in rural Buncombe County at its intersection with McDowell County, North Carolina. A small portion of the subject site, the exact amount of which is unknown, approximately 10 acres, is located in McDowell County. The subject property has the majority of the land located in Buncombe County, and is located at the end of Bird Creek Estates Road, a private graveled road off Old Fort Road in eastern Buncombe County in the Broad River Township. The property has a physical address of Laurel Mountain Preserve, Bird Creek Estates Road, Black Mountain, Buncombe County, North Carolina. The property is located approximately 8 miles south of Black Mountain, 5 miles east of the Fairview Community, and is approximately 15 miles east of downtown Asheville, North Carolina. The subject site is located approximately 8 miles south Interstate Highway 40 at its intersection with NC Highway 9 in the Black Mountain Community of eastern Buncombe County, North Carolina. Laurel Mountain Preserve is in a rural neighborhood with sloping to steep terrain, typical of the mountain region, with no county water or sewer offered. Laurel Mountain Preserve is a planned residential community with 10 acre plus homesites that surrounds the subject conservation easement area that will have a total of 32 homesites. The subject property is a 168.794-acre portion of a total 448.3-acre land tract. The site, typical of the mountain region and the neighborhood, is sloping to steep with approximately 50% of the neighborhood land steep to the point of being unusable. The location midway between Black Mountain, Fairview, Lake Lure, and Asheville, although rural and remote, is very convenient to all of these locations, and is also very convenient to Interstate Highway 40. Several new residential communities have developed in the immediate market area, and will be noted in both the absorption analysis and the homesite sales utilized in the Subdivision Analysis. The Blue Ridge Mountains of North Carolina have experienced heavy growth and development on large acreage tracts

similar to the subject site for residential development over the past five-year period. Although remote in feel, the site is very convenient and is a prime development tract. The neighborhood is a good location for residential resort development as will be indicated by the similar market comparables utilized in the Subdivision Analysis. The site is taxed by Buncombe and McDowell Counties, has a small fire tax, and is in no municipal area. It is not provided water and sewer by any municipality. Homeowners will be required to install private wells and septic systems. Graveled road access to any neighborhood would be permissible with sites over 10 acres in size, which will be the case of the subject property. No zoning is in effect for either Buncombe or McDowell County, with subdivision restrictions not applying to any residential homesites larger than 10 acres in any subdivision of a land tract. This is the case of the proposed subject neighborhood. Considering access, location and privacy, the subject site is in a prime location for residential growth and development.

## ZONING

There is no countywide zoning in effect in either Buncombe or McDowell County that would affect the subject property. Subdivision regulations indicate any sites larger than 10 acres do not need county approval, and also would allow for graveled streets. The proposed 12 site subdivision within the boundaries of the 168.794 acres is an allowable use of the subject property.

## TAXES

The subject property is located in both Buncombe and McDowell County. However, the small portion of land in McDowell County is not taxed by McDowell County, but is noted as a portion of the property in Buncombe County. The one homesite in the proposed subdivision is located above the county line in the subdivision plan but is included in the assessment of the Buncombe property. Therefore, Buncombe County taxes will only be noted for the subject site. The parcel is currently identified as tax parcel 0637-00-81-0433 in the Buncombe County Tax Assessors Office as Laurel Mountain Preserve. It is noted as an acreage tract containing a total of 372.43 acres for the entire parcel of which the subject property is a portion. The land currently has an assessed value of $670,400. To determine a value for the 12 homesites that are all 10 acres or above, the following tax comparables will indicate probable values for the subject property. The current tax rate for Buncombe County is $.59 per $100 for 2005, with a $.07 per $100 fire tax additional for total tax assessment of $.66 per $100 value. The following are similar tax comparables in the market area to indicate probable tax values for the homesites.

| Site | | Tax Value |
|---|---|---|
| Lot 24 | High Cliffs | $250,000 |
| Lot 19 | High Cliffs | $400,000 |
| Lot 13 | Drovers Road Preserve | $150,000 |
| Lot 11 | Drovers Road Preserve | $125,000 |
| Lot 16 | Drovers Road Preserve | $250,000 |

All the tax comparables are in the immediate subject market area, and are larger homesites. This indicates probable annual tax values for the subject sites all 10 acres plus in size of $200,000 each. The probable annual taxes are as follows:

$200,000 probable annual tax value x $.66 per $100 value tax rate = $1,320 annual taxes

A tax map for the subject land parcel is included on the following page.



# Buncombe County, North Carolina

This map has been developed for use by the tax assessment process, and is not of survey quality.

**This property map is not a survey and should NOT be used as a survey.**

Grid is based on the North Carolina State Plane Coordinate System 1927 North American datum



North

7/21/2005  1:26 pm



One Parcel Selected

Township:  28

Pin Number :  0637 - 00 -71 - 9499

Owner:  LAUREL MOUNTAIN PRESERVE LLC

Account:  008184578

Situs Address:  l9999   OLD FORT RD

Acreage:                      358.75

Deed Date:    12 / 08 / 2003

Deed Book\Page:  3487 /0009

Plat Book\Page:  0090 / 0062

Tax Value:                          $0

Total Market Value:            $0

Total Appraised Value:        $0

# HISTORY OF THE SUBJECT PROPERTY

The subject property is a 168.794-acre portion of a total 448.3-acre tract of land that was acquired by the current owners, Laurel Mountain Preserve, LLC on December 4, 2003. The property is located in both Buncombe and McDowell Counties, North Carolina, with only a small portion of the property, approximately 44 acres, in McDowell County. The property was acquired in both counties from Ecohab Development Company, LLC, with the Buncombe County recording in Deed Book 3487, Page 9 and the McDowell County recording in Deed Book 762, Page 157 in the Register of Deeds Office for both counties. Deed stamps recorded in Buncombe County indicate a purchase price for the property confirmed by the buyer of $2,035,000 for the entire 448.3-acre tract of land located in both counties. The property was acquired by Ecohab Development Company, LLC from John R. and Tristen Green on April 10, 2001. This transaction is recorded in Deed Book 2457, Page 726 in Buncombe County, North Carolina, and in Deed Book 641, Page 258 in McDowell County, North Carolina. Deed stamps indicate a total purchase price of $950,000 for the property on this date. Also acquired by Ecohab Development Company, LLC from Betty C. and David West was Lot 101 of adjoining Bird Creek Estates on May 23, 2001. This transaction is recorded in Deed Book 2500, Page 532 in the Buncombe County Register of Deeds Office. Deed stamps indicate a purchase price for this section of the property of $31,500. A copy of the most recent legal descriptions for the subject property is located on the following pages.

Workflow 9999-00252902

## BOOK 3487
## PAGES 9 - 10

Buncombe County, NC
Recorded 12/08/2003      01:11:05pm
No 9999-00252902       1 of   2 pages
Excise Tax:              $4,061.00
Otto W. DeBruhl, Register of Deeds

---

Excise Tax $4,061.00          Do NOT write above this line.          Recording: Time, Book and Page

---

# NORTH CAROLINA GENERAL WARRANTY DEED

This instrument prepared by: Wilder Wadford, Attorney at Law    Return to:   See below
Brief description for the Index:
This Deed made this   4   Day of   DECEMBER   , 2003, by and between Grantor and Grantee:
Enter in appropriate block for each party: Name, address, county, state and if appropriate entity (i.e. corporation, partnership). The designation Grantor and Grantee as used herein shall include all parties, their heirs, successors and assigns and shall include singular, plural, masculine, feminine or neuter as required by context.

**Grantor:**   ECOHAB DEVELOPMENT COMPANY, LLC

**Grantee:**   LAUREL MOUNTAIN PRESERVE, LLC

1668 Main Street, Sarasota, FL 34236

**Transfer of Ownership:** Grantor, for a valuable consideration paid by Grantee, the receipt of which is hereby acknowledged, conveys to Grantee in fee simple, the Property described below:

**Property:** City of
Township of   NO. 28   County of   BUNCOMBE   , North Carolina and Township of CROOKED CREEK
County of   MCDOWELL   , North Carolina.
This property was acquired by Grantor by an instrument recorded in Book _____, Page _____, _____ County.
A map showing the property is recorded in Plat Book _____, Page _____, _____ County.
The legal description of the Property is:

BEING 448.30 acres, more or less (426.653 acres after exception below), as shown in a plat recorded in Plat Book 90 at Page 62, Buncombe County Registry, and in Plat Book 9 at Page 41, McDowell County Registry, reference to which are made for a more particular description.

LESS AND EXCEPTING Lots 105, 107, 108 and 110 as shown in a plat recorded in Plat Book 46 at Page 163, Buncombe county Registry, reference to which is made for a more particular description.

REFERENCE is made to Deed Book 2457 at Page 726 and Deed Book 2500 at Page 532, Buncombe County Registry and Deed Book 641 at Page 258, McDowell County Registry.

TOGETHER WITH AND SUBJECT TO easements, restrictions and rights of way of record.

Continued on Page 2

| After recording mail to:   (Box 81)   (JRR) | Tax Lot No:_____ |
|---|---|
| John R. Rose      03–5243 | Parcel Identifier No._____ |
| Attorney at Law | Verified By_____ County |
| P. O. Box 7436 | On the ___ Day of _____, 2003. |
| Asheville, NC 28802 | By _____ |
| | Page 1 of 2 |

24

2

Continued from Page 1

TO HAVE AND TO HOLD the said Property and all privileges and appurtenances (rights) belonging to Grantee, in fee simple.

**Promises by Grantor:** Grantor promises (covenants) with Grantee, that Grantor has title to the Property in fee simple; has the right to convey the title in fee simple; that the title is marketable and free and clear of all liens and encumbrances (i.e. mortgages and judgements), and Grantor will warrant and defend the title against the lawful claims of all persons, except for the following exceptions:

TOGETHER WITH AND SUBJECT TO easements, restrictions, rights of way of record and ad valorem taxes for 2003..

**Signatures:** Grantor has duly executed the foregoing instrument, as of the day and year first written above.

| Entity | Individual |
|---|---|
| Name: EcoHab Development Company, LLC | _____ (SEAL) |
| By: _____ | _____ (SEAL) |
| Title: Manager | _____ (SEAL) |
| Name: _____ | _____ (SEAL) |
| By: _____ | _____ (SEAL) |
| Title: _____ | _____ (SEAL) |

**INDIVIDUAL**

STATE OF _____ COUNTY OF _____
I, a Notary Public of the County and State aforesaid, certify that _____

Grantor personally came before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 2003.
My Commission Expires: _____                     _____ Notary Public

**INDIVIDUAL**

STATE OF _____ COUNTY OF _____
I, a Notary Public of the County and State aforesaid, certify that _____

Grantor personally came before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 2003.
My Commission Expires: _____                     _____ Notary Public

**ENTITY:** Corporation, Limited Liability Company, General Partnership, or Limited Partnership
STATE OF North Carolina, COUNTY OF Buncombe
I, a Notary Public of the County and State aforesaid, certify that ALLEN W. TUCKER personally came before me this day and acknowledged that he is The Manager
of EcoHab Development Company, LLC, a North Carolina limited liability company and that by authority duly given and as an act of the Entity, has signed the foregoing instrument in its name and on its behalf as its act and deed. Witness my hand and official stamp or seal, this 5
day of December, 2003.
My Commission Expires: 12/5/04        Elizabeth B. Oliver Notary Public

The foregoing Certificate(s) of   Elizabeth B. Oliver

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.
Otto W. DeBruhl          REGISTER OF DEEDS FOR Buncombe COUNTY
BY Alird B. Rogers                    Deputy/Assistant Register of Deeds

25

```
2003020614
MCDOWELL CO, NC FEE $17.00
NO TAXABLE CONSIDERATION
PRESENTED & RECORDED:
12-09-2003  10:42:54 AM
Patricia A. Reel
REGISTER OF DEEDS
BY: PATRICIA A REEL

BK:CRP 762
PG:157-158
```

| Excise Tax $0 | Do NOT write above this line. | Recording: Time, Book and Page |
|---|---|---|

# NORTH CAROLINA GENERAL WARRANTY DEED

This instrument prepared by: Wilder Wadford, Attorney at Law (Return to: See below)
Brief description for the Index:
This Deed made this ___4___ Day of __DECEMBER__ , 2003, by and between Grantor and Grantee:
Enter in appropriate block for each party: Name, address, county, state and if appropriate entity (i.e.
corporation, partnership). The designation Grantor and Grantee as used herein shall include all parties,
their heirs, successors and assigns and shall include singular, plural, masculine, feminine or neuter as
required by context.

Grantor:     **ECOHAB DEVELOPMENT COMPANY, LLC**

Grantee:     **LAUREL MOUNTAIN PRESERVE, LLC**

    1668 Main Street, Sarasota, FL 34236

**Transfer of Ownership:** Grantor, for a valuable consideration paid by Grantee, the receipt of which is hereby
acknowledged, conveys to Grantee in fee simple, the Property described below:

**Property:** City of _____
Township of _____ NO. 28 ___ County of __BUNCOMBE__ , North Carolina and Township of __CROOKED CREEK__
County of __MCDOWELL__ , North Carolina.
This property was acquired by Grantor by an instrument recorded in Book____, Page ___, _____ County.
A map showing the property is recorded in Plat Book_____, Page _____, _____ County.
The legal description of the Property is:

BEING 448.30 acres, more or less (426.653 acres after exception below), as shown in a plat
recorded in Plat Book 90 at Page 62, Buncombe County Registry, and in Plat Book 9 at Page 41,
McDowell County Registry, reference to which are made for a more particular description.

LESS AND EXCEPTING Lots 105, 107, 108 and 110 as shown in a plat recorded in Plat Book
46 at Page 163, Buncombe county Registry, reference to which is made for a more particular
description.

REFERENCE is made to Deed Book 2457 at Page 726 and Deed Book 2500 at Page 532,
Buncombe County Registry and Deed Book 641 at Page 258, McDowell County Registry.

TOGETHER WITH AND SUBJECT TO easements, restrictions and rights of way of record.

APPROVED TO RECORD
TAX DEPARTMENT
An  12/9/03

(seal: APPROVED BY ___ CRA)

Continued on Page _____

| After recording mail to: (JRR) 03-5243 | Tax Lot No: _____ |
|---|---|
| John R. Rose | Parcel Identifier No. _____ |
| Attorney at Law | Verified By _____ County |
| P. O. Box 7436 | On the ____ Day of _____, 2003. |
| Asheville, NC 28802 | By _____ |
| | Page 1 of 2 |

Continued from Page 1

## CRP 762 158

TO HAVE AND TO HOLD the said Property and all privileges and appurtenances (rights) belonging to Grantee, in fee simple.

**Promises by Grantor:** Grantor promises (covenants) with Grantee, that Grantor has title to the Property in fee simple; has the right to convey the title in fee simple; that the title is marketable and free and clear of all liens and encumbrances (i.e. mortgages and judgements), and Grantor will warrant and defend the title against the lawful claims of all persons, except for the following exceptions:

TOGETHER WITH AND SUBJECT TO easements, restrictions, rights of way of record and ad valorem taxes for 2003.

**Signatures:** Grantor has duly executed the foregoing instrument, as of the day and year first written above.

| Entity | Individual |
|---|---|

Name: EcoHab Development Company, LLC _____ (SEAL)

By: _____ _____ (SEAL)

Title: ____Manager_____ _____ (SEAL)

Name: _____ _____ (SEAL)

By: _____ _____ (SEAL)

Title: _____ _____ (SEAL)

---

### INDIVIDUAL

STATE OF _____ COUNTY OF _____
I, a Notary Public of the County and State aforesaid, certify that _____

Grantor personally came before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this____ day of _____, 2003.
My Commission Expires: _____ Notary Public

### INDIVIDUAL

STATE OF _____ COUNTY OF _____
I, a Notary Public of the County and State aforesaid, certify that _____

Grantor personally came before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this____ day of _____, 2003.
My Commission Expires: _____ Notary Public

**ENTITY:** Corporation, Limited Liability Company, General Partnership, or Limited Partnership
STATE OF North Carolina COUNTY OF Buncombe
Notary Public of the County and State aforesaid, certify that ALLEN W. TUCKER personally came before me this day and acknowledged that he is ____The Manager_____
of EcoHab Development Company, LLC, a North Carolina limited liability company and that by authority duly given and as an act of the Entity, has signed the foregoing instrument in its name and on its behalf as its act and deed. Witness my hand and official stamp or seal, this 5th day of December, 2003.
My Commission Expires: 12/5/09 Elizabeth B. Oliver Notary Public

The foregoing Certificate(s) of _____

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.
REGISTER OF DEEDS FOR _____ COUNTY
BY _____ Deputy/Assistant-Register of Deeds

Patricia A. Reel
Register of Deeds

# McDowell County
# Register of Deeds

21 South Main Street, Suite A • Marion, NORTH CAROLINA 28752
Telephone 828-652-4727 • Fax 828-652-1537 • E-Mail register@mcdowell.main.nc.us



*****************************************************************

Filed For Registration: 12/09/2003

Book: CRP 762   Page: 157-158

Document No.: 2003020614

DEED 2 PGS  0.00

Recorder: JANE B MCGEE

*****************************************************************

State of North Carolina, County of Mcdowell

The foregoing certificates of ELIZABETH B OLIVER Notary(ies) Public is(are) certified to be correct this 09TH of DECEMBER 2003.

PATRICIA A. REEL, REGISTER OF DEEDS

BY: _____

DEPUTY REGISTER OF DEEDS

*****************************************************************

### DO NOT REMOVE!

This certification sheet is a vital part of your recorded document. Please retain with original document and submit when re-recording.

28

## DESCRIPTION AND VALUATION OF THE PROPERTY BEFORE CONSERVATION EASEMENT

## SITE DESCRIPTION

The subject property is a 168.794-acre portion of the Laurel Mountain Preserve land that has the following physical characteristics:

Location:

The subject site is located on the eastern boundary of Laurel Mountain Preserve property at the end of Bird Creek Estates Drive, the private graveled road access to the subject property. The property is located in Buncombe and McDowell Counties at the county boundary, with only a small portion of the land in McDowell County. The property has a physical address of Bird Creek Estates Road, Black Mountain, North Carolina. The property is within the boundaries of Laurel Mountain Preserve, a total 448.3-acre land tract, the remaining area of which is being developed into residential homesites.

Size, Shape
And Dimensions:

A survey of the subject tract follows this site description, and a site plan for the 168.794 acres of land. The tract is irregular in shape with access from Bird Creek Estates Road and existing graveled roads from adjoining Laurel Mountain Preserve. The tract of land is located on the eastern boundary of Laurel Mountain Preserve land, and runs on a south to north flow toward the McDowell county line.

Proposed within the boundaries of the 168.794 acres of land are twelve 10 acres plus residential homesites that would be accessed from graveled streets similar to those in adjoining Laurel Mountain Preserve. A site plan of these 12 homesites, and also a site plan indicating the location of the proposed sites adjoining the boundaries of Laurel Mountain Preserve, is located following this site description. The sites are all 10 acres plus in size and have sloping to steep topography. Six of the sites are average interior lots with some views, and six of the sites are long-range view lots. A copy of the subdivision plan follows this site description.

| | |
|---|---|
| Soil: | The soil type common to the North Carolina mountains is loam. There appears to be no soil or subsoil conditions, which would adversely affect the value. See Limiting Condition Number 9 in the beginning of this appraisal report. |
| Access: | Access to the subject property is from Bird Creek Estates Road, a private graveled road with deeded right-of-way to the subject site off Old Fort Road, which is a public paved street. To provide access to the proposed 12 homesites within the boundaries of the property, gravel road construction would be necessary. Trantham and Son Grading Company, providing construction in adjoining Laurel Mountain Preserve, has provided an estimate of road costs at $80 per linear foot for 5,000 linear feet of graveled streets. Utilities would be run along these roadways at an additional cost of $10 per linear feet, which would be a total cost of $90 per linear feet of utilities and roads at 5,000 linear feet. This a total cost of $450,000. |
| Utilities: | Utilities available to the site include public electricity, telephone and cablevision. Each site would require a private well and septic system with no countywide water or sewer available in Buncombe County, North Carolina. The cost of installation of the utilities was also provided and will be discussed in the subdivision analysis. |
| Topography: | Typical of the mountain region, the subject tract is sloping to steep with the steepest terrain on the northwestern site boundary, however access could be provided from the interior of the site along the graveled roads. The eastern site boundary, which is also sloping to steep is not utilized for residential use but is left as open space. The topography of the tract with 10 acre plus homesites is well utilized by the proposed subdivision plan. |
| Flood Zone: | The subject property is not in a hazardous flood zone and can be found on FIRM Flood Map 37021C0360C |

for Buncombe County, North Carolina dated May 6, 1996. A copy of this map follows the site description.

Site Improvements:      Site improvements will consist of 5,000 linear feet of graveled streets, and underground utilities along the roadways. A small amount of signage and landscaping will also be necessary.

The following page contains a survey sketch of the property, a subdivision plan and a flood map.



THE AREA SHOWN IS APPROXIMATE.
THIS DOES NOT REPRESENT A
CURRENT BOUNDARY SURVEY.

APPROXIMATE AREA
168.794 ACRES

Preliminary Plat
Not for recordation
or conveyance

THIS MAP IS OF AN
EXISTING PARCEL OF LAND.

LAUREL MOUNTAIN PRESERVE

BROAD RIVER TOWNSHIP    BUNCOMBE COUNTY, N.C.

SCALE: 1" = 300'    DATE = 9-16-2005