UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ARTHUR NADEL;
SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.,

        Defendants.         CASE NO.: 8:09-cv-87-T-26TBM

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD;
VICTORY FUND, LTD;
VIKING IRA FUND, LLC;
VIKING FUND, LLC;
VIKING MANAGEMENT, LLC,

        Relief Defendants.
_____/

**THE RECEIVER'S UNOPPOSED MOTION
TO WAIVE IMPOSITION OF FILING FEES**

Pursuant to Local Rule 3.01, the Receiver, Burton W. Wiand ("Receiver"), moves the Court to waive the imposition of filing fees for lawsuits he will initiate in an effort to recover money and other assets for the receivership estate. Waiver of filing fees is necessary to conserve the assets of the receivership estate, and is warranted because, when considering the

alternatives to the Receiver's efforts, the waiver does not negatively impact the United States. Without the Receiver's efforts, the Securities and Exchange Commission (the "SEC") would have to pursue the activities of the Receiver, which would (1) result in a significant additional expense for the U.S. Government and (2) generate no filing fees as the SEC is not subject to them.

## BACKGROUND

The SEC initiated this suit alleging that Defendant Arthur Nadel orchestrated a fraudulent investment scheme through Defendants Scoop Capital, LLC, and Scoop Management, Inc., and overstated the value of purported investments by approximately $300 million. (Compl. ¶ 2 (Doc. 1).) The SEC brought this suit to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets . . . ." (*Id.* ¶ 7.) Mr. Wiand was appointed by this Court as Receiver for Defendants Scoop Management and Scoop Capital and for Relief Defendants Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, Ltd; Victory Fund, Ltd; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC. (Order Appointing Receiver at 1-2 (Doc. 8).) Mr. Wiand subsequently also was appointed Receiver for Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; A Victorian Garden Florist, LLC; Viking Oil & Gas, LLC; and Home Front Homes, LLC (all of the entities in receivership are referred to collectively as the "Receivership Entities").

Pursuant to the Order Reappointing Receiver (Doc. 140), the Receiver has the duty and authority to:

> Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in the Receivership Entities, including against their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florioda Statute §726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order."

Order Reappointing Receiver ¶ 2.

In an effort to fulfill his responsibilities, the Receiver will commence lawsuits to recover assets for the receivership estate (the "Receiver's lawsuits"), including against investors who received transfers from Receivership Entities that exceeded the amounts those investors invested (i.e., investors who enjoyed false profits) and others who benefitted from improper transfers from those entities. At this time, the Receiver anticipates filing upwards of 100 lawsuits. The commencement of these actions would require the Receiver, pursuant to 28 U.S.C. §1914, to pay United States District Court, Middle District of Florida Civil Case Filing Fees of $350 per action (the "filing fee"). In light of the anticipated large volume of

lawsuits, the filing fees, which would be paid from receivership estate assets, would be very significant.[1]

## MEMORANDUM OF LAW

The Receiver functions as an agent of the Court. *See SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992); *SEC v. Loving Spirit Foundation, Inc.,* 392 F.3d 486, 490 (D.C. Cir. 2004); *Crites, Inc., v. Prudential Ins. Co. of America et al.,* 322 U.S. 408, 414-15 (1944); *Phelan v. Middle States Oil Corp.*, 154 F.2d 978, 991 (2d Cir. 1946); *see also Gulf Refining Co. v. U.S.*, 269 U.S. 125, 139 (1925). In that role, the Receiver, pursuant to the Court's orders, has engaged and continues to engage in a broad range of efforts to investigate the scheme underlying this case, to identify and trace the movement of assets, and to recover and administer assets for eventual liquidation and distribution to claimants. By fulfilling his obligations, the Receiver (funded from assets of the receivership estate and not by the U.S. Government) spares the SEC the need to undertake considerable efforts to investigate the affairs of Defendants, Relief Defendants, other receivership entities, and other persons and entities as they relate to matters that are not directly relevant to the prosecution of the federal securities fraud claims in this case; to marshal and administer assets; to institute and oversee a claims process; and to eventually distribute remaining assets to qualifying defrauded investors and other creditors. In other words, because of the Receiver's extensive efforts, the SEC's continued prosecution of this case is more narrowly focused.

---

[1] Although the Receiver believes the circumstances of this proceeding warrant waiver of the full filing fee, the Receiver respectfully requests that, at a minimum, the Court grant a partial waiver of the imposition of the filing fees and reduce those fees for the Receiver's lawsuits to $190 per action. That amount represents the amount deposited with the Treasury to offset funds appropriated for the operation and maintenance of the U.S. Courts pursuant to 28 U.S.C. §1931(a).

By fulfilling his obligations and sparing the SEC the need to undertake broader efforts, the Receiver's work generates two considerations that are relevant to this motion. First, the Receiver's efforts save the U.S. Government the considerable cost of having the SEC pursue the matters pursued by the Receiver. Second, if the SEC was pursuing them instead of the Receiver, the U.S. Government would not receive the benefit of any filing fees because the SEC is not required to pay them. *See* 28 U.S.C. § 1914; *U.S. v. Spann*, 797 F.Supp. 980 (S.D. Fla. 1992) ("[T]he clerks of the United States District Courts have not required the government, as a party in any civil action, to pay a filing fee, pursuant to 28 U.S.C. §1914(a) . . . ."); *U.S. v. Orenic*, 110 F.R.D. 154 (W.D. Va. 1986) (noting that the 1919 Salary Act "prohibit[s] a filing fee to be charged to the United States in civil actions").

U.S. District Courts have broad power to supervise an equity receivership and to determine appropriate actions to achieve orderly and efficient administration. *SEC v. Hardy,* 803 F.2d 1034, 1037 (9th Cir. 1986); *SEC v. Lincoln Thrift Association,* 577 F.2d 600, 606 (9th Cir. 1978); *SEC v. Safety Finance Service, Inc.,* 674 F.2d 368, 373 (5th Cir. 1982); *International Manufacturing Co. v. Landon, Inc.,* 327 F.2d 854 (9th Cir. 1964); *SEC v. Keller Corp.*, 323 F.2d 397 (7th Cir. 1963). Further supporting the broad powers of a U.S. District Court in its administration of a receivership is the abuse of discretion standard applied in reviewing the Court's supervisory activity. *Hardy*, 803 F.2d at 1038. Waiver of filing fees for the Receiver's lawsuits is consistent with the goals of this receivership and the Court's powers.

The Receiver respectfully suggests that any civil action he commences to recover, marshal, and safeguard assets of the Receivership Entities could be designated in the case

5

caption as follows: "**RECEIVER'S ACTION IN ACCORDANCE WITH ORDERS APPOINTING RECEIVER (Case No. 8:09-cv-87-T-26TBM, Docs. 8, 140)**." In the event the Court grants this motion, that legend would alert the Clerk that no filing fee is due for that action.

## CONCLUSION

For these reasons, the Receiver respectfully requests that the Court enter an Order waiving the imposition of filing fees for suits brought by the Receiver to recover, marshal, and safeguard assets for the receivership estate.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for the Receiver has conferred with counsel for the SEC, and the SEC's counsel has no objection to the relief sought in this motion.

## CERTIFICATE OF SERVICE

I certify that on December 1, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of the foregoing document and the notice of electronic filing will be mailed on December 2, 2009, by first-class mail to the following non-CM/ECF participant:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional Center
> 150 Park Row
> New York, NY 10007

s/ Gianluca Morello
Gianluca Morello, FBN 034997
gmorello@wiandlaw.com
WIAND GUERRA KING P.L
3000 Bayport Drive
Suite 600
Tampa, FL 33607
Tel. 813-347-5100
Fax 813-347-5199

Attorneys for the Receiver, Burton W. Wiand