UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                Case No. 8:09-cv-0087-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.
_____/

**SUPPLEMENT TO RECEIVER'S MOTION FOR ORDER
TO SHOW CAUSE AS TO WHY CONSERVATION EASEMENT
SHOULD NOT BE EXTINGUISHED (DOC. 236)**

Burton W. Wiand, as Receiver (the "Receiver"), supplements his Motion for Order to Show Cause as to Why Conservation Easement Should Not be Extinguished (the "Motion") (Doc. 236) with a request for additional relief: that the Carolina Mountain Land Conservancy (the "Conservancy") show cause as to why it should not return to the Receivership estate $30,429 (and any other money) transferred to it by (i) the Guy-Nadel Foundation, Inc. (the "Foundation"), an entity in Receivership, and (ii) Defendant Arthur

Nadel and his wife, Marguerite "Peg" Nadel (collectively, the "Nadels"). The Receiver files contemporaneously with this Supplement the Declaration of Carl R. Nelson ("Nelson Decl.") which attaches documents showing the transfer of funds from the Foundation to the Conservancy.

In the Motion, the Receiver seeks an order directing the Conservancy to show cause, within a reasonable amount of time, as to why a 169-acre conservation easement (the "Easement") granted in 2005 and currently held by the Conservancy should not be extinguished. Recently, the Court granted the Motion (Order, Nov. 24, 2009 (Doc. 238)) and ordered the Conservancy to file a response to the order to show cause on or before December 18, 2009. (Order, Dec. 2, 2009 (Doc. 243).)[1]

Since the Receiver filed the Motion, his investigation has revealed that the Conservancy also received at least seven transfers of money in 2004 and 2005 totaling $30,429 from the Foundation and Nadel as follows:

---

[1] This deadline was set following the Conservancy's unopposed motion to continue deadlines and the show-cause hearing (Doc. 241). In that motion, the Conservancy noted that it had not been "served" with the Receiver's Motion. (*See* Conservancy's Unopposed Mot. for Enlargement of Time ¶¶ 3, 5.) To the extent the Conservancy believes that it needs to served in accordance with the rules governing service of process, it is wrong. Formal service of process is not required for the initiation of summary proceedings such as these. *See, e.g., United States v. Manhattan Central Capital Corp.*, 2001 WL 902573, *5 (S.D.N.Y. July 26, 2001) ("For receivership matters, this Court can use summary procedures for service of process, so long as notice and an opportunity for a full hearing are given . . . ."); *FTC v. Crittenden*, 823 F. Supp. 699, 702 (C.D. Cal. 1993) (finding that service of a petition – without a summons – by regular mail was sufficient in a summary proceeding involving distributions to creditors). In *Manhattan Central*, the Court found that sending a notice of hearing on an order to show cause via overnight mail, "as opposed to the service of process provided by the Federal Rules of Civil Procedure," provided the third party sufficient notice and ample opportunity to be heard. *Manhattan Central*, 2001 WL 902573 at *5.

| Date of Check | Transferor | Transferee | Type | Amount |
|---|---|---|---|---|
| 12/29/04 | Nadels | Conservancy | Check | $5,000 |
| 03/16/05 | Foundation | Conservancy | Check | $1,000 |
| 11/21/05 | Foundation | Conservancy | Check | $7,214 |
| 04/19/06 | Foundation | Conservancy | Check | $2,500 |
| 04/04/07 | Foundation | Conservancy | Check | $7,215 |
| 07/31/07 | Foundation | Conservancy | Check | $1,500 |
| 06/18/08 | Foundation | Conservancy | Check | $6,000 |
| | | | | **Total: $30,429** |

(*See* Nelson Decl. Ex. 1-7.) These seven transfers were gifts with no monetary consideration. (*See id*.)

The Foundation was a Florida non-profit corporation formed in December 2003, and its president and incorporator was Defendant Arthur Nadel. (*See* Receiver's Decl. in Support of 3d Unopposed Mot. to Expand Scope of Receivership (Doc. 62) ("Receiver's Decl.") ¶¶ 17-18.) The Foundation was funded with proceeds of Nadel's fraudulent scheme; the details of that scheme are set forth in the Motion. (*Id*. ¶ 20; Mot. at 2-3.) On March 6, 2009, the Receiver filed (i) his third unopposed motion to expand the scope of Receivership (Doc. 61) to include the Foundation and (ii) his declaration in support of the motion, with exhibits (Receiver's Decl. (Doc. 62)). On March 9, 2009, the Court granted the motion and appointed Mr. Wiand Receiver over the Foundation. (Doc. 68.) As shown in the Receiver's Declaration, the funds that Nadel caused the Foundation to transfer to the Conservancy were derived from Nadel's scheme and, ultimately, from defrauded investors. (*See* Receiver's Decl. ¶¶ 16-23.)

Similarly, as noted in the Motion, during the course of the scheme the Nadels did not have a source of meaningful money other than from the scheme. (*Id*. ¶ 14.) As such, the

money transferred directly by the Nadels[2] to the Conservancy also was derived from the scheme.

The same arguments and legal authorities discussed in the Motion (Doc. 236) also apply to this supplemental request for recovery of the $30,429 (and any other gift) that Nadel transferred or caused the Foundation to transfer to the Conservancy in 2005. As a matter of equity, the $30,429 should be returned to the Receivership estate so that ultimately it can be distributed, along with other assets, to defrauded investors who funded the gifts to the Conservancy in the first place. *See e.g.*, *SEC v. Elliott,* 953 F.2d 1560, 1566 (11th Cir. 1992) (describing the court's wide discretion derived from the inherent powers of an equity court to fashion relief); *SEC v. Credit Bancorp, Ltd.*, 93 F. Supp. 2d 475, 476-77 (S.D.N.Y. 2000). In addition to equitable reasons, the $30,429 should be returned to the Receivership as a matter of law because the transfers to the Conservancy violated the Uniform Fraudulent Transfer Act ("UFTA"). *See Scholes v. Lehmann*, 56 F.3d 750, 754,761 (7th Cir. 1995); *see also See* N.C. Gen. Stat. § 39-23.1, *et seq*. The transfers of money derived from the Hedge Funds, which totaled at least $30,429, significantly depleted the Foundation's assets and provided no benefit whatsoever – let alone a reasonably equivalent value – to the Foundation or any other entity in receivership.

Both the grant of the Easement and the transfer of the $30,429 to the Conservancy were fraudulent transfers governed by principles of equity and the law of fraudulent transfers. Therefore, the Receiver supplements his Motion for Order to Show Cause as to Why

---

[2] Although the check from the Nadels to the Conservancy displays only Peg Nadel's name, it was drawn on an account held jointly with Defendant Arthur Nadel. (*See* Nelson Decl. ¶ 2.) At least $6,426,000 in funds derived from the scheme were deposited into that account. (*See* Receiver's Decl. ¶ 13.)

Conservation Easement Should Not Be Extinguished with a request for the Conservancy to show cause as to why the $30,429 it received from the Foundation (an entity in Receivership) and the Nadels should not be returned to the Receivership estate.

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 0280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
Tampa, FL 33601
T: (813) 228-7411
F: (813) 229-8313

- and -

Gianluca Morello, FBN 034997
gmorello@wiandlaw.com
WIAND GUERRA KING P.L.
3000 Bayport Drive
Suite 600
Tampa, Florida 33607
T: (813) 347-5100
F: (813) 347-5199
Attorneys for the Receiver, Burton W. Wiand

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel
Register No. 50690-018
Metropolitan Correctional Center, New York
150 Park Row
New York, NY 10007

I further certify that I sent the foregoing document and the notice of electronic filing by first-class mail, email, and fax to counsel for the Carolina Mountain Land Conservancy and by first-class mail and email to the Assistant Attorney General for the State of North Carolina at the following addresses:

| | |
|---|---|
| Sharon B. Alexander<br>Prince, Youngblood & Massagee, PLLC<br>240 Third Avenue West<br>Hendersonville, NC 28739<br>Fax: (828) 693-0177<br>sbalexander@pym-law.com<br>Co-Counsel for the Carolina Mountain Land Conservancy | William W. Weeks<br>The Conservation Law Center<br>116 S. Indiana Avenue<br>Bloomington, Indiana 47408<br>Fax: (812) 855-1828<br>wwweeks@indiana.edu<br>Co-Counsel for the Carolina Mountain Land Conservancy |
| Christopher Smart<br>Carlton Fields, P.A.<br>4221 West Boy Scout Boulevard<br>Suite 1000<br>Tampa, Florida 33607<br>Fax: (813) 229.4133<br>csmart@carltonfields.com<br>Co-Counsel for the Carolina Mountain Land Conservancy | Sueanna P. Sumpter<br>North Carolina Department of Justice<br>Attorney General's Western Office<br>42 North French Broad Avenue<br>Asheville, North Carolina 28801<br>wossumpt@ncdoj.gov<br>Assistant Attorney General, State of North Carolina |

s/ Carl R. Nelson
Carl R. Nelson, FBN 0280186