IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

                                  Case No.:  8:09-cv-00087-RAL-TBM

ARTHUR NADEL, SCOOP
CAPITAL, LLC, SCOOP
MANAGEMENT, INC., SCOOP
REAL ESTATE, L.P., VALHALLA
INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD.,
VICTORY FUND, LTD.,
VIKING IRA FUND, LLC,
VIKING FUND, LLC,
VIKING MANAGEMENT, LLC,

    Defendants.
_____/

## DONALD H. ROWE'S MOTION FOR PROTECTIVE ORDER
## AND MEMORANDUM OF LAW

Donald H. Rowe, a non-party, by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 45, moves for the entry of a Protective Order relative to the subpoena issued by the Receiver to non-party Mr. Rowe, a copy of which is attached hereto as Exhibit 1 (the "**Subpoena**").

The Subpoena requests production of Mr. Rowe's tax returns (the "**Returns**"), which include sensitive financial information of a personal and private nature relating to Mr. Rowe and Mr. Rowe's wife.  Mr. Rowe does not seek to avoid production of the Returns; rather, he seeks

the Court's intervention to ensure that reasonable measures will be taken to protect his privacy, as well as the privacy of his wife, with whom he filed his Returns jointly.

Mr. Rowe is not a party to the instant action. Mr. Rowe invested in certain of the defendant funds. Additionally, another non-party, The Wall Street Digest, Inc., a corporation owned by Mr. Rowe, published a generalized newsletter that at times included references to the defendants. Because Mr. Rowe is a non-party whose personal financial information is not relevant to this SEC action, Mr. Rowe seeks the entry of a protective order to ensure that reasonable measures will be taken to protect his privacy, and that of Mrs. Rowe. Specifically, Mr. Rowe moves for a protective order that prohibits the Receiver from providing, releasing, disclosing or disseminating his personal tax returns, or any part or portion thereof, to any non-governmental party or non-party; requires the Receiver to designate the Returns as "Subject to a Confidentiality Order" if the Receiver intends to use the Returns at a deposition, as an exhibit to a pleading to be filed with the Court, or as an exhibit for an evidentiary hearing before the Court; and prohibits the Receiver from filing the Returns, or any part or portion thereof, unless the filing is under seal.

### **Memorandum of Law**

According to Federal Rule of Civil Procedure 26(c)(1), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this rule, the court may control the scope and manner of discovery to protect sensitive, private information and ensure that certain information either not be revealed or be revealed only in a specified way. The rule permits the entry of a protective order specifying the terms for disclosure of forbidding inquiry into certain matters or limiting the scope of disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(B), (D). The Court may issue a

protective order in its discretion. *Estate of Trentadue v. U.S.*, 397 F.3d 840, 865 (10th Cir. 2005). A minimal showing of prejudice is required by a non-party for the entry of a protective order to be appropriate relative to a subpoena demanding production of the non-party's tax returns. *See Med. Weight Loss Clinic, Inc.*, 2008 WL 4813309, at *1 (granting defendant's motion for protective order and allowing defendant to produce tax returns during discovery in a confidential manner).

Under Federal Rule of Civil Procedure 45, the Court may quash a subpoena that seeks "disclosure of privileged or other protected matter" or "subjects a person to undue burden." *See* Fed. R. Civ. P. 45; *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-cv-74891, 2007 WL 1344183, at *4 (E.D. Mich. May 4, 2007) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iii)). "Tax returns qualify as protected matter" under Federal Rule 45(c)(3)(A). *Ellis v. City of New York,* 243 F.R.D. 109, 111 (S.D.N.Y. 2007). Even if they were not considered protected matter, and even in the absence of a general privilege against discovery, the Court has discretion to determine whether the service of a subpoena on a non-party would constitute an unreasonable or burdensome misuse of the discovery process. *See In re Frates, et al.*, No. 85-497, 1985 WL 2752, at *1 (S.D.N.Y. Sept. 25, 1985).

Although tax returns are not "absolutely privileged," they are "considered confidential and are protected from routine disclosure." *Chiaverini*, 2007 WL 1344183, at *4 (citing several cases in support of this principle); *Equal Employment Opportunity Comm'n v. Med. Weight Loss Clinic, Inc.*, No. 07-cv-15394, 2008 WL 4813309, at *1 (E.D. Mich. Oct. 31, 2008). Even though they are not immune from civil discovery, "courts are cautious in ordering their production because of the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Dunkin'*

*Donuts Franchised Restaurants LLC v. Grand Central Donuts, Inc.*, No. 2007-4027, 2009 WL 973363, at *2 (E.D.N.Y. Apr. 9, 2009) (limiting the production of non-parties' personal tax returns to certain schedules of the tax returns); *see also Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06-cv-6198, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007) ("Courts have been reluctant to require disclosure of tax returns because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'"). Accordingly, "[w]here confidential documents such as tax returns are sought from a non-party, the request is given careful scrutiny" and "[d]isclosure is appropriate 'only if, on balance, the federal policy of liberal discovery outweighs the policy of maintaining confidentiality of tax returns.'" *Dunkin' Donuts*, 2009 WL 973363, at *2; *Rahman*, 2007 WL 1521117, at *7; *U.S. v. Gammo*, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006) (stating that, where confidential documents such as tax returns are sought, a subpoena issued to a third party, rather than the defendant, is given careful scrutiny).

In *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990), Middle District of Florida Magistrate Judge Elizabeth A. Jenkins granted a motion to compel disclosure of tax returns but ordered that even where tax returns were requested from a party, the tax returns were directly relevant to the case at issue, and the party from whom the records were requested had not moved for a protective order, the requested tax returns should be maintained in a confidential manner once produced. *Id.* (stating that "in view of the defendants' claim of confidentiality and the generally private nature of tax returns, the undersigned finds that the returns should be utilized by plaintiff and its counsel solely in connection with this case and not disseminated to third parties (other than experts or other trial witnesses).").

4

Unlike the defendants in *Shearson*, Mr. Rowe is not a party to the action and has not raised any claims or counterclaims placing his income at issue. *Id.* While Mr. Rowe has done nothing to place his income at issue in this action, he and Mrs. Rowe would be prejudiced substantially if the Receiver disseminated the Returns to non-governmental third-parties, or if the Receiver provided the public with access to the Returns via its website.

In light of Mr. Rowe's status as a non-party and the confidential, sensitive, personal and private nature of the information that is the subject of production in the Subpoena, Mr. Rowe moves for a protective order prohibiting the Receiver from providing, releasing, disclosing or disseminating the Returns, or any part or portion thereof, to any non-governmental party or non-party. Additionally, Mr. Rowe requests that to the extent that the Receiver intends to use the Returns at a deposition, as an exhibit to a pleading to be filed with the Court, or as an exhibit for an evidentiary hearing before the Court, the Returns shall be designated as "Subject to a Confidentiality Order" and, if filed with the Court, that the filing be made under seal.

The limited relief requested here by Mr. Rowe is reasonable in light of Mr. Rowe's status as a non-party and the confidential, private nature of the Returns. Absent the entry of a protective order, Mr. Rowe will be prejudiced because personal and private financial information contained in the Returns may be available to non-governmental third parties and, possibly, to the public via the website maintained by the Receiver with respect to the above captioned case. Significantly, when approached about this issue by Mr. Rowe's counsel, the Receiver refused to offer assurances to Mr. Rowe that the Returns will not be provided to third parties or the public absent an Order from this Court. As a result, the issuance of a protective order is appropriate and necessary to avoid any annoyance, embarrassment, oppression, or undue burden on the part of Mr. Rowe and Mrs. Rowe.

The Receiver will not be prejudiced or unduly burdened by the entry of a protective order. Requiring the Receiver to maintain the Returns as confidential will enable the Receiver to obtain information from Mr. Rowe while fairly protecting these non-parties from undue annoyance, embarrassment, oppression, or undue burden. Disclosure of the Returns beyond what would be permitted by the protective order requested here is not necessary to the Receiver's litigation of this case. *See Med. Weight Loss Clinic, Inc.,* 2008 WL 4813309, at *1.

WHEREFORE, non-party Donald H. Rowe moves for the entry of a protective order prohibiting the Receiver from providing, releasing, disclosing or disseminating the Returns, or any part or portion thereof, to any non-governmental party or non-party; requiring the Receiver to designate the Returns as "Subject to a Confidentiality Agreement" if the Receiver intends to use the Returns at a deposition, as an exhibit to a pleading to be filed with the Court, or as an exhibit for an evidentiary hearing before the Court; prohibiting the Receiver from filing the Returns, or any part or portion thereof, unless the filing is under seal; and any other relief this Court deems proper.

### Certificate of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g) and Federal Rule of Civil Procedure 26(c)(1), the undersigned certifies that counsel for Mr. Rowe has attempted to confer in good faith with the Receiver and the Receiver would not consent to a confidentiality agreement with respect to the Returns.

DATED: December 7, 2009.

                                                 _s/ Edward O. Savitz_
                                                 Edward O. Savitz
                                                 Florida Bar No. 0183867
                                                 esavitz@bushross.com
                                                 Anne-Leigh Gaylord Moe
                                                 Florida Bar No. 18409

amoe@bushross.com
BUSH ROSS, P.A.
1801 North Highland Avenue
Tampa, FL  33602
Ph.:     (813) 224-9255
Fax:     (813) 223-9620
Attorneys for Donald H. Rowe

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 7, 2009, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system. I FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class U.S. Mail to the following non-CM/ECF participant: Arthur Nadel, #50690-018, Metropolitan Correctional Center, New York, 150 Park Row, New York, New York 10007.

    s/ Edward O. Savitz
Edward O. Savitz
Florida Bar No. 0183867
esavitz@bushross.com
Anne-Leigh Gaylord Moe
Florida Bar No. 18409
amoe@bushross.com
BUSH ROSS, P.A.
1801 North Highland Avenue
Tampa, FL 33602
Ph.: (813) 224-9255
Fax: (813) 223-9620
Attorneys for Donald H. Rowe

717723.04