# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                              Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

    Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

    Relief Defendants.
_____/

TO:   Donald H. Rowe
       c/o The Wall Street Digest, Inc.
       8830 South Tamiami Trail, Suite 110
       Sarasota, Florida 34238-3130

☐ YOU ARE COMMANDED to appear in the United States District Court, Middle District of Florida, Tampa Division, at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE: Fowler White Boggs P.A., 501 E. Kennedy Blvd., Suite 1700, Tampa, FL 33602 | DATE AND TIME 3/23/2009 9:30 a.m. |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, Rule 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Ashley B. T—* Attorney for the Receiver, Burton W. Wiand | March 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ashley Bruce Trehan, Esq.
Fowler White Boggs P.A., 501 E. Kennedy Boulevard, Suite 1700, Tampa, Florida 33602
(813) 228-7411

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | 3/13/09 @ 1150A | | 8830 S. Tamiami Trl | |
| SERVED ON (PRINT NAME) Donald Rowe | | | MANNER OF SERVICE IND. | |
| SERVED BY (PRINT NAME) Carlye Barberio | | | TITLE #414 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3/13/09
1150A

_____
Signature of Server

2851 Hardee Dr. SRQ
Address of Server

---

Federal Rule of Civil Procedure 45(c), (d) and (e), as amended on December 1, 2007

1. PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    a. *Avoiding Undue Burden or Expense; Sanctions.* A party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
    b. *Command to Produce Materials or Permit Inspection.*
        i. *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        ii. *Objections.* A person commanded to produce documents ro tangible things or to permit inspection may serve ont eh party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the for or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            a. At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            b. These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    c. *Quashing or Modifying a Subpoena.*
        i. *When Required.* On timely motion, the issuing court must quash or modify the subpoena that:
            (1) fails to allow a reasonable time to comply;
            (2) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (4) subjects a person to undue burden.
        ii. *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (1) disclosing a trade secret or other confidential research, development, or commercial information;

(2) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(3) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

iii. *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(1) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(2) ensures that the subpoenaed person will be reasonably compensated.

2. DUTIES IN RESPONDING TO A SUBPOENA.

a. *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

i. *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

ii. *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

iii. *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

iv. Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

b. *Claiming Privilege or Protection.*

i. *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(1) expressly make the claim; and

(2) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

ii. *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

3. CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1. The term **"Receivership Entities"** refers to any and all of the following entities, as well as any entity or person associated with any of them, including any parent, subsidiary, predecessor, successor, joint venture, partner, affiliate, or otherwise related entity:

   a. Scoop Capital, LLC
   b. Scoop Management, Inc.
   c. Scoop Real Estate, L.P.
   d. Valhalla Investment Partners, L.P.
   e. Valhalla Management, Inc.
   f. Victory IRA Fund, Ltd.
   g. Victory Fund, Ltd.
   h. Viking IRA Fund, LLC
   i. Viking Fund, LLC
   j. Viking Management, LLC
   k. Guy-Nadel Foundation, Inc.
   l. Laurel Mountain Preserve Homeowners' Association, Inc.
   m. Laurel Mountain Preserve, LLC
   n. Laurel Preserve LLC
   o. Marguerite J. Nadel Revocable Trust UAD 8/2/07
   p. Tradewind, LLC
   q. Venice Jet Center, LLC

2. The term **"Nadel"** refers to Arthur Nadel, a defendant in this case and a person who has been associated with the Receivership Entities.

3. The term **"Mrs. Nadel"** refers to Marguerite Nadel, also known as Peg Nadel and formerly known as Marguerite Quisenberry or Peg Quisenberry, who is now married to Arthur Nadel and has been associated with Receivership Entities.

4. The term **"Chris Nadel"** refers to Chris Nadel, who is a son of Nadel and has been associated with Receivership Entities.

5. The term **"Quisenberry"** refers to Geoff Quisenberry, who is a son of Mrs. Nadel and has been associated with Receivership Entities.

6. The term **"Neil Moody"** refers to Neil Moody, who has been a business partner of Nadel and has been associated with one or more Receivership Entities, including but not limited to Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Viking IRA Fund, Ltd.; Viking Fund, LLC; and/or Viking Management, LLC.

7. The term **"Chris Moody"** refers to Chris Moody, who is a son of Neil Moody and has been associated with one or more Receivership Entities, including but not limited to Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Viking IRA Fund, Ltd.; Viking Fund, LLC; and/or Viking Management, LLC.

8. The term **"Moodys"** refers to Neil Moody and Chris Moody, collectively.

9. The term **"Zucker"** refers to Michael Zucker, an accountant who has been associated with and/or performed work for one or more Receivership Entities and/or Related Entities.

10. The term **"Related Entities"** refers to Lime Avenue Enterprises, LLC; Summer Place Development Corp.; Home Front Homes, LLC; the Neil Moody Revocable Trust; and any other entity, trust, or other structure which is or was controlled, in whole or in part, by Nadel, Mrs. Nadel, Quisenberry, the Moodys, and/or any of the Receivership Entities, or in which Nadel, Mrs. Nadel, Quisenberry, the Moodys, and/or any of the Receivership Entities has or had an interest or association.

11. The term **"you"** is used in its broadest and most comprehensive sense and refers to the target of this subpoena; any former or present parent, subsidiary, affiliate, division, or predecessor and any of their directors, officers, employees, agents, brokers, or contractors, or anyone else associated with them.

12. The term **"document"** or **"documents"** means any written, graphic, electronic, or aural representation of any kind whether produced, reproduced or stored on paper, cards, tapes, discs, belts, charts, films, computer storage devices or other electronic device or any other medium including, without limitation, matter in the form of photographs, charts, graphs, plans, drawings, emails, microfiches, microfilms, videotapes, recordings, motion pictures, books, reports, studies, statements, speeches, notebooks, checks, stubs, forms, applications, tickets, ticket stubs, receipts, agreements, appointment calendars, working papers, graphs, manuals, brochures, contracts, memoranda, notes, records, correspondence, diaries, bookkeeping entries, published materials, invoices, letters, messages, telegrams, drafts, studies, analyses, summaries, magazines, booklets, expense records, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, premium notices, forecasts, illustrations and any nonidentical drafts and copies of the foregoing.

13. **"All documents"** means every document, as defined above, known to you and every such document which may be located or discovered by reasonably diligent efforts.

14. **"Correspondence"** means any letter, telegram, telex, notice, message, memorandum, email, or other written communication or transcription or notes of a communication.

15. **"Communication"** means any written or oral transmission of fact, information, or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, documents and correspondence as defined herein.

## INSTRUCTIONS

1. You are requested to produce documents that are in your possession, custody, or control as they are kept in the usual course of business (such as hard copies or electronically stored information). In addition, documents are to be produced in full and unexpurgated form.

2. If any documents requested were, but are no longer, in your possession, subject to your control, or in existence, and therefore cannot be produced by you, please state whether any such document (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; or (d) is otherwise disposed of, and, in each instance, please explain the circumstances surrounding any such disposition of the document and state the date or approximate date thereof.

3. If any portion of any document responsive to this request is withheld by reason of any assertion of privilege, redact and identify such portion and produce the document. As to each document or portion thereof that is withheld, provide the following information: (a) type of document (e.g., letter, memorandum, telegram, chart, photograph, tape cassette, etc.); (b) date of document; (c) name(s) of its author(s) or preparer(s) and an identification by employment and title of each such person; (d) name of each person who was sent, shown, blind copied, or carbon copied the document, or who has had access to or custody of the document, together with an identification of each such person by employment and title; (e) number of pages, attachments, and appendices; (f) present custodian; (g) subject matter of the document; (h) nature of the privilege asserted and a statement of the basis for the claim of privilege; and (i) paragraph(s) of this subpoena to which the document is responsive.

4. In producing documents, all documents which are physically attached to each other when located for production shall be left so attached. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained, in the file where found, and you shall identify from whose files the document originated. Unless otherwise specified, this request calls

4

for all documents generated, prepared, or received from the beginning of time through the date of production, or which refer to matters occurring through such date.

## **REQUEST FOR DOCUMENTS**

All documents or tangible things evidencing, reflecting, or relating to any of the events, activities, individuals, entities, or persons described in **Attachment B**.

## ATTACHMENT B

(1) Entities and Businesses:

    a. Any of the Receivership Entities
    b. Any of the Related Entities
    c. Bonds.com, Inc.
    d. Callahan Energy Partners, LLC
    e. CarbonBased Consulting, Inc.
    f. Flagship Global Health, Inc.
    g. Gibraltar Energy, LLC
    h. HedgeCo.Net
    i. Millennium Trust Company, LLC
    j. Mountain Home Properties
    k. Patients & Physicians, Inc.
    l. Pershing, LLC
    m. Quest Energy Management Group, Inc.
    n. Shoreline Trading Group, LLC
    o. T.F.H. Publications, Inc.
    p. Wall Street Digest

(2) Individuals:

    a. Nadel
    b. Mrs. Nadel
    c. Quisenberry
    d. Neil Moody
    e. Chris Moody
    f. Chris Nadel
    g. Don Rowe
    h. Michael Zucker

(3) Events and Activities:

    a. Communications between you and any of the entities and/or individuals listed at items (1) and (2) above.
    b. Billing records related to any of the entities and/or individuals listed at items (1) and (2) above.
    c. Due diligence related to any of the entities and/or individuals listed at items (1) and (2) above.
    d. Communications with any regulator or government entity related to any of the entities and/or individuals listed at items (1) and (2) above.
    e. Litigation, arbitration, or any other disputes involving any of the entities and/or individuals listed at items (1) and (2) above.
    f. Prospective or actual investments from you or any person, entity, trust, or other investor with any of the entities and/or individuals listed at items (1) and (2) above.

g. Publications related to any of the entities and/or individuals listed at items (1) and (2) above.
h. Communications with any potential or actual investors regarding any of the entities and/or individuals listed at items (1) and (2) above.
i. Performance of investments with any of the entities and/or individuals listed at items (1) and (2) above.
j. Any fees, compensation, commission, or other remuneration received by you in any form from any of the entities and/or individuals listed at items (1) and (2) above.
k. Any fees, compensation, commission, or other remuneration received by you in any form in connection with any activity relating to any of the Receivership Entities, any of the Related Entities, Nadel, Mrs. Nadel, Quisenberry, Neil Moody, Chris Moody, Chris Nadel, or Michael Zucker, including but not limited to activities involving securing or soliciting individuals to invest in any of the entities and/or individuals listed at items (1) and (2) above.
l. Solicitations or advertisements sent or purporting to be sent on behalf of the "Wall Street Digest" and/or you related to any of the entities and individuals listed at items (1) and (2) above.
m. Documents involving real property or other assets related to any of the Receivership Entities, Related Entities, and/or individuals listed at items (1) and (2) above.