## ASSET PURCHASE AGREEMENT

**THIS AGREEMENT**, effective as of November 16, 2009 (the "Effective Date"), by and between **TRISTATE AVIATION GROUP OF FLORIDA LLC**, a Florida limited liability company (the "Buyer") and **BURTON W. WIAND** (the "Seller"), as Receiver of VENICE JET CENTER, LLC, a Florida limited liability company (the "Company").

## RECITAL

**WHEREAS**, the United States District Court for the Middle District of Florida, Tampa Division (the "Court"), appointed Burton W. Wiand on January 21, 2009, and reappointed Mr. Wiand on June 3, 2009, as Receiver of the Company, among other receivership entities (collectively, the "Receivership"), in the action styled *Securities and Exchange Commission v. Arthur Nadel, et al.*, Case No: 8:09-cv-87-T-26TBM (the "Action").

**WHEREAS**, the Company owns certain properties, including but are not limited to operating equipment(s), and buildings located at 220 Airport Ave. E. and 400 Airport Ave. E., Venice, Florida 34285 and the lease by and between the Company and the City of Venice (the "City") dated May 23, 2006 (the "Lease") (collectively, the "Assets"). The Assets are more particularly described on **Exhibit A**.

**WHEREAS**, Seller desires to sell and Buyer desires to purchase the Assets pursuant to the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## OPERATIVE TERMS

1. <u>Sale and Transfer of Assets</u>.

    (a) Seller shall sell, transfer, and deliver to Buyer, pursuant to the Order (as defined herein) from the Court, and Buyer shall purchase from Seller: (1) all of the Seller's rights, title, and interest in the Assets described on **Exhibit A**, free and clear of all liens, claims, encumbrances, and restrictions as specified in the Order; (2) those assets, including but are not limited to accounting software, business records, phone numbers and service accounts, used by the Company in its normal course of business and to be used by Buyer for the same purpose; and (3) the Seller's rights, title, and interest in the action styled *Venice Jet Center, LLC v. City of Venice*, FAA Docket No: 16-09-05.

    (b) The Assets are sold on an **"AS IS" "WHERE IS" BASIS, WITH ALL FAULTS AND WITHOUT REPRESENTATIONS, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, INCLUDING BUT NOT LIMITED TO, SUITABILITY OF THE ASSETS FOR ANY USE, AND WITHOUT WARRANTIES, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, INCLUDING BUT NOT LIMITED TO,**

SUITABILITY OF THE ASSETS FOR ANY USE, AND WITHOUT RECOURSE, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, SAVE AND EXCEPT THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 10 HEREOF.

2. <u>Contingencies</u>. This Agreement is contingent only upon Seller obtaining approval of the Court (the "<u>Order</u>") to: (1) sell Buyer Assets described on <u>Exhibit A</u> free and clear of all liens, claims, encumbrances, and restrictions; (2) transfer to Buyer via assignment and assumption all of the Company's right, title and interest in and to the Lease and Subleases for the unexpired term stated therein; and (3) grant Buyer quiet enjoyment of the Lease and Subleases assigned to and assumed by Buyer (collectively, the "<u>Contingencies</u>"). The Subleases referenced in this Section are: (1) the Sublease Agreement by and between the Company and the Hertz Corporation, a Delaware corporation ("<u>Hertz</u>"), dated _____; and (2) the Sublease Agreement by and between the Company and Cockpit Café, LLC, a Florida limited liability company ("<u>Café</u>"), dated February 26, 2008. Hertz and Café are each a "<u>Sublessee</u>" in the Subleases.

3. <u>Purchase Price</u>.

(a) The purchase price to be paid by Buyer to Seller for the Assets shall be the sum of Five Hundred Fifty Thousand Dollars and No/100 ($550,000) (the "<u>Purchase Price</u>").

(b) The Purchase Price shall be paid at the Closing (hereinafter defined) as follows:

(i) Cash or its equivalent in the amount of Three Hundred Thousand Dollars and No/100 ($300,000); and

(ii) Delivery of a duly signed Promissory Note (the "<u>Note</u>") in the amount of Two Hundred Fifty Thousand Dollars and No/100 ($250,000) substantially in the form attached hereto as **Exhibit B**.

4. <u>Earnest Money Deposit</u>. Buyer shall deliver to Seller earnest money in the amount of Ten Thousand Dollars and No/100 ($10,000.00) (the "<u>Deposit</u>") on or before the Effective Date.

(a) The Deposit shall, if Buyer closes on the purchase of the Property as contemplated hereby, be credited toward the Purchase Price at the Closing.

(b) Buyer hereby acknowledges and agrees that the Deposit becomes nonrefundable <u>on the earlier of</u> the Closing Date or the date of when Buyer confirms with Seller that it is unwilling or unable to close the purchase of the Property for any reason, provided that Seller has already satisfied the Contingencies.

(c) In the event that Seller cannot satisfy the Contingencies within thirty (30) days from the date of the issuance of the Order (the "<u>Contingencies Period</u>"), or otherwise unable to conclude the transaction contemplated hereunder, Seller shall return

the Deposit to Buyer within Fifteen (15) business days following the expiration of the Contingencies Period.

(d) Buyer acknowledges and agrees that no interest will be paid on the Deposit.

5. <u>Closing</u>. The closing of the transaction contemplated by this Agreement and delivery of the Bill of Sale (hereinafter defined) (the "<u>Closing</u>") shall occur by the Closing Date (hereinafter defined). The Closing shall be conducted at such location as the Parties may mutually agree in writing.

6. <u>Closing Date</u>. Buyer and Seller agree that Closing shall occur on _____, 2009.

7. <u>Post-Closing Condition</u>. Within 60 days following the Closing, but no later than January 15, 2010, if the action taken or the omission to act by the Northern Trust Bank ("<u>Northern Trust</u>") constituted an "<u>Event of Default</u>" under the Tristate Loan (as hereinafter defined), and such Event of Default was not cured by Northern Trust in a manner satisfactory to Buyer, Buyer shall have the right to terminate this Agreement in its entirety and seek return of all monies paid to Seller in performance of this Agreement. Buyer acknowledges and agrees that the Post-Closing Condition specified in this Section shall terminate no later than January 15, 2010; thereafter, Buyer shall continue to perform the required obligations set forth in this Agreement regardless of the performance, or the lack thereof, by Northern Trust in the Tristate Loan.

8. <u>Buyer's Deliveries at Closing</u>. At the Closing, Buyer shall deliver the following items to Seller:

(a) the Purchase Price for the Assets, payable in the manner described in Section 3(b) above;

(b) a duly signed Note substantially in the form attached hereto as **Exhibit B**.

(c) signed assignments and assumptions of the Lease and Subleases substantially in the form attached hereto as **Exhibit C**.

(d) a certified copy of the resolutions of the Member(s) and Manager(s) of Buyer authorizing the transactions contemplated by this Agreement;

(e) a resolution of the loan with Northern Trust conforming to the new terms and conditions as required by Buyer (the "<u>Tristate Loan</u>") naming Buyer as the new debtor; and

(f) such other documents and certificates as Seller may reasonably and timely request.

9. <u>Seller's Deliveries at Closing</u>. At the Closing, Seller shall deliver the following items to Buyer:

42363102v9

3

(a) a Bill of Sale in the form attached as **Exhibit D** hereto, duly signed by Seller;

(b) an Order from the Court approving the sale of the Assets;

(c) a letter signed by Seller directing all rent payment receivable to Buyer following Closing;

(d) an acknowledgement of termination of Hiller Group Refuler Agreement and Hiller Group Refuler Lease Agreement;

(e) a resolution agreeable to the Buyer of the fuel obligation owed to Sarasota County Sheriff's Office by Seller;

(f) signed assignments and assumptions of the Lease and Subleases substantially in the form attached hereto as **Exhibit C**;

(g) a satisfaction of the loan with Northern Trust (the "VJC Loan") releasing Seller as the existing debtor; and

(h) such other documents and certificates as Buyer may reasonably and timely request.

10. <u>Seller's Representations, Warranties and Covenants</u>. Seller represents, warrants, and covenants to Buyer as follows:

(a) <u>Valid and Enforceable Agreement</u>. This Agreement constitutes a valid and binding agreement of the Seller enforceable in accordance with its terms.

(b) <u>Title</u>.

(i) Seller acquired title to the Assets in the Action described in **Exhibit A**, and with the approval of the Court, the Assets shall be sold to Buyer as evidenced by the Bill of Sale, substantially in the form attached hereto as **Exhibit D**, free and clear of all liens, claims, encumbrances, and restrictions.

(ii) The Assets are sold on an "AS IS" "WHERE IS" BASIS, WITH ALL FAULTS AND WITHOUT REPRESENTATIONS, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, INCLUDING BUT NOT LIMITED TO, SUITABILITY OF THE ASSETS FOR ANY USE, AND WITHOUT WARRANTIES, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, INCLUDING BUT NOT LIMITED TO, SUITABILITY OF THE ASSETS FOR ANY USE, AND WITHOUT RECOURSE, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, SAVE AND EXCEPT THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN THIS SECTION 10.

(c) <u>Assignment of the Lease</u>. The Order from the Court shall specifically grant Buyer quiet enjoyment of the Lease between the Company and the City, and Subleases between the Company and each Sublessee, which shall all be assigned from the Company to and assumed by Buyer as the lessee/sublessor at Closing.

(d) <u>Authority</u>. The execution, delivery, and performance of this Agreement and any documents incidental thereto, and the consummation of the transactions contemplated hereby have been duly authorized and approved by the Court, and Seller has all requisite corporate powers and authority to consummate this transaction.

(e) <u>General</u>. None of the representations or warranties by Seller in this Agreement contains any untrue statement of a material fact, or omits to state any material fact necessary to make statements or facts contained therein not misleading.

11. **Buyer's Representations and Warranties**. Buyer represents and warrants to Seller as follows:

(a) <u>Organization</u>. Buyer is a limited liability company duly organized and validly existing and is in good standing under the laws of the State of Florida.

(b) <u>Assumption of the Lease</u>. Buyer expressly agrees to assume and perform all of the duties as required under the Lease.

(c) <u>Loan</u>. Buyer expressly agrees to assume the liabilities in connection with the VJC Loan as modified under the terms of the Tristate Loan, including but are not limited to any and all negotiation on modification of the terms and the cost associated thereunder, and shall indemnify and hold harmless forever any claims whatsoever, whether in law or equity, brought against Seller after the Closing Date.

(d) <u>Authority</u>. The execution, delivery, and performance of this Agreement and any documents incidental thereto, and the consummation of the transactions contemplated hereby have been duly authorized and Buyer has all requisite corporate powers and authority to consummate this transaction.

(e) <u>Valid and Enforceable Agreement.</u> This Agreement constitutes a valid and binding agreement of Buyer enforceable in accordance with its terms. Neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated hereby violates or conflicts with the Articles of Organization or Operating Agreement of Buyer or, subject to obtaining necessary consents, any agreement or other restriction of any kind or character to which Buyer is a party or by which Buyer is bound.

(f) <u>Due Diligence</u>. Buyer has conducted and completed any and all due diligence it deems or deemed necessary prior to completing the purchase contemplated herein.

(g) <u>Absence of Warranties from Seller</u>. Buyer acknowledges that Seller has made no warranties with respect to the Assets. Buyer is purchasing the Assets on an **"AS IS" "WHERE IS" BASIS, WITH ALL FAULTS AND WITHOUT**

REPRESENTATIONS, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, INCLUDING BUT NOT LIMITED TO, SUITABILITY OF THE ASSETS FOR ANY USE, AND WITHOUT WARRANTIES, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, INCLUDING BUT NOT LIMITED TO, SUITABILITY OF THE ASSETS FOR ANY USE, AND WITHOUT RECOURSE, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, SAVE AND EXCEPT THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 10 ABOVE.

(h) General. None of the representations or warranties by Buyer in this Agreement contains any untrue statement of a material fact, or omits to state any material fact necessary to make statements or facts contained therein not misleading.

12. Expenses and Taxes. Each party hereto shall pay its own expenses and costs incident to the preparation of this Agreement and the consummation of the transactions contemplated hereby, including but are not limited to, attorney fees or broker commissions. If any portion of the transactions to be effected pursuant hereto shall be determined to be subject to sales or use or any other taxes, Buyer shall be liable therefore and shall promptly pay the same.

13. Amendments. This Agreement may only be amended or modified by written instrument executed by the parties hereto.

14. Notices. Any notice, request, information or other document to be given hereunder to any parties by any other party shall be in writing and shall have been deemed to have been given (i) when personally delivered, sent by facsimile (with hard copy to follow) or sent by reputable overnight express courier (charges prepaid), or (ii) five (5) days following mailing by certified or registered mail, postage prepaid and return receipt requested. Unless another is specified in writing, notices, demands and communications to Seller and Buyer shall be sent to the addresses indicated below:

(a) If as to Seller:

Burton W. Wiand, Receiver
Venice Jet Center, LLC
3000 Bayport Drive, Suite 600
Tampa, Florida 33607
Attention: Burt Wiand

(b) If as to Buyer:

Tristate Aviation Group of Florida, LLC
400 Airport Avenue East
Venice, Florida 34285
Attention: Marty Kretchman

Any party may change the address to which notices hereunder are to be sent by giving written

42363102v9

notice of such change of address as provided above.

15. <u>Waiver</u>. No waiver by either party hereto of any condition or any breach of any term, covenant, representation or warranty contained in this Agreement shall be deemed or construed as a further or continuing waiver of such condition or breach or waiver of any other or subsequent condition or the breach of any other term, covenant, representation or warranty contained in this Agreement.

16. <u>Severability</u>. If any provision of this Agreement is determined to be illegal or unenforceable, such provision will be deemed amended to the extent necessary to conform to applicable law or, if it cannot be so amended without materially altering the intention of the parties, it will be deemed stricken and the remainder of the Agreement will remain in full force and effect.

17. <u>Counterparts</u>. Any number of counterparts of this Agreement may be executed and each such executed counterpart shall be deemed to be an original.

18. <u>Binding Agreement.</u> This Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors, and assigns.

19. <u>Entire Agreement</u>. This Agreement and the instruments delivered pursuant hereto constitute the entire agreement between the parties hereto and supersede all prior written agreements and understanding, oral or written, between the parties relating to the subject matter hereof.

20. <u>Governing Law and Jurisdiction.</u> This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Florida. This Agreement shall be subject to the exclusive jurisdiction of the United States District Court, Middle District of Florida, Tampa Division, in Hillsborough County in the State of Florida, and all parties hereby irrevocably submit to the jurisdiction of such courts with respect to any claim arising out or in connection with this Agreement.

21. <u>Venue</u>. In the event litigation should arise to enforce or interpret this Agreement, Buyer and Seller agree that the proper venue shall be in the United States District Court, Middle District of Florida, Tampa Division, in Hillsborough County in the State of Florida.

22. <u>Remedy</u>. In the event that the Court does not approve of the sale of the Assets, i.e., if the Contingencies are not satisfied on or before the Closing Date, Buyer acknowledges and agrees that its <u>sole and exclusive remedy</u> is to seek return of the Deposit from Seller. This Agreement, when duly executed by the Parties, constitute the express waiver in writing of any other remedy, whether legal or equitable, that may be available to the Buyer.

23. <u>Indemnification</u>. Buyer expressly acknowledges and agrees that Seller provides **NO** indemnification from and against any loss, claim and/or damage arising under any circumstance related to the Assets or this Agreement, and that Section 21 sets forth the Buyer's sole and exclusive remedy under this Agreement.

24. <u>Broker's Commissions</u>. Seller and Buyer represent and warrant each to the other

42363102v9

that they have not dealt with any real estate broker, sales person or finder in connection with this transaction. In the event of any claim for broker's or finder's fees or commissions by any party, each party shall indemnify and hold harmless the other party from and against any such claim based upon any statement, representation or agreement of such party. This provision shall survive the consummation of the transactions contemplated hereby.

25. <u>Survival of Representations and Warranties</u>. All of the respective representations and warranties of the parties to this Agreement shall survive the consummation of the transactions contemplated hereby.

26. <u>Further Assurances</u>. Buyer and Seller shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Agreement.

27. <u>Attorneys' Fees and Costs</u>. In any action or dispute, at law or in equity, that may arise under or otherwise relate to this Agreement, the prevailing party will be entitled to, from the non-prevailing party, reimbursement of its attorneys' fees (including, but not limited to, attorneys' fees, paralegals' fees and legal assistants' fees), costs and expenses incurred in the preparation for and in connection with any trial, appeal or bankruptcy proceeding.

[Signature Page Next]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the date first above written.

BUYER:

TRISTATE AVIATION GROUP OF FLORIDA LLC

By: _____
DONALD MARTIN KRETCHMAN,
Managing Director

SELLER:

BURTON W. WIAND, RECEIVER OF
VENICE JET CENTER, LLC

_____
BURTON W. WIAND, as Receiver

42363102v9