**Exhibit B**

**Promissory Note**

(see attached)

# PROMISSORY NOTE
### (TRISTATE AVIATION GROUP OF FLORIDA LLC)

---

Tampa, Florida

$250,000                                                          January 1, 2010

**FOR VALUE RECEIVED, the undersigned, TRISTATE AVIATION GROUP OF FLORIDA LLC,** a Florida limited liability company ("Maker"), hereby promises to pay to the order of Burton W. Wiand, as Court-appointed Receiver of VENICE JET CENTER, LLC, a Florida limited liability company ("Payee"), the principal sum of Two Hundred Fifty Thousand Dollars and No/100 ($250,000) (the "Principal Amount"), together with interest thereon from the date of this Note.  Subject to Section 2 of this Note, simple interest shall accrue at a rate of four percent (4%) per annum.  Interest shall be calculated on the basis of a year of 365 days applied to the actual days on which there exists an unpaid principal balance under this Note.  Subject to the provisions of this Note, the principal and accrued interest shall be due and payable by Maker on January 1, 2013 (the "Maturity Date"), and Maker shall make monthly payments of principal and interest in accordance with Section 1 of the Note commencing on January 1, 2010.  This Note has been issued by Maker pursuant to a Asset Purchase Agreement between Maker and Payee effective as of November 16, 2009.  Maker shall have the right to offset amounts due and payable under this Note, up to Fifty Thousand Dollars and No/100 ($50,000), for legal and all other expenses and costs actually incurred by Maker in an effort to resolve any and all disputes with the City of Venice, including the current Part 16 Complaint (the "Offset").  Notwithstanding any provision herein or otherwise, the Offset shall not exceed Fifty Thousand Dollars and No/100 ($50,000).  Payee agrees that Maker has the option to make this Offset against the amount of outstanding principal and accrued interest payments due and payable, or against the balloon payment on Maturity Date.  Maker and Payee are each a "Party," and are collectively referred to as "Parties."

1.      **Terms of Payment.**  Principal Amount and all accrued interest shall be due and payable in the amounts and at the times set forth below:

Maker shall make monthly payments of accrued interest only at the rate set forth above commencing on January 1, 2010, and on the first day of each successive calendar month thereafter, with a grace period of ten (10) days, until October 1, 2010, on which date, unless sooner paid, all accrued and unpaid interest shall be due and payable.  Commencing on October 1, 2010, and continuing on the first day of each calendar month thereafter until the Maturity Date, unless sooner paid, Maker shall make 26 equal, consecutive monthly payments of principal and interest to Payee.  The entire amount of the unpaid principal amount as well as all accrued and unpaid interest and all other sums due under this Note that remain unpaid shall be paid or repaid, as applicable, on the Maturity Date unless otherwise extended pursuant to the Note.  The amount of each equal monthly payment of principal and interest due and payable shall be One Thousand Nine Hundred Twenty Dollars and 40/100 ($1,920.40) (the "Monthly Payment"), as determined by amortizing the Principal Amount over a 15-year term, with each payment shown on the Payment Schedule, to be amended from time to time, attached hereto as Exhibit A.  For the avoidance of doubt, this Note is a balloon promissory note that requires that all indebtedness be paid in full on the Maturity Date, unless extended in writing by the Parties.  All payments

shall be made in lawful money of the United States of America at the address provided by Payee, or at such other place as the holder hereof may from time to time designate in writing to Maker.

2.    **Default Interest Rate.**   Upon an Event of Default (as hereafter defined), Payee, in his sole discretion and without notice or demand, may raise the rate of interest accruing on this Note to a rate equal to three percent above the current rate, to a maximum of seven percent (7%) interest.  Such default interest rate shall continue, in Payee's sole discretion, until all defaults are cured.

3.    **Repayment Extension**.

(a)    After accounting for any grace period specified in this Note, if any payment of principal or interest shall be due on a Saturday, Sunday, or any other day on which any banking institutions in the State of Florida are required or permitted to be closed, such payment shall be made on the next succeeding business day.

(b)    Depending on both the status of the Receivership (as defined in the Asset Purchase Agreement by and between the Receiver and Maker dated November 16, 2009) and the creditworthiness of the Maker on Maturity Date, with prior written consent of the Payee, whose consent shall not be unreasonably withheld, and provided that no Event of Default exists under this Note, the Maturity Date may be extended by twelve (12) months (the "First Extension") with payment of principal and interest in the same amount as the Monthly Payment set forth in Section 1; provided further that Maker shall pay to Payee immediately upon grant of such consent, a fee equal to two (2) percent of the then outstanding balance of principal and interest under the Note in consideration of Payee's consent to the extension as reimbursement for the additional administrative expense to be incurred by Payee in connection with such extension.  Thereafter, provided that there has not been an occurrence of an Event of Default, with prior written consent of the Payee, whose consent shall not be unreasonably withheld, the Maturity Date may be extended by an additional twelve (12) months (the "Second Extension") following the expiration of the First Extension under the same terms set forth in this Note, and with payment of principal and interest in the same amount as the Monthly Payment set forth in Section 1; provided that, Maker shall pay Payee an additional fee equal to two (2) percent of the then outstanding balance of the Note in connection with Payee's consent to the Second Extension as reimbursement for the additional administrative expense to be incurred by Payee.

4.    **Voluntary Prepayment.**   This Note may be prepaid in whole or in part at any time without premium or penalty, provided that each payment shall be accompanied by payment of all accrued and unpaid interest due as of the date of such prepayment.

5.    **Manner and Application of Payments.**   All payments due hereunder shall be paid in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, in immediately available funds.  Any payment by check or draft shall be subject to the condition that any receipt issued therefore shall be ineffective unless the amount due is actually received by Payee.  Each payment shall be applied first to the payment of any and all costs, fees and expenses incurred by or payable to Payee in connection

42388999v2

with the collection or enforcement of this Note, and then to the payment of all accrued and unpaid interest hereunder and fourth, to the payment of the unpaid Principal Amount.

6.    **Security; Related Matters.**  Maker and Payee acknowledge and agree that this is an unsecured Note; provided, that Maker agrees to obtain written consent of Payee to sell, transfer, pledge, or otherwise encumber, except in the ordinary course of business, the same Assets listed on Exhibit A of the Asset Purchase Agreement by and between Maker and Payee.

7.    **Events of Default.**  The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a)    the failure of Maker to pay any sum due under this Note when due, whether by demand or otherwise, which failure has not been cured within five (5) days after written notice thereof from the Payee to the Maker;

(b)    the failure of Maker to perform, observe or comply in any material respect with its obligations under this Note or the Asset Purchase Agreement within thirty (30) days of receiving notice of such default; or

(c)    there shall have been instituted proceedings, whether voluntary or involuntary, or the taking of any corporate action in furtherance of, or the entry of any order or decree of a court of competent jurisdiction over the Maker with respect to any of the following (any such proceeding, an "Insolvency Proceeding"):

(i)    bankruptcy, insolvency or reorganization, readjustment, arrangement, composition or similar relief under federal or state bankruptcy or insolvency statutes or related laws in respect of the Maker;

(ii)    appointment of receiver, liquidator, trustee or assignee in bankruptcy or insolvency as to the Maker or any guarantor of this Note or a substantial part of the Maker's property; or

(iii)    any assignment by the Maker of any of its assets for the benefit of creditors, or the winding up or liquidation of the affairs of the Maker, or the admission of the Maker in writing of its inability to pay its debts as they become due;

provided, that in the case of any Involuntary Proceeding, such proceeding or case shall continue undismissed or unstayed and in effect for a period of forty five (45) days.

8.    **Rights and Remedies Upon Default.**  Upon the occurrence of an Event of Default hereunder, Payee or his successor(s) or assign(s), in the sole discretion of Payee or his successor(s) or assign(s), and without notice to Maker, may:  (a) declare the entire outstanding Principal Amount, together with all accrued and unpaid interest and all other sums due under this Note, to be immediately due and payable, and the same shall thereupon become immediately due and payable without presentment, demand or notice; and (b) exercise any or all rights, powers and remedies now or hereafter existing at law, in equity, by statute or otherwise.

3

9.    **Remedies Cumulative.** Each right, power and remedy of Payee hereunder, under the Asset Purchase Agreement or now or hereafter existing at law, in equity, by statute or otherwise shall be cumulative and concurrent, and the exercise or beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by Payee of any or all such other rights, powers or remedies.  No failure or delay by Payee to insist upon the strict performance of any one or more provisions of this Note or of the Asset Purchase Agreement or to exercise any right, power or remedy consequent upon a breach thereof or default hereunder shall constitute a waiver thereof or preclude Payee from exercising any such right, power or remedy.  By accepting full or partial payment after the due date of any amount of principal of or interest on this Note, or other amounts payable on demand, Payee shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal of or interest on this Note or other amounts payable on demand, or to exercise any rights and remedies available to his in order to collect all such other amounts due and payable under this Note.

10.    **Collection Expenses.** If this Note is placed in the hands of an attorney for collection following the occurrence of an Event of Default hereunder, Maker agrees to pay to Payee upon demand all out of pocket costs and expenses incurred by the Payee, including, without limitation, all attorneys' fees and court costs incurred by Payee in connection with the enforcement or collection of this Note (whether or not any action or other proceeding has been commenced by Payee to enforce or collect any amounts owing under this Note) or in successfully defending any counterclaim or other legal proceeding brought by Maker contesting Payee's right to collect the outstanding Principal Amount or interest hereunder.  All of such costs and expenses shall bear interest at the higher of the rate of interest provided herein or any default rate of interest provided herein, from the date on which the Maker's obligation to make payment is determined until same is paid in full.

11.    **Transfer; Successors and Assigns.** The terms and conditions of this Note shall inure to the benefit of and be binding upon the respective successors and assigns of the Parties. Notwithstanding the foregoing, the Maker may not assign, pledge, or otherwise transfer this Note without the prior written consent of Payee, whose consent shall not be unreasonably withheld; provided that, however, the transferee designated by Maker shall provide proof that it has the wherewithal and ability to perform the Maker's obligations set forth in this Note, and Maker agrees that Payee shall retain the sole and exclusive right to make such a determination.

12.    **Subsequent Holders.** In the event that any holder of this Note transfers this Note for value or the settlement of a claim, all subsequent holder(s) of this Note shall be subject to any claims or defenses which Maker may have against a prior holder (which claims or defenses are not waived as to prior holders).

13.    **Maximum Rate of Interest.** Notwithstanding any provision of this Note to the contrary, Maker shall not be obligated to pay interest pursuant to this Note in excess of the maximum rate of interest specified under Section 2 of this Note.

14.    **Choice of Law; Forum Selection; Consent to Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the State of Florida (excluding the choice of law rules thereof).  Maker hereby (a) agrees that all disputes and matters

4

whatsoever arising under, in connection with, or incident to this Note shall be litigated, if at all, in and before the United States District Court, Middle District of Florida, Tampa Division, in Hillsborough County in the State of Florida to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the exclusive jurisdiction of the United States District Court, Middle District of Florida, Tampa Division in Hillsborough County in the State of Florida in any action or proceeding arising out of or relating to this Note, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been brought in an inconvenient forum.  A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.

15.   **Invalidity of Any Part.**  If any provision or part of any provision of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Note, but only to the extent of its invalidity, illegality or unenforceability.  In any event, if any such provision pertains to the repayment of the indebtedness evidenced by this Note, then and in such event, at Payee's option, the outstanding Principal Amount, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

16.   **Service of Process.**  Maker hereby consents to process being served in any suit, action or proceeding instituted in connection with this Note by the mailing of a copy thereof to Maker, at the address for notice described in Section 17 immediately below, by certified mail, postage prepaid, return receipt requested.  Maker hereby irrevocably agrees that such service shall be deemed to be service of process upon Maker in any such suit, action or proceeding. Nothing in this Note shall affect the right of Payee to serve process in any other manner otherwise permitted by law, and nothing in this Note will limit the right of Payee otherwise to bring proceedings against Maker in the courts of any other jurisdiction or jurisdictions.

17.   **Notice.**  Any notice, demand, request or other communication which Payee or Maker may be required to give hereunder shall be in writing, shall be effective and deemed received (i) on the next business day when sent by overnight mail or courier service with a nationally recognized courier (e.g., UPS or FedEx), or (ii) on the third business day after being deposited in first class United States mail, postage prepaid, and shall be addressed as follows, or to such other addresses as the parties may designate by like notice:

| | |
|---|---|
| If to Maker: | TRISTATE AVIATION GROUP OF FLORIDA LLC<br>400 Airport Avenue East<br>Venice, Florida 34285<br>Attn: Marty Kretchman, Managing Director |
| If to Payee: | Burton W. Wiand, Receiver of Venice Jet Center, LLC<br>3000 Bayport Drive, Suite 600<br>Tampa, Florida 33607<br>Attn: Burt Wiand |

Either Party may change their address for delivery of notice hereunder by giving the other Party written notice of such change in address in accordance with the foregoing notice provisions.

18.   **Miscellaneous.**   The paragraph headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof.  This Note constitutes the entire agreement between the parties with respect to their subject matter and supersede all prior letters, representations or agreements, oral or written, with respect thereto.  No modification, release or waiver of this Note shall be deemed to be made by Payee unless in writing signed by Payee, and each such waiver, if any, shall apply only with respect to the specific instance involved. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine or neuter gender shall include all genders.

**IN WITNESS WHEREOF,** Maker has duly executed this Note as of the day and year first hereinabove set forth.

**DONALD MARTIN KRETCHMAN,** AS
MANAGING DIRECTOR OF
TRISTATE AVIATION GROUP OF FLORIDA,
LLC

42388999v2

**Venice Jet Center**

Compound Period ......... :  Monthly

Nominal Annual Rate .... :  4.000 %

CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 12/01/2009 | 250,000.00 | 1 | | |
| 2 | Payment | 01/01/2010 | Interest Only | 9 | Monthly | 09/01/2010 |
| 3 | Payment | 10/01/2010 | 1,920.40 | 27 | Monthly | 12/01/2012 |
| 4 | Payment | 01/01/2013 | 220,072.42 | 1 | | |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 12/01/2009 | | | | 250,000.00 |
| 2009 Totals | | 0.00 | 0.00 | 0.00 | |
| 1 | 01/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 2 | 02/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 3 | 03/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 4 | 04/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 5 | 05/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 6 | 06/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 7 | 07/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 8 | 08/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 9 | 09/01/2010 | 833.33 | 833.33 | 0.00 | 250,000.00 |
| 10 | 10/01/2010 | 1,920.40 | 833.33 | 1,087.07 | 248,912.93 |
| 11 | 11/01/2010 | 1,920.40 | 829.71 | 1,090.69 | 247,822.24 |
| 12 | 12/01/2010 | 1,920.40 | 826.07 | 1,094.33 | 246,727.91 |
| 2010 Totals | | 13,261.17 | 9,989.08 | 3,272.09 | |
| 13 | 01/01/2011 | 1,920.40 | 822.43 | 1,097.97 | 245,629.94 |
| 14 | 02/01/2011 | 1,920.40 | 818.77 | 1,101.63 | 244,528.31 |
| 15 | 03/01/2011 | 1,920.40 | 815.09 | 1,105.31 | 243,423.00 |
| 16 | 04/01/2011 | 1,920.40 | 811.41 | 1,108.99 | 242,314.01 |
| 17 | 05/01/2011 | 1,920.40 | 807.71 | 1,112.69 | 241,201.32 |
| 18 | 06/01/2011 | 1,920.40 | 804.00 | 1,116.40 | 240,084.92 |
| 19 | 07/01/2011 | 1,920.40 | 800.28 | 1,120.12 | 238,964.80 |
| 20 | 08/01/2011 | 1,920.40 | 796.55 | 1,123.85 | 237,840.95 |
| 21 | 09/01/2011 | 1,920.40 | 792.80 | 1,127.60 | 236,713.35 |
| 22 | 10/01/2011 | 1,920.40 | 789.04 | 1,131.36 | 235,581.99 |
| 23 | 11/01/2011 | 1,920.40 | 785.27 | 1,135.13 | 234,446.86 |
| 24 | 12/01/2011 | 1,920.40 | 781.49 | 1,138.91 | 233,307.95 |
| 2011 Totals | | 23,044.80 | 9,624.84 | 13,419.96 | |
| 25 | 01/01/2012 | 1,920.40 | 777.69 | 1,142.71 | 232,165.24 |
| 26 | 02/01/2012 | 1,920.40 | 773.88 | 1,146.52 | 231,018.72 |
| 27 | 03/01/2012 | 1,920.40 | 770.06 | 1,150.34 | 229,868.38 |

Venice Jet Center

|  | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 28 | 04/01/2012 | 1,920.40 | 766.23 | 1,154.17 | 228,714.21 |
| 29 | 05/01/2012 | 1,920.40 | 762.38 | 1,158.02 | 227,556.19 |
| 30 | 06/01/2012 | 1,920.40 | 758.52 | 1,161.88 | 226,394.31 |
| 31 | 07/01/2012 | 1,920.40 | 754.65 | 1,165.75 | 225,228.56 |
| 32 | 08/01/2012 | 1,920.40 | 750.76 | 1,169.64 | 224,058.92 |
| 33 | 09/01/2012 | 1,920.40 | 746.86 | 1,173.54 | 222,885.38 |
| 34 | 10/01/2012 | 1,920.40 | 742.95 | 1,177.45 | 221,707.93 |
| 35 | 11/01/2012 | 1,920.40 | 739.03 | 1,181.37 | 220,526.56 |
| 36 | 12/01/2012 | 1,920.40 | 735.09 | 1,185.31 | 219,341.25 |
| 2012 Totals | | 23,044.80 | 9,078.10 | 13,966.70 | |
| 37 | 01/01/2013 | 220,072.42 | 731.17 | 219,341.25 | 0.00 |
| 2013 Totals | | 220,072.42 | 731.17 | 219,341.25 | |
| Grand Totals | | 279,423.19 | 29,423.19 | 250,000.00 | |

Venice Jet Center

Last interest amount increased by 0.03 due to rounding.