## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

        Defendants,

CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

        Relief Defendants.

_____/

## ORDER

Pending before this Court is the Receiver's Motion For Approval of Sale Of The Assets

Of The Venice Jet Center And Agreement With Northern Trust, N.A. (the "Motion") (Dkt. ___).

The Motion requests approval of the sale of certain assets of the Venice Jet Center, LLC

("VJC"), a company in Receivership, and as part of the sale, the transfer of the VJC's lease

agreement with the City of Venice and subleases with Hertz Corporation and the Cockpit Café.

The Motion also requests approval of the terms of an agreement to resolve outstanding

obligations by Receivership Entities to Northern Trust, N.A.  Northern Trust has consented to

Securities and Exchange Commission v. Nadel et al

Dockets.Justia.com

**EXHIBIT 6**

these transactions and the Court has provided the City of Venice with the opportunity to raise objections to this transaction and the transfer of the lease and subleases.

This Court, having considered all matters submitted with respect to the Motion and having reached the conclusion that the Motion is well founded and that the relief requested is in the interest of the receivership and consistent with the rights of the parties to the lease between the City of Venice and the VJC, it is hereby Ordered that the Motion of the Receiver is Granted and the sale of assets is approved by this Court as are the terms of the agreement between the Receiver and Northern Trust, N.A.  It is further Ordered that:

1.     The assets described on Exhibit 3 of the Motion are hereby transferred from the Venice Jet Center, LLC to Tristate Aviation Group of Florida LLC free and clear of all claims, liens and encumbrances except for the liens of Northern Trust, N.A.;

2.     VJC's interests, rights and obligations as tenant under the Lease by and between the City of Venice, a Florida municipality, as lessor, and VJC, as lessee, dated May 23, 2006, as more particularly described in the Motion (the "Lease"), which demises the real property described in Exhibit 7 to the Motion, together with the leasehold estate arising thereunder, are hereby assigned and transferred to Tristate Aviation Group of Florida LLC.

3.     Tristate Aviation Group of Florida LLC is entitled to all rights, benefits and interests of the tenant in the Lease and the leasehold estate arising thereunder and assumes all obligations of VJC as tenant thereunder.   Said rights shall include the right of Tristate Aviation Group to be substituted in VJC's stead in the proceeding before the FAA (FAA Docket No. 16-09-05).

4.     [NOTE: TO BE INCORPORATED IF THE CITY OF VENICE FAILS TO CONSENT TO TRANSFER OF LEASES BUT THIS COURT FINDS TRANSFER IS

APPROPRIATE]  The aforestated assignment and transfer of the Lease shall not require the consent of City of Lease and shall not be deemed to be an event of default under the Lease;

5.     Subleases between the VJC and Hertz Corporation and between the VJC and the Cockpit Café LLC are hereby transferred to Tristate Aviation Group of Florida LLC and Tristate Aviation Group of Florida LLC is entitled to all rights and interests of the VJC in and under said leases and assumes all obligations of the VJC thereunder; and

6.     Tristate Aviation Group of Florida LLC is entitled to the quiet enjoyment of all rights and privileges under the aforementioned leases and no third party shall inappropriately interfere with the enjoyment of said rights, and that the same are valid and in good standing as of the date of this Order.

7.     The Agreement Regarding Claims and Obligations entered into between the Receiver and Northern Trust, N.A. is approved in all respects.

DONE and ORDERED in chambers in Tampa, Florida this ___ day of _____, 2009.

_____
UNITED STATES DISTRICT COURT JUDGE