**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                                  Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL;
SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.

        Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD;
VICTORY FUND, LTD;
VIKING IRA FUND, LLC;
VIKING FUND, LLC; AND
VIKING MANAGEMENT, LLC

        Relief Defendants.
_____/

**THE RECEIVER'S OPPOSITION TO DONALD H.
ROWE'S MOTION FOR PROTECTIVE ORDER (DOC. 250)**

On March 13, 2009, Burton W. Wiand, as Receiver (the "Receiver"), served a subpoena for documents on non-party Donald H. Rowe ("Rowe") for information relating to him and several entities through which he operates (the "Subpoena"). *See* Subpoena (Doc. 250-2). On December 7, 2009, Rowe filed his Motion for Protective Order (the "Motion") (Doc. 250) in response to the Subpoena. The Motion is directed at the disclosure of Rowe's tax returns and seeks a protective order to (1) impose a blanket prohibition on the Receiver

1

from disclosing Rowe's personal tax returns in any manner (even if sensitive information is redacted) to any non-governmental party;[1] (2) to direct the Receiver to include the phrase "Subject to a Confidentiality Order" on the returns before using them at a deposition or as an exhibit to a court filing or evidentiary hearing; and (3) to force the Receiver to file returns under seal. *See* Mot. at 2.

The Receiver fully appreciates the confidential nature of tax returns (and of much of the other information that has already been produced to him pursuant to over 85 subpoenas served to date on non-parties) and the risks associated with public disclosure of sensitive personal information. However, the Motion should be denied for two reasons: (1) the relief requested by Rowe would impose a very significant burden on the Receiver and significant costs on the receivership estate and (2), more importantly, the requested relief is <u>not</u> necessary because the goal of Rowe's motion – which, in his own words, is to "ensure that reasonable measures will be taken to protect his privacy [and the privacy of his wife]" (Mot. at 2) – is achieved in the absence of the requested protective order through Rule 5.2 of the Federal Rules of Civil Procedures and the Receiver's process with respect to the disclosure of sensitive information, which process was effectively used in the Waxenberg Receivership pending in this Court.

---

[1] Although Rowe is willing to permit the Receiver to disclose the tax returns to other parties in this case (*see, e.g.*, Mot. at 2), that concession essentially is of no value as the only other parties in this matter that are not represented by the Receiver are the Securities & Exchange Commission and Arthur Nadel.
2

# ARGUMENT

## I. ROWE'S TAX RETURNS ARE DISCOVERABLE AND MUST BE PRODUCED

The Receiver served the Subpoena on Rowe because of Rowe's significant connections to this receivership. Although Rowe portrays himself merely as someone who "invested in certain of the defendant funds" and who "published a generalized newsletter that at times included references to the defendants" and states that he is a "non-party whose personal financial information is not relevant to this SEC action" (Mot. at 2), the Receiver's investigation has revealed Rowe's significant importance to this matter. Aside from being an investor (along with his wife) who enjoyed significant false profits, Rowe was single-handedly responsible for directing a very large number of investors to Nadel's scheme and he reaped significant commissions and other compensation from Receivership Entites for those efforts. As such, he and his and his wife's personal financial information, including Rowe's tax returns showing the amount and source of his compensation, are directly relevant to this matter.

Those returns are particularly relevant here because Rowe has claimed that he does not have other documentation in his possession, custody, or control (such as deposit tickets or personal bank statements) that reflect the significant sums of money that he received from Receivership Entities. *See Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2007 WL 1521117, at *7 (S.D.N.Y. 2007) (noting tax returns are discoverable when they are relevant to the subject matter of the case and there is a compelling need for the returns because pertinent information is not otherwise readily available, and party resisting disclosure bears

burden of establishing alternative sources for information). In short, Rowe's tax returns are discoverable by the Receiver.

## II. THE ROWES' PRIVACY WILL BE ADEQUATELY PROTECTED BY THE RECEIVER WITHOUT A PROTECTIVE ORDER

The protective order sought by Rowe is unnecessary because (1) Federal Rule of Civil Procedure 5.2 protects against disclosure of sensitive personal information in court filings and (2) the Receiver has adopted a process that will protect against improper broader disclosure of that information. Rule 5.2(a) of the Federal Rules of Civil Procedure states, in relevant part:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, . . . , or a financial-account number, a party or a nonparty making the filing may include only:
>
> (1) The last four digits of the social-security number and taxpayer-identification number;
> (2) The year of the individual's birth;
> (3) The minor's initials; and
> (4) The last four digits of the financial-account number.

If the Receiver needs to make Rowe's tax returns part of any court filings in this proceeding or any ancillary litigation, this Rule requires the redaction of the Rowes' social security numbers, dates of birth, and taxpayer-identification numbers, and thus that information will not be made part of the public record.

With respect to other disclosure, the Receiver's process for handling individuals' sensitive information will protect the Rowes (and others) from the concerns expressed in the Motion. As an initial matter, as a general rule the Receiver does not disclose sensitive information in his possession to anyone beyond the experts, professionals, and others he has

retained to assist him with this receivership, and to relevant government agencies, unless he is obligated to do so, for example in response to a discovery request or subpoena. Those assisting the Receiver understand the sensitive nature of that information and understand that information must not be disclosed.

With respect to disclosure of sensitive information in response to discovery requests or subpoenas from civil, non-governmental litigants, the Receiver has only disclosed that information (along with all other responsive information) after the requesting party has executed a confidentiality agreement. A sample confidentiality agreement used by the Receiver is attached hereto as Exhibit A. Among imposing other protections, that agreement obligates the requesting party to restrict the disclosure of sensitive information and to only disclose it, as permitted in the agreement, in a manner that minimizes the risk of improper disclosure; to store that information in a safe manner; to comply with Rule 5.2 of the Federal Rules of Civil Procedure; and to promptly notify the Receiver if that requesting party is obligated to produce the sensitive information pursuant to a subpoena or other discovery request so as to allow the Receiver an opportunity to challenge disclosure, if appropriate. *See generally* Ex. A. Further, to make enforcement of the agreement more prompt and efficient, in the agreement the requesting party submits to the jurisdiction of this Court and acknowledges the Receiver may seek to enforce the agreement in this proceeding. *See id.* at 2. By requiring a confidentiality agreement when producing sensitive information (rather than when receiving it), the Receiver significantly alleviates the burden to the Receivership Estate while protecting against improper disclosure of the information in the same manner as

if the Receiver were subjected to a confidentiality agreement or protective order before Rowe's tax returns are produced to the Receiver.

Significantly, the Receiver used a similar process in the Waxenberg Receivership. That process proved effective in that matter, and the Receiver has no reason to believe it will not be equally effective in this proceeding. The Receiver's responsibility to protect against improper disclosure of the Rowes' and other non-parties' sensitive information even in the absence of the protective order sought by Rowe is underscored by *Shearson Lehman Hutton, Inc. v. Lambros,* 135 F.R.D. 195 (M.D. Fla. 1990). In that case, Magistrate Judge Jenkins concluded that tax returns produced <u>without</u> a protective order should nevertheless be maintained in a confidential manner. *Id.* at 198. The Motion cites that case and attempts to distinguish it by noting that Rowe is not a party in this proceeding. However, the Motion does not explain why the confidential treatment of tax returns noted in *Shearson Lehman* should be affected by someone's status as a party or non-party.

In light of these protections, the Motion fails as a matter of law under Rule 26(c)(1) of the Federal Rules of Civil Procedure because Rowe's basis for a protective order – that he and his wife will be prejudiced absent its entry because private financial information may be available to third parties – is entirely mitigated. The burden falls on Rowe to show good cause for a protective order through particular and specific demonstration of facts, and he has failed to satisfy that burden. *See In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *see also In re Katrina Canal Beaches Consol. Litig.,* 2008 WL 2066999 at *4 (E.D. La. 2008).

## III. A PROTECTIVE ORDER WOULD IMPOSE AN UNDUE BURDEN ON THE RECEIVER AND THE RECEIVERSHIP ESTATE

To date, the Receiver has served over 85 subpoenas on non-parties, received documents from approximately 50 of those parties, and gathered an additional large volume of documents and other information directly from the files and IT systems of the Receivership Entities. Among all of that information is a significant amount of investors' and other individuals' sensitive personal information, including social security numbers and bank account numbers – the exact same type of information that would be on Rowe's tax returns. Granting the Motion would set a dangerous precedent and likely prompt many other non-parties to refuse producing information to the Receiver until a confidentiality agreement is negotiated and executed with each of those non-parties.

Aside from delaying productions, such agreements would likely impose obligations on the Receiver to resist producing documents in response to discovery requests served upon him in future litigation or to notify the party who produced the information to the Receiver of any such requests before the Receiver could produce that information. In either case, the Receiver and the Receivership Estate would be significantly burdened because the Receiver would have to spend resources either to resist production or to notify each producing party before the Receiver discloses the information (both of which inevitably would embroil the Receiver in additional litigation). Further, such agreements could vary from one to the other, and the Receiver would be burdened by having to ensure compliance with each agreement. In addition, such agreements could restrict the Receiver's ability to share the information he gathers from non-parties with the professionals and others he has retained to assist him in this matter, including with financial analysts and accountants. In short, if the Receiver must

negotiate and enter into a protective order or confidentiality agreement with Rowe and others before they produce information, the Receiver's ability to efficiently administer this Receivership will be unduly burdened, and the impediments and obligations of a protective order or confidentiality agreement will needlessly increase the costs of administration. These burdens are not justified, especially because the Receiver is fully aware of the sensitive and confidential nature of certain information and will take (and already has taken) appropriate measures to ensure that information is adequately protected in the absence of a protective order.

And in any event, because the Receiver serves as an officer of the Court (*see, e.g.*, *Booth v. Clark*, 58 U.S. 322, 331-32 (1854)), Rowe (or any other non-party) may seek relief from the Court at any time if he feels his privacy has been infringed by the Receiver's disclosure of information.

## CONCLUSION

For all of these reasons, Donald H. Rowe's Motion for Protective Order (Doc. 250) should be denied.[2]

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

---

[2] The Receiver respectfully suggests that in light of the arguments and representations in this response, the Court should deny the Motion without conducting the hearing scheduled for Monday December 21, 2009.

Arthur G. Nadel
Register No. 50690-018
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

                                                       s/ Gianluca Morello
                                                      Gianluca Morello, FBN 034997
                                                      gmorello@wiandlaw.com
                                                      WIAND GUERRA KING P.L
                                                      3000 Bayport Drive
                                                      Suite 600
                                                      Tampa, FL 33607
                                                      Tel: 813-347-5100
                                                      Fax: 813-347-5199

                                                      Attorneys for the Receiver Burton W. Wiand