# SETTLEMENT AGREEMENT

WHEREAS, by order dated January 21, 2009, the Court in <u>Securities & Exch. Comm'n v. Arthur Nadel, et al.</u>, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Real Estate, L.P.; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking Ira Fund, LLC; Viking Fund, LLC; and Viking Management and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by Jewel Hirsch in excess of his investment; and

WHEREAS, Jewel Hirsch, without admitting liability, wishes to resolve these matters amicably; and

WHEREAS, any resolution of this action by agreement of the Receiver and Jewel Hirsch is subject to approval by the Court presiding over the SEC Receivership Action,

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, Jewel Hirsch has agreed to pay and the Receiver has agreed to accept a total of $34,102.00 in full settlement of the claims to be asserted in the lawsuit, to be paid in four equal payments of $8,525.5 as follows: (1) the first payment to be made by February 1, 2010, (2) the second payment to be made by May 1, 2010, (3) the third payment to be made by August 1, 2010, and (4) the fourth and final payment to be made by November 1, 2010. Upon receipt and clearing of the fourth and final settlement payment, the

1

Securities and Exchange Commission v. Nadel et al    Doc. 269 Att. 1
Dockets.Justia.com

Exhibit A

Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged Jewel Hirsch of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to Jewel Hirsch's investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and the Receivership Entities.

In further consideration of the release of claims described above, Jewel Hirsch warrants that $37,891.35 is the total amount of money or value Jewel Hirsch received from Receivership Entities in excess of his investment, and Jewel Hirsch agrees to waive and does hereby waive any claim that she had, has, or hereafter may have against the Receiver and/or the Receivership Estate.

The Receiver and Jewel Hirsch understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. Jewel Hirsch understands and agrees that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter.

The Receiver and Jewel Hirsch agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and Jewel Hirsch also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

By: *Jewel Hirsch*
Jewel Hirsch

*Burton W. Wiand*
Burton W. Wiand, As Receiver
of the Receivership Entities

Date: 11/15/09

Date: 12/18/2009

42404029v1

3