UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                   CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUND, LTD; VIKING IRA
FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

**O R D E R**

On November 24, 2009, this Court entered an order at docket 238 granting the Receiver's motion for order to show cause why a 169-acre conservation easement granted in 2005 to the Carolina Mountain Land Conservancy (the Conservancy) by Laurel Mountain Preserve, LLC (Laurel Mountain), should not be extinguished because it was a fraudulent transfer. In that order, the Court also scheduled the matter for a hearing which the Court subsequently cancelled.

The Conservancy has since filed at dockets 264 and 265 an extensive response with multiple exhibits in which it raises three primary arguments: (1) the Receiver has failed to effect proper service of process on the Conservancy thus depriving it of due process, (2) the relief the Receiver seeks from the Court is not appropriate for a summary proceeding conducted without discovery, and (3) there exist genuine issues of material fact underlying the Receiver's claims.

The Court has undertaken a thorough and extensive review of the parties' written submissions. After doing so, the Court readily concludes that adjudicating the core issue of whether Laurel Mountain's transfer of the easement to the Conservancy constitutes a fraudulent transfer is of such complexity that the summary procedure suggested by the Receiver for resolving that issue is legally and substantively inappropriate. Although the Court recognizes that under the authority of <u>Securities and Exchange Commission v. Elliott</u>, 953 F.2d 1560 (11th Cir. 1992), it has the discretion to adjudicate the claim presented so long as the Conservancy is afforded the fundamentals of due process, nevertheless, the Court declines to exercise that discretion in light of the fact that according to the Clerk's docket the Receiver has instituted a formal action against the Conservancy in case number 8:09-cv-2443-T-27TBM in which he seeks the same relief. In the Court's view, the interest of fairness to the Conservancy, as well as judicial economy, dictate that the fraudulent transfer issue be resolved in that case for two reasons: (1) the Conservancy will have the ability to invoke the full panoply of rights afforded in a primary civil proceeding in order to advance its factual and legal positions

in opposition to extinguishing the easement and (2) this Court will not be further burdened by the demands of this case by having to fashion a proceeding which will necessarily involve affording the Conservancy the same rights it is entitled to in a primary civil proceeding in order to adequately defend its interests. Accordingly, the order to show cause is discharged.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record