# SETTLEMENT AGREEMENT

WHEREAS, by order dated January 21, 2009, the Court in <u>Securities & Exch. Comm'n v. Arthur Nadel, et al.</u>, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Capital, LLC; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District of Florida, Tampa Division (the "Lawsuit"), to assert claims seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by All-Weather Fund of Funds, LP ("All-Weather") in excess of its investment in one or more of the Receivership Entities (the "Settled Claims"); and

WHEREAS, All-Weather, without admitting liability, wishes to resolve these matters amicably; and

WHEREAS, Mark Williams, as General Partner of All-Weather, represents that he has the express authority of All-Weather to enter into this Agreement on All-Weather's behalf.

WHEREAS, All-Weather and the Receiver acknowledge that this settlement agreement does not relate to, and specifically excludes, any and all claims relating to investments by Mark Williams in one or more of the Receivership Entities made in any

1



Securities and Exchange Commission v. Nadel et al    Doc. 280 Att. 1

Dockets.Justia.com

capacity other than for or on behalf of All-Weather, including Mark H. & Judy King Williams and Millennium Trust – FBO Mark Williams #90G050017; and

WHEREAS, any resolution of this action by agreement of the Receiver and All-Weather is subject to approval by the Court presiding over the SEC Receivership Action (the "SEC Receivership Court");

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, All-Weather has agreed to pay and the Receiver has agreed to accept a total of $116,391.25 in full settlement of the Settled Claims, to be paid within 14 days after approval of this settlement by the SEC Receivership Court.

Upon receipt and clearing of this full settlement payment, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged All-Weather of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to All-Weather's investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and Receivership Entities.

In further consideration of the release of claims described above, All-Weather warrants that $129,323.61 is the total amount of money or value All-Weather received from Receivership Entities in excess of its investment, and All-Weather agrees to waive and does hereby waive any claim that it had, has, or hereafter may have against the Receiver and/or the Receivership Estate.

The Receiver and All-Weather understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of

claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating a dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. To the extent necessary, All-Weather agrees to assist the Receiver in seeking the SEC Receivership Court's approval of this settlement. All-Weather understands and agrees that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter.

The Receiver and All-Weather agree that all statutes of limitations and/or statutes of repose that are applicable to any and all Settled Claims shall be tolled and suspended until the full settlement payment has been received by the Receiver and has cleared the banking system.

In the event All-Weather fails to make payment as provided by this Settlement Agreement, All-Weather hereby consents to the entry of a Judgment. All-Weather acknowledges and agrees that such Judgment will be for the total amount of money All-Weather received from the Receivership Entities in excess of its investment as stated above, less any payments, plus interest at the legal rate from the date of this agreement.

The Receiver and All-Weather agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and All-Weather also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

By: *Mark Williams*
Mark Williams, General Partner of All-
Weather Fund of Funds, LP

*Burton W. Wiand*
Burton W. Wiand, as Receiver
of the Receivership Entities

Date: 12-23-2009

Date: 12/28/2009