# SETTLEMENT AGREEMENT

WHEREAS, by order dated January 21, 2009, the Court in <u>Securities & Exch. Comm'n v. Arthur Nadel, et al.</u>, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Capital, LLC; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by John and Linda Evans ("the Evans") in excess of their investment; and

WHEREAS, the Evans, without admitting liability, wish to resolve these matters amicably; and

WHEREAS, any resolution of this action by agreement of the Receiver and the Evans is subject to approval by the Court presiding over the SEC Receivership Action (the "SEC Receivership Court")

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, the Evans have agreed to pay and the Receiver has agreed to accept a total of $72,000.00 in full settlement of the claims to be asserted in the lawsuit, to be paid within 14 days after approval of this settlement by the SEC Receivership Court. Upon receipt and clearing of the settlement payment, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed

Securities and Exchange Commission v. Nadel et al

1

Dockets.Justia.com

EXHIBIT

A

to have released and forever discharged the Evans of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to the Evans' investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and Receivership Entities.

In further consideration of the release of claims described above, the Evans warrant that $80,000.00 is the total amount of money or value that the Evans received from Receivership Entities in excess of their investment, and the Evans agree to waive and do hereby waive any claim that they have, had, or hereafter may have against the Receiver and/or the Receivership Estate.

The Receiver and the Evans understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating a dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. To the extent necessary, the Evans agree to assist the Receiver in seeking the SEC Receivership Court's approval of this settlement. The Evans understand and agree that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter.

The Receiver and the Evans agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and the Evans also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

By: _____
John P. Evans

Date: 12-21-09

_____
Burton W. Wiand, as Receiver
of the Receivership Entities

Date: 12/28/09

By: _____
Linda R. Evans

Date: 12-21-09

42373977v1



3