# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                       Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

      Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

      Relief Defendants.

_____/

## RECEIVER'S MOTION TO APPROVE SETTLEMENT

    Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of a claim against Robert Wilkes, Jr. for recovery of sums received from one or more Receivership Entities in excess of investment ("false profits") on the basis of the Settlement Agreement attached as Exhibit A.

## MEMORANDUM IN SUPPORT

    The Securities and Exchange Commission (the "Commission" or "SEC") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets . .

Securities and Exchange Commission v. Nadel et al.

. . ." (Dkt. 1, Compl., ¶ 7.) Burton W. Wiand was appointed by this Court as the Receiver for Defendants and Relief Defendants. (*See* Order Reappointing Receiver (Dkt. 140).) Additionally, the Receivership was expanded to include Venice Jet Center, LLC and Tradewind, LLC (Dkt. 17); Laurel Mountain Preserve, LLC, Laurel Preserve, LLC, the Marguerite J. Nadel Revocable Trust UAD 8/2/07, and the Laurel Mountain Preserve Homeowners Association, Inc. (Dkt. 44); The Guy-Nadel Foundation, Inc. (Dkt. 68); Lime Avenue Enterprises, LLC, and A Victorian Garden Florist, LLC (Dkt. 79); Viking Oil & Gas, LLC (Dkt. 153); and Home Front Homes, LLC (Dkt. 172) (collectively, the "Receivership Entities").

Pursuant to the Order Reappointing Receiver (Dkt. 140), the Receiver has the duty and authority to:

> 2. Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary . . . against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement or profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

Dkt. 140 at ¶ 2.

The Receiver's investigation has revealed a number of investors who received "false profits" (returns greater than their investments) ("profiteers") to the detriment of those investors who lost money as a result of their investment. The Receiver began recovery efforts by mailing letters to numerous profiteers, inquiring whether they agreed with the Receiver's calculated amount of false profits and whether they would return the transfers

voluntarily to expedite the process and to avoid litigation. The Receiver, with the approval of the Commission, believes it is appropriate to accept 90% of the amount claimed in consideration of payment before the commencement of litigation to recover the false profits.

One of the letters was sent to Robert Wilkes, Jr. seeking recovery of $40,196.81 in false profits. As shown by the attached Settlement Agreement, Robert Wilkes, Jr., subject to the approval of this Court, has agreed to pay 90% ($36,177.13) to be paid in twenty-four equal payments as follows: a first payment of $1,507.38 to be paid by March 15, 2010; a second payment of $1,507.38 to be paid by April 15, 2010; a third payment of $1,507.38 to be paid by May 15, 2010; a fourth payment of $1,507.38 to be paid by June 15, 2010; a fifth payment of $1,507.38 to be paid by July 15, 2010; a sixth payment of $1,507.38 to be paid by August 15, 2010; a seventh payment of $1,507.38 to be paid by September 15, 2010; an eighth payment of $1,507.38 to be paid by October 15, 2010; a ninth payment of $1,507.38 to be paid by November 15, 2010; a tenth payment of $1,507.38 to be paid by December 15, 2010; an eleventh payment of $1,507.38 to be paid by January 15, 2011; a twelfth payment of $1,507.38 to be paid by February 15, 2011; a thirteenth payment of $1,507.38 to be paid by March 15, 2011; a fourteenth payment of $1,507.38 to be paid by April 15, 2011; a fifteenth payment of $1,507.38 to be paid by May 15, 2011; a sixteenth payment of $1,507.38 to be paid by June 15, 2011; a seventeenth payment of $1,507.38 to be paid by July 15, 2011; an eighteenth payment of $1,507.38 to be paid by August 15, 2011; a nineteenth payment of $1,507.38 to be paid by September 15, 2011; a twentieth payment of $1,507.38 to be paid by October 15, 2011; a twenty-first payment of $1,507.38 to be paid by November 15, 2011; a twenty-second payment of $1,507.38 to be paid by December 15,

2011; a twenty-third payment of $1,507.38 to be paid by January 15, 2012; and a twenty-fourth and final payment of the balance of $1,507.38 to be paid by February 15, 2012. By this motion, the Receiver seeks approval of this settlement.

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and Robert Wilkes, Jr., because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to Robert Wilkes, Jr..

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 28, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel
Register No. 50690-018
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

**s/ Gianluca Morello**
Gianluca Morello, FBN 034997
Email: gianluca.morello@wiandlaw.com
Maya M. Lockwood, FBN 0175481
Email: mlockwood@wiandlaw.com
Wiand Guerra King PL
3000 Bayport Drive
Suite 600
Tampa, FL 33607
Tel: (813) 347-5100
Fax: (813) 347-5155

*Attorneys for the Receiver, Burton W. Wiand*