# SETTLEMENT AGREEMENT

WHEREAS, by order dated January 21, 2009, the Court in <u>Securities & Exch. Comm'n v. Arthur Nadel, et al.</u>, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Capital, LLC; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District of Florida, Tampa Division (the "Lawsuit"), to assert claims seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by Robert Wilkes, Jr. in excess of his investment in one or more of the Receivership Entities (the "Settled Claims"); and

WHEREAS, Robert Wilkes, Jr., without admitting liability, wishes to resolve these matters amicably; and

WHEREAS, any resolution of this action by agreement of the Receiver and Robert Wilkes, Jr. is subject to approval by the Court presiding over the SEC Receivership Action (the "SEC Receivership Court");

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, Robert Wilkes, Jr. has agreed to pay and the Receiver has agreed to accept a total of $36,177.13 in full settlement of the claims to be asserted in the lawsuit, to be paid in twenty-four equal payments as follows: a first payment of $1,507.38 to be paid by March 15, 2010; a second payment of $1,507.38 to be paid by April 15, 2010; a third payment of

1



Securities and Exchange Commission v. Nadel et al    Doc. 282 Att. 1

Dockets.Justia.com

$1,507.38 to be paid by May 15, 2010; a fourth payment of $1,507.38 to be paid by June 15, 2010; a fifth payment of $1,507.38 to be paid by July 15, 2010; a sixth payment of $1,507.38 to be paid by August 15, 2010; a seventh payment of $1,507.38 to be paid by September 15, 2010; a eighth payment of $1,507.38 to be paid by October 15, 2010; a ninth payment of $1,507.38 to be paid by November 15, 2010; a tenth payment of $1,507.38 to be paid by December 15, 2010; an eleventh payment of $1,507.38 to be paid by January 15, 2011; a twelfth payment of $1,507.38 to be paid by February 15, 2011; a thirteenth payment of $1,507.38 to be paid by March 15, 2011; a fourteenth payment of $1,507.38 to be paid by April 15, 2011; a fifteenth payment of $1,507.38 to be paid by May 15, 2011; a sixteenth payment of $1,507.38 to be paid by June 15, 2011; a seventeenth payment of $1,507.38 to be paid by July 15, 2011; a eighteenth payment of $1,507.38 to be paid by August 15, 2011; a nineteenth payment of $1,507.38 to be paid by September 15, 2011; a twentieth payment of $1,507.38 to be paid by October 15, 2011; a twenty-first payment of $1,507.38 to be paid by November 15, 2011; a twenty-second payment of $1,507.38 to be paid by December 15, 2011; a twenty-third payment of $1,507.38 to be paid by January 15, 2012; and a twenty-fourth and final payment of the balance of $1,507.38 to be paid by February 15, 2012.

Upon receipt and clearing of the twenty-fourth and final settlement payment, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged Robert Wilkes, Jr. of and from any and all claims which could have been asserted by the Receiver, as well as any and all other claims, demands, rights, promises, and obligations arising from or related in any way to Robert Wilkes, Jr.'s investment in

any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and Receivership Entities.

In further consideration of the release of claims described above, Robert Wilkes, Jr. warrants that $40,196.81 is the total amount of money or value Robert Wilkes, Jr. received from Receivership Entities in excess of his investment, and Robert Wilkes, Jr. agrees to waive and does hereby waive any claim that he had, has, or hereafter may have against the Receiver and/or the Receivership Estate.

The Receiver and Robert Wilkes, Jr. understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating a dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. To the extent necessary, Robert Wilkes, Jr. agrees to assist the Receiver in seeking the SEC Receivership Court's approval of this settlement. Robert Wilkes, Jr. understands and agrees that each party shall bear his own individual costs and attorney fees incurred in the resolution of this matter.

The Receiver and Robert Wilkes, Jr. agree that all statutes of limitations and/or statutes of repose that are applicable to any and all Settled Claims shall be tolled and suspended until the final settlement payment has been received by the Receiver and has cleared the banking system.

In the event Robert Wilkes, Jr. fails to make payment as provided by this Settlement Agreement, Robert Wilkes, Jr. hereby consents to the entry of a Judgment. Robert Wilkes, Jr. acknowledges and agrees that such Judgment will be for the total amount of money Robert Wilkes, Jr. received from the Receivership Entities in excess of his investment as stated above, less any payments, plus interest at the legal rate from the date of this agreement.

The Receiver and Robert Wilkes, Jr. agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and Robert Wilkes, Jr. also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

By: _____
Robert Wilkes, Jr.

Date: 12/24/2009

_____
Burton W. Wiand, as Receiver
of the Receivership Entities

Date: 12/28/09