# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### FILE NUMBER: 8:09-cv-00087-RAL-TBM

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ARTHUR NADEL, SCOOP CAPITAL, LLC, SCOOP MANAGEMENT, INC., SCOOP REAL ESTATE, L.P., VALHALLA INVESTMENT PARTNERS, L.P., VALHALLA MANAGEMENT, INC., VICTORY IRA FUND, LTD., VICTORY FUND, LTD., VIKING IRA FUND, LLC, VIKING FUND, LLC, VIKING MANAGEMENT, LLC, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

## NON-PARTY DONALD H. ROWE'S MOTION FOR STAY PENDING APPEAL OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION

Donald H. Rowe, a non-party, by and through his undersigned counsel and pursuant to Federal Rule of Appellate Procedure 8, moves for a stay pending his appeal to the United States Court of Appeals for the Eleventh Circuit from this Court's order denying his Motion for Protective Order, which was entered in this action on the 18th day of December, 2009, or, in the alternative moves for reconsideration of the same order, and states:

1. On or about March 12, 2009, the Receiver in the above captioned case served a subpoena (the "**Subpoena**") to non-party Mr. Rowe, requesting production of Mr. Rowe's tax returns (the "**Returns**").

Dockets.Justia.com

2. Since receipt of the Subpoena, Mr. Rowe has attempted to work with the Receiver to ensure that any production of the Returns would be accomplished in a manner that would give the Receiver access to the information sought while affording reasonable privacy protections for Mr. and Mrs. Rowe, who are non-parties and private citizens with a significant privacy interest in the Returns. Specifically, Mr. and Mrs. Rowe have sought to ensure that the sensitive, personal, and private financial information contained in the Returns would not be released to non-governmental third parties, non-parties, or to the media, which has extensively covered all aspects of claims regarding the Nadel-Moody funds. See, e.g., Composite Exhibit 1.

3. Notwithstanding Mr. Rowe's exhaustive efforts to reach a compromise, in the course of Mr. and Mrs. Rowe's negotiations with the Receiver, the Receiver refused to agree to any reasonable measures that would ensure Mr. and Mrs. Rowe's privacy. In fact, prior to the Mr. Rowe's filing of the motion for protective order, the Receiver would not even agree that the Returns were confidential.

4. When it became clear that the Receiver would not agree to any reasonable measures to protect Mr. and Mrs. Rowe's sensitive, personal, and private financial information, Mr. Rowe moved for entry of a protective order in this action on December 7, 2009. The motion for protective order requested that this Court prohibit the Receiver from providing, releasing, disclosing or disseminating the Returns, or any part or portion thereof, to any non-governmental party or non-party; require the Receiver to designate the Returns as "Subject to a Confidentiality Agreement" if the Receiver intends to use the Returns at a deposition, as an exhibit to a pleading to be filed with the Court, or as an exhibit for an evidentiary hearing before the Court; prohibit the Receiver from filing the Returns, or any part or portion thereof, unless the filing is under seal; and to enter any other relief the Court deemed proper.

5. The Receiver responded to the motion on December 17, 2009. In his response, the Receiver claimed that he "fully appreciates the confidential nature of tax returns . . . and the risks associated with public disclosure of sensitive personal information" but that a protective order was "<u>not</u> necessary" because the Rowes' privacy concerns would be addressed through Rule 5.2 of the Federal Rules of Civil Procedure and the Receiver's process with respect to the disclosure of sensitive information. (<u>See</u> doc. # 262.)

6. On or about December 18, 2009, the Court entered an order denying Mr. Rowe's Motion for Protective Order (the "**Order**"), stating that the protections afforded by Rule 5.2 and the process the Receiver has utilized are "sufficient to mitigate the privacy concerns of Mr. Rowe and his wife." (<u>See</u> doc. # 267.)

7. On December 22, 2009, Mr. Rowe filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit from the Order denying his Motion for Protective Order.

8. Mr. and Mrs. Rowe now file this motion to stay any obligation to respond to the Subpoena pending appeal.

## **MEMORANDUM OF LAW**

When an order of the trial court has been appealed, a stay is appropriate where it can be shown "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). While typically a finding of probable likelihood of success on the merits is the most important consideration, "the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits'

when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Id.* at 1453 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

## I.     Rowe is likely to prevail on the merits of an appeal.

Mr. Rowe is likely to prevail on the merits of an appeal because, as even the Receiver acknowledges, the Returns are confidential and under Federal Rule of Civil Procedure 45, protection of the Court is appropriate when a subpoena seeks "disclosure of privileged or other protected matter." *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-cv-74891, 2007 WL 1344183, at *4 (E.D. Mich. May 4, 2007) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iii)).  Mr. Rowe and his wife are entitled to a protective order relieving them of the undue burden of disclosing their private, confidential, and personal tax return documentation to the Receiver without adequate assurances that the Receiver will not supply the Returns to non-governmental parties or non-parties.  In further support of his likelihood of success on appeal, Rowe incorporates by reference his memorandum of law in support of his motion for protective order (doc. # 250).

The Eleventh Circuit has jurisdiction to hear Mr. Rowe's appeal.  The Receiver has taken the position that upon the Court's denial of his motion for protective order, Mr. and Mrs. Rowe are compelled to produce documents, and apparently believes that Mr. and Mrs. Rowe are in contempt if they do not immediately produce documents.  In any event, and certainly to the extent that the Receiver is correct, the order denying his motion for protective order is final under 28 U.S.C. § 1291 if Mr. and Mrs. Rowe, who are non-parties, may be required to produce documents pursuant to it. *Caswell v. The Manhattan Fire & Marine Ins. Co.*, 399 F.2d 417, 422 (11th Cir. 1968) ("An order requiring a nonparty to produce documents often will be final insofar as the nonparty is concerned.  Moreover in many cases substantial prejudice may result from

denying immediate appellate review."); *Overby v. United States Fidelity & Guaranty Co.*, 224 F.2d 158, 162 (11th Cir. 1955) (order denying non-party's claim of privilege a final order for purposes of an appeal); *see also Caswell*, 399 F.2d at 422 (citing *Carter Prods., Inc. v. Eversharp*, 360 F.2d 868 (7th Cir. 1966) (noting when an order "settles" something between a party and a non-party, the order may be appealed as a final order)).

## II. Absent a stay, Mr. and Mrs. Rowe will suffer irreparable damage.

If Mr. Rowe is required to produce the Returns and the privacy of the information contained therein is not protected from disclosure to non-governmental parties, non-parties, or the public, the protected nature of the Returns would be irreparably breached and beyond the protection of the appellate court. Once such confidential information is disclosed to third-parties, the information could be quickly and irretrievably disseminated either through postings on the internet or in any form of media.

While on one hand the Receiver has claimed that as a "general rule" he would not supply the Returns to third-parties, the Receiver's adamant refusal to provide any assurance to the Rowes that the Returns would not be disclosed to non-governmental third-parties, as well as the language and footnotes of his response to the motion for protective order, indicate his continued belief that he should be permitted to disclose the Returns to non-governmental parties. Language of his response further indicates that the Receiver sees some potential gain in disclosing the contents of the Returns. For example, the Receiver states in footnote one that Rowe's willingness to permit the Receiver to disclose the tax returns to parties to this case is "essentially of no value" to the Receiver because the only other parties not represented by the Receiver are the SEC and Defendant Nadel.

5

In his Response, the Receiver acknowledged his "responsibility to protect against improper disclosure of the Rowes' and other non-parties' sensitive information" even in the absence of a protective order, but argued without explanation that the workload of a Receiver is such that it is too burdensome for him to agree to inform Mr. and Mrs. Rowe if the Returns are requested by—or provided to—non-governmental parties to this suit or non-parties. In essence, the Receiver's position is that the Rowes (and their counsel) must trust the Receiver and delegate to him their responsibility to protect from disclosure Mr. and Mrs. Rowe's private, personal, and confidential information even though the Receiver is too busy to trouble himself to notify the Rowes when someone merely requests access to that information.

It is not clear how many subpoenas or discovery requests the Receiver expects to receive relative to Mr. and Mrs. Rowe's Returns, but incredibly, even though it is too burdensome for the Receiver to put Mr. and Mrs. Rowe on notice of the potential need to protect their own privacy interests because non-governmental parties or non-parties are seeking access to the Rowes' personal, private, and confidential information, the Receiver expects the Rowes to believe that he will vigorously exercise his duty to "protect[] against improper disclosure of the information in the same manner as if the Receiver were subjected to a confidentiality agreement or protective order before Rowe's tax returns are produced to the Receiver." If the Receiver's responsibilities are so burdensome that he cannot be expected to notify Mr. and Mrs. Rowe of a discovery request seeking their private and confidential information, then the Rowes cannot be expected to trust that the Receiver has sufficient time and motivation to adequately protect their interests on their behalf.

Moreover, while the Receiver suggests that it is not his "general practice" to disclose sensitive information, his response to the motion for protective order implicitly provides that he

6

retains discretion to determine on an *ad hoc* basis when to make an exception to his "general rule" and disclose the Returns to whomever he sees fit. Further, the Receiver has not committed in any way to oppose on Rowe's behalf any subpoena or discovery request served on him for the Returns. Thus, even under the "protections" proposed by the Receiver, virtually anyone could obtain the Returns if they simply request them through a subpoena or a discovery request, and Mr. and Mrs. Rowe will never know that the request was made or granted unless and until that third-party makes their confidential, private, and personal information public. The existence of related state court litigation in which pre-judgment asset discovery would not be permitted, and the very fact that the Rowes' attempts to protect their confidentiality have been so highly publicized as evidenced by Exhibit 1, demonstrate the extraordinary likelihood that the Receiver will receive a subpoena or discovery request for this information, which he in turn has evidenced no intention to oppose and of which he further will not notify Mr. and Mrs. Rowe, leaving them incapable of protecting their interests.

Mr. and Mrs. Rowe are further concerned that the Receiver's reference to Federal Rule 5.2 calls into question the Receiver's appreciation of the extent to which the Returns are personal, private, and confidential. While redaction of account numbers, social security numbers, and birth dates are significant, such redaction is by no means the extent of the information which should be protected from public disclosure. Certainly, Rule 5.2 is not adequate to prohibit the dissemination of confidential, personal, and private information regarding the substance of a tax return, the amounts listed on tax returns as income, or the sources of a taxpayer's income.

For the reasons stated here, Mr. and Mrs. Rowe submit that they have demonstrated the likelihood of irreparable damage absent a stay.

**III.     The Receiver will not suffer substantial harm by issuance of a stay.**

The Receiver and the parties in the above captioned case will suffer no substantial harm from the issuance of the stay as this case may efficiently continue without the production of the Returns of these non-parties. Any harm that the Receiver arguably may suffer by the issuance of a stay is mitigated by the fact that the Receiver has refused any number of accommodations by Mr. and Mrs. Rowe. At various points the Receiver has rejected Mr. and Mrs. Rowe's offers to supply unredacted returns subject to a confidentiality agreement or to supply redacted returns that would show any income from Nadel-Moody. To the extent that the Receiver has for months refused to provide any adequate confidentiality protection to Mr. and Mrs. Rowe, and has rejected any attempt by the Rowes to negotiate protected disclosure of the information contained in the Returns, the Receiver cannot now be heard to say that they would be prejudiced by the issuance of a stay.

If this Court disagrees and determines that the Receiver would be substantially harmed by a stay, then Mr. and Mrs. Rowe propose that this Court fashion a method by which they can comply with the Subpoena but ensure confidentiality of the Returns pending this appeal. Specifically, the Rowes would request that this Court enter an interim protective order pending resolution of the appeal, which would prohibit the Receiver from providing, releasing, disclosing or disseminating the Returns, or any part or portion thereof, to any non-governmental party or non-party; require the Receiver to provide 15 days notice to Mr. and Mrs. Rowe of any subpoena or discovery request directed to the Receiver that may trigger an obligation by the Receiver to produce the Returns; require the Receiver to designate the Returns as "Subject to a Confidentiality Agreement" if the Receiver intends to use the Returns at a deposition, as an exhibit to a pleading to be filed with the Court, or as an exhibit for an evidentiary hearing before

the Court; prohibit the Receiver from filing the Returns, or any part or portion thereof, unless the filing is under seal; and to enter any other relief the Court deemed proper.

**IV.     The public interest is served by the issuance of a stay.**

The issuance of a stay is in the interest of the public in preventing receivers from abusing the power of the courts to obtain confidential, private, and personal information from private citizens without agreeing to reasonable measures to protect their privacy.  Further, the public interest is served to the extent that confidential information on tax returns is protected from public dissemination or disclosure, as ensuring the privacy of such information encourages the public's truthful and complete disclosure on tax return documents.

**IV.     Alternatively, Rowe moves for reconsideration of this Court's order denying his motion for protective order.**

To the extent that this Court believes that the Eleventh Circuit is without jurisdiction to hear Mr. Rowe's appeal, then Mr. Rowe respectfully moves in the alternative for reconsideration of the denial of his motion for protective order. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting the Court's considerable discretion in reconsidering an issue under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, and providing that "the need to correct clear error or prevent manifest injustice" is grounds for reconsideration).

WHEREFORE, non-party Donald H. Rowe moves for a stay pending the appeal to the United States Court of Appeals for the Eleventh Circuit from an Order denying his Motion for Protective Order entered in this action on the 18th day of December, 2009, or, in the alternative, for an interim protective order pending resolution of the appeal, which would prohibit the Receiver from providing, releasing, disclosing or disseminating the Returns, or any part or portion thereof, to any non-governmental party or non-party; to provide 15 days notice to Mr. and Mrs. Rowe of any subpoena or discovery request directed to the Receiver that may trigger an

obligation by the Receiver to produce the Returns; require the Receiver to designate the Returns as "Subject to a Confidentiality Agreement" if the Receiver intends to use the Returns at a deposition, as an exhibit to a pleading to be filed with the Court, or as an exhibit for an evidentiary hearing before the Court; prohibit the Receiver from filing the Returns, or any part or portion thereof, unless the filing is under seal; and to enter any other relief the Court deemed proper. In the alternative to the entry of such an order, Rowe moves for reconsideration of the denial of his motion for protective order.

### Certificate of Compliance with Local Rule 3.01(g)

The undersigned certifies that counsel for the Receiver and the SEC have been contacted and both indicate that the motion is opposed.

DATED: December 29, 2009.

                                               s/ Edward O. Savitz
                                               Edward O. Savitz
                                               Florida Bar No. 0183867
                                               esavitz@bushross.com
                                               Anne-Leigh Gaylord Moe
                                               Florida Bar No. 18409
                                               amoe@bushross.com
                                               Attorneys for Donald H. Rowe
                                               BUSH ROSS, P.A.
                                               1801 North Highland Avenue
                                               Tampa, FL  33602
                                               Ph.:    (813) 224-9255
                                               Fax:    (813) 223-9620

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 29, 2009, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system. I FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class U.S. Mail to the following non-CM/ECF participant: Arthur Nadel, #50690-018, Metropolitan Correctional Center, New York, 150 Park Row, New York, New York 10007.

                                            s/ Edward O. Savitz
                                            Edward O. Savitz
                                            Florida Bar No. 0183867
                                            esavitz@bushross.com
                                            Anne-Leigh Gaylord Moe
                                            Florida Bar No. 18409
                                            amoe@bushross.com
                                            BUSH ROSS, P.A.
                                            1801 North Highland Avenue
                                            Tampa, FL  33602
                                            Ph.:    (813) 224-9255
                                            Fax:    (813) 223-9620
                                            Attorneys for Donald H. Rowe

724573.02