# AGREEMENT REGARDING CLAIMS AND OBLIGATIONS

THIS AGREEMENT REGARDING CLAIMS AND OBLIGATIONS (the "Agreement") is made and entered into as of December 31, 2009 (the "Effective Date"), by and between **MARSHALL &ILSLEY BANK**, (the "Bank") and **BURTON W. WIAND**, as Court-appointed Receiver (the "Receiver") in the action styled *Securities and Exchange Commission v. Arthur Nadel, et al.*, Case No: 8:09-cv-87-T-26TBM (the "Action") (the Bank and the Receiver are sometimes collectively referred to herein as the "Parties" and each is a "Party").

## WITNESSETH

**WHEREAS**, the United States District Court for the Middle District of Florida, Tampa Division (the "Court"), appointed Burton W. Wiand as Receiver in the Action for a number of entities, including Home Front Homes, LLC, a Florida limited liability company (the "Company"). All of the receivership entities in the Action are collectively referred to as the "Receivership."

**WHEREAS**, through the Company, the Receivership has certain liabilities outstanding with the Bank subject to the Bank's liens, as generally described in Exhibit A.

**WHEREAS**, South American Development, Corp. ("SADC") desires to purchase certain assets owned by the Company, and the Receiver desires to sell those certain assets owned by the Company to SADC (the purchase of the Company's assets contemplated by SADC is referred to herein as the "Transaction"); and

**WHEREAS**, in consideration of the terms of the Transaction, and with the approval of the Court, the Bank and the Receiver desire to fully settle any and all claims on the outstanding liabilities, as they relate to the transaction, and claims involving the Receivership, pursuant to the terms and conditions set forth herein;

**NOW, THEREFORE**, for and in consideration of the mutual promises, covenants and agreements contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Bank and the Receiver agree as follows:

## OPERATIVE TERMS

Section 1.  Contingency.  The Bank and the Receiver understand and agree that the obligations of the Parties to perform as set forth in this Agreement are contingent upon a final order of the Court approving the Transaction and this Agreement (the "Contingency"). The form of the motion and Order approving the Transaction and this Agreement shall be approved by the Bank and the title company being used in the Transaction.

Section 2.  Settlement Proceeds.  Upon execution and delivery of this Agreement and satisfaction of the Contingency, and in consideration for the Bank's

execution and delivery of this Agreement, the Receiver agrees that, upon closing of the Transaction, the Bank shall be entitled to, and will receive from the Receiver within three (3) business days from the Closing Date (as defined in the Asset Purchase Agreement by and between the Receiver and SADC dated as of December 18, 2009 (the "Asset Purchase Agreement") of the Transaction), Eighty-Nine Thousand Seven Hundred Dollars and No/100 ($89,700) from the cash portion of Purchase Price as set forth in Section 3(b)(i) of the Asset Purchase Agreement, and an additional sum in the amount of Sixty-Five Thousand Dollars and No/100 ($65,000) at the time when the Note, as defined and set forth in Section 3(b)(ii) of the Asset Purchase Agreement, is paid in full, either on or before the Maturity Date (as defined in the Secured Promissory Note by and between SADC as the Maker and the Receiver as the Payee dated as of December 18, 2009). The amounts to be paid to the Bank as described above shall be referred to as the "Settlement Proceeds".

Section 3. <u>Settlement Proceeds As Administrative Expense</u>. The Bank and the Receiver agree that the Receiver's obligation to pay the Settlement Proceeds to the Bank shall be an administrative expense of the Receivership.

Section 4. <u>Bank Release</u>. Upon execution and delivery of this Agreement and in consideration of the Settlement Proceeds to be paid hereunder, as well as satisfaction of the Contingency, and except as otherwise provided in this Agreement, the Bank hereby releases, waives, and forever discharges the Receiver and the Company of any claims, including any deficiency claim, and debts related to the loan set forth on <u>Exhibit A</u>. Additionally, Bank shall release its lien on the Assets (as defined in the Asset Purchase Agreement) that are the subject of the Transaction. Notwithstanding such release, however, the Bank shall be deemed to be an additional secured party and beneficiary of the Security Agreement contemplated by the Asset Purchase Agreement and the Bank shall also be shown as an additional secured party on any UCC-1 Financing Statement provided in connection with the financing contemplated under the Asset Purchase Agreement.

Section 5. <u>Costs and Fees</u>. To the extent not described in this Agreement, each Party shall bear its or his own costs, attorney's fees, and other expenses.

Section 6. <u>Notices</u>. Any notice, request, information or other document to be given hereunder to any Parties by any other party shall be in writing and shall have been deemed to have been given (i) when personally delivered, sent by facsimile (with hard copy to follow) or sent by reputable overnight express courier (charges prepaid), or (ii) five (5) days following mailing by certified or registered mail, postage prepaid and return receipt requested. Unless another is specified in writing, notices, demands and communications to the Receiver and The Bank shall be sent to the addresses indicated below:

(a) If intended for the Receiver:

Burton W. Wiand, Receiver

DRAFT VERSION

      Home Front Homes
      3000 Bayport Drive, Suite 600
      Tampa, Florida 33607
      Attention: Burt Wiand

(b) If intended for The Bank:

      Marshall & Ilsley Bank
      240 South Pineapple Avenue
      Sarasota, Florida 34236
      Attn: Joseph D. Gessner
      Senior Vice President

With copy to:

      Shumaker, Loop & Kendrick, LLP
      240 South Pineapple Avenue, 10th Floor
      Sarasota, FL 34236
      Attn: Mark D. Hildreth, Esquire

Any party may change the address to which notices hereunder are to be sent by giving written notice of such change of address as provided above.

    Section 7.   <u>Entire Agreement; Amendments</u>. This Agreement and the instruments delivered pursuant hereto constitute the entire agreement between the Parties hereto and supersede all prior written agreements and understanding, oral or written, between the Parties relating to the subject matter hereof. Neither this Agreement nor any provision hereof may be waived, modified, amended, discharged or terminated except by an instrument in writing signed by the Party against whom the enforcement of such waiver, modification, amendment, discharge or termination is sought, and then only to the extent set forth in such instrument. This Agreement, although initially drawn by one of the Parties hereto, shall not be construed for or against either party as a result thereof in any dispute pertaining to this Agreement or the transaction contemplated hereby, but this Agreement shall be interpreted in accordance with language hereof in an effort to reach the result intended thereby.

    Section 8.   <u>Governing Law and Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Florida. This Agreement shall be subject to the exclusive jurisdiction of the United States District Court, Middle District of Florida, Tampa Division, in Hillsborough County in the State of Florida to the exclusion of the courts of any other state or country, and the Bank hereby irrevocably submit to the jurisdiction of the Court with respect to any claim arising out or in connection with this Agreement.

    Section 9.   <u>Venue</u>. In the event litigation should arise to enforce or interpret this Agreement, the Bank hereby agrees that the proper venue shall be in the United

States District Court, Middle District of Florida, Tampa Division, in Hillsborough County in the State of Florida.

Section 10. <u>Captions</u>. The captions in this Agreement are inserted for convenience of reference only and in no way define, describe, or limit the scope or intent of this Agreement or any of the provisions hereof.

Section 11. <u>Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns; provided, however the delivery of the Agreement by one party shall not be binding upon either until both Parties have fully executed same.

Section 12. <u>Waiver</u>. No waiver by either party hereto of any condition or any breach of any term, covenant, representation or warranty contained in this Agreement shall be deemed or construed as a further or continuing waiver of such condition or breach or waiver of any other or subsequent condition or the breach of any other term, covenant, representation or warranty contained in this Agreement.

Section 13. <u>Severability</u>. If any provision of this Agreement is determined to be illegal or unenforceable, such provision will be deemed amended to the extent necessary to conform to applicable law or, if it cannot be so amended without materially altering the intention of the Parties, it will be deemed stricken and the remainder of the Agreement will remain in full force and effect.

Section 14. <u>Attorneys' Fees</u>. In any action or dispute, at law or in equity, that may arise under or otherwise relate to this Agreement, the prevailing party will be entitled to, from the non-prevailing party, reimbursement of its attorneys' fees (including, but not limited to, attorneys' fees, paralegals' fees and legal assistants' fees), costs and expenses incurred in the preparation for and in connection with any trial, appeal or bankruptcy proceeding.

Section 15. <u>Counterparts</u>. Any number of counterparts of this Agreement may be executed and each such executed counterpart shall be deemed to be an original.

[Signature Page Next]

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed as of the date first above written.

MARSHALL & ILSLEY BANK

By: *(signature)*
Name: JOSEPH D. GESSNER
Its: SR. VICE PRESIDENT

BURTON W. WIAND, as Court-appointed Receiver in the action styled *Securities and Exchange Commission v. Arthur Nadel, et al.*, Case No: 8:09-cv-87-T-26TBM

*(signature)*

# EXHIBIT A

## COMPANY LIABILITIES
## WITH
## MARSHALL & ILSLEY BANK

Marshall & Ilsley Bank ("Bank") Loan No. 44973533-10000, pursuant to Promissory Note dated 04/15/2008 from Home Front Homes, LLC to Bank in an original principal amount of Three Million Dollars ($3,000,000.00) together with (1) Commercial Guaranty from Scoop Capital LLC; (2) Commercial Guaranty from Arthur Nadel and Marguerite J. Nadel; and (3) Commercial Security Agreement in favor of Bank granting a security interest in all or substantially all of the personal property assets of Home Front Homes, LLC.