# SETTLEMENT AGREEMENT

WHEREAS, by order dated January 21, 2009, the Court in <u>Securities & Exch. Comm'n v. Arthur Nadel, et al.</u>, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.) (the "SEC Receivership Action"), appointed Burton W. Wiand as Receiver (the "Receiver") for Scoop Capital, LLC; Scoop Management, Inc.; Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory IRA Fund, LTD; Victory Fund, LTD; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC and all of their subsidiaries, successors, and assigns (collectively, the "Receivership Entities"); and

WHEREAS, the Receiver intends to commence a lawsuit in the United States District Court for the Middle District of Florida, Tampa Division (the "Lawsuit"), to assert claims seeking the return of certain funds received from or at the direction of one or more of the Receivership Entities by The Taylor Family Limited Partnership and Jansen W. & Kay C. Taylor, Family L.P. (collectively "The Taylor Family Limited Partnership") in excess of their collective investment in one or more of the Receivership Entities (the "Settled Claims"); and

WHEREAS, the Receiver's investigation has revealed that appropriate parties against whom the Settled Claims could be asserted are the Jansen W. Taylor Revocable Living Trust u/a dtd February 20, 1995 ( the "Jansen Trust"), the Kay C. Taylor Trust dated May 2, 2000 (the "Kay Trust"), Trevor Taylor, as partner of The Taylor Family Limited Partnership, and Trelawny Taylor, as partner of the Taylor Family Limited Partnership (collectively the "Subsequent Transferees"); and

WHEREAS, Richard and Jill Beneke are successor Co-Trustees of the Jansen Trust and the Kay Trust and represent and acknowledge that they have the express

1


EXHIBIT A

authority of the Jansen Trust and the Kay Trust to enter into this Agreement on their behalf; and

WHEREAS, the Subsequent Transferees, without admitting liability, wish to resolve these matters amicably; and

WHEREAS, the Subsequent Transferees and the Receiver acknowledge that this settlement agreement relates only to claims relating to investments in one or more of the Receivership Entities made by or on behalf of The Taylor Family Limited Partnership and does not relate to, and specifically excludes, any and all claims relating to investments by any other party, including the Jansen Trust, the Kay Trust, Trevor Taylor and Trelawny Taylor, in one or more of the Receivership Entities made in any capacity other than for or on behalf of The Taylor Family Limited Partnership; and

WHEREAS, any resolution of this action by agreement of the Receiver and the Subsequent Transferees is subject to approval by the Court presiding over the SEC Receivership Action (the "SEC Receivership Court");

NOW, THEREFORE, and subject to the approval of the SEC Receivership Court, the Subsequent Transferees have agreed to pay, jointly and severally, and the Receiver has agreed to accept a total of $341,532 in full settlement of the Settled Claims, to be paid within 14 days after approval of this settlement by the SEC Receivership Court.

Upon receipt and clearing of this full settlement payment, the Receiver, on behalf of the Receivership Entities and their employees, agents, representatives, beneficiaries, and assigns, shall be deemed to have released and forever discharged The Taylor Family Limited Partnership and the Subsequent Transferees of and from any and all Settled Claims which could have been asserted by the Receiver, as well as any and all other

claims, demands, rights, promises, and obligations arising from or related in any way to The Taylor Family Limited Partnership's investment in any product, fund, entity, or venture established, operated, or controlled by Arthur Nadel and Receivership Entities.

In further consideration of the release of claims described above, the Subsequent Transferees warrant that $379,480 is the total amount of money or value The Taylor Family Limited Partnership received from Receivership Entities in excess of The Taylor Family Limited Partnership's investment, and The Taylor Family Limited Partnership and the Subsequent Transferees agree to waive and do hereby waive any claim that they had, have, or hereafter may have against the Receiver and/or the Receivership Estate.

In further consideration of the Receiver's release of claims as described above, the Subsequent Transferees, jointly and severally, agree to indemnify and hold harmless the Receiver of and from any claim that may arise between or among the Subsequent Transferees in connection with this settlement.

The Receiver and the Subsequent Transferees understand and agree that, subject to the approval of the SEC Receivership Court, the payment of the aforesaid total sum and waiver of claims is in full accord and satisfaction of and in compromise of disputed claims, and the payment and waiver are not an admission of liability, which is expressly denied, but are made for the purpose of terminating a dispute and avoiding litigation.

After execution of this Settlement Agreement by all parties, the Receiver will promptly move the SEC Receivership Court for approval of this settlement. To the extent necessary, the Subsequent Transferees agree to assist the Receiver in seeking the SEC Receivership Court's approval of this settlement. The Subsequent Transferees

understand and agree that each party shall bear their own individual costs and attorney fees incurred in the resolution of this matter.

The Receiver and the Subsequent Transferees agree that all statutes of limitations and/or statutes of repose that are applicable to any and all Settled Claims shall be tolled and suspended until the full settlement payment has been received by the Receiver and has cleared the banking system.

In the event the Subsequent Transferees fail to make payment as provided by this Settlement Agreement, the Subsequent Transferees hereby consent to the entry of a joint and several Judgment. The Subsequent Transferees acknowledge and agree that such Judgment will be for the total amount of money The Taylor Family Limited Partnership and/or the Subsequent Transferees received from the Receivership Entities in excess of The Taylor Family Limited Partnership's investment as stated above, less any payments, plus interest at the legal rate from the date of this agreement.

The Receiver and the Subsequent Transferees agree this Settlement Agreement shall be governed by and be enforceable under Florida law in the United States District Court for the Middle District of Florida, Tampa Division.

The Receiver and the Subsequent Transferees also agree that electronically transmitted copies of signature pages will have the full force and affect of original signed pages.

In witness whereof the parties have set their hands as of the dates indicated.

By:_____
Richard Beneke, as Co-Trustee of the
Jansen W. Taylor Revocable Living Trust
u/a dtd February 20, 1995 and of the Kay
C. Taylor Trust dated May 2, 2000.

Date: _____

*/s/ Burton W. Wiand*
Burton W. Wiand, as Receiver
of the Receivership Entities

Date: 1/8/2009

By:_____
Jill Beneke, as Co-Trustee of the Jansen
W. Taylor Revocable Living Trust u/a dtd
February 20, 1995 and of the Kay C.
Taylor Trust dated May 2, 2000.

Date: _____

By: */s/ Trevor Taylor*
Trevor Taylor, as partner of The Taylor
Family Limited Partnership

Date: 1-6-10

By:_____
Trelawny Taylor, as partner of The Taylor
Family Limited Partnership

Date: _____

5

In witness whereof the parties have set their hands as of the dates indicated.

By:_____
Richard Beneke, as Co-Trustee of the
Jansen W. Taylor Revocable Living Trust
u/a dtd February 20, 1995 and of the Kay
C. Taylor Trust dated May 2, 2000.

_____
Burton W. Wiand, as Receiver
of the Receivership Entities

Date: _____

Date: _____

By:_____
Jill Beneke, as Co-Trustee of the Jansen
W. Taylor Revocable Living Trust u/a dtd
February 20, 1995 and of the Kay C.
Taylor Trust dated May 2, 2000.

Date: _____

By:_____
Trevor Taylor, as partner of The Taylor
Family Limited Partnership

Date: _____

By: *[signature]*
Trelawny Taylor, as partner of The Taylor
Family Limited Partnership

Date: 1.7.2010

5

In witness whereof the parties have set their hands as of the dates indicated.

By: *(signature)*
Richard Beneke, as Co-Trustee of the
Jansen W. Taylor Revocable Living Trust
u/a dtd February 20, 1995 and of the Kay
C. Taylor Trust dated May 2, 2000.

Date: 1/6/10

_____
Burton W. Wiand, as Receiver
of the Receivership Entities

Date: _____

By: *(signature)*
Jill Beneke, as Co-Trustee of the Jansen
W. Taylor Revocable Living Trust u/a dtd
February 20, 1995 and of the Kay C.
Taylor Trust dated May 2, 2000.

Date: 1/6/10

By:_____
Trevor Taylor, as partner of The Taylor
Family Limited Partnership

Date: _____

By:_____
Trelawny Taylor, as partner of The Taylor
Family Limited Partnership

Date: _____

5