**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.                                               Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL;
SCOOP CAPITAL, LLC;
SCOOP MANAGEMENT, INC.

       Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD;
VICTORY FUND, LTD;
VIKING IRA FUND, LLC;
VIKING FUND, LLC; AND
VIKING MANAGEMENT, LLC

       Relief Defendants.
_____/

**THE RECEIVER'S OPPOSITION TO NON-PARTY DONALD H.
ROWE'S MOTION FOR STAY PENDING APPEAL OR, IN THE
ALTERNATIVE, MOTION FOR RECONSIDERATION (DOC. 287)**

On December 7, 2009, non-party Donald H. Rowe ("Rowe") moved for a protective order (Doc. 250) relating to a subpoena for documents served upon him by Burton W. Wiand, as Receiver (the "Receiver"), for information relating to him and several entities through which he operates (the "Subpoena") (*see* Subpoena (Doc. 250-2)). Specifically, that motion was directed at the disclosure of Rowe's tax returns and sought a protective order to (1) impose a blanket prohibition on the Receiver from disclosing Rowe's personal tax returns

1

in any manner (even if sensitive information is redacted) to any non-governmental party; (2) to direct the Receiver to include the phrase "Subject to a Confidentiality Order" on the returns before using them at a deposition or as an exhibit to a court filing or evidentiary hearing; and (3) to force the Receiver to file returns under seal. *See* Doc. 250 at 2. On December 18, 2009, the Court denied that motion (the "December 18th Order") (Doc. 267). Rather than comply with that order and produce the returns, Rowe filed a notice of appeal and waited 11 days to move to stay his obligation to produce the returns pending the appeal (Doc. 279). On December 29, 2009, the Court denied without prejudice that motion to stay and, in relevant part, directed Rowe to address the Eleventh Circuit's jurisdiction over the appeal in light of *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 877 (5th Cir. 1981) (the "December 29th Order") (Doc. 284). Later that day, Rowe re-filed his motion to stay, although this time it addressed *Branch* and sought, in the alternative, reconsideration of the December 18th Order. *See* Non-Party Donald H. Rowe's Mot. for Stay Pending Appeal or, in the Alternative, Mot. for Reconsideration (the "Stay Motion") (Doc. 287).

As an initial matter, as Rowe's counsel has informed counsel for the Receiver and as is supported by the Stay Motion, a critical reason for Rowe's vigorous attempts to restrict production of his tax returns is that Rowe does not want them produced to the plaintiffs in a state court action pending in Sarasota County against him brought by investors in Receivership Entities and which does not involve the Receiver. *See generally Bell et al. v. Rowe et al.*, Case No. 2009-CA-4925-NC (Fla. 12th Jud'l Cir. Ct., Sarasota County) (the "Rowe State Court Action"); *see* Stay Mot. at 6 (discussing subpoenas specifically requesting Rowe's tax returns), 7 (referring to state court action). In other words, Rowe improperly

seeks from this Court an order to prevent disclosure of information in a different case in a different jurisdiction in which he is a party and the Receiver is not. That relief should be sought from the state court presiding over that action, not from this Court.

But even putting aside Rowe's true motivation, the Stay Motion should be denied because it is substantively deficient.

## I. THE STAY MOTION SHOULD BE DENIED BECAUSE ROWE HAS NOT SATISFIED HIS BURDEN TO SHOW ENTITLEMENT TO A STAY

As the Stay Motion concedes, Rowe is entitled to a stay only if he satisfies his burden of showing, among other things, that (1) he is likely to prevail on the merits on appeal and (2) that absent a stay he will suffer irreparable damage. *See Garcia-Mir v. Meese, III*, 781 F.2d 1450, 1456 (11th Cir. 1986); Stay Mot. at 3. As discussed below, Rowe does not satisfy either of these prerequisites for a stay.

### A. Rowe Cannot Demonstrate A Likelihood Of Success On The Merits On Appeal Because The Eleventh Circuit Does Not Have Jurisdiction Over His Appeal

As a matter of law, Rowe cannot demonstrate likelihood of success on the merits on appeal because the Eleventh Circuit does not have jurisdiction over it. As the December 29th Order notes, under *Branch* the Eleventh Circuit does not have jurisdiction over Rowe's appeal of the December 18th order because he has not been cited for contempt of that order. *See* Dec. 29th Order at 1-2; *see also Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1465 (11th Cir. 1984) ("Ordinarily, discovery orders without a concomitant contempt holding are not appealable."). *Branch* considered circumstances analogous to those here: whether a non-party (like Rowe) subpoenaed by a party to litigation (like the Receiver) could appeal an order requiring it to produce subpoenaed materials (like the December 18th Order). The

Fifth Circuit noted the "well-established general principle that most orders requiring or denying discovery, <u>including those issued in connection with a subpoena,</u> . . . are not immediately appealable" and that "[o]rdinarily, the subpoenaed party must either comply with the terms of the subpoena or refuse to do so and contest its validity if he is subsequently cited for contempt for his refusal to obey." *Id.* 638 F.2d at 877 (emphasis added).

In response, Rowe relies on Fifth Circuit cases that predate *Branch*: *Caswell v. The Manhattan Fire & Marine Ins. Co.*, 399 F.2d 417 (5th Cir. 1968), and *Overby v. United States Fidelity & Guaranty Co.*, 224 F.2d 158 (5th Cir. 1955).[1] Rowe contends those cases establish the December 18th Order is a final, appealable order which the Eleventh Circuit has jurisdiction to review. *See* Stay Mot. at 4-5. Rowe is wrong for two reasons: first, those cases are not inconsistent with the conclusion compelled by *Branch* that under the current factual and procedural status of this matter Rowe may not appeal the December 18th Order; and second, even assuming those cases were inconsistent with *Branch*, the conclusion required by *Branch* controls because that case is from the same Circuit as the cases relied upon by Rowe and post dates them.[2]

First, Rowe is wrong because *Overby* is not inconsistent with *Branch* because it considered facts that fell within an exception to the general rule that discovery orders are not appealable. Specifically, the exception considered in *Overby* is for parties that both are not

---

[1] Although the Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit rendered before October 1, 1981, Rowe misidentifies *Overby* and *Caswell* as decisions actually rendered by the Eleventh Circuit. *See* Stay Mot. at 4.

[2] Rowe also cites *Carter Prods., Inc. v. Eversharp, Inc.*, 360 F.2d 868, 870 (7th Cir. 1966). That case does not help him either because it focused on the right to appeal an order <u>denying access</u> to information; here, the pertinent order requires <u>disclosure</u> of information.

4

in possession of the information that is ordered to be disclosed and claim a privilege protecting against disclosure of those materials. *See Overby*, 224 F.2d at 162 (distinguishing other cases in which there could be a review on appeal only following entry of a contempt order). That exception is not applicable here. The specific holding in *Caswell* also is not inconsistent with *Branch* because it involved an order <u>denying disclosure</u> of information, and such an order could not be followed by a finding of contempt. *See Caswell*, 399 F.2d at 422 (noting that relevant order granted motion to quash subpoena). Although *Caswell* noted that a non-party may appeal an order denying that non-party's motion to quash a subpoena when that non-party "would be otherwise denied an effective mode of review" (*id.* at 422), here Rowe would not be denied an "effective mode of review" because, as contemplated in *Branch*, he could refuse to produce the tax returns and appeal a subsequent finding of contempt.

Second, Rowe is wrong because, to the extent *Caswell* and *Overby* are inconsistent with *Branch*, *Branch* controls as a Fifth Circuit decision that post-dates them and that the Eleventh Circuit has continued to follow. *See, e.g.*, *Rouse Constr. Int'l v. Rouse Constr. Corp*, 680 F.2d 743, 745 (11th Cir. 1982); *Int'l Horizons, Inc. v. Committee of Unsecured Creditors*, 689 F.2d 996, 1001 (11th Cir. 1982). Accordingly, the December 18th Order is not a final appealable order, and the Eleventh Circuit will not have jurisdiction over this dispute until Rowe is held in contempt for refusing to disclose the tax returns. *See Int'l Horizons*, 689 F.2d at 1001.

### B. Even Assuming *Arguendo* The Eleventh Circuit Has Jurisdiction Over Rowe's Appeal, He Has Not Demonstrated A Likelihood Of Success On The Merits On Appeal

Even assuming *arguendo* the Eleventh Circuit has jurisdiction over Rowe's appeal, he has not demonstrated that he is likely to succeed on the merits. The applicable standard of review on appeal is abuse of discretion. *See, e.g.*, *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1116 (11th Cir. 2008) (noting standard of review applicable to discovery-related motion). Under that standard, Rowe cannot prevail unless the appellate court finds this Court made "a clear error of judgment" or "applied the wrong legal standard." *Id.* at 1116. Rowe falls significantly short of demonstrating a likelihood of a finding of either prerequisite.

As discussed in the Receiver's Opposition to Donald H. Rowe's Motion for Protective Order (the "Receiver's Opposition") (Doc. 262), the Receiver is entitled to production of Rowe's tax returns and has adopted a process to protect against improper disclosure of sensitive personal information contained in those and all other documents produced to and gathered by the Receiver. *See* Receiver's Opp'n at 3-6. The Court has held that process "is sufficient to mitigate the privacy concerns of Mr. Rowe and his wife." Dec. 18th Order at 2.[3] In turn, although the Stay Motion asserts in a conclusory fashion that Rowe

---

[3] As the Stay Motion discusses, it is the Receiver's "general practice" not to disclose sensitive personal information to anyone beyond the experts and professionals retained to assist him with this receivership and relevant government agencies unless he is obligated to do so, for example by subpoena or document request. The Receiver used the term "general practice" in the Receiver's Opposition rather than a "universal" one because he cannot foresee every possible circumstance. In the future, there may be circumstances where disclosure of certain information beyond the circumstances currently by the Receiver would be appropriate, could be accomplished with appropriate protections, and would be entirely consistent with the Receiver's obligations and duties as a receiver who serves as an officer of

is likely to prevail on the merits in his appeal, aside from making legal arguments that are addressed in Section I.A. above, Rowe does not identify any other legal argument or any fact to support his assertion and instead relies on conclusions and speculation. In other words, Rowe fails to make any showing that he could succeed on the merits, let alone that he is <u>likely</u> to succeed and that the Court's December 18th Order reflects a clear error of judgment or application of the wrong legal standard.

### C. Rowe Cannot Demonstrate That Absent A Stay He Will Suffer Irreparable Damage

Aside from demonstrating likelihood of success on the merits – which he has failed to do – Rowe also must show that absent the requested stay he will suffer irreparable damage. Again, Rowe has failed to satisfy his burden. Although Rowe speculates that production of his tax returns to the Receiver would cause irreparable injury, the Stay Motion does not identify any specific harm from placing the returns <u>in the Receiver's hands</u>. Stay Mot. at 4. Instead, Rowe argues that harm would result if the information is subsequently disseminated by the Receiver. *See, e.g.*, *id.* at 5. That argument, however, entirely ignores the process adopted by the Receiver concerning sensitive personal information.

Rather than trying to show how the process adopted by the Receiver is insufficient to protect the Rowes, the Stay Motion only speculates that if provided by the Receiver to third-parties, "the information could be quickly and irretrievably disseminated either through postings on the internet or in any form of media." *Id.* at 4. Significantly, this statement alone

---

the Court. In other words, contrary to what it appears Rowe perceives, such disclosure would not be for some nefarious reason that would justify entry of the protective order that he sought.

7

establishes Rowe's failure to satisfy his burden. While Rowe states that sensitive information "<u>could</u> be . . . disseminated" by third parties in a harmful manner, the correct standard for a stay requires that he <u>will</u> be irreparably injured from production to the Receiver. In other words, Rowe himself does not assert that he has satisfied his burden.

More broadly, the Stay Motion does not show that absent a stay Rowe will suffer irreparable injury, especially since the confidentiality process adopted by the Receiver, which the Stay Motion essentially ignores, is geared towards preventing improper dissemination.[4] Indeed, Rowe's assertions of injury are undermined by the results in the Waxenberg receivership from use of the same process. *SEC v. HKW Trading, LLC, et al.*, Case No. 8:05-cv-1076-T-24TBM (M.D. Fla.). As explained in the Receiver's Opposition, in that proceeding not a single complaint was made by any party or non-party concerning improper disclosure of sensitive and personal information or, more significantly, of any harm from any such disclosure.[5]

Finally, Rowe also cannot show irreparable injury because of the notice and recourse available to him in the Rowe State Court Action. As previously noted, a critical reason for Rowe's efforts here is to prevent the plaintiffs in the Rowe State Court Action from obtaining a copy of the tax returns through a subpoena served on the Receiver. In other words, Rowe

---

[4] In light of this process, the Stay Motion's contentions about the Receiver's purported refusal to "agree to any reasonable measures" to ensure the Rowes' privacy or his purported failure to "agree that the [r]eturns were confidential," or that the Receiver "would not agree to any reasonable measures" to protect the Rowes' privacy, are irrelevant. Stay Mot. ¶¶ 2-4.

[5] This reality also undermines Rowe's speculative contention that he does not believe the Receiver is capable of adequately protecting personal sensitive information. Stay Mot. at 6.

does not want the Receiver to have to produce them to those plaintiffs. However, disclosure of the tax returns to the Receiver cannot irreparably injure Rowe because Rowe has recourse in the state court action <u>in which he is a party.</u> To the extent the plaintiffs in that case seek to subpoena the returns from the Receiver, they are obligated to notify Rowe, so Rowe he will have notice and an opportunity to object in state court (some of the exact relief he sought from a protective order). *See* Fla. R. Civ. P. 1.351(b). Rowe's efforts in this proceeding are simply an improper attempt to circumvent that process.

> **D.  Rowe Also Fails To Satisfy The Test That Serves As An Alternative To Demonstrating Likelihood Of Success On The Merits**

Although a showing of likelihood of success on appeal typically is the most important factor, alternatively Rowe may obtain a stay with a lesser showing of a "substantial case on the merits" only if the balance of equities relating to (1) whether Rowe would suffer irreparable injury absent a stay, (2) whether a stay would substantially injure the Receiver or another party in this case, and (3) the public interest are in his favor. *See Garcia-Mir*, 781 F.2d at 1453; *United Paperworkers Int'l Local # 395 v. ITT Rayonier, Inc.*, 752 F. Supp. 427, 431 (M.D. Fla. 1990) (noting that under lesser standard, the three factors must weigh heavily in favor of party seeking a stay).

Rowe has failed to even show a "substantial case on the merits." As shown in Sections I.A. and B. above, the Eleventh Circuit does not have jurisdiction over his appeal, and even if it did, Rowe would be unlikely to prevail. Further, as discussed in Section I.C. above, Rowe fails to show that he would suffer irreparable injury from disclosure to the Receiver of his tax returns under the circumstances discussed in this filing and in the Receiver's Opposition (including the confidentiality procedures adopted by the Receiver and

9

Rowe's notice and recourse in the Rowe State Court Action). The remaining two factors, (1) whether a stay would substantially injure the Receiver and (2) the public interest in this matter, also weigh in favor of the Receiver. Although the Receiver has information collected from the offices of the Receivership Entities and from financial institutions concerning transfers of significant sums of money to Rowe, that information indicates certain improper and suspicious circumstances, including improper payments to Rowe and compensation in forms other than direct transfers of money. As a result, Rowe's complete financial picture – including the information in his tax returns – is directly relevant to the Receiver's efforts, and a stay would delay the Receiver's access to that information. Further, like the significant burden the protective order requested by Rowe could have imposed on the Receivership Estate (*see* Receiver's Opp'n at 7-8),[6] a stay (like Rowe's other efforts), especially under the weak showing made by Rowe, would set a dangerous precedent that could significantly burden the Receivership Estate if multiplied across other non-parties subpoenaed by the Receiver.[7]

Similarly, the public interest weighs in favor of no stay. This matter involves a very large fraudulent investment scheme with multiple hundreds of investors and hundreds of millions of dollars. As such, it is plainly in the public interest to allow the Receiver to

---

[6] The procedure proposed by Rowe pending his appeal (*see* Stay Mot. at 8) would impose the same burdens on the Receiver and the Receivership Estate.

[7] Although Rowe contends that notifying him whenever the Receiver is subpoenaed or otherwise obligated to produce his tax returns is not a burden and that the Receiver simply does not want the "trouble" of having to do so, he ignores the reality that if the Receiver has to do this for him, he may have to do this for numerous other non-parties, and thus would quickly get bogged down into sending numerous notices whenever he receives a request for documents.

proceed with his work without being restricted by a stay in this matter, especially in light of the confidentiality process adopted by the Receiver.

## II. ROWE MAKES NO SHOWING OF ENTITLEMENT TO RECONSIDERATION

In the alternative to a stay, Rowe seeks reconsideration of the December 18th Order. Reconsideration is appropriate only if there is an intervening change in law, new evidence, or manifest injustice or the Court committed clear error. *See McGraw v. Fleetwood Enters., Inc.*, 2007 WL 2225976, *1 (M.D. Fla. 2007). Although Rowe does not explain under which factor he seeks reconsideration, none warrant it. Rowe has not identified any intervening change in law or new evidence, and the Receiver is unaware of any. Further, for the reasons discussed above and in the Receiver's Opposition, Rowe has suffered no manifest injustice and the December 18th Order was not a result of any clear error. Accordingly, Rowe's request for reconsideration should be denied.

## CONCLUSION

For all of these reasons, Non-Party Donald H. Rowe's Motion for Stay Pendijng Appeal or, in the Alternative, Motion for Reconsideration (Doc. 287) should be denied and Rowe should be directed to promptly produce all documents that he has withheld from the Receiver that are responsive to the Subpoena, including tax returns. In turn, the Receiver should be ordered to provide notice to the Court in the event Rowe fails to comply with his obligation to produce, which notice should trigger an obligation by Rowe to show cause why he should not be held in contempt and, among other things, required to reimburse the Receivership Estate for all fees and costs incurred in connection with the Receiver's efforts to seek Rowe's compliance with the Subpoena.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 8, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

>Arthur G. Nadel
>Register No. 50690-018
>MCC New York
>Metropolitan Correctional Center
>150 Park Row
>New York, NY 10007

>s/ Gianluca Morello
>Gianluca Morello, FBN 034997
>gmorello@wiandlaw.com
>WIAND GUERRA KING P.L
>3000 Bayport Drive
>Suite 600
>Tampa, FL 33607
>Tel: 813-347-5100
>Fax: 813-347-5199
>Attorneys for the Receiver, Burton W. Wiand