UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

        Defendants.         CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

        Relief Defendants.
_____/

## RECEIVER'S UNOPPOSED MOTION TO APPROVE THE SALE OF REAL PROPERTY LOCATED IN NEWNAN, COWETA COUNTY, GEORGIA

Pursuant to 28 U.S.C. § 754, Fed. R. Civ. P. 66, and Rule 3.01 of the Local Rules of the Middle District of Florida, Burton W. Wiand, as Receiver (the "Receiver"), respectfully moves the Court for entry of an order approving the sale of Receivership

property located at 5 McCollum Station in Newnan, Coweta County, Georgia, in accordance with the terms of the Agreement of Sale and Purchase between Burton W. Wiand and Candler Food LLC #136 (the "Agreement"), attached hereto as Exhibit 1.

## BACKGROUND

On January 21, 2009, the Securities and Exchange Commission ("Commission") initiated this action to prevent the defendants from further defrauding investors of hedge funds operated by them. That same day, the Court entered an order appointing Burton W. Wiand as Receiver for Defendants Scoop Capital, LLC ("Scoop Capital") and Scoop Management, Inc. ("Scoop Management") and Relief Defendants Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory Fund, Ltd.; Victory IRA Fund, Ltd.; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC (the "Order Appointing Receiver"). (*See generally* Order Appointing Receiver (Doc. 8).)

The Court subsequently granted several motions to expand the scope of the receivership to include other entities owned or controlled by Arthur Nadel. (*See generally* Doc.17, Doc. 44, Doc. 68, Doc. 81, Doc. 153, Doc.172). All of the entities and the trust in receivership are hereinafter referred to collectively as the "Receivership Entities."

Pursuant to the Order Appointing Receiver, the Receiver has the duty and authority to: "administer and manage the business affairs, funds, assets, choses in action and any other property of the Defendants and Relief Defendants; marshal and safeguard all of the assets of the Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors." (Order Appointing Receiver at 1-2.) In particular, the Receiver was directed to:

> [t]ake immediate possession of all property, assets and estates of every kind of the [Receivership Entities], whatsoever and wheresoever located belonging to or in the possession of the [Receivership Entities], including but not limited to all offices maintained by the [Receivership Entities], rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the [Receivership Entities] wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court . . . .

(*Id.* at 2.) In accordance with that Order, the Receiver has taken possession of real property located at 5 McCollum Station, Newnan, Georgia, on Land Lots 22 and 23 of the 6th Land District of Coweta County, Georgia (the "Property"), and more fully described in Exhibit A to the Agreement. *See* Exhibit 1. Now the Receiver seeks this Court's approval to sell the Property in accordance with the terms of the Agreement.

## I. Newnan, Coweta County, Georgia Real Property

The Property was purchased by Receivership Entity Scoop Real Estate, L.P. on January 20, 2006 for $2,450,000 with proceeds from Nadel's scheme. (*See* Declaration of Burton W. Wiand, as Receiver, in Support of the Receiver's Motion for Approval of Sale of Real Property Located in Newnan, Coweta County, Georgia being filed along with this Motion ("Receiver's Decl."), ¶3). The Property consists of approximately two (2) acres of land and a 3,500 square-foot building. (Reciever's Decl. ¶5.) The Property is presently being operated as a Shell service station with space for a convenience store and restaurant. *Id.* The convenience store space is currently occupied by Candler Food, LLC #136 ("Candler"), but the restaurant space is vacant. *Id.* at ¶6.

The Receiver obtained an opinion as to the value of the Property in February of 2009 from Frank H. Barron, the President of Lindsey's Realtors and a local Real Estate Broker with 35 years of experience. Mr. Barron, taking all factors into consideration, estimated the Property's value to be between $1.2 million and $1.4 million. *See* Receiver's Decl. ¶7. In addition, according to the Coweta County property records, the Property was previously sold in 2002 for $1,425,000 and again in 2005 for $2,000,000.

The Receiver has marketed the Property to potential purchasers, including through his website, www.nadelreceivership.com, in a specific "Assets for Sale" section. The Receiver found two prospective buyers: Candler and Jones Petroleum ("Jones"). Jones is a previous owner of the Property. The Receiver received bids from both of these entities and engaged in negotiations with each. After reviewing the proposals from each of the prospective buyers, the Receiver believes that accepting the offer from Candler is in the best interests of the Receivership.

Candler offered to purchase the Property for $1,725,000, which is $200,000 more than Jones' offer of $1,525,000, and is significantly more than the value opinion given to the Receiver. Accordingly, the Receiver has entered into the Agreement with Candler to sell the Property for $1,725,000, contingent upon this Court's approval. The Receiver believes that the offer by Candler fairly represents the current value of the Property.

Furthermore, Candler is in position to complete the sale and purchase of the Property contingent upon this Court's approval. As part of the Agreement, Candler has deposited $100,000 of earnest money into an escrow account, which amount is to be credited towards the purchase price at closing, should the Court approve the sale. Candler has agreed to pay

the balance of the purchase price in full at closing, which is scheduled to take place on January 15, 2010, contingent upon this Court's approval.

The Receiver believes that the Agreement with Candler is in the best interests of the Receivership, and accordingly, the Receiver respectfully requests that this Court enter an order approving the transaction reflected in the Agreement.

## II. **MEMORANDUM OF LAW**

The Court's power to supervise an equity receivership and to determine the appropriate actions to be taken in the administration of the receivership is extremely broad. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d at 1566; *SEC v. Safety Finance Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982). The relief sought by the Receiver falls squarely within those powers. Furthermore, the relief sought is in furtherance of the duties and authorities bestowed upon the Receiver by the Order Appointing Receiver.

WHEREFORE, the Receiver, Burton W. Wiand, as Receiver, respectfully requests this Court to enter an Order approving the sale of the Property as provided in the Agreement of Sale and Purchase attached as Exhibit 1.

### **CERTIFICATE UNDER LOCAL RULE 3.01(g)**

Undersigned counsel has conferred with counsel for the SEC and is authorized to represent to the Court that this motion is unopposed.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 11, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants.

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional Center
> 150 Park Row
> New York, NY 10007

>> s/Gianluca Morello
>> Gianluca Morello, FBN 034997
>> gmorello@wiandlaw.com
>> WIAND GUERRA KING P.L
>> 3000 Bayport Drive
>> Suite 600
>> Tampa, FL 33607
>> Tel: 813-347-5100
>> Fax: 813-347-5199
>>
>> Attorneys for the Receiver Burton W. Wiand