UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

CASE NO.: 8:09-cv-0087-T-26TBM

        Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

        Relief Defendants.

_____/

**DECLARATION OF BURTON W. WIAND, AS RECEIVER, IN SUPPORT OF THE RECEIVER'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY LOCATED IN NEWNAN, COWETA COUNTY, GEORGIA**

Burton W. Wiand declares as follows:

    1.    I have personal knowledge of, or have obtained knowledge through my investigation of matters during the course of this Receivership, regarding the matters asserted

herein and transactions and agreements entered into with third parties concerning these entities; I am competent to testify thereto.

2.  This Court appointed me Receiver for Scoop Real Estate, L.P. ("SRE") on January 21, 2009.

3.  On January 20, 2006, SRE purchased real property for $2,450,000 that is located at 5 McCollum Station, Newnan, Georgia, on Land Lots 22 and 23 of the 6th Land District of Coweta County, Georgia, (the "Property"), and more fully described in the Agreement of Sale and Purchase (the "Agreement") between myself and Candler Food, LLC #136 ("Candler"), attached as Exhibit 1 to Receiver's Unopposed Motion to Approve the Sale of Real Property Located in Newnan, Coweta County, Georgia (the "Receiver's Motion"), being filed along with this declaration.

4.  As Receiver for SRE, I took possession of the Property pursuant to the Order Appointing Receiver (Doc. 8).

5.  The Property consists of approximately two (2) acres of land and a 3,500 square-foot building. The Property is presently being operated as a Shell service station and has space for a convenience store and a restaurant.

6.  The convenience store space is currently occupied by Candler, and the restaurant space is currently vacant.

7.  I received an opinion as to the estimated value of the Property in February of 2009 from Frank H. Barron, the President of Lindsey's Realtors and a local Real Estate Broker with 35 years of experience. Mr. Barron, taking all factors into consideration, estimated the Property's value to be between $1.2 million and $1.4 million.

2

8. Prior to negotiating with Candler for the sale of the Property, extensive marketing efforts were undertaken to find a buyer that would present the most beneficial offer to the Receivership.

9. The Property was listed on the receivership website, www.nadelreceivership.com, in an "Assets for Sale" section, and it was also publicized by word of mouth. As a result of these efforts, I was contacted by two prospective purchasers.

10. Ultimately, I received two offers to purchase the Property. Candler's offer was significantly higher than the other offer I received and the estimated value opinion.

11. Candler has agreed to purchase the Property for $1,725,000 according to the terms set forth in the Agreement. *See* Exhibit 1 to Receiver's Motion.

12. Candler has deposited $100,000 in earnest money into an escrow account which is to be credited towards the purchase price at closing. Candler has further agreed to pay the balance of the purchase price ($1,625,000) at closing.

13. I believe that this Agreement to sell the Property is in the best interests of the receivership estate.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated this 11th day of January, 2010.

_____
Burton W. Wiand