# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.

                                   CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

     Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD.,
VICTORY FUND, LTD.,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, and
VIKING MANAGEMENT, LLC,

     Relief Defendants.

_____/

## **O R D E R**

Pending before the Court is non-party Donald H. Rowe's (Rowe) motion for stay pending

appeal or alternative motion for reconsideration with regard to this Court's order of December

18, 2009, entered at docket 267, denying his motion for protective order. The Receiver has filed

a response in opposition. After careful consideration of the parties' submissions, the Court

concludes that the motion is due to be denied.

The parties are in agreement that in order to obtain a stay pending appeal, Rowe must establish, among other elements, that (1) he is likely to prevail on the merits of his appeal and (2) absent a stay he will suffer irreparable harm. See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). In this case, Rowe has failed to satisfy his burden with respect to these two elements.

First, although it is not the function of this Court to make a binding determination of whether the Eleventh Circuit possesses jurisdiction to hear an appeal, nor would the Court be presumptuous enough to make such a determination, nevertheless, the Court still has an obligation within the context of the first element to ascertain whether under existing Eleventh Circuit precedent that Court would exercise jurisdiction to undertake a review of this Court's order denying Rowe's motion for protective order under the circumstances presented, i.e., Rowe has yet to refuse to produce his subpoenaed income tax returns and has yet to be cited for contempt based on that refusal. In the Court's view, given those circumstances, Rowe has failed to satisfy his burden of demonstrating a substantial likelihood that the Eleventh Circuit would even exercise jurisdiction over his appeal, much less decide it favorably to him, in light of the law embodied in Branch v. Phillips Petroleum Co., 638 F.2d 873, 877 (5th Cir. Unit A 1981),[1] in which the Court observed that "[o]rdinarily, the subpoenaed party must either comply with the terms of the subpoena or refuse to do so and contest its validity if he is subsequently cited for contempt for his refusal to obey." See also Castle v. Sangamo Weston, Inc., 744 F.2d 1464,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit, including Unit A panel decisions of that circuit, handed down prior to October 1, 1981. See W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009).

1465 (11th Cir. 1984) (reiterating that "[o]rdinarily, discovery orders without a concomitant contempt holding are not appealable.") (citing Branch).

Second, as the Receiver correctly contends, Rowe has failed to demonstrate that he *will* in fact suffer irreparable harm if he is forced to turn over his income tax returns to the Receiver pursuant to the subpoena. His argument with regard to irreparable harm is replete with speculation and completely ignores the steps which the Receiver will employ to protect any sensitive information gleaned from the income tax returns. Furthermore, Rowe ignores that part of the Court's order at issue which provided that although his motion for protective order was denied, it was "with the understanding that this Court always retains jurisdiction to consider whether the Receiver, as an officer of this Court, has infringed the privacy rights of non-parties by the disclosure of sensitive information."

Finally, as the Receiver again correctly points out, reconsideration of the Court's order is not appropriate in that Rowe has failed to establish an intervening change in the law, new evidence, or the need to correct clear error or manifest injustice with regard to the Court's denial of the motion for protective order. See, e.g., McGraw v. Fleetwood Enter., Inc., 2007 WL 2225976, *1 (M.D. Fla. 2007). Accordingly, Rowe's Motion for Stay Pending Appeal, or, in the Alternative, Motion for Reconsideration (Dkt. 287) is denied.

**DONE AND ORDERED** at Tampa, Florida, on January 11, 2010.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

-3-