UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

           Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

           Defendants,         CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

           Relief Defendants.
_____/

## UNOPPOSED RECEIVER'S SECOND MOTION FOR REAPPOINTMENT

Burton W. Wiand, as Receiver (the "Receiver"), by and through his undersigned counsel, moves the Court for an Order Reappointing Receiver in the form attached as Exhibit A[1] and would show as follows:

---

[1] The proposed Order attached as Exhibit A is identical to the Order Reappointing Receiver previously entered by the Court (*see* Dkt. 140), except that it includes additional Receivership Entities which were placed in receivership after entry of the previous Order. Those entities are Viking Oil & Gas, LLC and Home Front Homes, LLC.

1.   The Securities and Exchange Commission (the "Commission") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets. . . ." (Compl., ¶ 7 (Dkt. 1,)). To further these goals, the Receiver, on motion of the Commission, was appointed Receiver over Defendants Scoop Capital, LLC and Scoop Management, Inc. and over all Relief Defendants by Orders Appointing Receiver entered January 21, 2009 and June 6, 2009 (the "Orders Appointing Receiver") (Dkt. 8 and 140).) Additionally, the Receivership was expanded to include Venice Jet Center, LLC and Tradewind, LLC (Dkt. 17); Laurel Mountain Preserve, LLC, Laurel Preserve, LLC, the Marguerite J. Nadel Revocable Trust UAD 8/2/07, and the Laurel Mountain Preserve Homeowners Association, Inc. (Dkt. 44); The Guy-Nadel Foundation, Inc. (Dkt. 68); Lime Avenue Enterprises, LLC, and A Victorian Garden Florist, LLC (Dkt. 79); Viking Oil & Gas, LLC (Dkt. 153); and Home Front Homes, LLC (Dkt. 172) (collectively, the "Receivership Entities").

2.   Under the Appointment Order, the Receiver was authorized, empowered, and directed to, among other things:

> [i]nvestigate the manner in which the affairs of the Defendants and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary . . . ; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order . . . .

(Appointment Order, ¶ 2 (Dkt. 8)).

The Receiver's investigation revealed that it is appropriate to institute, and the Receiver has begun instituting actions, including but not limited to actions against investors

in the Receivership Entities who profited at the expense of other investors, against persons and entities that received funds from the Receivership Entities that were not related to the recipient's investments (for example, persons and entities that received purported commissions), and against persons and entities to whom and to which assets other than funds were transferred, such as property interests. The purpose of the actions will be to "marshal and safeguard all of the assets of the Defendants and Relief Defendants" in order to distribute those assets equitably among investors and other creditors who suffered losses as a result of the investment scheme orchestrated through Receivership Entities.

3. The Receiver makes this motion so that he may satisfy the 10-day requirement of 28 U.S.C. § 754 to invoke the jurisdiction of the United States District Court for the Middle of Florida over the actions he intends to commence as will be explained more fully below.

4. Although the Receiver previously moved for reappointment to accomplish the same goals (Dkt. 139), it recently became apparent that the Receiver needs to file the items required by 28 U.S.C. § 754 in a few more federal districts.

**MEMORANDUM IN SUPPORT**

**Jurisdiction and Venue**

While the actions the Receiver has commenced and will commence are based on state law, this Court has subject matter jurisdiction over the actions based on ancillary jurisdiction as set forth in 28 U.S.C. § 1367. *See Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995) (receiver's state law fraudulent conveyance action against Ponzi scheme investors for recovery of profits is ancillary to federal court SEC enforcement action which appointed

receiver, and subject matter jurisdiction is provided by 28 U.S.C. § 1367).  When, as here, a receiver's action is brought to accomplish the objectives of the receivership order, it is ancillary to the court's exclusive jurisdiction over the receivership estate.  *See SEC v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004).

Venue for all of these actions is also appropriate in this district under 28 U.S.C. § 754, which states:

> A receiver appointed in any civil action or proceeding involving property, real, personal, or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located.  The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

*See Scholes*, 56 F.3d at 753 (Section 754 provides venue in receivership district).  This section "allows a receiver to sue in the district in which he was appointed to enforce claims anywhere in the country."  *Id.*  Section 754 extends "the territorial jurisdiction of the appointing court . . . to any district of the United States where property believed to be that of the receivership estate is found, provided that the proper documents have been filed in each such district as required by § 754."  *Bilzerian*, 378 F.3d at 1104 (citing *Haile v. Henderson Nat'l Bank¸* 657 F.2d 816, 823 (6th Cir. 1981)).

In addition, the Court will have personal jurisdiction over the defendants under the nationwide service of process statute for receiverships, 28 U.S.C. § 1692, which states:

4

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

*See Bilzerian,* 378 F.3d at 1104 (personal jurisdiction is established by the nationwide service of process authorized in receivership proceedings by 28 U.S.C. § 1692, under which "[t]he appointment court's process extends to any judicial district where receivership property is found." (*quoting Haile*, 657 F.2d at 826)).

### **Need for Reappointment**

As shown above, in order to invoke personal jurisdiction over defendants residing outside of this district, the Receiver must file a copy of the complaint and the order appointing the Receiver in the districts in which the receivership property is located within 10 days from the date of the order appointing a receiver. *SEC v. Bilzerian*, 378 F.3d 1100, 1103 (D.C. Cir. 2004).

In the instant case, the Receiver has worked diligently to identify the districts of domicile and identity of parties against whom actions could and needed to be brought to satisfy the Receiver's obligations. Through investigation, the Receiver learned the identity of almost all of the parties against whom actions may be brought and their districts of domicile and, based upon that information, previously moved for reappointment. As the Receiver recently finalized his analysis of transfers between certain Receivership Entities and certain investors, it became apparent that a handful of investors who enjoyed false profits were located in federal districts in which the pertinent papers were not previously filed. Thus, the Receiver requests an order reappointing him as Receiver so that he may timely file the

requisite papers in those jurisdictions as required by Section 754 to obtain jurisdiction over assets and defendants against whom actions will be commenced.

Reappointment of a receiver for the purpose of re-starting the 10-day time limit under § 754 has been expressly approved by the courts. *See Bilzerian*, 378 F.3d at 1105 (citing *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996)) ("On remand, the court may reappoint the receiver and start the ten-day clock ticking once again."); *SEC v. Aquacell Batteries, Inc.,* 2008 WL 2915064, at *3 (M.D. Fla. July 24, 2008) (citing *Warfield v. Arpe*, 2007 WL 549467, at *12 (N.D. Tex. Feb. 22, 2007)) ("A district court may reappoint a federal equity receiver in a securities fraud case in order to 'reset' the 10-day clock under § 754"); *Terry v. June*, 2003 WL 21738299, at *3 (W.D. Va. July 21, 2003) ("Courts having addressed this issue unanimously suggest that an order of reappointment will renew the ten-day filing deadline mandated by section 754."); *SEC v. Heartland Group, Inc.*, 2003 WL 21000363, at *5 (N.D. Ill. May 2, 2003) ("[T]he court can easily correct [the Receiver's] failure to file such a claim by merely reappointing the Receiver and thereby starting the 10-day time period under § 754 ticking once more."). "Permitting a receiver to reassume jurisdiction in this manner is consistent with the role and purpose of a federal receivership. Were this not the rule, a receiver would be forced to file the required documentation in all ninety-four federal districts to protect jurisdiction over any potential, but presently unknown, receivership assets—a result that would produce a needless waste of time and lead to dissipation of assets otherwise returnable to defrauded investors." *Terry v. June*, 2003 WL 21738299, at *3 (citing *Heartland Group*, 2003 WL 21000363, at *5; *SEC v. Infinity Group Corp.*, 27 F. Supp. 2d 559, 563 (E.D. Pa. 1998)).

WHEREFORE, the Receiver moves the Court to reappoint him as Receiver over all of the Receivership Entities by Order in the form attached as Exhibit "A" and for such other relief as the Court deems appropriate.

## **LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL**

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 18, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I will mail the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants on January 19, 2010:

        Arthur G. Nadel
        Register No. 50690-018
        MCC New York
        Metropolitan Correctional Center
        150 Park Row
        New York, NY  10007

        **s/ Gianluca Morello**
        Gianluca Morello, FBN 034997
        Email: gianluca.morello@wiandlaw.com
        Maya M. Lockwood, FBN 0175481
        Email: mlockwood@wiandlaw.com
        Wiand Guerra King PL
        3000 Bayport Drive
        Suite 600
        Tampa, FL  33607
        Tel: (813) 347-5100
        Fax: (813) 347-5155

        *Attorneys for the Receiver, Burton W. Wiand*