UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

          Defendants,

CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

          Relief Defendants.
_____/

## RECEIVER'S REPLY TO CITY OF VENICE'S RESPONSE TO MOTION FOR APPROVAL OF SALE OF THE ASSETS OF THE VJC AND AGREEMENT WITH NORTHERN TRUST, N.A.

Pursuant to this Court's Orders dated January 15, 2010 (Dkt. 312) and January 19, 2010 (Dkt. 317), Burton W. Wiand, as Receiver (the "Receiver"), by and through the undersigned counsel, hereby files this Reply to the City of Venice's Response to Receiver's Motion for Approval of Sale of the Assets of the Venice Jet Center ("VJC") and Agreement with Northern Trust, N.A. ("City's Response") (Dkt. 311), and states as follows:

### A.   The Part 16 Proceeding Adjudicates a Dispute Between Parties

The City contends that "[a] Part 16 proceeding is fundamentally different from adjudication of a dispute between private parties," and, therefore, not a transferrable chose in action. See City's Response, pp. 17-18.  The City's argument ignores the dispute between the parties and is fundamentally flawed.  The VJC, the Complainant in the Part 16 action, contends that the City is violating federal assurances and infringing on its property rights. The VJC has alleged it is being harmed by the City's action and has sought relief, whether the FAA determines to grant that relief or not.  There is a clear dispute between the parties. The City's argument is belied by its own concession that a Part 16 proceeding requires a complainant that is "directly and substantially affected by any alleged noncompliance by an airport sponsor."  14 C.F.R. § 16.23.  Indeed, a precondition to filing a Part 16 action is that the parties "engage in good faith efforts to attempt to resolve the disputed matter informally." 14 C.F.R. § 16.21.  Unequivocally, the Part 16 proceeding involves a dispute between parties and the VJC has a claim that it is asserting in that proceeding.

### B.   The VJC May Assign its Interest and Claims in the Part 16 Proceeding to Tristate

In the City's Response, the City consented to the transfer of the VJC's lease and subleases to Tristate but contested this Court's legal authority to approve the assignment of the VJC's interest in the Part 16 proceeding pending before the FAA (FAA Docket No. 16-09-05).  The City cites no authority for the proposition that an administrative chose in action arising from a contract may not be assigned to another party in interest.  See City's Response, pp. 18-19.  Generally, contractual choses of action are freely transferrable in the absence of a valid anti-assignment provision that specifically bars assignment of a right under the

contract. See e.g., American Medical Assoc. v. United Healthcare Corp., 2007 WL 1771498, *16-17 (S.D.N.Y. 2007) (discussing that proof of a valid assignment, which need not be in writing, establishes standing); Esposito v. CPM Insurance Services, Inc., 50 Conn. Supp. 283, 286-87 (Sup. Conn. 2006) (discussing the attitude of the common law concerning assignments of choses in action and distinguishing between claims arising from contract and personal injury tort claims); Data Consultants, Inc. v. Traywick, 593 F.Supp. 447, 458 (D. Md. 1983) (Assignment of action for specific performance from a majority stockholder to a corporation was valid). Here there is no such anti-assignment clause. Accordingly, the VJC is entitled to assign its interest in the FAA proceeding, which arises from its lease agreement with the City, to Tristate.

### C. The City Confuses Assignability With Standing

The true crux of the City's argument is that this Court cannot determine Tristate has *standing* to proceed in the Part 16 action. Relying on 14 C.F.R. Part 16, the City contends "only the FAA may determine whether a person seeking to undertake a Part 16 proceeding is 'directly and substantially affected by any alleged noncompliance by an airport sponsor'. . . and otherwise complies with requirements to confer standing." City's Response, p. 14.

The Receiver has not requested this Court make a determination regarding standing in the Part 16 proceeding. Approval of assignment of the VJC's interest in the Part 16 proceeding will not divest the FAA of that determination or confer standing on Tristate. The Asset Purchase Agreement ("APA") simply discusses assignment of rights. The C.F.R. provision relied upon by the City does not.

Further, as the City well knows, whether the complainant in the Part 16 action has standing to proceed is already pending before the FAA. The City *has already challenged standing* in the Part 16 proceeding and the FAA will adjudicate that issue, regardless of whether this Court approves the assignment. For the reasons stated below, however, assignment of the VJC's interest in the Part 16 proceeding is an integral part of the APA and critical to successful closure of the deal.

### D. Ramifications of Denying VJC's Right to Assign Its Interest in the Part 16 Action

As consideration for the asset purchase, the VJC has agreed to transfer to Tristate its "rights, title and interest in the action styled *Venice Jet Center, LLC v. City of Venice*, FAA Docket No.: 16-09-05." This provision is part of Tristate's bargained-for-exchange and is material to Tristate. The ability to develop the leasehold is critical to the buyer as potential return is reduced if Tristate is unable to construct the hangars. Accordingly, lengthy negotiations were undertaken in order to protect that right and, in furtherance of that right, the Receiver, on behalf of the VJC, agreed to offset Tristate's obligation under the promissory note up to $50,000 for legal and other expenses incurred in efforts to resolve disputes with the City of Venice, including the Part 16 proceeding. In other words, assignment of the claim is a material part of the agreement to sell the VJC's assets. Indeed, Tristate has communicated to the undersigned that it may very well "walk away" from the deal if such rights are not transferred.

Accordingly, the Receiver requests this Court grant the Motion for Approval of the Sale of the Assets of the VJC and Agreement with Northern Trust, N.A. and approve transfer of the VJC's interests in the Part 16 proceeding.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

> Arthur G. Nadel
> Register No. 50690-018
> MCC New York
> Metropolitan Correctional Center
> 150 Park Row
> New York, NY  10007

I further certify that on January 20, 2010, I e-mailed and mailed the foregoing document and notice of electronic filing to the following non-CM/ECF participants.

> Robert C. Anderson, Esq.
> City Attorney for the City of Venice, Florida
> Hall & Anderson, P.A.
> 1314 East Venice Avenue Suite E
> Venice, Florida 34285
> Email: randerson@hall-anderson.com

> Mark D. Hildreth, Esq.
> Shumaker, Loop & Kendrick, LLP
> 240 South Pineapple Ave., P.O. Box 49948
> Sarasota, Florida, 34230-6948
> Email: mhildreth@slk-law.com

>                                  s/ Gianluca Morello
>                                  Gianluca Morello, FBN 034997
>                                  Email: gmorello@wiandlaw.com
>                                  WIAND GUERRA KING P.L.
>                                  3000 Bayport Drive
>                                  Suite 600
>                                  Tampa, FL  33607
>                                  Tel.:    (813) 347-5100
>                                  Fax:    (813) 347-5155
>                                  *Attorney for the Receiver, Burton W. Wiand*