UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                             CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUND, LTD; VIKING IRA
FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

**O R D E R**

Pending before this Court is the Receiver's Motion for Approval of Sale of the Assets of the Venice Jet Center and Agreement with Northern Trust, N.A. (the "Motion") (Dkt. 254). The Motion requests approval of the sale of certain assets of the Venice Jet Center, LLC (" the VJC"), a company in Receivership, and as part of the sale, the transfer of the VJC's lease agreement with the City of Venice and subleases with Hertz Corporation and the Cockpit Café. The Motion also requests

approval of the terms of an agreement to resolve outstanding obligations by Receivership Entities to Northern Trust, N.A. Northern Trust has consented to these transactions and the Court has provided the City of Venice with the opportunity to raise objections to this transaction and the transfer of the lease and subleases.

The Court, having considered all matters submitted with respect to the Motion and having reached the conclusion that the Motion is well founded and that the relief requested is in the best interest of the receivership and consistent with the rights of the parties to the lease between the City of Venice and the VJC, it is hereby **ORDERED** that the Motion of the Receiver is **granted** and the sale of assets is **approved** by this Court as are the terms of the agreement between the Receiver and Northern Trust, N.A. It is further **ORDERED** that:

1) The assets described in Exhibit 3 of the Motion are hereby transferred from the Venice Jet Center, LLC, to Tristate Aviation Group of Florida, LLC, free and clear of all claims, liens, and encumbrances, except for the liens of Northern Trust, N.A.

2) The VJC's interests, rights, and obligations as tenant under the Lease by and between the City of Venice, a Florida municipality, as lessor, and the VJC, as lessee, dated May 23, 2006, as more particularly described in the Motion (the "Lease"), which demises the real property described in Exhibit 7 to the Motion, together with the leasehold estate arising thereunder, are hereby assigned and transferred to Tristate Aviation Group of Florida, LLC.

3) Tristate Aviation Group of Florida, LLC, is entitled to all rights, benefits, and interests of the tenant in the Lease and the leasehold estate arising thereunder and assumes all obligations of the VJC as tenant thereunder. Said rights shall include the right of Tristate Aviation Group of Florida, LLC, to be substituted in the VJC's stead in the proceeding before the FAA (FAA Docket No. 16-09-05). However, as the Receiver has acknowledged in his Reply filed this day at docket 320, the approval of this assignment of the VJC's interest in the Part 16 proceeding presently pending before the FAA does not divest the FAA of the independent right to determine the issue of standing in that proceeding nor is the Court's approval intended to confer standing on Tristate Aviation Group of Florida, LLC, in that proceeding.

5) The subleases between the VJC and Hertz Corporation and between the VJC and the Cockpit Café LLC are hereby transferred to Tristate Aviation Group of Florida, LLC, and Tristate Aviation Group of Florida, LLC, is entitled to all rights and interests of the VJC in and under said leases and assumes all obligations of the VJC thereunder.

6) The Tristate Aviation Group of Florida, LLC, is entitled to the quiet enjoyment of all rights and privileges under the aforementioned leases and no third party shall inappropriately interfere with the enjoyment of said rights, and that the same are valid and in good standing as of the date of this Order.

7) The Agreement Regarding Claims and Obligations entered into between the Receiver and Northern Trust, N.A. is approved in all respects.

**DONE and ORDERED** in Chambers at Tampa, Florida, on January 20, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record