UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,
Plaintiff,

v.                                                          CASE NO. 8:09 cv 87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

        Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUNDS, LTD.; VIKING IRA
FUND, LLC; VIKING FIND, LLC; VIKING
MANAGEMENT; VENICE JET, LLC, and
TRADEWIND, LLC.

        Relief Defendants.
_____/

## LOUIS PAOLINO'S EMERGENCY MOTION FOR MODIFICATION OF INJUNCTION

Pursuant to Rule 60, Fed. R. Civ. Proc., LOUIS PAOLINO ("Paolino") moves for modification of the Order of Injunction dated September 3, 2009 (the "Order" or "All Writs Act Injunction") and states as follows:

### BACKGROUND AND REQUEST FOR RELIEF

1.     On August 25, 2009, Burt W. Wiand, as Receiver, filed a Motion to Enjoin State Court Proceedings in *Paolino v. Moody*, Case No. 2009-CA-001876 (Cir. Ct. 12th Judicial Cir., Sarasota County, Fla.) (the "Moody Action"), "to the extent that the plaintiff in that action seeks to recover assets that were acquired with the proceeds of the fraudulent scheme that underlies this case..." [DE 177].

Dockets.Justia.com

2.      On September 3, 2009, this Court entered an Order (the "Order") granting the Receiver's Motion and enjoining the Moody Action. The Court cited as authority for its Order the All Writs Act, 28 U.S.C. § 1651.

3.      In this Motion, Paolino does not seek to challenge the Order. Instead, Paolino is requesting that this Court lift its injunction for the very limited purpose of allowing Paolino to file a State Court Motion for Extension of the four *lis pendens* recorded and filed in the Moody Action, which may arguably otherwise expire on February 4, 2010, pursuant to section 48.23, Florida Statutes.[1]

4.      The real property subject to the *lis pendens* has not been seized by the Receiver, and one of the parcels has actually been sold to a third party. *A true and correct copy of the lis pendens recorded on this parcel is attached as Exhibit 1. A true and correct copy of the Warranty Deed reflecting the sale is attached as Exhibit 2.* The Receiver consented to the sale of the property. *See a copy of the Receiver's recorded Consent to Sale attached as Exhibit 3.* Thus, it is not an asset that will ever be brought into the receivership in this action.

5.      The purpose of seeking the extension of the *lis pendens* would be to maintain Paolino's lien priority in the event the subject properties are sold after the would-be expiration date. Should Paolino ultimately obtain a constructive trust on the subject real property in the Moody Action, then Paolino would have a lien on the property that relates back to the date of the recorded *lis pendens*.

6.      If the Court does not allow Paolino to seek an extension, then Paolino will suffer irreparable harm in that his current *lis pendens* may expire, and he would lose priority among

---

[1] There is an existing state court Order precluding any challenge to the *lis pendens* pending arbitration between Paolino and the Moodys. The arbitration has not occurred so the *lis pendens* remain in place. The instant Motion is filed in an abundance of caution.

subsequent lienholders whose lien rights are established <u>after</u> the date that the current *lis pendens* expire.

7.      If the Receiver claims an interest in Paolino's *lis pendens*, then the cost of that priority negatively affects the Receivership as well.

8.      Pursuant to Rule 60(b)(6), Fed. R. Civ. P., and the legal authority discussed below, Paolino respectfully requests that this Court enter an Order lifting its injunction for the limited purpose of allowing Paolino to file a Motion for Extension of *Lis Pendens*.

**MEMORANDUM OF LAW**

**I.      The Standard For Modification Of All Writs Act Injunctions.**

"The All Writs Act provide[s] a federal court with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute, but only with those writs necessary to the preservation or exercise of its subject matter jurisdiction." *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 n.13 (11th Cir. 1994) (internal quotations omitted). "It has been postulated that Congress relied on the necessary and proper clause of the Constitution in passing the Act." *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359 n.18 (5th Cir. 1978) (citation omitted). Accordingly, the All Writs Act can serve as authority for issuance of an injunction "to curb conduct which threatened improperly to impede or defeat the subject matter jurisdiction then being exercised by the court." *Id.* at 1359.

However, limited modification of a broad All Writs Act Injunction is proper where it becomes apparent that the injunction creates a hardship on a party without simultaneously furthering the goal of preserving the Court's subject matter jurisdiction. *See, e.g., U.S. v. BNS, Inc.*, 848 F.2d 945, 947 (9th Cir. 1988) (modifying an All Writs Act injunction where certain

3

aspects of the injunction created hardships without serving the purpose of preserving the Court's jurisdiction).

## II.   The Injunction Impairs A Property Right That Is Not Subject To The Jurisdiction Of This Court.

For purposes of this Motion, Paolino does not dispute that the Order has the overall effect of preserving the primacy of this Court's jurisdiction.  Paolino is not attempting to reargue the legitimacy of the Order.  Instead, Paolino merely requests that the Order be modified to allow him to seek an extension of his *lis pendens*, which would otherwise expire.  As discussed below, the four *lis pendens* have no effect on the subject matter jurisdiction of this Court.  Moreover, failure to allow Paolino to seek an extension of the *lis pendens* in the Moody Action could result in a deprivation of Paolino's (and potentially the Receiver's) property rights.

Paolino assumes that there will come a day when the Receiver's task is finished.  When that day comes Paolino should be permitted to continue pursuing his claims for relief in the Moody Action.  One such claim for relief is Paolino's claim for a constructive trust to be imposed on real property described in the Complaint.  Paolino's constructive trust claim is the foundation for the four *lis pendens* that are the subject of this Motion.  One of the parcels subject to a *lis pendens* has actually been sold to a third party with the consent of the receiver.  *See Exhibit 3.*  Thus, it is not an asset that will ever be brought into the receivership in this action.  Because the property subjected to the *lis pendens* is of no interest to the Receivership in this action, modification of the Order to permit Paolino to seek an extension on his *lis pendens* would not impede on the Court's subject matter jurisdiction over the issues in this action.  Alternatively, if the Receiver claims an interest in the Paolino action, then extension of the *lis pendens* is in the Receiver's interests as well.

The potential hardship on Paolino of not allowing him to seek an extension of his lis pendens is undeniable.

Under Florida law, a *lis pendens* serves the purpose of "protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien." *Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993). Effectively, Paolino's constructive trust claim against the Moodys' real property would ripen into a lien at judgment. The lien would then relate back to the date of the *lis pendens* for purpose of priority. However, "[a] notice of *lis pendens* is not effectual for any purpose beyond 1 year from the commencement of the action and will expire at that time, unless the relief sought is disclosed by the pending pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time of expiration on reasonable notice and for good cause." Fla. Stat. § 48.23 (2009).

Unless this Court allows Paolino to seek an extension, Paolino's *lis pendens* could expire on February 4, 2010. If they expire, then Paolino (and, by extension, the Receiver) would lose priority in any lien interest he ultimately obtains in the property as to any transferees that take title or record a lien after the date that Paolino's *lis pendens* expire. Thus, the practical effect of this Court's All Writs Act Injunction would be to deprive Paolino (and by extension, the Receiver) of a property right, and such a deprivation would not be necessary to preserve the Court's subject matter jurisdiction.

WHEREFORE, Louis Paolino respectfully requests an Order modifying the injunction against him for the limited purpose of (1) permitting Paolino to file a Motion for Extension of *Lis Pendens* in *Paolino v. Moody*, Case No. 2009-CA-001876 (Cir. Ct. 12th Judicial Cir., Sarasota

County, Fla.); (2) and permitting the Judge in that action to hear that Motion and to issue an

Order on that Motion.

1091629_1.docx

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel has attempted to confer by email with the Receiver on December 30, 2009, and again on January 11, 2010, but the Receiver has not responded. The undersigned assumes that the lack of response from the Receiver is an indication that he does not oppose the relief requested herein.

/s/ Morgan R. Bentley
Morgan R. Bentley, Esq.
Florida Bar No. 0962287
200 S. Orange Avenue
Sarasota, Florida 34236
941-329-6624 (telephone)
941-552-7172 (facsimile)
mbentley@williamsparker.com
Attorneys for Louis Paolino

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2010, I electronically served the foregoing with the Clerk of the Court by using the CM/ECF system.  . I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Arthur G. Nadel Register No. 50690-018
Metropolitan Correctional Center, New York 150 Park Row
New York, NY 10007

The Honorable Rick DeFuria
Lynn N. Silvertooth Judicial Center
2002 Ringling Blvd.
Sarasota, Florida 34237

/s/ Morgan R. Bentley
Morgan R. Bentley, Esq.
Florida Bar No. 0962287
200 S. Orange Avenue
Sarasota, Florida 34236
941-329-6624 (telephone)
941-552-7172 (facsimile)
mbentley@williamsparker.com
Attorneys for Louis Paolino

1091629_1.docx