Securities and Exchange Commission v. Nadel et al                                                                    Doc. 325 Att. 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

NEIL V. MOODY, and
CHRISTOPHER D. MOODY,

      Defendants.
_____/

### CONSENT OF DEFENDANT NEIL V. MOODY

1. Defendant Neil V. Moody waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Moody admits), Moody hereby consents to the entry of the Judgment of Permanent Injunction and Other Relief Against Neil V. Moody ("Judgment") in the form attached and incorporated by reference, which, among other things, permanently restrains and enjoins Moody from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. §240.10b-5; and Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. 80b-6, and Advisers Act Rule 206(4)-8, 17 C.F.R. §275.206(4)-8.

EXHIBIT B

Dockets.Justia.com

3. Moody agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 217 of the Advisers Act, 15 U.S.C. 80b-17 and, if so, the amount of the disgorgement and/or civil penalty. Moody further understands that, if the Court orders disgorgement, he shall pay prejudgment interest calculated from January 1, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Moody further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Moody will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Moody may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Moody waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Moody waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Moody enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to him, or to anyone acting on his behalf, to induce him to enter into this Consent.

7. Moody agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Moody in this civil proceeding. Moody acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Moody waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Moody further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Moody understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

9. Moody understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Moody agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Moody hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Moody breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Moody's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

10. Moody hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Moody to defend against this action. For these purposes, Moody agrees he is not the prevailing party in this action since the parties have reached a good faith settlement.

11. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Moody: (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Moody's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Moody's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over him in any United States District Court for purposes of enforcing any such subpoena.

12. Moody agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

13. Moody agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: October 30, 2009

_____
Neil V. Moody

STATE OF ~~FLORIDA~~ Colorado  }
                                } ss:
COUNTY OF ~~HILLSBOROUGH~~ Jefferson }

On October 30, 2009, Neil V. Moody, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 02-17-2010

STEPHANIE L COLE
Notary Public
State of Colorado

5

Approved as to form:

_[signature]_

~~David T. Knight, Esq.~~ Mark A. Danzi, Esq.
Hill Ward Henderson
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Attorney for Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

NEIL V. MOODY, and
CHRISTOPHER D. MOODY,

      Defendants.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST NEIL V. MOODY

The Securities and Exchange Commission having filed a Complaint; and Defendant Neil V. Moody having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which he admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I. PERMANENT INJUNCTION

**A. Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**

**IT IS ORDERED AND ADJUDGED** that Moody and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934

(the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### B. Section 17(a) of the Securities Act of 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, in the offer or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact o any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;   or

(c)  to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

**C. Section 206(4) of the Investment Advisers Act of 1940 and Rule 206(4)-8**

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [15 U.S.C. §275.206(4)-8], by the use of the mails or any means or instrumentality of interstate commerce:

(a)  to engage in any act, practice, or course of business that is fraudulent, deceptive, or, manipulative; or

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle.

## II. DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUGED** that, on motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 217 of the Advisers Act, [15 U.S.C. 80b-17] and, if so, the amount of the disgorgement and/or civil penalty. If disgorgement is ordered, Moody shall pay prejudgment interest calculated from January 1, 2003, based on the rate of interest used by

3

the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Moody will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Moody may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III. INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody's is incorporated into this Judgment with the same force and effect as if fully set forth herein.

### IV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## V. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2010

_____
**UNITED STATES DISTRICT JUDGE**