**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

                Defendants,           CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

                Relief Defendants.
_____/

**RECEIVER'S RESPONSE TO LOUIS PAOLINO'S**
**"UNOPPOSED" MOTION FOR MODIFICATION OF INJUNCTION**

On January 28, 2010, non-party Louis Paolino filed a purported unopposed motion (the "Motion") for modification of the Court's September 3, 2009, Order, which enjoyed his state court lawsuit against Neil and Christopher Moody, *Paolino v. N. Moody et al.*, Case No. 2009-CA-1876 (12th Jud'l Cir. Ct.) (the "*Paolino Action*") (Doc. 328). The Motion seeks a "very limited" lift of the injunction so that Mr. Paolino may petition the state court to extend the *lis pendens* recorded with respect to four residential properties currently or previously owned by Neil or Christopher Moody. *See* Mot. ¶ 3

("Paolino is requesting that this Court lift its injunction for the very limited purpose of allowing Paolino to file a State Court Motion for Extension of the <u>four</u> lis pendens" (emphasis added)).  Those properties are located at the following addresses in Sarasota, Florida:  (1) 1311 Tangier Way (the "Tangier House"); (2) 2140 Hillview Street (the "Hillview House"); (3) 464 Golden Gate Point, Unit 703 (the "Bellasara Condo"); and (4) 1881 Summer Walk Circle (the "Summer Walk House").  Although the Receiver, through counsel, communicated to Mr. Paolino's counsel his position with respect to the relief sought in the Motion, that position is not accurately stated in that filing.

With respect to the Hillview House, the Bellasara Condo, and the Summer Walk House, the Receiver objects to the relief requested.[1]  Title to the Bellasara Condo was recently transferred to the Receiver (Doc. 327) and, with the cooperation and consent of the owner of the other two parcels of real property, Christopher Moody, the Receiver is currently in the process of taking possession and title to them.  The goal of the Receiver is to sell those properties and generate money for the Receivership Estate, and Mr. Paolino's *lis pendens* on those properties is an encumbrance which interferes with the Receiver's goals.  For that reason, the Receiver objects to the relief requested in the Motion to the extent it seeks to extend the *lis pendens* on the Hillview House, the Bellasara Condo, and the Summer Walk House.

---

[1] Although it is counsel for the Receiver's understanding that Mr. Paolino would not seek relief with respect to these three properties, the Motion does not reflect that understanding.  Counsel for Mr. Paolino subsequently informed counsel for the Receiver that he would revise and re-file the Motion so as not to seek relief with respect to these three properties.  Because he has not yet done so, the Receiver files this response out of an abundance of caution.

With respect to the Tangier House, as the Motion accurately states, the Receiver takes no position. The debt on the Tangier House significantly exceeded the value of the house, and thus the house had no equity and was significantly "underwater." The Receiver determined that it was in the best interest of the Receivership Estate to allow the house to be disposed of as part of a short sale rather than attempting to bring it into this receivership and subject the Receivership Estate to significant liabilities arising from the debt secured by the house. Since the Receivership Estate has no interest in that house, the Receiver takes no position with respect to the Motion's request to seek an extension of the *lis pendens* on that house.

Although the Receiver takes no position with respect to that specific relief, that position is based specifically on the current posture of this case and the *Paolino Action* (and, as noted above, the status of the Tangier House). The *Paolino Action* has interfered with the Receiver's efforts (*see, e.g.*. Doc. 190), and any time Mr. Paolino (or any other non-party) seeks relief – from this or any other Court – which affects any asset funded with proceeds of the scheme underlying this case or any other aspect of this receivership, the Receiver is required to spend receivership resources to monitor those efforts and, if necessary (like in the *Paolino Action*), to address them. Nevertheless, at this point the interference has occurred, and the Receiver has already had to address it, so he takes no position with respect to Mr. Paolino's attempt to obtain a limited lift of the order enjoining the *Paolino Action* so that he may seek an extension of the *lis pendens* on the Tangier House. To be clear, however, the Receiver continues to have an objection to non-parties' interference with actual or potential receivership efforts and, more broadly, with this proceeding.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that mailed the foregoing document and the notice of electronic filing by first-class mail to the following party:

Arthur G. Nadel
Register No. 50690-018
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, New York 10007

**s/ Gianluca Morello**
Gianluca Morello, FBN 034997
gmorello@wiandlaw.com
WIAND GUERRA KING P.L.
3000 Bayport Drive
Suite 600
Tampa, FL  33607
Tel.:   (813) 347-5100
Fax:   (813) 347-5155
*Attorneys for the Receiver, Burton W. Wiand*