UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                    Case No. 8:09-cv-87-T-26TBM

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

        Defendants,

SCOOP REAL ESTATE, L.P.
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT,

        Relief Defendants.
_____/

### RECEIVER'S MOTION TO APPROVE SETTLEMENT

Burton W. Wiand, as Receiver, moves the Court for an order approving settlement of *Burton W. Wiand, as Receiver v. Sandcastle Partners, L.P.,* Case No.: 8:10-cv-120-T-17MAP (M.D. Fla.) (the "Sandcastle Action") on the basis of the Settlement Agreement attached as Exhibit A.

### MEMORANDUM IN SUPPORT

The Securities and Exchange Commission (the "Commission" or "SEC") instituted this action to "halt [an] ongoing fraud, maintain the status quo, and preserve investor assets . .

. .." (Dkt. 1, Compl., ¶ 7.) Burton W. Wiand was appointed by this Court as the Receiver for Defendants and Relief Defendants. (*See* Order Reappointing Receiver (Dkt. 140).) Additionally, the Receivership was expanded to include Venice Jet Center, LLC and Tradewind, LLC (Dkt. 17); Laurel Mountain Preserve, LLC, Laurel Preserve, LLC, the Marguerite J. Nadel Revocable Trust UAD 8/2/07, and the Laurel Mountain Preserve Homeowners Association, Inc. (Dkt. 44); The Guy-Nadel Foundation, Inc. (Dkt. 68); Lime Avenue Enterprises, LLC, and A Victorian Garden Florist, LLC (Dkt. 79); Viking Oil & Gas, LLC (Dkt. 153); and Home Front Homes, LLC (Dkt. 172). All of the entities in receivership are collectively identified herein as the Receivership Entities.

Pursuant to the Order Reappointing Receiver (Dkt. 140), the Receiver has the duty and authority to:

> 2.     Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary . . . against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement or profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

Further, the Order Reappointing Receiver (at paragraph 6) authorizes the Receiver to "[d]efend, compromise or settle legal actions . . . in which the Receivership Entities or the Receiver is a party . . . with authorization of this Court . . . ."

By a Complaint filed January 14, 2010, the Receiver sued Sandcastle Partners, L.P. (the "Defendant") to recover sums received from the Receivership Entities with a view to marshaling assets for an eventual distribution to investors with verifiable claims in an

equitable and appropriate manner. Specifically, the Receiver sought recovery of "false profits" (as defined in the complaint) of $60,780.80.

As shown by the attached Settlement Agreement, the Receiver and the Defendant, subject to the approval of this Court, have agreed to settle the Sandcastle Action for $60,780.80, in full settlement of the claims, to be paid within 14 days after approval of this settlement by the SEC Receivership Court. In reaching this agreement, the Receiver considered the risks and expense of litigation.

The settlement reflected by the Settlement Agreement is in the best interests of the Receivership, the investors in the Receivership Entities, and Defendant, because resolution of the claim avoids protracted litigation, conserving Receivership assets and judicial resources, and avoids the cost of litigation to Defendant.

WHEREFORE, the Receiver moves the Court to approve the settlement reflected by the attached Settlement Agreement.

## LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL

The undersigned counsel for the Receiver is authorized to represent to the Court that the SEC has no objection to the Court's granting this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

>   Arthur G. Nadel
>   Register No. 50690-018
>   MCC New York
>   Metropolitan Correctional Center
>   150 Park Row
>   New York, NY  10007

>   s/ Gianluca Morello
>   Gianluca Morello, FBN 034997
>   Email: gianluca.morello@wiandlaw.com
>   Maya M. Lockwood, FBN 0175481
>   Email: mlockwood@wiandlaw.com
>   Wiand Guerra King PL
>   3000 Bayport Drive
>   Suite 600
>   Tampa, FL  33607
>   Tel: (813) 347-5100
>   Fax: (813) 347-5155
>
>   *Attorneys for the Receiver, Burton W. Wiand*