UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.,

          Defendants.

CASE NO.: 8:09-cv-0087-T-26TBM

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT, LLC.

          Relief Defendants.
_____/

**RECEIVER'S UNOPPOSED VERIFIED MOTION TO
<u>APPROVE THE SALE OF 1997 JEEP WRANGLER</u>**

Pursuant to 28 U.S.C. § 754, Fed. R. Civ. P. 66, and Rule 3.01 of the Local Rules of the Middle District of Florida, Burton W. Wiand, as Receiver (the "Receiver"), respectfully moves the Court for entry of an order approving the sale of a 1997 "Barbie" Jeep Wrangler in substantially the form of the proposed order attached as Exhibit A.

## BACKGROUND

On January 21, 2009, the Securities and Exchange Commission ("Commission") initiated this action to prevent the defendants from further defrauding investors of hedge funds operated by them. That same day, the Court entered an order appointing Burton W. Wiand as Receiver for Defendants Scoop Capital, LLC ("Scoop Capital") and Scoop Management, Inc. ("Scoop Management") and Relief Defendants Scoop Real Estate, L.P.; Valhalla Investment Partners, L.P.; Valhalla Management, Inc.; Victory Fund, Ltd.; Victory IRA Fund, Ltd.; Viking IRA Fund, LLC; Viking Fund, LLC; and Viking Management, LLC (the "Order Appointing Receiver"). (*See generally* Order Appointing Receiver (Doc. 8).)

The Court subsequently granted several motions to expand the scope of the receivership to include other entities owned or controlled by Arthur Nadel. (*See generally* Doc.17, Doc. 44, Doc. 68, Doc. 81, Doc. 153, Doc. 172). All of the entities and the trust in receivership are hereinafter referred to collectively as the "Receivership Entities."

Pursuant to the Order Appointing Receiver, the Receiver has the duty and authority to: "administer and manage the business affairs, funds, assets, choses in action and any other property of the Defendants and Relief Defendants; marshal and safeguard all of the assets of the Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors." (Order Appointing Receiver at 1-2.) In particular, the Receiver was directed to:

> [t]ake immediate possession of all property, assets and estates of every kind of the [Receivership Entities], whatsoever and wheresoever located belonging to or in the possession of the [Receivership Entities], including but not limited to all offices maintained by the [Receivership Entities], rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings

> accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the [Receivership Entities] wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court . . . .

(*Id.* at 2.) In accordance with that Order, the Receiver has taken possession of a 1997 Jeep Wrangler [VIN: 1J4FY19S2VP517547] (the "Asset") from Christopher D. Moody, a principal of several of the Relief Defendants. A photograph of the Asset is attached as Exhibit B. Christopher D. Moody voluntarily transferred possession and control of the Asset to the Receiver on or about January 21, 2010 after informing the Receiver that the Asset was purchased with proceeds from Nadel's scheme. Although Christopher Moody maintains title to the vehicle, he has executed a Power of Attorney in favor of the Receiver which allows the Receiver to convey title. The Receiver seeks this Court's approval to sell the Asset.

## I.    HISTORY AND VALUE OF THE ASSET

The Asset was purchased by Christopher D. Moody on February 16, 2005 for $7,839 and subsequently customized with "Barbie" colors. The Asset currently has approximately 123,875 miles, is not subject to any liens or encumbrances, and is not pledged as security or collateral according to Christopher D. Moody's representations to the Receiver.

The Receiver obtained an opinion as to the value of the Asset through Edmonds.com. Edmonds.com lists the values for this Asset as follows: trade-in value - $2,710; private-party - $3,437 and dealer-retail - $4,673. Taking all factors into consideration, the Receiver believed the Asset's estimated value was $4,000 and listed the Asset for sale on E-Bay.

## II. RECEIVER'S MARKETING EFFORTS

The Receiver marketed the Asset to potential purchasers through E-Bay. The Receiver received twenty-two bids for the Asset. The opening bid on February 19, 2010 was $4,100. The closing bid on February 24, 2010 was $7,875. After reviewing the bids of the prospective buyers, the Receiver believes that accepting the offer of $7,875 is in the best interests of the Receivership. Accordingly, the Receiver has entered into an agreement to sell the Asset for $7,875 contingent upon this Court's approval. The Receiver believes that the offer of $7,875 fairly represents the current value of the Asset.

Furthermore, the buyer is in position to complete the sale and purchase of the Asset contingent upon this Court's approval. The buyer has agreed to pay the full purchase price immediately upon this Court's approval.

The Receiver believes selling the Asset for $7,875 is in the best interests of the Receivership, and accordingly, the Receiver respectfully requests that this Court enter an order approving the transaction.

## III. MEMORANDUM OF LAW

The Court's power to supervise an equity receivership and to determine the appropriate actions to be taken in the administration of the receivership is extremely broad. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d at 1566; *SEC v. Safety Finance Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982). The relief sought by the Receiver falls squarely within those powers. The Receiver believes the sale of the Asset as outlined in this motion is in the best

interests of the Receivership. The relief sought is in furtherance of the duties and authorities bestowed upon the Receiver by the Order Appointing Receiver.

WHEREFORE, Burton W. Wiand, as Receiver, respectfully requests this Court to enter an Order approving the sale of the Asset in substantially the form of the proposed Order attached as Exhibit A.

## CERTIFICATE UNDER LOCAL RULE 3.01(g)

Undersigned counsel has conferred with counsel for the SEC and is authorized to represent to the Court that this motion is unopposed.

## VERIFICATION OF RECEIVER

I, Burton W. Wiand, Court-Appointed Receiver in the above-styled matter hereby certify that the information contained in this Motion is true and correct to the best of my knowledge and belief.

s/Burton W. Wiand
Burton W. Wiand, Court-Appointed Receiver

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants.

>Arthur G. Nadel
>Register No. 50690-018
>MCC New York
>Metropolitan Correctional Center
>150 Park Row
>New York, NY 10007

>s/Gianluca Morello
>Gianluca Morello, FBN 034997
>gmorello@wiandlaw.com
>Michael S. Lamont, FBN 527122
>mlamont@wiandlaw.com
>WIAND GUERRA KING P.L.
>3000 Bayport Drive, Suite 600
>Tampa, FL 33607
>T: (813) 347-5100
>F: (813) 347-5199
>
>*Attorneys for the Receiver Burton W. Wiand*