UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                                                  CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUND, LTD.; VIKING IRA
FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

**O R D E R**

    The Court is again thrust into a discovery dispute between the Receiver and non-party, Mr. Donald H. Rowe (Rowe), with regard to the production of documents. This time Rowe seeks to quash a subpoena duces tecum returnable November 17, 2010, at the office of the Receiver's attorney which he contends was not served on him until November 19, 2010. From Rowe's submissions, it appears that the Receiver's attorney takes the position that the subpoena was "impliedly accepted" by Rowe's counsel on November 3, 2010, a position which Rowe's

attorney disputes. Rowe contends that he needs more time to determine what documents he may possess that are responsive to the subpoena and, if appropriate, to interpose objections to the production of documents that are subject to an applicable privilege.

In the Court's view, this discovery dispute should have been resolved between counsel without the necessity of having to expend judicial and client resources. The Court perceives of no prejudice inuring to the detriment of the Receiver or the defrauded investors by affording Rowe more time to comply with the subpoena and to interpose appropriate objections. Accordingly, it is ordered and adjudged as follows:

1) The Motion to Quash (Dkt. 541) is denied without prejudice.

2) Rowe shall comply with the subpoena no later than 12 noon, Monday, December 6, 2010.

3) In the event Rowe determines that an applicable privilege applies to certain documents, his counsel shall so advise the Receiver's attorney no later than 12 noon, Wednesday, December 1, 2010, following which counsel shall confer *personally* in a good faith effort to resolve any dispute with regard to the application of any privilege to the documents subpoenaed. In doing so, counsel shall be mindful of the dictates of Local Rule 2.04(h) which requires attorneys and litigants to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

4) In the event counsel cannot resolve any such dispute, Rowe's counsel shall file a motion to quash no later than 12 noon, Thursday, December 2, 2010, following which the Court will direct an expedited response and schedule an expedited hearing.

**DONE AND ORDERED** at Tampa, Florida, on November 22, 2010.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record