UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                            CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUND, LTD.; VIKING IRA
FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

**O R D E R**

Pending before the Court is the Receiver's verified motion requesting this Court's approval of the sale of receivership real property located in Graham, Alamance County, North Carolina to Trinet West, LLC (Trinet West), a sale which the Securities and Exchange Commission (the SEC) does not oppose but which Wells Fargo Bank, N.A.

(Wells Fargo),[1] claiming to be a secured creditor of the property, does oppose. After carefully considering the submissions of the Receiver and Wells Fargo, the Court concludes that the motion is due to be denied.

Although Wells Fargo raises a host of arguments in support of a denial of the motion, the Court need consider only one at this juncture of the proceedings - the Receiver's failure to comply with the requirements of 28 U.S.C. § 2001(b), which mandates that prior to the confirmation of a private sale of realty certain procedural safeguards must be undertaken such as the appointment of three disinterested appraisers and publication of the terms of the sale in a newspaper of general circulation. Because there is nothing in the record before the Court even remotely suggesting compliance with the statute, the Court has no jurisdiction to approve the contemplated sale to Trinet West, notwithstanding the concurrence of the SEC in the Receiver's motion. See Acadia Land Co. v. Horuff, 110 F.2d 354, 354-55 n.1 (5th Cir. 1940) (holding that "all of the requirements are, by the express terms of the statute, made conditions precedent to a valid sale" such that a sale consummated without complying with the statute is "void" because the court lacks jurisdiction to confirm it);[2] accord Securities & Exchange Comm'n v. T-Bar Res., LLC, No. 3:07-CV-1994-B, 2008 WL 4790987, at *3-4 (N.D.

---

[1] Wells Fargo is a successor by merger to Wachovia Bank, N.A.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions rendered by the former Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981).

Tex. Oct. 28, 2008) (citing and quoting with approval Horuff); Securities & Exchange Comm'n v. Kirkland, No. 6:06-cv-183-Orl-28KRS, 2007 WL 1701681, at *2 (M.D. Fla. Jun. 8, 2007) (same).

Accordingly, because the procedural safeguards of § 2001(b) have not yet been satisfied, thus depriving this Court of the jurisdictional authority to confirm the sale proposed by the Receiver, the Receiver's Verified Motion to Approve the Sale of Real Property Located in Graham, Alamance County, North Carolina (Dkt. 706) is denied without prejudice to being renewed after strict compliance with the statutory framework embodied in § 2001(b).

**DONE AND ORDERED** at Tampa, Florida, on January 24, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record