**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                 CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

      Defendants,

SCOOP REAL ESTATE, L.P.; VALHALLA
INVESTMENT PARTNERS, L.P.; VALHALLA
MANAGEMENT, INC.; VICTORY IRA FUND,
LTD.; VICTORY FUND, LTD.; VIKING IRA
FUND, LLC; VIKING FUND, LLC; and
VIKING MANAGEMENT, LLC,

      Relief Defendants.

_____/

**O R D E R**

    **UPON DUE CONSIDERATION** of the parties' written submissions and oral

arguments, and for the reasons announced on the record at the hearing held in this case

this day, it is **ORDERED AND ADJUDGED** as follows:

    1)    Except as set forth later in this order, it is **ORDERED AND ADJUDGED**

that the Receiver's Motion to (1) Approve Determination and Priority of Claims, (2) Pool

Receivership Assets and Liabilities, (3) Approve Plan of Distribution, and (4) Establish

Objection Procedure (Dkt. 675) is **granted**.

2)      The Court, for the reasons stated on the record, and in view of the United

States' Memorandum on Jurisdiction filed at docket 773, as well as the other submissions

relating to the issue of this Court's jurisdiction, determines that it has *in rem* jurisdiction

as to all the properties in the Receivership Estate.

3)      The Receiver's determination of claims and claim priorities as set forth in

the motion and in Exhibits B - J attached to the motion is fair and equitable and is

approved.

4)      For the reasons discussed in the motion, the Receiver is authorized to

consolidate all Receivership Entities' (as the term is defined in the motion) assets and

liabilities for all purposes, including for payment of administrative costs, for receipt of

third-party recoveries, and for making distribution to holders of allowed claims.

5)      For the reasons discussed in the motion, and under the circumstances of

this Receivership, the Net Investment Method as set forth in the motion and its exhibits is

the appropriate method for calculating allowed amounts for investors' claims.

6)      The plan of distribution as set forth in Section IV of the motion is logical,

fair, and reasonable and is approved.

7)      The Proposed Objection Procedure as set forth in Section V of the motion

for objections to the plan of distribution and the Receiver's claim determinations and

claim priorities is logical, fair, and reasonable and is approved, and any and all objections to claim determinations, claim priorities, or the plan of distribution shall be presented to the Receiver in accordance with the Proposed Objection Procedure as set forth in Section V of the motion.  After any unresolved objections are filed with the Court by the Receiver, the Court shall determine whether a hearing is necessary and set the date and time of any such hearing; and

8)    To bring finality to these matters and to allow the Receiver to proceed with distributions of Receivership assets, any and all further claims against Receivership Entities, Receivership property, the Receivership estate, or the Receiver by any Claimant taxing authority, or any other public or private person or entity and any and all proceedings or other effects to enforce or otherwise collect on any lien, debt, or other asserted interest in or against Receivership Entities, Receivership property, or the Receivership estate are hereby barred and enjoined absent further order from this Court.

9)    As articulated by the Court at the hearing held in this case today, the granting of this motion does not in anyway affect any claims or their priority asserted by Wells Fargo Bank, N.A., and its related affiliates, as well as TRSTE, Inc., which the Court will consider at a later date after it resolves the motion to disqualify the Receiver and his law firm filed by Wells Fargo Bank, N.A., at docket 766.  The Court, in that regard, specifically reserves ruling on the issues raised in (a) Wells Fargo Bank, N.A.'s Objection and Memorandum of Law in Opposition to Receiver's Unopposed Motion to

(1) Approve Determination and Priority of Claims, (2) Pool Receivership Assets and Liabilities, (3) Approve Plan Distribution, and (4) Establish Objection Procedure filed at docket 689, (b) TRSTE, Inc.'s Objection and Opposition to Receiver's Motion to Approve Determination and Priority of Claims and Supporting Memorandum of Law filed at docket 690, (c) Wells Fargo Bank, N.A.'s Motion for Relief from Injunction or, in the Alternative, to Compel the Receiver to Abandon the Property Located at 841 South Main Street, Graham, North Carolina filed at docket 719, and (d) Wells Fargo Bank, N.A.'s Motion for Determination that the Filing of Proofs of Claim herein is not Necessary to Preserve Secured Creditors' Valid State Law Security Interests in, and Claims Against, Collateral in the Receiver's Possession or, in the Alternative, for Leave to File Late Claims Pursuant to Federal Rule of Civil Procedure 60(b) filed at docket 740.

**DONE AND ORDERED** at Tampa, Florida, on March 2, 2012.


___s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

-4-