UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                           CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD.; VICTORY FUND, LTD.;
VIKING IRA FUND, LLC; VIKING FUND, LLC;
and VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

**O R D E R**

    Before the Court is the Motion to Intervene and to Allow the First National Bank of Albany/Breckenridge to Go Free of the Stay to Enforce its Security Interest in Assets of Quest Energy Management Group, Inc., and Motion for Immediate Accounting (Dkt. 1065), the Plaintiff's Response (Dkt. 1069), and the Receiver's Response. (Dkt. 1070). After careful consideration of the arguments and the entire record, the Court concludes the motion should be denied.

**BACKGROUND**

First National Bank (First National) holds a lien on an office building in Albany, Texas, in the form of an installment note dated April 17, 2006, in the amount of $76,000.00. The note is made payable by Quest Energy Management Group, Inc. (Quest), as partial payment of the purchase of the office building. The balance due on the note is $46,522.48, and has not been paid since May 17, 2013.[1] The note was modified and extended on April 17, 2012.[2]

On October 13, 2010, Quest executed another promissory note borrowing $700,000.00 from First National for the purchase of certain oil and gas leasehold estates, personal property and equipment.[3] A deed of trust, mortgage, security agreement, assignment of production, and financing statement of the oil and gas properties had been given by Quest as security for money due First National.[4] The October 2010 note was modified on February 26, 2013, and the balance due is $151,727.66.[5] The loans are cross-collateralized.

On May 24, 2013, this Court expanded the scope of the receivership to include Quest.[6] Quest filed a notice of appeal of that order on June 14, 2013, which is still

---

[1] See docket 1065, Exh. A.

[2] See docket 1065, Exh. B.

[3] See docket 1065, Exh. C.

[4] See docket 1065, Exh. D.

[5] See docket 1065, Exh. E.

[6] See docket 1024 (Order expanding receivership).

pending.[7] First National seeks to intervene in the receivership to enforce its remedies against the collateral.

## ANALYSIS

At the very least, some seven individuals and entities,[8] including secured creditors in this receivership estate, have unsuccessfully attempted to intervene in these proceedings to protect an asset to which they lay claim.  For the reasons set forth in this Court's order denying a previous motion to intervene,[9] and for the reason that this Court lacks jurisdiction to rule on a motion concerning Quest based on the pending appeal in the Eleventh Circuit,[10] the Court finds that the motion to intervene should be denied.

Generally, the "filing of a notice of appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal." United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)).  The pending appeal of the scope of the receivership to include Quest concerns the assets and liabilities of Quest, which includes the secured loans to Quest held by First National.  Consequently, seeking to

---

[7] See docket 1027 (Notice of Appeal of Order expanding receivership to include Quest found at docket 1024).  The Eleventh Circuit recently ruled that the jurisdictional issue raised by motion will be addressed after the briefing of all issues, including jurisdiction, in conjunction with the merits of the appeal.  See docket 1068.

[8] See dockets 45, 88, 169, 207, 224, 231, 1040, & 1064.

[9] See docket 207 (Order entered September 24, 2009).

[10] See docket 1040 (Order entered July 16, 2013, citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)).

enforce First National's rights against assets owned by Quest necessarily involves aspects of the pending appeal concerning whether Quest is properly part of the receivership.

Even if this Court did find that it had jurisdiction over this aspect of the case dealing with assets of Quest, intervention would not be granted. Much earlier in this receivership proceeding, this Court found that section 21(g) of the Securities Exchange Act of 1934 precludes intervention.[11] Apart from this prior determination, the intervenors have nevertheless failed to establish that they qualify for intervention either as a matter of right or permissively under Rule 24 of the Federal Rules of Civil Procedure.

It is therefore **ORDERED AND ADJUDGED** that the Motion to Intervene and for Immediate Accounting filed by First National Bank of Albany/Breckenridge (Dkt. 1065) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on September 27, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[11] See docket 207.