UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                    CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD.; VICTORY FUND, LTD.;
VIKING IRA FUND, LLC; VIKING FUND, LLC;
and VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

**O R D E R**

    Pending before the Court for resolution is the Receiver's motion requesting that the Court enter an order overruling Vernon M. Lee's (the Claimant's) objections to the Receiver's determination denying the Claimant's claim numbers 462, 463, 464, 465, 466, and 467. The Receiver also moves the Court to award sanctions in the form of attorney fees and costs because of the Claimant's refusal to withdraw his objections. More than seventeen days have passed since the Receiver filed the motion at docket 1118 on May 30, 2014, and the Claimant has failed to file a response in opposition as required by Local Rule 3.01(b). Consequently, the Court will

resolve the motion without the benefit of the Claimant's position as to the appropriate disposition of the motion.

The Claimant's sole basis for objecting to the Receiver's claims determinations was that the Receiver was unable to prove that all of the Receivership entities at all times were operated as a Ponzi scheme so that all gains received by the Claimant from those entities could not have constituted "False Profits." As the Receiver correctly points out, that issue was decided adversely to the Claimant in the related case of Wiand v. Lee, *et al.*, 8:10-cv-210-T-17MAP. And, significantly, on the Claimant's appeal of that case to the Eleventh Circuit Court of Appeals, he conceded the existence of a Ponzi scheme. See Wiand v. Lee, ___ F.3d ___, 2014 WL 2446084, at *4 (11th Cir. June 20, 2014) (stating that "[t]he magistrate judge concluded, and *the parties do not challenge*, that Nadel operated the receivership entities as a Ponzi scheme.") (emphasis added). In light of those circumstances, the Court agrees with the Receiver's contention that the Claimant is now foreclosed from relitigating the issue of the existence of a Ponzi scheme in this judicial forum, and his refusal to withdraw his objections to the Receiver's claims determinations with regard to claims 462, 463, 464, 465, 466, and 467 can only be characterized as frivolous, thus meriting an award of attorney fees and costs to the Receiver as an appropriate sanction for needlessly pursuing an untenable legal position.

Accordingly, it is ordered and adjudged as follows:

1) The Receiver's Motion for Order Overruling Objections to Determinations of Claim Numbers 462, 463, 464, 465, 466, and 467 and Awarding Sanctions in the Form of Attorney Fees and Costs (Dkt. 1118) is granted.

2) The Claimant's objections to the Receiver's claims determinations with regard to claims 462, 463, 464, 465, 466, and 467 are overruled.

3) The Receiver shall file with this Court on or before July 2, 2014, documentation establishing the amount of attorney fees and costs he claims should be awarded as appropriate sanctions.

4) The Claimant shall file a response to that documentation no later than July 17, 2014, failing which the Court will reasonably assume that the Claimant does not contest the amount of attorney fees and costs to be awarded the Receiver as appropriate sanctions.

5) The Clerk is directed to send a copy of this order to Vernon M. Lee, 4018 Via Mirada, Sarasota, FL 34238.

**DONE AND ORDERED** at Tampa, Florida, on June 18, 2014.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record