UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                          CASE NO: 8:09-cv-87-T-26TBM

ARTHUR NADEL; SCOOP CAPITAL, LLC;
and SCOOP MANAGEMENT, INC.,

    Defendants,

SCOOP REAL ESTATE, L.P.;
VALHALLA INVESTMENT PARTNERS, L.P.;
VALHALLA MANAGEMENT, INC.;
VICTORY IRA FUND, LTD.; VICTORY FUND, LTD.;
VIKING IRA FUND, LLC; VIKING FUND, LLC;
and VIKING MANAGEMENT, LLC,

    Relief Defendants.
_____/

# O R D E R

**PENDING BEFORE THE COURT** for resolution is the Receiver's Motion to Enforce Constructive Trust through Turnover of Real Property, or in the Alternative, through Foreclosure of the Receiver's Equitable Lien to which the owners of the property, Vernon Lee and Manon Sommers-Lee, proceeding *pro se*, have responded. The Court has scheduled a hearing on the motion for Friday, November 3, 2017, at 10:00 a.m. After

reflection, the Court is of the opinion that the Receiver has sought relief in the wrong judicial forum.

The record indisputably reflects that the Receiver's efforts to enforce the constructive trust and to foreclose the equitable lien on the subject property located at 4018 Via Miranda, Sarasota, Florida, relate to a judgment rendered against Mr. Lee and his trust in <u>Wiand v. Lee, et al.</u>, case number 8:10-cv-210-T-17MAP, a judgment which was subsequently affirmed in <u>Wiand v. Lee</u>, 753 F. 3d 1194 (11th Cir. 2014). Consequently, the Court concludes that this effort to collect on that judgment by ultimately selling the property and applying the proceeds of the sale to the amount owed on the judgment should have been initiated in the underling civil case. Indeed, an examination of the docket in that case reflects that the Receiver filed at docket 286 a motion requesting the Court to grant the Receiver possession and title to the same property which is the subject of this motion. And, although proceedings in that case were stayed during the pendency of the Lees' bankruptcy case, that stay is obviously no longer an impediment to the Court in the underlying case revisiting the issues raised in that earlier motion or the issues raised in the instant motion in light of the bankruptcy court's order granting the Receiver a constructive trust and equitable lien with respect to the property at issue, and that order has not been the subject of a stay pending appeal.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that the Receiver's Motion to Enforce Constructive Trust through Turnover of Real Property, or in the

Alternative, through Foreclosure of the Receiver's Equitable Lien (Dkt. 1310) is **denied without prejudice** to seeking the same relief in the underlying case, case number 8:10-cv-210-T-17MAP. The hearing scheduled for Friday, November 3, 2017, at 10:00 a.m., is **cancelled**.

**DONE AND ORDERED** at Tampa, Florida, on November 1, 2017.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
Vernon Lee, *pro se*
Manon Sommers-Lee, *pro se*