UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,        Case No.: 8:09-cv-0087-VMC-CPT

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC, and
SCOOP MANAGEMENT, INC.,

        Defendants,

and

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, and
VIKING MANAGEMENT, LLC,

        Relief Defendants.
_____/

## **ORDER**

Before the Court is the Receiver's Final Report and Motion to Close the Receivership (the "Motion") (Doc. # 1461). Upon due consideration of the Receiver's powers as set forth in the Order Appointing Receiver (Doc. ## 8, 153), the Orders Reappointing Receiver (Doc. ## 140, 316, 493, 935, 984),

1

and applicable law, it is ORDERED AND ADJUDGED that the Motion is GRANTED. The Court hereby:

1. Authorizes the Receiver to pay estimated final fees and costs of $45,000 to complete the closing of the Receivership, to be paid from the remaining Receivership assets;

**2.** Authorizes the Receiver to continue to attempt to sell the Receivership's PBI shares of stock for the highest price he believes he can reasonably attain and further authorizes the Receiver to take any and all actions necessary to transfer the PBI shares in connection with their liquidation, including the removal of any restrictive legend on the share certificate or other steps necessary to comply with the securities laws and regulations. As explained in the Motion, the Receiver's sale of the PBI stock qualifies as an exempt transaction pursuant to 15 U.S.C. § 77d (a)(1) and complies with the provisions of 17 CFR § 230.144, which governs the sale of restricted securities. Should the Receiver be unable to sell these shares by December 31, 2025, the Court authorizes the abandonment of these shares.

3. With the approval of the Receiver's Final Motion for Fees (Doc. # 1462) and if the Receiver sells the PBI shares for a net amount of $230,000 or more, authorizes the Receiver to make a final distribution of the net sale proceeds recovered less fees and costs to conduct the distribution which should not exceed $100,000, as set forth in the Motion and its **Exhibit F**;

4.     If the Receiver sells the PBI shares for less than net proceeds of $230,000 but greater than $1.00, authorizes the Receiver to remit the proceeds less any professionals' fees and expenses that exceed the estimated final fees and costs to close the Receivership to the United States Treasury.

5.     Should the Receiver conduct a final distribution, authorizes the Receiver to remit any unclaimed distribution funds to the United States Treasury, less any professionals' fees and expenses that exceed the funds reserved for closing the Receivership and conducting the distribution;

6.     Authorizes the abandonment of all other remaining assets and liabilities of the Receivership, specifically including all assets identified on **Exhibits A**, **B**, and **C**;

7.     Authorizes the Receiver to destroy, or otherwise dispose of, all books, records, computer equipment, other computer-related devices, and other items related to the Receivership in the Receiver's discretion after the SEC has been provided written notice of thirty days from the date of the notice to request copies of any Receivership records.

8.     Authorizes the Receiver to retain the books and records necessary to support the tax returns filed by the Receiver for a period of four (4) years and thereafter destroy those books and records;

9.     Approves the Receiver's Final Report and the Final Accounting attached as **Exhibit E**.

10. Discharges the Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors and assignees, and relieving the Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors, and assignees of all duties, liabilities, and responsibilities arising out of and/or pertaining to the Receivership previously established in this action effective upon the Receiver filing a closing declaration in which he attests that he has completed the final distribution as specified herein if one is conducted, filed the final necessary tax returns, and paid the final fees and costs of the Receivership;

11. Enjoins all persons from commencing or prosecuting, without leave of this Court, any action against the Receiver or his agents in connection with or arising out of the Receiver's or his agents' services to this Court in this Receivership;

12. Retains jurisdiction for the purpose of enforcing the above injunctive relief; and

13. Closes this Receivership without further order from this Court effective upon the Receiver filing a closing declaration in which he attests that he has completed the final distribution if one was conducted as specified herein, filed the final necessary tax returns, and paid the final fees and costs of the Receivership.

**DONE** and **ORDERED** in chambers in Tampa, Florida this 14th day of May, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record